CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, NJ 07068
(973) 535-0500
Fax: (973) 535-9217
Attorney Id No. 028061986
Attorneys for Plaintiff, Borough of Edgewater

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br><br>    Plaintiff,<br><br>vs.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALUMINUM COMPANY OF AMERICA; A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC-CORPORATIONS 1-100.<br><br>    Defendants. | Civil Action No.: 2:14-cv-05060-ES-MAH<br><br>ANSWER TO COUNTERCLAIM |

BOROUGH OF EDGEWATER, by way of answer to the counterclaim of defendant, TERMS ENVIRONMENTAL SERVICES, INC. says:

## THE PARTIES

1. Upon information and belief, admitted.

2. Admitted.

3. Upon information and belief, admitted.

4. Upon information and belief, admitted.

## JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

## FIRST COUNT

9. Admitted.

10. Admitted.

11. Admitted.

12. Plaintiff admits that Neglia Engineering ("Neglia") was the Borough Engineer and as an independent contractor, provided certain services to plaintiff. The remaining allegations in this paragraph are denied.

13. Plaintiff admits that it maintained control of the site, but further asserts that TERMS and Neglia were delegated certain responsibilities regarding control of the Site.

14. Admitted that Jason Menzella ("Menzella") was the site supervisor for the Borough Engineer, Neglia Associates. The remaining allegations in this paragraph are denied.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied.

19. Denied.

20. Admitted.

21. Admitted.

22. Admitted.

23. The allegations contained in this paragraph are conclusions of law. Therefore, no response is required.

24. The allegations contained in this paragraph are conclusions of law. Therefore, no response is required.

25. Admitted.

26. The allegations contained in this paragraph are conclusions of law. Therefore, no response is required.

27. The allegations contained in this paragraph are conclusions of law. Therefore, no response is required.

28. Plaintiff admits that it was the owner of Veteran's Field at the time the suspected fill was disposed of at Veteran's Field which was placed under the control of TERMS.

29. Plaintiff denies the allegations as asserted against it. Plaintiff admits the allegations as asserted against the other parties.

30. The allegations contained in this paragraph are conclusions of law. Therefore, no response is required. To the extent the allegations contained in this paragraph are deemed to be statements of fact that require response, plaintiff denies the allegations.

31. The allegations contained in this paragraph are conclusions of law. Therefore, no response is required. To the extent the allegations contained in this paragraph are deemed to be statements of fact that require response, plaintiff lacks knowledge or information sufficient to form a belief as to the truth of such allegations and leaves counterclaimant to its proofs.

## SECOND COUNT

32. Plaintiff repeats and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 31 of the counterclaim.

33. The allegations contained in this paragraph are conclusions of law. Therefore, no response is required.

34. The allegations contained in this paragraph are conclusions of law. Therefore, no response is required.

35. The allegations contained in this paragraph are conclusions of law. Therefore, no response is required.

36. The allegations contained in this paragraph are conclusions of law. Therefore, no response is required.

37. The allegations contained in this paragraph are conclusions of law. Therefore, no response is required.

38. The allegations contained in this paragraph are conclusions of law. Therefore, no response is required. To the extent the allegations contained in this paragraph are deemed to be statements of fact that require response, plaintiff denies the allegations.

39. Admitted.

40. Denied.

## THIRD COUNT

41. Plaintiff repeats and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 40 of the counterclaim.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Denied.

49. Admitted.

50. Plaintiff admits that it agreed to pay defendants for certain services subject to such services being performed properly.

51. Admitted that TERMS has rightfully not paid certain invoices. Plaintiff denies the remaining allegations of paragraph 51.

52. Denied.

53. Admitted that TERMS has rightfully not paid certain invoices. Plaintiff denies the remaining allegations of paragraph 53.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## FOURTH COUNT

58. Plaintiff repeats and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 57 of the counterclaim.

59. Denied.

60. Admitted.

61. Admitted that plaintiff has failed and refused to pay for services for which TERMS is not entitled to payment.

3269550-1

## FIFTH COUNT

62. Plaintiff repeats and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 61 of the counterclaim.

63. Plaintiff admits that it agreed to pay TERMS for certain services subject to such services being properly performed. Plaintiff denies the remaining allegations of paragraph 63.

64. Denied.

65. Denied.

66. Admitted that plaintiff has refused to pay for services for which TERMS is not entitled to payment.

## SIXTH COUNT

67. Plaintiff repeats and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 66 of the counterclaim.

68. Denied.

69. Admitted that TERMS has demanded payment. However, plaintiff denies that TERMS is entitled to payment.

70. Admitted that TERMS has demanded payment. However, plaintiff denies that TERMS is entitled to payment.

## SEVENTH COUNT

71. Plaintiff repeats and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 70 of the counterclaim.

72. Denied.

73. Denied.

74. Admitted that TERMS has demanded payment. However, plaintiff denies that TERMS is entitled to payment.

75. Admitted that TERMS has demanded payment. However, plaintiff denies that TERMS is entitled to payment.

## EIGHTH COUNT

76. Plaintiff repeats and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 75 of the counterclaim.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Admitted that defendant has demanded payment. However, plaintiff denies that plaintiff is entitled to payment.

82. Denied.

## SEPARATE DEFENSES

Plaintiff, as and for its separate defenses to the counterclaim, alleges and states as follows:

1. The counterclaims fail to state a cause of action upon which relief may be granted.

2. The counterclaims are barred by the applicable statute of limitations.

3. The claims are barred insofar as counterclaimant seeks to recover costs that it has incurred or will incur to comply with its independent legal obligations under such state and

federal environmental laws other than 42 U.S.C. 9601 et seq., regardless of any act or omission by plaintiff.

4. Counterclaimant's claims should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence and the Joint Tortfeasor Contribution Act.

5. Some or all of the claims are barred insofar as counterclaimant seeks to recover costs, expenses, and damages other than the response costs as defined in 42 U.S.C. 9601 (23)-(25).

6. Some or all of the counterclaimant's claims are barred by the equitable doctrines of waiver, estoppel, and/or lathes.

7. Some or all of the counterclaimant's claims are barred by the equitable doctrine of unclean hands.

8. Counterclaimant has failed to join necessary or indispensable parties needed for just adjudication of matters in controversy herein.

9. All of the counterclaimant's claims are barred by the third party plaintiffs own malfeasance, and misfeasance, including negligence, contributory negligence, and recklessness.

10. Without admitting any liability herein, plaintiff asserts that any recovery by counterclaimant should be reduced in the proportion that counterclaimant's acts or omissions bear to the acts or omissions that caused counterclaimant's alleged injuries.

11. Upon information and belief, counterclaimant has made insufficient and dilatory efforts to minimize or mitigate the damages and obtain the most reasonable costs of correction of the alleged damages.

   12. The damages sought by counterclaimant, if any, were the result of the intervening and superseding acts of others.


                                               CONNELL FOLEY LLP
                                               Attorneys for Plaintiff,
                                               Borough of Edgewater
                                               By:
                                                    /s/Timothy E. Corriston


DATED:   November 21, 2014