William H. Hyatt, Jr.
Michael E. Waller
Karyllan D. Mack
K&L Gates LLP
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel:  (973) 848-4000
Attorneys for Defendant Alcoa Inc.
and Alcoa Domestic, LLC, as successor
in interest to Defendant A.P. New Jersey, Inc.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br><br>    Plaintiff,<br><br>    v.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALUMINUM COMPANY OF AMERICA; A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC CORPORATIONS 1-100,<br><br>    Defendants | Civil Action No.: 2:14-CV-05060 (ES-MAH)<br><br>**ANSWER TO CROSSCLAIMS OF TERMS ENVIRONMENTAL SERVICES, INC.**<br><br>*Document Filed Electronically* |

Alcoa Inc. (formerly known as "Aluminum Company of America") and Alcoa Domestic LLC, as the successor in interest to A.P. New Jersey, Inc., (collectively "Alcoa"), by their counsel K&L Gates LLP, answer the cross-claims of Defendant TERMS Environmental Services, Inc. (hereinafter "TERMS") as follows:

### THE PARTIES

1.     Inasmuch as Paragraph 1 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

2. Inasmuch as Paragraph 2 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

3. Inasmuch as Paragraph 3 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

4. Inasmuch as Paragraph 4 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

5. Inasmuch as Paragraph 5 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

6. Inasmuch as Paragraph 6 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

7. Alcoa denies the allegations set forth in Paragraph 7, except to admit that Alcoa Inc. is a Pennsylvania corporation with offices at 201 Isabella Street, Pittsburgh, Pennsylvania 15212, and that at one time Alcoa Inc. owned the site identified by TERMS as the "Alcoa Site," which was conveyed to North River Mews Associates, LLC in 1997.

8. Alcoa denies the allegations set forth in Paragraph 8, except to admit that A.P. New Jersey, Inc. was a Delaware corporation that merged into Alcoa Domestic LLC, a wholly-owned subsidiary of Alcoa Inc., in 2010, and that at one time A.P. New Jersey, Inc., owned the site identified by TERMS as the "Alcoa Site," which was conveyed to North River Mews Associates, LLC in 1997.

9. Inasmuch as Paragraph 9 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

10. Inasmuch as Paragraph 10 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

## JURISDICTION AND VENUE

11. Alcoa can neither admit nor deny the allegations set forth in Paragraph 11, inasmuch as it makes legal conclusions to which Alcoa is not required to respond and that may vary from party to party.

12. Alcoa can neither admit nor deny the allegations set forth in Paragraph 12, inasmuch as it makes legal conclusions to which Alcoa is not required to respond and that may vary from party to party.

13. Alcoa can neither admit nor deny the allegations set forth in Paragraph 13, inasmuch as it makes legal conclusions to which Alcoa is not required to respond and that may vary from party to party.

14. To the extent Paragraph 14 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph. To the extent that Paragraph 14 contains factual allegations related to Alcoa, Alcoa denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in that Paragraph, except that Alcoa admits that it conducts business in the State of New Jersey.

## FIRST COUNT

15. Inasmuch as Paragraph 15 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

16. Inasmuch as Paragraph 16 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

17. Inasmuch as Paragraph 17 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

18. Inasmuch as Paragraph 18 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

19. Inasmuch as Paragraph 19 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

20. Inasmuch as Paragraph 20 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

21. Inasmuch as Paragraph 21 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

22. Inasmuch as Paragraph 22 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

23. Alcoa admits that at one time the site identified by TERMS as the "Alcoa Site" was owned by Alcoa Inc. and A.P. New Jersey, Inc., and was conveyed to North River Mews Associates, LLC in 1997. Inasmuch as Paragraph 23 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

24. Alcoa denies the allegations in Paragraph 24, except to state that inasmuch as Paragraph 24 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

25. Inasmuch as Paragraph 25 is premised on a legal conclusion, Alcoa is not required to respond. To the extent Paragraph 25 contains factual allegations related to Alcoa, Alcoa denies those allegations in that Paragraph. Inasmuch as Paragraph 25 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the remaining allegations set forth in that Paragraph.

26. Alcoa can neither admit nor deny the allegations set forth in Paragraph 26, inasmuch as it makes legal conclusions to which Alcoa is not required to respond.

27. Alcoa can neither admit nor deny the allegations set forth in Paragraph 27, inasmuch as it makes legal conclusions to which Alcoa is not required to respond.

28. Alcoa can neither admit nor deny the allegations set forth in Paragraph 28, inasmuch as it makes legal conclusions to which Alcoa is not required to respond.

29. Alcoa refers to 42 U.S.C. § 9607(a)(1)-(4) for the language therein and its exact meaning and effect.

30. Alcoa admits the allegations set forth in Paragraph 30.

31. Alcoa can neither admit nor deny the allegations set forth in Paragraph 31, inasmuch as it makes legal conclusions to which Alcoa is not required to respond and that may vary from party to party. Alcoa Inc. admits that it is a corporation organized under the laws of the Commonwealth of Pennsylvania and admits that A.P. New Jersey, Inc. was a corporation organized under the laws of the State of Delaware. Inasmuch as Paragraph 31 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

32. Alcoa denies that either Alcoa Inc. or A.P. New Jersey, Inc. are operators of Veteran's Field within the meaning of Section 101(20) of CERCLA, 42 U.S.C. § 9601(20). Inasmuch as Paragraph 32 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the remaining allegations set forth in that Paragraph.

33. To the extent Paragraph 33 contains allegations of fact related to Alcoa, Alcoa denies the allegations in that Paragraph. Inasmuch as Paragraph 33 contains allegations related

to parties other than Alcoa, Alcoa can neither admit nor deny the remaining allegations set forth in that Paragraph.

34. Inasmuch as Paragraph 34 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

35. To the extent Paragraph 35 contains allegations of fact related to Alcoa, Alcoa denies the allegations in that Paragraph.  Inasmuch as Paragraph 35 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the remaining allegations set forth in that Paragraph.

36. Alcoa can neither admit nor deny the allegations set forth in Paragraph 36, inasmuch as it makes legal conclusions to which Alcoa is not required to respond and that may vary from party to party.  Nonetheless, Alcoa denies that either Alcoa Inc. or A.P. New Jersey, Inc. are liable under Section 107 of CERCLA, 42 U.S.C. § 9607(a)(1)-(4) with respect to the Suspect Fill deposited at the Site.

37. Alcoa denies that TERMS is entitled to maintain a contribution action against either Alcoa Inc. or A.P. New Jersey, Inc. with respect to any response costs that Plaintiff seeks to recover from TERMS.  Inasmuch as Paragraph 37 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.  Nonetheless, Alcoa denies that TERMS is entitled to the relief described in that Paragraph.

## SECOND COUNT

38. Alcoa repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 38 of TERMS' crossclaims.

39. Alcoa refers to N.J.S.A. 58:10-23.11f(a)(2) for the language therein and its exact meaning and effect.

40. Alcoa refers to the Spill Act, N.J.S.A. 58:10-23.11 *et seq.*, for the language therein and its exact meaning and effect.

41. Inasmuch as Paragraph 41 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

42. Inasmuch as Paragraph 42 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

43. Inasmuch as Paragraph 43 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

44. Inasmuch as Paragraph 44 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

45. Inasmuch as Paragraph 45 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

46. Alcoa can neither admit nor deny the allegations set forth in Paragraph 46, inasmuch as it makes a legal conclusion to which Alcoa is not required to respond.

47. Alcoa can neither admit nor deny the allegations set forth in Paragraph 46, inasmuch as it makes a legal conclusion to which Alcoa is not required to respond.

48. Inasmuch as Paragraph 48 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

49. Inasmuch as Paragraph 49 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

50. Alcoa can neither admit nor deny the allegations set forth in Paragraph 50, inasmuch as it makes legal conclusions to which Alcoa is not required to respond.

51. Alcoa denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51 and refers to Spill Act Section 58:10-23.11b, N.J.S.A. § 58:10-23.11b for the language therein and its exact meaning and effect.

52. Alcoa admits the allegations set forth in Paragraph 52.

53. Inasmuch as Paragraph 53 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

54. Inasmuch as Paragraph 54 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

55. Inasmuch as Paragraph 55 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

56. Inasmuch as Paragraph 56 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

57. Inasmuch as Paragraph 57 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

58. Alcoa can neither admit nor deny the allegations set forth in Paragraph 58, inasmuch as it makes a legal conclusion to which Alcoa is not required to respond. To the extent Paragraph 58 contains allegations of fact, Alcoa denies knowledge or information sufficient to form a belief as to the remaining allegations of that Paragraph.

59. Alcoa can neither admit nor deny the allegations set forth in Paragraph 59, inasmuch as it makes a legal conclusion to which Alcoa is not required to respond. To the extent

Paragraph 59 contains allegations of fact, Alcoa denies knowledge or information sufficient to form a belief as to the remaining allegations of that Paragraph.

60. Inasmuch as Paragraph 60 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

61. Inasmuch as Paragraph 61 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

62. Alcoa denies that TERMS is entitled to maintain a contribution action against either Alcoa Inc. or A.P. New Jersey, Inc. with respect to any cleanup and removal costs that Plaintiff seeks to recover from TERMS. Alcoa denies the remaining allegations in Paragraph 62 except that it can neither admit nor deny the allegations related to parties other than Alcoa.

## THIRD COUNT

63. Alcoa repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 63 of TERMS' crossclaims.

64. Alcoa can neither admit nor deny the allegations set forth in Paragraph 64, inasmuch as it makes legal conclusions to which Alcoa is not required to respond and that may vary from party to party.

65. Alcoa denies that TERMS is entitled to common law indemnification or contribution from either Alcoa Inc. or A.P. New Jersey, Inc. Alcoa denies the remaining allegations in Paragraph 65 except that it can neither admit nor deny the allegations related to parties other than Alcoa.

## FOURTH COUNT

66. Alcoa repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 66 of TERMS' crossclaims.

67. Alcoa denies that TERMS is entitled to the relief described in Paragraph 67, except Alcoa can neither admit nor deny the allegations set forth in Paragraph 67, inasmuch as it makes legal conclusions to which Alcoa is not required to respond and that may vary from party to party.

## FIFTH COUNT

68. Alcoa repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 68 of TERMS' crossclaims.

69. Inasmuch as Paragraph 69 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

70. Inasmuch as Paragraph 70 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

71. Inasmuch as Paragraph 71 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

72. Inasmuch as Paragraph 72 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

73. Inasmuch as Paragraph 73 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

74. Inasmuch as Paragraph 74 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

75. Inasmuch as Paragraph 75 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

76. Inasmuch as Paragraph 76 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

77. Inasmuch as Paragraph 77 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

78. Inasmuch as Paragraph 78 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

79. Inasmuch as Paragraph 79 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

80. Inasmuch as Paragraph 80 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

81. Inasmuch as Paragraph 81 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

82. Inasmuch as Paragraph 82 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

83. Inasmuch as Paragraph 83 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

84. Inasmuch as Paragraph 84 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

85. Inasmuch as Paragraph 85 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

86. Inasmuch as Paragraph 86 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

87. Inasmuch as Paragraph 87 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

88. Inasmuch as Paragraph 88 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

89. Inasmuch as Paragraph 89 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

90. Inasmuch as Paragraph 90 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

91. Inasmuch as Paragraph 91 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

## SIXTH COUNT

92. Alcoa repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 92 of TERMS' crossclaims.

93. Inasmuch as Paragraph 93 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

94. Inasmuch as Paragraph 94 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

95. Inasmuch as Paragraph 95 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

## SEVENTH COUNT

96. Alcoa repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 96 of TERMS' crossclaims.

97. Inasmuch as Paragraph 97 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

98. Inasmuch as Paragraph 98 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

99. Inasmuch as Paragraph 99 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

TERMS' crossclaims fail to state a claim upon which relief can be granted against Alcoa.

### SECOND AFFIRMATIVE DEFENSE

TERMS' crossclaims are barred, in whole or in part, by reason of laches, estoppel, waiver, consent, unclean hands, res judicata, and/or other equitable defenses.

### THIRD AFFIRMATIVE DEFENSE

The applicable statute or statutes of limitations or other applicable law, rule, statute or regulation controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by TERMS, for some or all of TERMS' alleged costs; accordingly, TERMS' claims are barred as a matter of law.

**FOURTH AFFIRMATIVE DEFENSE**

TERMS' crossclaims do not describe the claims made against Alcoa with sufficient particularity to determine what defenses may apply and Alcoa reserves the right to assert additional affirmative defenses as discovery progresses. Alcoa adopts and incorporates herein all defenses raised by any other current Defendants and/or future Defendants or Third-Party Defendants, except to the extent that such defenses would shift liability to Alcoa.

**FIFTH AFFIRMATIVE DEFENSE**

Alcoa has a complete defense to any liability under the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA") pursuant to CERCLA § 107(b)(3), 42 U.S.C. § 9607(b)(3), inasmuch as the alleged release or threatened release was caused solely by the acts or omissions of unrelated third parties who were not agents or employees of Alcoa and with whom Alcoa had no contractual relationship; Alcoa exercised due care as to any alleged hazardous substances; and Alcoa took precautions against foreseeable third-party acts or omissions, and against the foreseeable consequences of such acts or omissions, within the meaning of CERCLA § 107(b), 42 U.S.C. § 9607(b).

**SIXTH AFFIRMATIVE DEFENSE**

TERMS has no claim under CERCLA because TERMS has failed to establish a prima facie case against Alcoa.

**SEVENTH AFFIRMATIVE DEFENSE**

TERMS has no claim under CERCLA because Alcoa Inc. and A.P. New Jersey, Inc. are not covered persons within the meaning of CERCLA.

**EIGHTH AFFIRMATIVE DEFENSE**

"Hazardous substances," as defined in CERCLA § 101(14), 42 U.S.C. § 9601(14) were not released into the environment by Alcoa within the meaning of the word "release" as defined in CERCLA § 101(22), 42 U.S.C. § 9601(22).  Even if there were "hazardous substances," as defined in CERCLA § 101(14), 42 U.S.C. § 9601(14) released into the environment by Alcoa within the meaning of the word "release" as defined in CERCLA § 101(22), 42 U.S.C. § 9601(22), which Alcoa denies, the release did not affect the Veteran's Field site that is the subject of this Action.

**NINTH AFFIRMATIVE DEFENSE**

The costs incurred or to be incurred by TERMS and which TERMS seeks to recover in this action are not recoverable to the extent that they are not necessary costs of response consistent with the National Contingency Plan.

**TENTH AFFIRMATIVE DEFENSE**

TERMS has failed to allege or establish the required nexus between Alcoa and the Veteran's Field site that is the subject of this Action.

**ELEVENTH AFFIRMATIVE DEFENSE**

TERMS' claims are barred to the extent that TERMS did not comply with the statutory and/or regulatory prerequisites necessary to bring a CERCLA action.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent that any or all of the Defendants are found liable in this matter, joint and several liability is inappropriate because the harms are divisible and there are reasonable bases for apportionment of the harms suffered.

**THIRTEENTH AFFIRMATIVE DEFENSE**

TERMS has no claim under the Spill Compensation and Control Act, N.J.S.A. § 58:10-23.11 *et seq.* ("Spill Act" or "Act") against Alcoa because Alcoa Inc. and A.P. New Jersey, Inc. are not dischargers and/or responsible persons within the meaning of the Act, and/or TERMS' damages, if any, are the result of conduct occurring prior to the effective date of the Spill Act.

**FOURTEENTH AFFIRMATIVE DEFENSE**

TERMS' claims are barred to the extent that TERMS did not comply with the requirements and prerequisites of the Spill Act.

**FIFTEENTH AFFIRMATIVE DEFENSE**

In the event that TERMS is entitled to contribution from Alcoa under the Spill Act, such relief is limited to "clean up and removal costs" as defined at N.J.S.A. § 58:10-23b.

**SIXTEENTH AFFIRMATIVE DEFENSE**

TERMS' claims are barred by the statutory defenses to liability provided by the Spill Act.

Dated:  November 25, 2014

                    Respectfully submitted,

                    **K&L GATES LLP**

                    By: /s/ Michael E. Waller
                        Michael E. Waller
                        William H. Hyatt, Jr.
                        Karyllan D. Mack
                        One Newark Center, Tenth Floor
                        Newark, New Jersey 07102
                        Tel:  (973) 848-4000
                        michael.waller@klgates.com
                        william.hyatt@klgates.com
                        karyllan.mack@klgates.com

                        *Attorneys for Defendant Alcoa Inc. and Alcoa Domestic, LLC, as successor in interest to Defendant A.P. New Jersey, Inc.*