William H. Hyatt, Jr.
Michael E. Waller
Karyllan D. Mack
K&L Gates LLP
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel:  (973) 848-4000
Attorneys for Alcoa Domestic LLC,
as successor in interest to Defendant/
Third-Party Plaintiff A.P. New Jersey, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br><br>       Plaintiff,<br><br>  v.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALUMINUM COMPANY OF AMERICA; A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC CORPORATIONS 1-100,<br><br>       Defendants,<br><br>Of which<br><br>ALCOA DOMESTIC, LLC, as successor in interest to A.P. NEW JERSEY, INC.,<br><br>       is a Third-Party Plaintiff,<br><br>  v.<br><br>COUNTY OF BERGEN and RIVER ROAD IMPROVEMENT PHASE II, INC.,<br><br>       Third-Party Defendants | Civil Action No.: 2:14-CV-05060 (ES-MAH)<br><br>**THIRD-PARTY COMPLAINT OF ALCOA DOMESTIC LLC, AS SUCCESSOR IN INTEREST TO A.P. NEW JERSEY, INC.** |

Alcoa Domestic LLC, a Delaware limited liability company having its principal place of business at 201 Isabella Street, Pittsburgh, Pennsylvania 15212-5858, as the successor in interest to Defendant/Third-Party Plaintiff A.P. New Jersey, Inc., (hereinafter "Alcoa") by its counsel K&L Gates LLP, files this Third-Party Complaint against Third-Party Defendants the County of Bergen and River Road Improvement Phase II, Inc. and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367, as Alcoa's third-party claims arise from the same case or controversy as the claims set forth in Plaintiff Borough of Edgewater's First Amended Complaint.  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

2.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

3.      A.P. New Jersey, Inc. was a Delaware corporation that merged into Alcoa Domestic LLC, a wholly-owned subsidiary of Alcoa Inc., in 2010.

4.      Alcoa Domestic LLC is a Delaware limited liability company having its principal place of business at 201 Isabella Street, Pittsburgh, Pennsylvania 15212-5858.

5.      County of Bergen is a body politic and corporate of the State of New Jersey, maintaining an administration building located at One Bergen County Plaza, Hackensack, New Jersey 07601-7076.

6.      River Road Improvement Phase II, Inc. is a corporation organized under the laws of the State of New Jersey with offices at 1000 Portside Drive, Edgewater, New Jersey 07020.

## STATEMENT OF THIRD-PARTY CLAIMS

7.     Alcoa adopts and reasserts its previous defenses and allegations set out in its Answer to the First Amended Complaint, Affirmative Defenses, Counterclaim, and Crossclaims, as appropriate, in this Third-Party Complaint as if set forth verbatim herein.

8.     On or about June 27, 1997, Defendant/Third-Party Plaintiff A.P. New Jersey, Inc. ("A.P."), Third-Party Defendant River Road Improvement Phase II, Inc. ("RRIP"), Third-Party Defendant County of Bergen (the "County"), and Defendant North River Mews Associates, LLC ("North River") entered into a valid contract (the "Multi-Party Property Acquisition Agreement"). A copy of the Multi-Party Property Acquisition Agreement is annexed hereto as Exhibit A.

9.     On or about June 1997, A.P. and North River entered into a valid contract (the "Purchase and Sale Agreement"), pursuant to which North River agreed to purchase real property located in the Borough of Edgewater, Bergen County, New Jersey, from A.P. A copy of the Purchase and Sale Agreement is annexed hereto as Exhibit B.

10.    Upon information and belief, the real property identified as the "Alcoa Site" in Plaintiff Borough of Edgewater's First Amended Complaint was the subject of the Purchase and Sale Agreement.

11.    Pursuant to the Multi-Party Property Acquisition Agreement, RRIP and North River agreed to develop certain properties located in the Borough of Edgewater, including the Alcoa Site, in accordance with plans developed by the County.

12.    Pursuant to Paragraph 2 of the Multi-Party Property Acquisition Agreement, RRIP agreed to demolish and remove the structures on the Alcoa Site in accordance with the

Remedial Action Workplan submitted to the New Jersey Department of Environmental Protection and the demolition plan reviewed and approved by A.P.

13.    Pursuant to Paragraph 16 of the Multi-Party Property Acquisition Agreement, RRIP agreed to defend and save A.P. harmless from any and all claims that may be filed in any Court arising from the performance of the Multi-Party Property Acquisition Agreement.  RRIP further agreed to reimburse A.P. for the cost of any legal, expert or other fees expended by A.P. should A.P. be named as a party in any court, administrative or other action or proceeding.

14.    Pursuant to Paragraph 4 of the Multi-Party Property Acquisition Agreement, the County agreed to supervise the demolition at the Alcoa Site and to disburse funds to RRIP to pay for said demolition.

15.    Pursuant to Paragraph 10 of the Multi-Party Property Acquisition Agreement, the County guaranteed to A.P. that the demolition and removal of structures on the Alcoa Site would be completed in accordance with the Remedial Action Workplan and the demolition plan approved by A.P.

16.    Pursuant to Paragraph 13 of the Multi-Party Property Acquisition Agreement, the County agreed to inspect the work performed by RRIP at the Alcoa Site not less than two times per month.

17.    On or about March 13, 1999, A.P., North River, and RRIP entered into a valid contract (the "Environmental Indemnity Agreement"), pursuant to which RRIP agreed to indemnify, defend, and hold A.P. harmless from any and all claims, including all foreseeable and unforeseeable consequential damages, occurring before, during, or after North River's ownership of the Alcoa Site, relating to Building 12 and the land under and adjacent thereto including

remediation and disposal costs and expenses related to PCBs.  A copy of the Environmental Indemnity Agreement is annexed hereto as Exhibit C.

18.     Plaintiff Borough of Edgewater (the "Borough"), in its First Amended Complaint, alleges that Alcoa Inc. and A.P. are liable under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, the New Jersey Spill Compensation and Control Act (the "Spill Act"), N.J.S.A. 58:10-23.11 *et seq.*, and New Jersey's common law of unjust enrichment for contamination of the Borough's property known as Veteran's Field.

19.     Upon information and belief, the Borough alleges that Defendant TERMS Environmental Services, Inc. and various entities owned or controlled by Defendant Fred A. Daibes, including Defendants North River, Waterside Construction, LLC, 38 COAH, LLC, and Daibes Brothers, Inc., caused contaminated fill material to be disposed of at Veteran's Field.

20.     Upon information and belief, the Borough alleges that Defendant Waterside Construction, LLC stated that the contaminated fill material disposed of at Veteran's Field originated at the Alcoa Site.

21.     Upon information and belief, the Borough alleges that the contaminated fill material disposed of at Veteran's Field contained crushed concrete from Building 12 at the Alcoa Site.

22.     Alcoa has and will continue to incur costs to defend itself against the Borough's claims as set forth in the First Amended Complaint as well as related Crossclaims.

23.     Although Alcoa continues to deny the material allegations of the Borough's First Amended Complaint, upon information and belief, the Borough seeks to require Alcoa to clean up or pay for the cost to clean up contaminants at Veteran's Field.

## COUNT I: BREACH OF CONTRACT

### (as to RRIP)

24.     Alcoa repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 23 of this Third-Party Complaint as if set forth more fully herein.

25.     The Multi-Party Property Acquisition Agreement is a valid contract between RRIP and A.P.

26.     A.P. has duly performed all of its obligations under the Multi-Party Property Acquisition Agreement.

27.     RRIP did not demolish and remove structures from the Alcoa Site in accordance with the Remedial Action Workplan and/or the demolition plan approved by A.P.

28.     Although Alcoa continues to deny the allegations that contaminated fill material transported to or disposed at Veteran's Field originated at the Alcoa Site, to the extent it is shown that any Defendant caused contaminated fill material from the Alcoa Site to be transported to or disposed at Veteran's Field, such transportation or disposal constitutes a breach of the Multi-Party Property Acquisition Agreement by RRIP.

29.     As a direct and proximate result of RRIP's breach of contract, Alcoa has suffered damages in an amount to be determined at trial.

## COUNT II: INDEMNIFICATION

### (as to RRIP)

30.     Alcoa repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 29 of this Third-Party Complaint as if set forth more fully herein.

31.     The Multi-Party Property Acquisition Agreement is a valid contract between RRIP and A.P.

32.     A.P. has duly performed all of its obligations under the Multi-Party Property Acquisition Agreement.

33.     The Environmental Indemnity Agreement is a valid contract between RRIP and A.P.

34.     A.P. has duly performed all of its obligations under the Environmental Indemnity Agreement.

35.     Pursuant to the Multi-Property Property Acquisition Agreement and the Environmental Indemnity Agreement, RRIP agreed to indemnify A.P. from any claims arising from the performance of the Multi-Party Property Acquisition Agreement and from any claims relating to Building 12 and remediation costs related to PCBs.

36.     Although Alcoa continues to deny the allegations that contaminated fill material transported to or disposed at Veteran's Field originated at the Alcoa Site or originated specifically at Building 12, to the extent it is shown that any Defendant caused contaminated fill material from the Alcoa Site or specifically from Building 12 to be transported to or disposed at Veteran's Field, Alcoa is entitled to indemnification in an amount to be determined at trial from RRIP for any costs, expenses, or liability borne by Alcoa arising from such transportation or disposal.

37.     Pursuant to the Multi-Party Property Acquisition Agreement, Alcoa is entitled to reimbursement from RRIP for the cost of any legal, expert, or other fees expended by Alcoa arising from such transportation and disposal.

7

## COUNT III: BREACH OF CONTRACT

### (as to the County)

38.     Alcoa repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 37 of this Third-Party Complaint as if set forth more fully herein.

39.     The Multi-Party Property Acquisition Agreement is a valid contract between the County and A.P.

40.     A.P. has duly performed all of its obligations under the Multi-Party Property Acquisition Agreement.

41.     The County failed to supervise the demolition done by RRIP at the Alcoa Site as required by the Multi-Party Property Acquisition Agreement, which failure constituted a material breach of the Multi-Party Property Acquisition Agreement.

42.     The County failed to inspect the work performed by RRIP as required by the Multi-Party Property Acquisition Agreement, which failure constituted a material breach of the Multi-Party Property Acquisition Agreement.

43.     As a direct and proximate result of the County's breach of contract, Alcoa Domestic LLC, as successor in interest to A.P., has suffered damages in an amount to be determined at trial.

44.     Although Alcoa continues to deny the allegations that contaminated fill material transported to or disposed at Veteran's Field originated at the Alcoa Site, to the extent it is shown that any Defendant caused contaminated fill material from the Alcoa Site to be transported to or disposed at Veteran's Field, such transportation or disposal was not in accordance with the Remedial Action Workplan or the approved demolition plan.

45.     Pursuant to its guaranty that the demolition and removal of structures at the Alcoa Site would be completed in accordance with the Remedial Action Workplan and the approved demolition plan, the County is liable to Alcoa for any damages borne by Alcoa as a result of any improper demolition and removal of structures from the Alcoa Site.

## PRAYER FOR RELIEF

WHEREFORE, Third-Party Plaintiff respectfully requests the following relief from this Court:

A.     Enter judgment in favor of Alcoa and against RRIP finding that RRIP has breached its obligations to Alcoa under the Multi-Party Property Acquisition Agreement.

B.     Enter judgment for all damages, monetary, consequential, and otherwise, available under law to Alcoa arising from RRIP's breach of the Multi-Party Property Acquisition Agreement.

C.     Declare that RRIP is obligated to indemnify, defend, and hold harmless Alcoa with respect to the Borough's claims in this action and any crossclaims, third-party claims, or other claims asserted against Alcoa in this action.

D.     Order RRIP to reimburse Alcoa for the cost of legal, expert, or other fees incurred by Alcoa arising from the demolition and removal of structures on the Alcoa Site.

E.     Enter judgment in favor of Alcoa and against the County finding that the County has breached its obligations to Alcoa under the Multi-Party Property Acquisition Agreement.

F.     Enter judgment for all damages, monetary, consequential, and otherwise, available under law to Alcoa arising from the County's breach of the Multi-Party Property Acquisition Agreement.

9

**G.**    Grant any other relief that the Court deems just and proper.

Dated: December 5, 2014

Respectfully submitted,

**K&L GATES LLP**

By: /s/ Michael E. Waller
    Michael E. Waller
    William H. Hyatt, Jr.
    Karyllan D. Mack
    One Newark Center, Tenth Floor
    Newark, New Jersey 07102
    Tel:  (973) 848-4000
    michael.waller@klgates.com
    william.hyatt@klgates.com
    karyllan.mack@klgates.com

    *Attorneys for Alcoa Domestic LLC, as*
    *successor in interest to Defendant/Third-*
    *Party Plaintiff A.P. New Jersey, Inc.*

## CERTIFICATION PURSUANT TO RULE 11.2 OF THE LOCAL CIVIL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: December 5, 2014

By: _____

Michael E. Waller