ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033-0968
(856)795-2121
Attorneys for Defendants, Waterside Construction, LLC,
38 COAH, LLC, Daibes Brothers, Inc., North River Mews
Associates, LLC, and Fred A. Daibes

BY:   PATRICK PAPALIA, ESQUIRE
      DEBRA S. ROSEN, ESQUIRE

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br><br>     Plaintiff,<br><br>vs.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALUMINUM COMPANY OF AMERICA; A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC CORPORATIONS 1-100,<br><br>     Defendants.<br><br>and<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC, DAIBES BROTHERS, INC., NORTH RIVER MEWS ASSOCIATES, LLC AND FRED A. DAIBES,<br><br>     Defendants/Third-Party Plaintiffs,<br><br>vs.<br><br>NEGLIA ENGINEERING ASSOCIATES,<br><br>     Third-Party Defendants. | Civil Action No.: 2:14-CV-05060 (ES-MAH)<br><br><br>ELECTRONICALLY FILED<br><br><br>AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AMENDED CROSSCLAIMS AND THIRD-PARTY COMPLAINT |

Defendants, Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC and Fred A. Daibes (hereinafter collectively "Waterside" or "Defendants") by way of Answer to the First Amended Complaint of Plaintiff, Borough of Edgewater ("Edgewater") hereby answers as follows:

## THE PARTIES

1.      The allegations of Paragraph 1 of the First Amended Complaint are not directed to Waterside and therefore no response thereto is required.

2.      Defendants admit only that Waterside Construction, LLC ("Waterside") is a New Jersey limited liability company with offices at 22 Route 5, Edgewater, Bergen County, New Jersey.  The remaining allegations of Paragraph 2 are denied as stated.

3.      Defendants admit only that 38 COAH, LLC ("38 COAH") is a New Jersey limited liability company with offices at 1000 Portside Drive, Edgewater, Bergen County, New Jersey are admitted.  The remaining allegations of Paragraph 3 are denied as stated.

4.      The allegations of Paragraph 4 of the First Amended Complaint are denied.

5.      Defendants admit only that North River Mews Associates, LLC ("North River") is a New Jersey limited liability company with offices at 1000 Portside Drive, Edgewater, Bergen County, New Jersey.  The remaining allegations of Paragraph 5 call for a legal conclusion to which no response is required.  To the extent that factual allegations are made or intended to be made against these Defendants, said allegations are denied as stated.

6.      Defendants admit only that Fred Daibes is an individual.  The remaining allegations of Paragraph 6 are denied as stated.

7.      The allegations of Paragraph 7 of the First Amended Complaint are not directed to this Defendant and therefore no response thereto is required.

8.     The allegations of Paragraph 8 of the First Amended Complaint are not directed to this Defendant and therefore no response thereto is required.

9.     The allegations of Paragraph 9 of the First Amended Complaint are not directed to this Defendant and therefore no response thereto is required.

10.     The allegations of Paragraph 10 of the First Amended Complaint are not directed to this Defendant and therefore no response thereto is required.

11.     The allegations of Paragraph 11 of the First Amended Complaint are not directed to this Defendant and therefore no response thereto is required.

## JURISDICTION AND VENUE

12.     The allegations of Paragraph 12 of the First Amended Complaint call for a legal conclusion and therefore no response thereto is required.  To the extent that any factual allegations are made or intended to be made against these Defendants, said allegations are denied.

13.     The allegations of Paragraph 13 of the First Amended Complaint call for a legal conclusion and therefore no response thereto is required.  To the extent that any factual allegations are made or intended to be made against these Defendants, said allegations are denied.

14.     The allegations of Paragraph 14 of the First Amended Complaint call for a legal conclusion and therefore no response thereto is required.  To the extent that any factual allegations are made or intended to be made against these Defendants, said allegations are denied.

15.     The allegations of Paragraph 15 of the First Amended Complaint call for a legal conclusion and therefore no response thereto is required.  To the extent that any factual allegations are made or intended to be made against the Defendants, said allegations are denied.

## BACKGROUND

16.     Waterside admits that Veteran's Field is located at 1167 River Road, Edgewater, New Jersey, is known as Block 30, Lot 1 on the Tax Map of the Borough of Edgewater and is a public park consisting of approximately 27.58 acres.  Waterside has insufficient knowledge with which to admit or deny the remaining allegations.

17.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 17 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

18.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 18 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

19.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 19 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

20.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 20 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

21.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 21 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

22.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 22 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

23.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 23 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

24.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 24 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

25.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 25 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

26.     The allegations of Paragraph 26 of the First Amended Complaint are admitted.

27.     Defendants admit that the scope of work in the bid notice consisted of some remediation activities at Veteran's Field and installation of athletic fields along with the associated drainage and grading and the installation of a playground and parking lot.  Defendants have insufficient knowledge with which to admit or deny the remaining allegations of Paragraph 27 and therefore deny same and leave Plaintiff to its proofs.

28.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 28 and therefore deny same and leave Plaintiff to its proofs.

29.     With respect to those allegations which make conclusions of law, no response thereto is required.  To the extent that factual allegations are made or intended to be made as to these Defendants, said allegations are denied as stated.

30.     Defendants admit that in the summer of 2012, Waterside began work at Veteran's Field.  Defendants have insufficient knowledge with which to admit or deny the remaining allegations of Paragraph 30 and therefore deny same and leave Plaintiff to its proofs.

31.     Defendants specifically deny that TERMS required Waterside to submit for testing and approval all fill material that was not provided from an approved site.  With respect to the remaining allegations of Paragraph 31 of the First Amended Complaint, Defendants have insufficient knowledge with which to admit or deny said allegations and therefore deny same and leave Plaintiff to its proofs.

32.     Defendants admit that TERMS, as the entity with control over the process for importing fill to the site, approved fill materials for use at the site by Waterside.  Any remaining allegations set forth in Paragraph 32 of the First Amended Complaint are denied as stated.

33.     The allegations of Paragraph 33 of the First Amended Complaint are admitted.

34.     Defendants admit that the project resumed in late spring of 2013.  Defendants have insufficient knowledge with which to admit or deny the remaining allegations of Paragraph 34 and therefore deny same and leave Plaintiff to its proofs.

35.     Defendants admit only that fill material continued to be brought to the site for use as part of the cap for site soils and also for use under sidewalks, roadways and parking lots.

36.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 36 of the First Amended Complaint.  Defendants admit only that TERMS did on occasion reject the use of certain fill materials at the Veteran's Field site. Waterside denies that it made any attempt to have TERMS or its employees removed from the project.

37.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 37 and therefore deny same and leave Plaintiff to its proofs.

38.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 38 and therefore deny same and leave Plaintiff to its proofs.

39.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 39 and therefore deny same and leave Plaintiff to its proofs.

40.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 40 and therefore deny same and leave Plaintiff to its proofs.

41.     Defendants deny the allegations of Paragraph 41 of the First Amended Complaint that Waterside misrepresented any facts with respect to the fill material.  Defendants have insufficient knowledge with which to admit or deny the remaining allegations of Paragraph 41 and therefore deny same and leave Plaintiff to its proofs.

42.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 42 and therefore deny same and leave Plaintiff to its proofs.

43.     Defendants deny that they undertook any actions contrary to any representations they made and instead acted at all times in accord with the direction of TERMS, as gatekeeper for fill material at the site who had provided that certain fill materials could be used over the geotextile membrane and under hard surfaces such as roadways and sidewalks.  Defendants have insufficient knowledge with which to admit or deny any remaining allegations of Paragraph 43 and therefore deny same and leave Plaintiff to its proofs.

44.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 44 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

45.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 45 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

46.     Defendants admit only that they have received a copy of an October 3, 2013 letter from TERMS issued to Edgewater with respect to fill material at Veteran's Field and that TERMS was closing the site.  To the extent that Paragraph 46 of the First Amended Complaint makes allegations as to the contents of a document, said document speaks for itself.  Defendants have insufficient knowledge with which to admit or deny the remaining allegations of Paragraph 46 and therefore deny same and leave Plaintiff to its proofs.

47.     The allegations of Paragraph 47 of the First Amended Complaint are denied as stated.

48.     Defendants specifically deny that fill materials were improperly imported to the Veteran's Field site.  Defendants have insufficient knowledge with which to admit or deny the remaining allegations of Paragraph 48 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

49.     Defendants specifically deny that fill materials were improperly imported to the Veteran's Field site.  Defendants have insufficient knowledge with which to admit or deny the remaining allegations of Paragraph 49 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

50.     Defendants specifically deny that fill materials were improperly imported to the Veteran's Field site.  Defendants have insufficient knowledge with which to admit or deny the remaining allegations of Paragraph 50 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

51.     Defendants specifically deny that fill materials were improperly imported to the Veteran's Field site.  Defendants have insufficient knowledge with which to admit or deny the remaining allegations of Paragraph 51 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

52.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 52 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

53.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 53 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

54.     Defendants specifically deny that Waterside caused contamination at the Veteran's Field site.  Waterside admits only that the recycled concrete fill material utilized at the Veteran's Field site came from property formerly owned by 38 COAH located at 660 River Road, Edgewater, New Jersey.

55.     Defendants admit only that the property located at 660 River Road, Edgewater, New Jersey is presently owned by 38 COAH.  The remaining allegations of Paragraph 55 of the First Amended Complaint are denied.

56.     Defendants admit only that the property located 660 River Road, Edgewater, New Jersey was previously owned by A.P. New Jersey, Inc. and the Aluminum Company of America. The remaining allegations of Paragraph 56 of the First Amended Complaint are denied.

57.     The allegations of Paragraph 57 of the First Amended Complaint are admitted.

58.     The allegations of Paragraph 58 of the First Amended Complaint are denied as stated.

59.     Defendants admit that the February 12, 2003 No Further Action Letter for the Building 12 Area of Concern was signed by Fred Daibes as a managing member of the North River Mews Associates, LLC.

60.     The allegations of Paragraph 60 of the First Amended Complaint are denied as stated.  Defendants admit only that a Deed Notice was prepared for a portion of the property at 660 River Road, Edgewater, New Jersey and was recorded on or about January 14, 2003.

61.     Defendants deny the allegations of Paragraph 61 of the First Amended Complaint that Building 12 was "the former ALCOA manufacturing facility" which facility encompassed many buildings.

62.     Defendants admit that parts of Building 12 were constructed with concrete.

63.     Paragraph 63 of the First Amended Complaint makes allegations as to the contents of a written agreement which document speaks for itself.

64.     Paragraph 64 of the First Amended Complaint makes allegations as to the contents of a written agreement which document speaks for itself.

65.     Paragraph 65 of the First Amended Complaint makes allegations as to the contents of a written agreement which document speaks for itself.

66.     Defendants admit that on or about May 22, 2006, North River transferred ownership of the 660 River Road property to 38 COAH.

67.     The allegations of Paragraph 67 of the First Amended Complaint are denied.

68.     The allegations of Paragraph 68 of the First Amended Complaint are denied.

69.     Defendants admit only that on or about October 19, 2010, 38 COAH recorded a Termination of Deed Notice signed by Fred Daibes, as prepared by its environmental consultant and as directed and approved by the NJDEP.

70. Paragraph 70 of the First Amended Complaint makes allegations as to the contents of a written document which document speaks for itself.

71. The allegations of Paragraph 71 of the First Amended Complaint are denied.

72. The allegations of Paragraph 72 of the First Amended Complaint are denied.

73. The allegations of Paragraph 73 of the First Amended Complaint are denied.

74. The allegations of Paragraph 74 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

75. The allegations of Paragraph 75 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

76. The allegations of Paragraph 76 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

77. The allegations of Paragraph 77 of the First Amended Complaint are not directed these Defendants and therefore no response thereto is required. To the extent that any allegations are made or intended to be made as to these Defendants, said allegations are denied.

78. The allegations of Paragraph 78 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

79. The allegations of Paragraph 79 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

80. The allegations of Paragraph 80 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

81. The allegations of Paragraph 81 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

## AS TO COUNT I

### CONTRIBUTION UNDER THE SPILL ACT

82.     Defendants repeat and incorporate by reference their responses to the previous paragraphs of this First Amended Complaint as if fully set forth herein in lieu of repetition.

83.     The allegations of Paragraph 83 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made with respect to these Defendants, said allegations are denied.

84.     The allegations of Paragraph 84 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made with respect to these Defendants, said allegations are denied.

85.     The allegations of Paragraph 85 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made with respect to these Defendants, said allegations are denied.

86.     The allegations of Paragraph 86 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made with respect to these Defendants, said allegations are denied.

87.     The allegations of Paragraph 87 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made with respect to these Defendants, said allegations are denied.

88.     The allegations of Paragraph 88 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made with respect to these Defendants, said allegations are denied.

89.     The allegations of Paragraph 89 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made with respect to these Defendants, said allegations are denied.

90.     The allegations of Paragraph 90 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

91.     The allegations of Paragraph 91 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

92.     The allegations of Paragraph 92 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

93.     The allegations of Paragraph 93 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

94.     The allegations of Paragraph 94 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

95.     The allegations of Paragraph 95 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

96.     The allegations of Paragraph 96 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

97.     The allegations of Paragraph 97 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

98.     The allegations of Paragraph 98 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

99.     The allegations of Paragraph 99 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

100.     The allegations of Paragraph 100 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

101.     The allegations of Paragraph 101 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

102.     The allegations of Paragraph 102 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

103.     The allegations of Paragraph 103 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

104.     The allegations of Paragraph 104 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

105.     The allegations of Paragraph 105 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

106.     The allegations of Paragraph 106 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

107.    Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 107 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

108.    The allegations of Paragraph 108 of the First Amended Complaint call for a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

## AS TO COUNT II

### COST RECOVERY UNDER CERCLA

109.    Defendants repeat and incorporate by reference their responses to the previous paragraphs of this First Amended Complaint as if fully set forth herein in lieu of repetition.

110.    The allegations of Paragraph 110 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

111.    The allegations of Paragraph 111 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

112.    The allegations of Paragraph 112 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

113.    The allegations of Paragraph 113 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

114.    The allegations of Paragraph 114 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

115.    The allegations of Paragraph 115 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

116.    The allegations of Paragraph 116 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

117.    The allegations of Paragraph 117 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

118.    The allegations of Paragraph 118 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

119.    The allegations of Paragraph 119 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

120.    The allegations of Paragraph 120 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

121.    The allegations of Paragraph 121 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

122.    The allegations of Paragraph 122 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

123.    The allegations of Paragraph 123 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

124.    The allegations of Paragraph 124 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

## AS TO COUNT III

### BREACH OF CONTRACT

125.    Defendants repeat and incorporate by reference their responses to the allegations in the previous paragraphs of this First Amended Complaint as if fully set forth herein in lieu of repetition.

126.    The allegations of paragraph 126 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

127.    The allegations of paragraph 127 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

128.    Paragraph 128 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.

129.    The allegations of Paragraph 129 of the First Amended Complaint are denied.

130.    Paragraph 130 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 130 are denied.

131.    Paragraph 131 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 131 are denied.

132.    Paragraph 132 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 132 are denied.

133.    Paragraph 133 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 133 are denied.

134.    Paragraph 134 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 134 are denied.

135.    Paragraph 135 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 135 are denied.

136.   Paragraph 136 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 136 are denied.

137.   Paragraph 137 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 137 are denied.

138.   Paragraph 138 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 138 are denied.

139.   The allegations of Paragraph 139 of the First Amended Complaint are denied.

140.   Paragraph 140 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 140 are denied.

141.   Paragraph 141 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 141 are denied.

142.   Paragraph 142 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 142 are denied.

143.   Paragraph 143 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 143 are denied.

144.   The allegations of Paragraph 144 of the First Amended Complaint are denied.

145.   The allegations of Paragraph 145 of the First Amended Complaint are denied.

146.   The allegations of Paragraph 146 of the First Amended Complaint are denied.

## AS TO COUNT IV

### FRAUD

147.   Defendants repeat and incorporate by reference their responses to the allegations in the previous paragraphs of this First Amended Complaint as if fully set forth herein in lieu of repetition.

148.   The allegations of Paragraph 148 of the First Amended Complaint are denied.

149.   The allegations of Paragraph 149 of the First Amended Complaint are denied.

150.   The allegations of Paragraph 150 of the First Amended Complaint are denied.

151.   The allegations of Paragraph 151 of the First Amended Complaint are denied.

152.   The allegations of Paragraph 152 of the First Amended Complaint are denied.

153.   The allegations of Paragraph 153 of the First Amended Complaint are denied.

154.   The allegations of Paragraph 154 of the First Amended Complaint are denied.

155.   The allegations of Paragraph 155 of the First Amended Complaint are denied.

## AS TO COUNT V

### NEGLIGENCE

156.   Defendants repeat and incorporate by reference the responses to the allegations in the previous paragraphs of this First Amended Complaint as if fully set forth herein in lieu of repetition.

157.   Defendants repeat and incorporate by reference their responses to the allegations in paragraphs 12-66 in lieu of repetition.  Defendants specifically deny that Waterside did not begin working on the project until the summer of 2013.

158.    Paragraph 158 of the First Amended Complaint makes allegations as to the contents of a written agreement which document speaks for itself.  To the extent that factual allegations are made or intended to be made as to Defendants, said allegations are denied.

159.    The allegations of Paragraph 159 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

160.    The allegations of Paragraph 160 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

161.    The allegations of Paragraph 161 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

162.    The allegations of Paragraph 162 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

## AS TO COUNT VI

### UNJUST ENRICHMENT

163.    Defendants repeat and incorporate by reference their responses to the previous paragraphs of this First Amended as if fully set forth herein in lieu of repetition.

164.    The allegations of Paragraph 164 of the First Amended Complaint are denied.

165.    The allegations of Paragraph 165 of the First Amended Complaint are denied.

166.    The allegations of Paragraph 166 of the First Amended Complaint are denied.

167.    The allegations of Paragraph 167 of the First Amended Complaint are denied.

168.    The allegations of Paragraph 168 of the First Amended Complaint are denied.

21

169.    The allegations of Paragraph 169 of the First Amended Complaint are denied.

## AS TO COUNT VII

### VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT

170.    Defendants repeat and incorporate by reference their responses to the previous paragraphs of this First Amended Complaint as if fully set forth herein in lieu of repetition.

171.    The allegations of Paragraph 171 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

172.    The allegations of Paragraph 172 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

173.    Defendants repeat and incorporate by reference their responses to the allegations in Paragraphs 12-66 in lieu of repetition.  Any remaining allegations in Paragraph 173 of the First Amended Complaint are denied.

174.    Defendants repeat and incorporate by reference their responses to the allegations in Paragraphs 12-66 and 101-121 in lieu of repetition.  Any remaining allegations in Paragraph 174 of the First Amended Complaint are denied.

175.    Paragraph 175 of the First Amended Complaint makes allegations as to the contents of a written agreement which document speaks for itself.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

176.    The allegations of Paragraph 176 of the First Amended Complaint are denied.

177.    Defendants deny any allegations of Paragraph 177 of the First Amended Complaint that Waterside or its employees were intentionally covering up fill materials.  With respect to any remaining allegations of Paragraph 177, Defendants have insufficient knowledge

with which to admit or deny said allegations and therefore deny same and leave Plaintiff to its proofs.

178.    Defendants deny any allegations of Paragraph 178 of the First Amended Complaint that Waterside or its employees were intentionally covering up fill materials.  With respect to any remaining allegations of Paragraph 178, Defendants have insufficient knowledge with which to admit or deny said allegations and therefore deny same and leave Plaintiff to its proofs.

179.    Defendants deny any allegations of Paragraph 179 of the First Amended Complaint that Waterside or its employees were intentionally covering up fill materials.  With respect to any remaining allegations of Paragraph 179, Defendants have insufficient knowledge with which to admit or deny said allegations and therefore deny same and leave Plaintiff to its proofs.

180.    The allegations of Paragraph 180 of the First Amended Complaint are denied.

181.    The allegations of Paragraph 181 of the First Amended Complaint are denied.

182.    Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 182 of the First Amended Complaint with respect to the investigation undertaken by TERMS.  With respect to the remaining allegations of Paragraph 182 of the First Amended Complaint, said allegations are denied.

183.    The allegations of Paragraph 183 of the First Amended Complaint are denied as stated.

184.    To the extent that the allegations of Paragraph 184 of the First Amended Complaint make allegations as to the contents of a written agreement, said document speaks for

itself.  With respect to any remaining allegations in Paragraph 186 of the First Amended
Complaint, said allegations are denied.

185.    The allegations of Paragraph 185 of the First Amended Complaint are denied.

186.    The allegations of Paragraph 186 of the First Amended Complaint are denied.

187.    The allegations of Paragraph 187 of the First Amended Complaint are denied.

188.    The allegations of Paragraph 188 of the First Amended Complaint are denied.

189.    The allegations of Paragraph 189 of the First Amended Complaint are denied.

190.    The allegations of Paragraph 190 of the First Amended Complaint are denied.

191.    The allegations of Paragraph 191 of the First Amended Complaint are denied.

192.    The allegations of Paragraph 192 of the First Amended Complaint are denied.

193.    The allegations of Paragraph 193 of the First Amended Complaint are denied.

194.    The allegations of Paragraph 194 of the First Amended Complaint call for a legal
conclusion to which no response is required.  To the extent that any factual allegations are made
or intended to be made as to these Defendants, said allegations are denied.

## AS TO COUNT VIII

### BREACH OF CONTRACT

195.    Defendants repeat and incorporate by reference their responses to the previous
paragraphs of this First Amended Complaint as if fully set forth herein in lieu of repetition.

196.    The allegations of Paragraph 196 of the First Amended Complaint are not directed
to these Defendants and therefore no response thereto is required.

197.    The allegations of Paragraph 197 of the First Amended Complaint are not directed
to these Defendants and therefore no response thereto is required.

198.    The allegations of Paragraph 198 of the First Amended Complaint are not directed
to these Defendants and therefore no response thereto is required.

199.     The allegations of Paragraph 199 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

200.     The allegations of Paragraph 200 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

201.     The allegations of Paragraph 201 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

202.     The allegations of Paragraph 202 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

203.     The allegations of Paragraph 203 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

204.     The allegations of Paragraph 204 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

205.     The allegations of Paragraph 205 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

206.     The allegations of Paragraph 206 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

## AS TO COUNT IX

### NEGLIGENCE

207.     Defendants repeat and incorporate by reference their responses to the previous paragraphs of this First Amended Complaint as if fully set forth herein in lieu of repetition.

208.     The allegations of Paragraph 208 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

209.     The allegations of Paragraph 209 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

210.    The allegations of Paragraph 210 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction by reason of Plaintiff's own actions and/or the actions of its agent, TERMS.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Plaintiff's own breach of contract.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because these Defendants were acting under and in accordance with instructions received from Plaintiff or received from Plaintiff's agent, TERMS.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of unclean hands, waiver and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction by reason of Plaintiff's failure to mitigate its alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages have been caused solely by the acts of third parties over whom these Defendants had no control or right of control or by superseding or intervening conduct of others outside of Defendants' control.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction because the damages claimed include costs that are not reasonable or necessary.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's own actions prevented Defendants from completing performance.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the alleged costs incurred are not consistent with the National Contingency Plan or otherwise are not recoverable under CERCLA or the Spill Act.

## ELEVENTH AFFIRMATIVE DEFENSE

The costs allegedly incurred, or to be incurred as referenced in the First Amended Complaint, are not response costs recoverable from Defendants pursuant to CERCLA.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from relief under CERCLA and the Spill Act because its own acts or omissions have proximately caused the conditions alleged in the First Amended Complaint and in the alternative, are in pari delicto with others.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any alleged damages suffered by Plaintiff, which are denied, and any releases or threatened release of hazardous substances or other contaminants as alleged, and any costs or damages resulting therefrom, were caused solely by the acts and/or omissions of third parties or their agents, employees or any party with a contractual relationship existing directly or indirectly with Plaintiff within the meaning of Section 107(b)(3) of CERCLA.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with the requirements and prerequisites to liability under the Spill Compensation and Control Act, N.J.S.A. § 58:10-23.11 et seq. including without limitation Plaintiff's incurring costs not authorized by the Spill Act and Plaintiff's failure to clean up and remediate contamination according to the National Contingency Plan.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint must be dismissed for failure to join indispensible parties to this litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the terms of the contract between the parties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of set off.

## EIGHTEENTH AFFIRMATIVE DEFENSE.

Plaintiffs' claims are barred, in whole or in part, by the doctrine of recoupment.

## NINETEENTH AFFIRMATIVE DEFENSE

Without conceding any detrimental reliance on the part of Plaintiff, the Plaintiff acted unreasonably if any such reliance exists.

## TWENTIETH AFFIRMATIVE DEFENSE

Any loss suffered by the Plaintiffs was as a result of their own negligence, or the negligence or fault of their agents, which negligence or fault is greater than any alleged negligence of these Defendants, which negligence is specifically denied.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The damages which Plaintiff seeks, if awarded, would result in unjust enrichment to Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has no claim under the Spill Act as Defendants are not dischargers or responsible persons within the meaning of the act and there is no causal nexus.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred against individual shareholder Defendants as same cannot be held personally liable for the acts or omissions of its corporation.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim as they have no claim for cost recovery under Section 107 of CERCLA.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants hereby incorporate all affirmative and separate defenses which have been or will be pleaded by any party in this action to the extent that these defenses are applicable to Defendants as well as any additional applicable statutory or common law defenses and reserves the right to amend this Answer to assert additional defenses.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional defenses that may be pertinent to Plaintiff's claims when the precise nature of said claims is further ascertained through discovery and based upon facts developed as this matter progresses.

**WHEREFORE,** Defendants demand judgment against Plaintiff dismissing Plaintiff's First Amended Complaint in its entirety together with court costs and attorneys fees and

awarding such other and further relief as this Court shall deem equitable and just.

<div style="margin-left: 50%;">

ARCHER & GREINER,
A Professional Corporation
Attorneys for Waterside


BY:   /s/     Patrick     Papalia
        PATRICK PAPALIA
</div>

DATED: December 5, 2014

## COUNTERCLAIMS

Defendants, Waterside Construction, LLC, ("Waterside"), 38 COAH, LLC, Daibes

Brothers, Inc., North River Mews Associates, LLC and Fred A. Daibes (hereinafter collectively

"Answering Defendants") by way of Counterclaim against the Plaintiff, Borough of Edgewater

("Plaintiff"), say:

## THE PARTIES

1.      Waterside is a New Jersey Limited Liability Company with offices at 22 Route 5,

Edgewater, Bergen County, New Jersey.  Waterside is in the business of providing construction

services.

2.      Plaintiff is a municipal corporation organized under the laws of the State of New

Jersey with its principal place of business located at 55 River Road, Edgewater, Bergen County,

New Jersey.

## JURISDICTION AND VENUE

3.      Plaintiff has initiated this action under the Comprehensive Environmental

Response, Compensation and Liability Act, 42 U.S.C. §9607 et seq. ("CERCLA").

4.      This is an action over which the United States District Court has original

jurisdiction pursuant to 28 U.S.C. §1331.

5.      This court has supplemental jurisdiction over the Counterclaims of Answering Defendants pursuant to 28 U.S.C. §§1388 and 1367(a) and because those claims are joined with and arise out of the same common nucleus of facts as Plaintiff's federal law claims and supplemental state laws claims asserted in the First Amended Complaint.

6.      Venue for these Counterclaims is proper in this court because all parties have a principal place of business or operations in New Jersey.

## FIRST COUNT

7.      Plaintiff is, and at all times relevant hereto was, the owner of certain real property commonly known as Veteran's Field, located at 1167 River Road, Edgewater, New Jersey and designated as Block 30, Lot 1 on the Tax Map of the Borough of Edgewater ("Veteran's Field" or the "Site").

8.      In or about June, 2012, Plaintiff initiated a remediation and construction project (the "Project") with respect to Veteran's Field and Waterside was awarded the bid for certain aspects of the Project.

9.      At all times relevant hereto, Neglia Engineering Associates ("Neglia") was serving as the Borough Engineer for Plaintiff and was acting for, on behalf of, and at the discretion of, and as the agent for Plaintiff.

10.     At all times relevant hereto, TERMS Environmental Services, Inc. was serving as environmental consultant for Plaintiff on the Project and TERMS' principal, Ronald Dooney, was the Licensed Site Remediation Professional ("LSRP"). TERMS was responsible for directing all work with respect to remediation and approval of fill material at Veteran's Field and was acting for, on behalf of, at the discretion of, and as the agent for Plaintiff.

11.     TERMS and Neglia, as agents for Plaintiff, approved the use of the recycled concrete fill material at Veteran's Field under hardscapes including under roadways and sidewalks.

12.     TERMS,  as agent for Plaintiff, was responsible as LSRP for acting as gatekeeper to ensure that all fill material brought onto the Site was appropriate for the use intended.

13.     Plaintiff has alleged in the First Amended Complaint that the fill material brought to the site contains hazardous substances as defined under CERCLA, 42 U.S.C. §9601(14).

14.     Plaintiff has alleged in the First Amended Complaint that Veteran's Field is a facility as defined under CERCLA, 42 U.S.C. §9601(9).

15.     Pursuant to Section 107 of CERCLA, 42 U.S.C. §9607(a)(1)-(4), the following persons are liable for all costs of removal or remedial action incurred by the United States Government or a state not inconsistent with the National Contingency Plan and any other necessary costs of response incurred by any other person consistent with the National Contingency Plan: (1) the owner and operator of a vessel or a facility; (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substance were disposed of; (3) any person who by contract, agreement or otherwise arranged for disposal or treatment or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances; and (4) any person who accepts or accepted any hazardous substances for transport or disposal to treatment facilities, incineration vessels or site selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, or of hazardous substances.

32

16.     Plaintiff has asserted in the First Amended Complaint, a claim against Answering Defendants for cost recovery pursuant to §107 of CERCLA, 42 U.S.C. §9607.

17.     Plaintiff is a person within the meaning of §101(21) of CERCLA, 42 U.S.C. §9601(21).

18.     Plaintiff is an owner and/or operator of Veteran's Field within the meaning of §101(20) of CERCLA, 42 U.S.C. §9601(20).

19.     Plaintiff is and was the owner and/or operator of Veteran's Field at the time the fill was utilized at Veteran's Field.

20.     Plaintiff has alleged in the First Amended Complaint that the utilization of the fill material at Veteran's Field was a disposal within the meaning of CERCLA.

21.     Plaintiff is liable under §107 of CERCLA, 42 U.S.C. §9607(a)(1)-(3), with respect to the fill deposited at Veteran's Field.

22.     Pursuant to §107(a) of CERCLA, 42 U.S.C. §9607(a), Waterside is entitled to recovery from Plaintiff for all of their costs of response incurred in connection therewith.

## SECOND COUNT

23.     Answering Defendants repeat and incorporate by reference the allegations set forth in Paragraphs 1 through 22 of these Counterclaims as if set forth more fully herein.

24.     Section 113(f) of CERCLA, 42 U.S.C. §9613(f), provides that any person may seek contribution from any other person who is liable or potentially liable under §107(a) of CERCLA, 42 U.S.C. §9607(a).

25.     Plaintiffs have alleged that Answering Defendants are liable or potentially liable under §107(a), 42 U.S.C. §9607(a).

26.     Answering Defendants are entitled to maintain a contribution action against Plaintiff pursuant to §113(f)(1) of CERCLA, 42 U.S.C. §9613(f)(1).

## **THIRD COUNT**

27.     Answering Defendants repeat and incorporate by reference the allegations contained in Paragraphs 1 through 26 as if set forth at length herein.

28.     New Jersey's Spill Compensation and Control Act ("Spill Act"), N.J.S.A. 58:10-23.11 et seq., provides for a right of contribution against all dischargers and persons in any way responsible for a discharge.

29.     Plaintiff is a "person" within the meaning of the Spill Act, N.J.S.A. 58:10-23.11b(o).

30.     Plaintiff has alleged that discharges within the meaning of the Spill Act, N.J.S.A. 58:10-23.11b(h) have occurred at Veteran's Field.

31.     "Hazardous Substances" within the meaning of the Spill Act, N.J.S.A. 58:10-23.11b(k), have been discharged at Veteran's Field as alleged by Plaintiff in the First Amended Complaint.

32.     Plaintiff is a discharger or person in any way responsible for a discharge under the Spill Act, N.J.S.A. 58:10-23.11f(a)(2).

33.     Answering Defendants have incurred costs to investigate and remediate the discharge(s) of hazardous substances and will continue to incur such costs.

34.     As a person who has cleaned up and removed a discharge of hazardous substances, and incurred costs in connection with that removal, Answering Defendants are entitled to contribution from Plaintiff pursuant to N.J.S.A. 58:10-23.11f(a)(2) and all investigation or remediation costs which Answering Defendants have or will incur and/or for

which Answering Defendants are deemed liable, should be allocated among all parties, including

Plaintiff, using such equitable facts as the Court deems appropriate.

## **FOURTH COUNT**

35.     Answering Defendants repeat and incorporate by reference the allegations

contained in Paragraphs 1 through 34 as if set forth at length herein.

36.     In or about June, 2012, Plaintiff entered into a contract with Waterside for

Waterside to provide services as part of the Veteran's Field Project.

37.     Waterside provided the requested services at the direction of and for the benefit of

Plaintiff pursuant to the contract.

38.     Plaintiff accepted and retained the benefit of the services rendered by Waterside.

39.     Waterside issued invoices to Plaintiff's agent, Neglia, for services rendered

which remain unpaid.

40.     At the time Plaintiff engaged Waterside, Plaintiff agreed to pay Waterside for all

services provided for the benefit of Plaintiff.

41.     There is currently due and owing to Waterside the sum of $626,938.92 for the

services provided to or for the benefit of Plaintiff by Waterside.

42.     Despite demand by Waterside, Plaintiff has failed and refused to pay the

outstanding sum due in the amount of  $626,938.92.

43.     Plaintiff's refusal to tender payment for services rendered constitutes a breach of

its contract with Waterside.

44.     As a result of Plaintiff's breach of its contract with Waterside, Waterside has

suffered damages.

## FIFTH COUNT

45.     Answering Defendants repeat and incorporate by reference the allegations contained in Paragraphs 1 through 44 as if set forth at length herein.

46.     There is currently due and owing to Waterside the sum of $626,938.92 on a certain book account for services provided to and/or secured for the benefit of Plaintiff.

47.     Waterside has demanded payment from Neglia, Plaintiff's agent and from Plaintiff.

48.     Despite such demand, Plaintiff has failed and refused to pay for said services.

## SIXTH COUNT

49.     Answering Defendants repeat and incorporate by reference the allegations contained in Paragraphs 1 through 48 as if set forth at length herein.

50.     At the time Plaintiff engaged Waterside to provide certain services, Plaintiff promised to pay the reasonable value for such services rendered for the benefit of Plaintiff.

51.     Waterside has provided such services for the benefit of Plaintiff that have a reasonable value equal to or in excess of $626,938.92.

52.     There is currently due and owing to Waterside the reasonable sum of $626,938.92 for services rendered for the benefit of Plaintiff.

53.     Waterside has demanded payment from Plaintiff for the reasonable value of the services.

54.     Plaintiff has failed to and refused to pay the reasonable value for said services.

## SEVENTH COUNT

55.     Answering Defendants repeat and incorporate by reference the allegations contained in Paragraphs 1 through 54 as if set forth at length herein.

56.     Plaintiff has received the benefit in the form of receiving certain services rendered by Waterside without paying the agreed upon price for same.

57.     Such benefit is at the expense of Waterside and Plaintiff has knowledge and/or appreciation of such benefit.

58.     Acceptance and retention of such benefit under these circumstances by the Plaintiff without payment of fair market value to Waterside would be unjust and inequitable.

59.     Plaintiff has been unjustly enriched and Waterside is entitled to payment of the monies plus interest and attorneys fees and costs.

**WHEREFORE**,  Waterside demands judgment against Plaintiff as follows:

(a)     declaring that the Plaintiff is liable under CERCLA Section 107(a) and/or 113(f) for Answering Defendant's  response costs and/or contribution for those response costs Answering Defendants are required to pay to Plaintiff or others;

(b)     contribution for costs incurred pursuant to the New Jersey Spill Act;

(c)     compensatory damages for costs incurred by Answering Defendants;

(d)     the amounts due and owing to Waterside by Plaintiff; and

(e)     awarding Answering Defendants interest, costs of this action, including reasonable attorneys' fees to the extent permitted by law, and such other, and further relief as the Court determines is just, equitable and appropriate.

## CROSSCLAIMS

Defendants, Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC, and Fred A. Daibes (hereinafter collectively "Answering Defendants") by way of crossclaim against Co-Defendants TERMS Environmental Services,

37

Inc., Aluminum Company of America and A.P. Corporation  (hereinafter collectively "Defendants") says:

## THE PARTIES

1.      Defendant, TERMS Environmental Services, Inc. ("TERMS") is a corporation of the State of New Jersey organized for the purpose of providing environmental consulting services.

2.      Defendant,   Defendant,   Alcoa   Corporation   (hereinafter   "Alcoa"),   a corporation, with a business address of  201 Isabella Street, Pittsburgh, PA, was the owner of the Property from 1917 to 1968 and owned and operated a manufacturing facility at the site. Manufacturing was eventually discontinued and the Property was sold.  It is believed that, among others, Alcoa's manufacturing activities caused the contamination at the site.

3.      Defendant, A.P. New Jersey, Inc., (hereinafter A.P.) is a Delaware corporation with a business address of 1501 Alcoa Building, 425 Sixth Ave., Pittsburgh, PA was a successor to Alcoa and owner of the Property

## JURISDICTION AND VENUE

4.      Plaintiff has initiated this action under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607 et seq.

5.      This is an action over which the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

6.      This Court has supplemental jurisdiction over the crossclaims of Defendants pursuant to 28 U.S.C. §§ 1388 and 1367(a) and because those claims are joined with and arise out of the same common nucleus of facts as Plaintiff's federal law claims and supplemental state law claims asserted in the First Amended Complaint.

7.     Venue for these crossclaims is proper in this Court because all parties have a principal place of business or operations in the State of New Jersey.

## FIRST COUNT

8.     Answering Defendants repeat and incorporate by reference the allegations set forth in paragraphs 1 through 7 of these Crossclaims as if set forth more fully herein.

9.     While Answering Defendants deny any and all negligence or responsibility for any damages in this case, in the event that Answering Defendants are adjudged liable for any loss, damage or injury the Plaintiff may have sustained, Waterside is entitled to, and hereby assert, a crossclaim for contribution against all other Defendants pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 et seq. and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

## SECOND COUNT

10.     Answering Defendants repeat and incorporate by reference the allegations set forth in paragraphs 1 through 9 of these Crossclaims as if set forth more fully herein.

11.     While Answering Defendants deny any and all negligence or responsibility for any damages in this case, in the event that Answering Defendants are adjudged liable for any loss, damage or injury the Plaintiff may have sustained, such liability would be solely vicarious, imputed, secondary or technical, while the negligence of all other defendants would be the active and primary basis for plaintiff's injuries and damages.

12.     Answering Defendants are entitled to common law indemnification and/or contribution from all other defendants for all damages for which it may be held liable to plaintiff, plus interest, attorneys' fees and costs of suit.

## THIRD COUNT

13.     Answering Defendants repeat and incorporate by reference the allegations set forth in paragraphs 1 through 12 of these Crossclaims as if set forth more fully herein.

14.     Section 107(a)(4)(B) of CERCLA, 42 U.S.C. §9607(a)(4)(B), provides in pertinent part that any "covered person" "shall be liable for ... necessary costs of response by any other person consistent with the national contingency plan."

15.     Section 107(a)(2) of CERCLA, 42 U.S.C. §9607(a)(2), provides, in pertinent part, that "any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed" shall be liable as a "covered person".

16.     Section 107(a)(3) of CERCLA, 42 U.S.C. 9607(a)(3), provides, in pertinent part, that "any person who by contract, agreement, or otherwise arranged for disposal or treatment ... of hazardous substances owned or possessed by such person" shall be liable as a "covered person".

17.     Plaintiff has asserted in the First Amended Complaint, a claim against Answering Defendants for cost recovery pursuant to Section 107 of CERCLA, 42 U.S.C. §9607.

18.     Defendants are each a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. §9601(21).

19.     Defendants are or were each an owner and/or operator of the Veteran's Field site within the meaning of Section 101(20) of CERCLA, 42 U.S.C. §9601(20) and/or arranged, by contract, agreement, or otherwise, for disposal of hazardous substances.

20.     Plaintiff has alleged in the First Amended Complaint that Veteran's Field is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. §9601(9)..

21.     Plaintiff has alleged that releases or threatened releases of hazardous substances in or to the environment have occurred at Veteran's Field within the meaning of Section 101(22) of CERCLA, 42 U.S.C. §9601(22).

22.     Defendants are liable under Sections 107(a)(2) and 107(a)(3) of CERCLA, 42 U.S.C. §9607(a)(2) and (3) for any such releases or threatened release of hazardous substances at Veteran's Field.

23.     Pursuant to Section 107(a) of CERCLA, Answering Defendants are entitled to recovery from Defendants all of their costs of response incurred in connection therewith.

## FOURTH COUNT

24.     Answering Defendants repeat and incorporate by reference the allegations contained in paragraphs 1 through 23 as if same were set forth at length herein.

33.     Section 113(f) of CERCLA, 42 U.S.C. §9613(f), provides that any person may seek contribution from any other person who is liable or potentially liable under Section 107(a) of CERCLA, 42 U.S.C. §9607(a).

34.     Defendants are liable or potentially liable under Section 107(a), 42 U.S.C. §9607(a).

35.     Answering Defendants are entitled to maintain a contribution action against Defendants pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. §9613(f)(1).

## FIFTH COUNT

36.     Answering Defendants repeat and incorporate by reference the allegations contained in paragraphs 1 though 35 as if same were set forth at length herein.

58.     New Jersey's Spill Compensation and Control Act, ("Spill Act"), N.J.S.A. 58:10—23.11, et seq., provides for a right of contribution against all dischargers and persons in any way responsible for a discharge.

59.     Defendants are "persons" within the meaning of the Spill Act, N.J.S.A. §58:10-23.11b(o).

60.     Plaintiff has alleged in the First Amended Complaint the "Discharges" within the meaning of the Spill Act, N.J.S.A. §58:10-23.11b(h) have occurred at the Veteran's Field site.

61.     Plaintiff has alleged in the First Amended Complaint that "Hazardous Substances" within the meaning of the Spill Act, N.J.S.A. §58:10-23.11b(k), have been discharged at the Veteran's Field.

62.     Defendants are dischargers or persons in any way responsible for a discharge under the Spill Act, N.J.S.A. §58:10-23.11f(a)(2).

63.     Answering Defendants have incurred costs to investigate and remediate the alleged discharge(s) of hazardous substances and will continue to incur such costs.

64.     As a person who has cleaned up and removed an alleged discharge of hazardous substances, and incurred costs in connection with that removal, Answering Defendants are entitled to contribution from Defendants pursuant to N.J.S.A. §58:10-23.11f(a)(2) and all investigation and remediation costs which Answering Defendants have or will incur, or for which Answering Defendants are deemed liable, should be allocated among Defendants using such equitable factors as the Court deems appropriate.

## SIXTH COUNT

65.     Answering Defendants repeat and incorporate by reference the allegations contained in paragraphs 1 through 64 as if same were set forth at length herein.

66.     Defendant, TERMS, is agent of Plaintiff, Borough of Edgewater.

67.     As agent of Plaintiff, TERMS was responsible for approving of all fill material which was utilized at the Veteran's Field Site pursuant to the agreements between Plaintiff and TERMS.

68.     Representatives of TERMS specifically approved the use of the recycled concrete fill material under roadways and sidewalks at the Veteran's Field Site.

69.     Plaintiffs allege that such approval by TERMS was in breach of contract.

70.     Answering Defendants have incurred costs and expenses and will incur costs and expenses in the future as a result of TERMS breach of contract. in approving the use fill material at the Veteran's Field Site.

71.     Answering Defendants are entitled to recover from TERMS said costs and expenses.

## SEVENTH COUNT

72.     Answering Defendants repeat and incorporate by reference the allegations contained in paragraphs 1 through 71 as if same were set forth at length herein.

73.     TERMS owed a duty to care  to manage the fill brought to Veteran's Field and to provide proper instruction and testing to the contractors for the Veteran's Field Project, such as Waterside, to insure that appropriate fill materials were used at Veteran's Field.

74.     TERMS failed to properly manage the fill and failed to provide proper instruction to Waterside about the use of fill at the Site which failure was a breach of the duty of care and constituted negligence.

75.     As a direct and proximate result of TERMS' breach of  its duty of care, Answering Defendants have suffered damages.

**WHEREFORE,**  Waterside demands judgment against Defendants as follows:

(a)     declaring that the Defendants are liable under CERCLA Section 107(a) and/or 113(f) for Answering Defendants  response costs and/or contribution for those response costs Answering Defendant is required to pay to Plaintiff or others;

(b)  contribution for costs incurred pursuant to the New Jersey Spill Act;

(c)  compensatory damages for costs incurred by Answering Defendants;

(d)  contribution and indemnification and

(e)  awarding Answering Defendants interest, costs of this action, including reasonable attorneys' fees to the extent permitted by law, and such other, and further relief as the Court determines is just, equitable and appropriate.

## THIRD-PARTY COMPLAINT

Defendants, Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC and Fred A. Daibes, (hereinafter "Answering Defendants") by way of Third-Party Complaint against Neglia Engineering Associates, say:

## PARTIES

1.  Neglia Engineering Associates ("Neglia") is a New Jersey Corporation with its principal place of business located at 34 Park Avenue, Lyndhurst, New Jersey.

2.  Neglia was the Borough Engineer for the Veterans Field Project and as such is an agent of the Plaintiff, Borough of Edgewater.

3.  Defendant, TERMS Environmental Services, Inc. ("TERMS") is a corporation of the State of New Jersey organized for the purpose of providing environmental consulting service.

4.  Plaintiff is a municipal corporation organized under the laws of the State of New Jersey with its principal place of business located at 55 River Road, Edgewater, Bergen County, New Jersey.

## JURISDICTION AND VENUE

5.  Plaintiff has initiated this action under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §9607 et seq. ("CERCLA").

6.      This is an action over which the United States District Court has original jurisdiction pursuant to 28 U.S.C. §1331.

7.      This court has supplemental jurisdiction over the Third-Party Complaint of Answering Defendants pursuant to 28 U.S.C. §§1388 and 1367(a) and because those claims are joined with and arise out of the same common nucleus of facts as Plaintiff's federal law claims and supplemental state laws claims asserted in the First Amended Complaint.

8.      Venue for the Third-Party Complaint is proper in this court because all parties have a principal place of business or operations in New Jersey.

## **FIRST COUNT**

9.      Answering Defendants repeat and incorporate by reference each and every allegation contained in Paragraphs 1 through 8 of this Third-Party Complaint as if fully set forth herein.

10.      Waterside entered into an agreement with Plaintiff with respect to undertaking remediation and other work at Veteran's Field.

11.      Neglia, as Township Engineer for the Veteran's Field Project and also as an agent of the Plaintiff, Borough of Edgewater, attended and participated in contractor meetings and directed the work of Waterside and others with respect to the Veteran's Field Project.

12.      Included in those meetings were discussions with respect to the use of fill materials and upon information and belief, Neglia directed or agreed with the actions of TERMS approving the use of certain fill materials at the Site.

13.      Answering Defendants deny any wrongdoing on their part for which they can be found liable to Plaintiff.

14. However, while expressly denying any alleged wrongdoing on their part, to the extent that Answering Defendants are held responsible in any manner, the responsibility is purely secondary and vicarious while the sole liability is that of Third Party Defendant, Neglia.

15. Accordingly, if Answering Defendants are found liable to Plaintiff for any of the damages which Plaintiff seeks to recover in its Complaint, Answering Defendants are entitled to receive contribution from Neglia pursuant to the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et seq., the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5, et seq. and/or the common law and are entitled to complete indemnification pursuant to any and all applicable provisions of the common law and/or contracts and/or statute if Answering Defendants are adjudged liable, including damages, attorneys' fees and costs.

## SECOND COUNT

16. Answering Defendants repeat and incorporate by reference each and every allegation contained in Paragraphs 1 through 15 of this Third-Party Complaint as if fully set forth herein.

17. Answering Defendants deny that they acted, or failed to act, in a manner which caused or contributed to, any damages or loss which Plaintiff claims to have sustained.

18. If Answering Defendants are adjudged liable to Plaintiff, the liability of Answering Defendants are merely technical, constructive and imputed and not the result of any wrongdoing on Answering Defendants' part but rather the result of wrongdoing on the part of Third-Party Defendant, Neglia.

## THIRD COUNT

19.     Answering Defendants repeat and incorporate by reference each and every allegation contained in Paragraphs 1 through 18 of this Third-Party Complaint as if fully set forth herein.

20.     Third- Party Defendant, Neglia, is an agent of the Plaintiff, Borough of Edgewater.

21.     As agent of Plaintiff, Neglia had responsibility, independently and/or in conjunction with TERMS, for approving of all fill material which was utilized at the Veteran's Field Site pursuant to the agreements between Plaintiff and Neglia.

22.     Representatives of Neglia were present with representative of TERMS during meetings in which the use of recycled concrete fill material was specifically approved for use under roadways and sidewalks at the Veteran's Field Site.

23.     Plaintiff alleges in the First Amended Complaint that such approval was in breach of contract.

24.     Answering Defendants have incurred costs and expenses and will incur costs and expenses in the future as a result of Neglia's breach of contract in approving the use of fill material at the Veteran's Field Site.

25.     Answering Defendants are entitled to recover from Neglia said costs and expenses.

## FOURTH COUNT

26.     Answering Defendants repeat and incorporate by reference each and every allegation contained in Paragraphs 1 through 25 of this Third-Party Complaint as if fully set forth herein.

27.     Neglia owed a duty of care as the Project Engineer to manage the fill brought to Veteran's Field and to provide proper instructions to contractors, such as Waterside, for the Veteran's Field Project.

28.     Neglia's failure to properly manage the fill and failure to provide proper instruction to contractors, including Waterside, about the use of fill at the site was a breach of the duty of care and constituted negligence.

29.     As a direct and proximate result of Neglia's breach of its duty of care, Answering Defendants have suffered damages.

**WHEREFORE**, Answering Defendants demand judgment against Third Party Defendant as follows:

(a)     Declaring that Third Party Defendant is liable under CERCLA §107(a) and/or 113(f) for Answering Defendants response costs and/or contribution for those response costs Answering Defendants are required to pay to Plaintiff or others;

(b)     Contribution for costs incurred pursuant to the New Jersey Spill Act;

(c)     Compensatory damages for costs incurred by Answering Defendants;

(d)     Contribution and indemnification; and

(e)     Awarding Answering Defendants interest, costs of this action, including reasonable attorneys' fees to the extent permitted by law, and such other and further relief as the Court deems is just, equitable and appropriate.

ARCHER & GREINER,
A Professional Corporation
Attorneys for Waterside


BY:   /s/     Patrick     Papalia
        PATRICK PAPALIA

DATED: December 5, 2014

48

**CERTIFICATION PURSUANT TO Rule 11.2**

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or any pending arbitration or administrative proceeding.

        /s/ Patrick Papalia
        PATRICK PAPALIA

DATED:  December 5, 2014

11873620v1

49