ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033-0968
(856)795-2121
Attorneys for Defendants/Third Party Plaintiffs, Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC, and Fred A. Daibes

BY:   PATRICK PAPALIA, ESQUIRE
      DEBRA S. ROSEN, ESQUIRE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br><br>      Plaintiff,<br><br>vs.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALUMINUM COMPANY OF AMERICA; A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC CORPORATIONS 1-100,<br><br>      Defendants.<br><br>and<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC, DAIBES BROTHERS, INC., NORTH RIVER MEWS ASSOCIATES, LLC AND FRED A. DAIBES,<br><br>      Defendants/Third-Party Plaintiffs,<br><br>vs.<br><br>NEGLIA ENGINEERING ASSOCIATES,<br><br>      Third-Party Defendants. | Civil Action No.: 2:14-CV-05060 (ES-MAH)<br><br>ELECTRONICALLY FILED<br><br>**ANSWER OF DEFENDANTS, WATERSIDE CONSTRUCTION, LLC, 38 COAH, LLC, DAIBES BROTHERS, INC., NORTH RIVER MEWS ASSOCIATES, LLC AND FRED A. DAIBES TO CROSSCLAIMS OF DEFENDANTS, ALCOA, INC. AND ALCOA DOMESTIC LLC** |

1

Defendants/Third-Party Plaintiffs, Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC and Fred A. Daibes (hereinafter collectively "Waterside") by way of Answer to the Crossclaims of Defendants, Alcoa, Inc. and Alcoa Domestic, LLC, as successor in interest to A.P. New Jersey, Inc. (collectively "Alcoa") by their counsel, Archer & Greiner, P.C., answer Alcoa's Crossclaims as follows:

## JURISDICTION AND VENUE

1. The allegations of Paragraph 1 of the Crossclaims call for a legal conclusion and therefore, no response thereto is required. To the extent that factual allegations as to Waterside are made or intended to be made, said allegations are denied.

2. The allegations of Paragraph 2 of the Crossclaims call for a legal conclusion and therefore, no response thereto is required. To the extent that factual allegations as to Waterside are made or intended to be made, said allegations are denied.

3. The allegations of Paragraph 3 of the Crossclaims call for a legal conclusion and therefore, no response thereto is required. To the extent that factual allegations as to Waterside are made or intended to be made, Waterside admits only that it conducts business in the State of New Jersey and any remaining factual allegations as to Waterside are denied.

4. The allegations of Paragraph 4 of the Crossclaims call for a legal conclusion, and therefore, no response thereto is required. To the extent that factual allegations as to Waterside are made or intended to be made, said allegations are denied.

## CROSSCLAIMS FOR STATUTORY AND COMMON LAW CONTRIBUTION

5. The allegations of Paragraph 5 of the Crossclaims are denied.

## CROSSCLAIMS FOR NEGLIGENCE

6. Waterside repeats and incorporates by reference its responses to Paragraphs 1 through 5 of the Crossclaims as if fully set forth herein in lieu of repetition.

7. The allegations of Paragraph 7 of the Crossclaims are denied.

8. The allegations of Paragraph 8 of the Crossclaims are denied.

9. The allegations of Paragraph 9 of the Crossclaims are denied.

10. The allegations of Paragraph 10 of the Crossclaims are denied.

11. The allegations of Paragraph 11 of the Crossclaims are denied.

## CROSSCLAIM FOR BREACH OF CONTRACT

12. Waterside repeats and incorporates by reference its responses to Paragraphs 1 through 11 of the Crossclaims as if fully set forth herein in lieu of repetition.

13. Paragraph 13 of the Crossclaims make allegations as to the contents of a written document which document speak for itself. To the extent that any factual allegations as to Waterside's alleged breach of contract are made, said allegations are denied.

14. Paragraph 14 of the Crossclaims make allegations as to the contents of a written document which document speak for itself. To the extent that any factual allegations as to Waterside's alleged breach of contract are made, said allegations are denied.

15. Paragraph 15 of the Crossclaims make allegations as to the contents of a written document which document speak for itself. To the extent that any factual allegations as to Waterside's alleged breach of contract are made, said allegations are denied.

16. The allegations of Paragraph 16 of the Crossclaims are denied.

17. The allegations of Paragraph 17 of the Crossclaims are denied.

## **CROSSCLAIM FOR INDEMNIFICATION**

18. Waterside repeats and incorporates by reference its responses to Paragraphs 1 through 17 of the Crossclaims as if fully set forth herein in lieu of repetition.

19. Paragraph 19 of the Crossclaims make allegations as to the contents of a written document which document speak for itself. To the extent that any factual allegations are made or intended to be made as to Waterside, said allegations are denied.

20. Paragraph 20 of the Crossclaims make allegations as to the contents of a written document which document speak for itself. To the extent that any factual allegations are made or intended to be made as to Waterside, said allegations are denied.

21. Paragraph 21 of the Crossclaims make allegations as to the contents of a written document which document speak for itself. To the extent that any factual allegations are made or intended to be made as to Waterside, said allegations are denied.

22. Paragraph 22 of the Crossclaims make allegations as to the contents of a written document which document speak for itself. To the extent that any factual allegations are made or intended to be made as to Waterside, said allegations are denied.

23. Paragraph 23 of the Crossclaims make allegations as to the contents of a written document which document speak for itself. To the extent that any factual allegations are made or intended to be made as to Waterside, said allegations are denied.

24. The allegations of Paragraph 24 of the Crossclaims are denied.

25. The allegations of Paragraph 25 of the Crossclaims are denied.

**WHEREFORE**, Waterside demands judgment against Alcoa dismissing the Crossclaims in their entirety, with prejudice, and awarding costs of suit and attorneys fees and such other and further relief as this Court deems equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Crossclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Crossclaims are barred or subject to reduction by reason of Alcoa's own actions and/or the actions of Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The Crossclaims are barred by Alcoa's own breach of contract.

### FOURTH AFFIRMATIVE DEFENSE

The Crossclaims are barred because Waterside was acting under and in accordance with instructions received from Plaintiff and/or its agents.

### FIFTH AFFIRMATIVE DEFENSE

The Crossclaims are barred by the doctrines of unclean hands, waiver and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The Crossclaims are barred or subject to reduction by reason of failure to mitigate the alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

The Crossclaims are barred or subject to reduction because the damages claimed include costs that are not reasonable or necessary.

### EIGHTH AFFIRMATIVE DEFENSE

Alcoa's alleged damages have been caused solely by the acts of third parties over whom Waterside had no control or right of control or by superseding or intervening conduct of others outside of Waterside's control.

### NINTH AFFIRMATIVE DEFENSE

The Crossclaims are barred by the actions of Plaintiff or others which prevented Waterside from completing performance.

### TENTH AFFIRMATIVE DEFENSE

The Crossclaims are barred in whole or in part to the extent that the alleged costs incurred are not consistent with the National Contingency Plan or otherwise are not recoverable under CERCLA or the Spill Act.

### ELEVENTH AFFIRMATIVE DEFENSE

The costs allegedly incurred, or to be incurred, are not response costs recoverable from Waterside pursuant to CERCLA.

### TWELFTH AFFIRMATIVE DEFENSE

Alcoa and/or Plaintiff are barred from relief under CERCLA and the Spill Act because its own acts or omissions have proximately caused the conditions alleged in the First Amended Complaint and in the Crossclaims and in the alternative, are *in pari delicto* with others.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Crossclaims are barred by the terms of the contract between the parties in this matter.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Crossclaims are barred or subject to reduction by Alcoa's misrepresentations and/or fraud in the inducement of contract.

### FIFTEENTH AFFIRMATIVE DEFENSE

Waterside hereby incorporates all affirmative and separate defenses which have been or will be pleaded by any party in this action to the extent that these defenses are applicable to Waterside as well as any additional applicable statutory or common law defenses and reserves the right to amend this Answer to assert additional defenses.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

Waterside reserves the right to assert additional defenses that may be pertinent to Plaintiff's claims and to the Crossclaims when the precise nature of said claims is further ascertained through discovery and based upon facts developed as this matter progresses.

ARCHER & GREINER,<br>
A Professional Corporation<br>
Attorneys for Waterside Construction, LLC,<br>
38 COAH, LLC, Daibes Brothers, Inc.,<br>
North River Mews Associates, LLC<br>
and Fred A. Daibes<br>
<br>
BY:   /s/ Debra S. Rosen<br>
DEBRA S. ROSEN

DATED: December 12, 2014

11906386v1