William H. Hyatt, Jr.
Michael E. Waller
Karyllan D. Mack
K&L Gates LLP
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel:  (973) 848-4000
Attorneys for Defendant Alcoa Inc.
and Alcoa Domestic, LLC, as successor
in interest to Defendant A.P. New Jersey, Inc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALUMINUM COMPANY OF AMERICA; A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC CORPORATIONS 1-100,<br><br>　　　　　Defendants,<br><br>and<br><br>ALCOA DOMESTIC, LLC, as successor in interest to A.P. NEW JERSEY, INC.,<br><br>　　　　　Defendant/Third-Party Plaintiff,<br><br>　　v.<br><br>COUNTY OF BERGEN and RIVER ROAD IMPROVEMENT PHASE II, INC.,<br><br>　　　　　Third-Party Defendants,<br><br>and<br><br>WATERSIDE CONSTRUCTION, LLC; 38 | Civil Action No.: 2:14-CV-05060 (ES-MAH)<br><br>**ANSWER TO AMENDED CROSSCLAIMS OF WATERSIDE CONSTRUCTION, LLC, 38 COAH, LLC, DAIBES BROTHERS, INC., NORTH RIVER MEWS ASSOCIATES, LLC, AND FRED A. DAIBES**<br><br>*Document Filed Electronically* |

|  |
|---|
| COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; and FRED A. DAIBES,<br><br>        Defendants/Third-Party Plaintiffs,<br><br>  v.<br><br>NEGLIA ENGINEERING ASSOCIATES,<br><br>        Third-Party Defendant. |

Alcoa Inc. (formerly known as "Aluminum Company of America") and Alcoa Domestic LLC, as the successor in interest to A.P. New Jersey, Inc., (collectively "Alcoa"), by their counsel K&L Gates LLP, answer the Amended Crossclaims of Defendants Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC, and Fred A. Daibes (hereinafter collectively "Waterside") as follows:

## THE PARTIES

1. Inasmuch as Paragraph 1 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

2. Alcoa denies the allegations set forth in Paragraph 2, except to admit that Alcoa Inc. is a Pennsylvania corporation with offices at 201 Isabella Street, Pittsburgh, Pennsylvania 15212, and that at one time Alcoa Inc. owned property identified as the "Alcoa Site" in Plaintiff Borough of Edgewater's First Amended Complaint, which was conveyed to North River Mews Associates, LLC in 1997.

3. Alcoa denies the allegations set forth in Paragraph 3, except to admit that A.P. New Jersey, Inc. was a Delaware corporation that merged into Alcoa Domestic LLC, a wholly-owned subsidiary of Alcoa Inc., in 2010, and that at one time A.P. New Jersey, Inc. owned

property identified as the "Alcoa Site" in Plaintiff Borough of Edgewater's First Amended Complaint, which was conveyed to North River Mews Associates, LLC in 1997.

## JURISDICTION AND VENUE

4. Alcoa admits the allegations set forth in Paragraph 4.

5. Alcoa can neither admit nor deny the allegations set forth in Paragraph 5, inasmuch as it makes legal conclusions to which Alcoa is not required to respond.

6. Alcoa can neither admit nor deny the allegations set forth in Paragraph 6, inasmuch as it makes legal conclusions to which Alcoa is not required to respond and that may vary from party to party.

7. To the extent Paragraph 7 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph. To the extent that Paragraph 7 contains factual allegations related to Alcoa, Alcoa denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in that Paragraph, except that Alcoa admits that it conducts business in the State of New Jersey.

## FIRST COUNT

8. Alcoa repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 8 of Waterside's Amended Crossclaims.

9. Alcoa denies that Waterside is entitled to the relief described in Paragraph 9, except Alcoa can neither admit nor deny the allegations set forth in Paragraph 9 inasmuch as it makes legal conclusions to which Alcoa is not required to respond and that may vary from party to party.

## SECOND COUNT

10. Alcoa repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 10 of Waterside's Amended Crossclaims.

11. Alcoa can neither admit nor deny the allegations set forth in Paragraph 11 inasmuch as it makes legal conclusions to which Alcoa is not required to respond and that may vary from party to party.

12. Alcoa denies that Waterside is entitled to the relief described in Paragraph 12, except Alcoa can neither admit nor deny the allegations set forth in Paragraph 12 inasmuch as it makes legal conclusions to which Alcoa is not required to respond and that may vary from party to party.

## THIRD COUNT

13. Alcoa repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 13 of Waterside's Amended Crossclaims.

14. Alcoa refers to 42 U.S.C. § 9607(a)(4)(B) for the language therein and its exact meaning and effect.

15. Alcoa refers to 42 U.S.C. § 9607(a)(2) for the language therein and its exact meaning and effect.

16. Alcoa refers to 42 U.S.C. § 9607(a)(3) for the language therein and its exact meaning and effect.

17. Alcoa admits the allegations set forth in Paragraph 17.

18. Alcoa can neither admit nor deny the allegations set forth in Paragraph 18 inasmuch as it makes legal conclusions to which Alcoa is not required to respond and that may

vary from party to party.  Alcoa Inc. admits that it is a corporation organized under the laws of the Commonwealth of Pennsylvania and admits that A.P. New Jersey, Inc. was a corporation organized under the laws of the State of Delaware.  Inasmuch as Paragraph 18 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

19. Alcoa denies that either Alcoa Inc. or A.P. New Jersey, Inc. are or were owners and/or operators of Veteran's Field within the meaning of Section 101(20) of CERCLA, 42 U.S.C. § 9601(20).  Alcoa denies that either Alcoa Inc. or A.P. New Jersey, Inc. arranged, by contract, agreement, or otherwise for disposal of hazardous substances.  To the extent Paragraph 19 contains additional allegations of fact related to Alcoa, Alcoa denies the remainder of the allegations in that Paragraph.  Inasmuch as Paragraph 19 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the remaining allegations set forth in that Paragraph.

20. Alcoa admits the allegations set forth in Paragraph 20.

21. Alcoa admits that Plaintiff has alleged that releases or threatened releases of hazardous substances have occurred at Veteran's Field, but Alcoa denies knowledge or information sufficient to form a belief as to whether such alleged releases or threatened releases have occurred.

22. Alcoa can neither admit nor deny the allegations set forth in Paragraph 22, inasmuch as it makes legal conclusions to which Alcoa is not required to respond and that may vary from party to party.  Nonetheless, Alcoa denies that either Alcoa Inc. or A.P. New Jersey, Inc. are liable under Sections 107(a)(2) or 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(2)-(3), with respect to the alleged releases or threatened releases of hazardous substances at Veteran's Field.

23. Alcoa denies that Waterside is entitled to the relief described in Paragraph 23, except Alcoa can neither admit nor deny the allegations set forth in Paragraph 23 inasmuch as it makes legal conclusions to which Alcoa is not required to respond and that may vary from party to party.

## FOURTH COUNT

24. Alcoa repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 24 of Waterside's Amended Crossclaims.

33. Alcoa refers to 42 U.S.C. § 9613(f) for the language therein and its exact meaning and effect.[1]

34. Alcoa denies that either Alcoa Inc. or A.P. New Jersey, Inc. are liable or potentially liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Inasmuch as Paragraph 34 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the remaining allegations set forth in that Paragraph.

35. Alcoa denies that Waterside is entitled to the relief described in Paragraph 35, except Alcoa can neither admit nor deny the allegations set forth in Paragraph 35, inasmuch as it makes legal conclusions to which Alcoa is not required to respond and that may vary from party to party.

## FIFTH COUNT

36. Alcoa repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 36 of Waterside's Amended Crossclaims.

---

[1] The paragraph numbering of Waterside's crossclaims skips numbers 25 through 32.

6

58. Alcoa refers to New Jersey's Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 *et seq.* for the language therein and its exact meaning and effect.[2]

59. Alcoa can neither admit nor deny the allegations set forth in Paragraph 59, inasmuch as it makes legal conclusions to which Alcoa is not required to respond and that may vary from party to party. Alcoa refers to N.J.S.A. 58:10-23.11b(o) for the language therein and its exact meaning and effect.

60. Alcoa admits that Plaintiff has alleged that "discharges" within the meaning of the Spill Act, N.J.S.A. § 58:10-23.11b(h) have occurred at the Veteran's Field site, but Alcoa denies knowledge or information sufficient to form a belief as to whether such alleged discharges have occurred.

61. Alcoa admits that Plaintiff has alleged that "hazardous substances" within the meaning of the Spill Act, N.J.S.A. § 58:10-23.11b(k), have been discharged at Veteran's Field, but Alcoa denies knowledge or information sufficient to form a belief as to whether such alleged hazardous substances have been discharged at Veteran's Field.

62. Alcoa denies the allegations in Paragraph 62, except Alcoa can neither admit nor deny the allegations set forth in Paragraph 625 to the extent these allegations relate to other parties.

63. Alcoa denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63.

64. Alcoa denies that Waterside is entitled to the relief described in Paragraph 64, except Alcoa can neither admit nor deny the allegations set forth in Paragraph 64, inasmuch as it makes legal conclusions to which Alcoa is not required to respond and that may vary from party to party.

---

[2] The paragraph numbering of Waterside's crossclaims skips numbers 37 through 57.

## SIXTH COUNT

65. Alcoa repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 65 of Waterside's Amended Crossclaims.

66. Inasmuch as Paragraph 66 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

67. Inasmuch as Paragraph 67 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

68. Inasmuch as Paragraph 68 contains allegations related to a party other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

69. Inasmuch as Paragraph 69 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

70. Inasmuch as Paragraph 70 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

71. Inasmuch as Paragraph 71 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

## SEVENTH COUNT

72. Alcoa repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 72 of Waterside's Amended Crossclaims.

73. Inasmuch as Paragraph 73 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

74. Inasmuch as Paragraph 74 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph.

75. Inasmuch as Paragraph 75 contains allegations related to parties other than Alcoa, Alcoa can neither admit nor deny the allegations set forth in that Paragraph. Nonetheless, Alcoa denies that Waterside is entitled to the relief described in that Paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Waterside's Amended Crossclaims fail to state a claim upon which relief can be granted against Alcoa.

### SECOND AFFIRMATIVE DEFENSE

Waterside's Amended Crossclaims are barred, in whole or in part, by reason of laches, estoppel, waiver, release, consent, unclean hands, res judicata, and/or other equitable defenses.

### THIRD AFFIRMATIVE DEFENSE

The applicable statute or statutes of limitations or other applicable law, rule, statute or regulation controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by Waterside, for some or all of Waterside's alleged costs; accordingly, Waterside's Amended Crossclaims are barred as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE

Waterside's Amended Crossclaims do not describe the claims made against Alcoa with sufficient particularity to determine what defenses may apply and Alcoa reserves the right to assert additional affirmative defenses as discovery progresses. Alcoa adopts and incorporates herein all defenses raised by any other current Defendants and/or future Defendants or Third-Party Defendants, except to the extent that such defenses would shift liability to Alcoa.

### FIFTH AFFIRMATIVE DEFENSE

Alcoa has a complete defense to any liability under the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA") pursuant to

CERCLA § 107(b)(3), 42 U.S.C. § 9607(b)(3), inasmuch as the alleged release or threatened release was caused solely by the acts or omissions of unrelated third parties who were not agents or employees of Alcoa and with whom Alcoa had no contractual relationship; Alcoa exercised due care as to any alleged hazardous substances; and Alcoa took precautions against foreseeable third-party acts or omissions, and against the foreseeable consequences of such acts or omissions, within the meaning of CERCLA § 107(b), 42 U.S.C. § 9607(b).

### SIXTH AFFIRMATIVE DEFENSE

Waterside has no claim under CERCLA because Waterside has failed to establish a prima facie case against Alcoa.

### SEVENTH AFFIRMATIVE DEFENSE

Waterside has no claim under CERCLA because Alcoa Inc. and A.P. New Jersey, Inc. are not covered persons within the meaning of CERCLA.

### EIGHTH AFFIRMATIVE DEFENSE

"Hazardous substances," as defined in CERCLA § 101(14), 42 U.S.C. § 9601(14), were not released into the environment by Alcoa within the meaning of the word "release" as defined in CERCLA § 101(22), 42 U.S.C. § 9601(22).  Even if there were "hazardous substances," as defined in CERCLA § 101(14), 42 U.S.C. § 9601(14), released into the environment by Alcoa within the meaning of the word "release" as defined in CERCLA § 101(22), 42 U.S.C. § 9601(22), which Alcoa denies, the release did not affect the Veteran's Field site that is the subject of this Action.

### NINTH AFFIRMATIVE DEFENSE

The costs incurred or to be incurred by Waterside and which Waterside seeks to recover in this action are not recoverable to the extent that they are not necessary costs of response consistent with the National Contingency Plan.

### TENTH AFFIRMATIVE DEFENSE

Waterside has failed to allege or establish the required nexus between Alcoa and the Veteran's Field site that is the subject of this Action.

### ELEVENTH AFFIRMATIVE DEFENSE

Waterside's Amended Crossclaims are barred to the extent that Waterside did not comply with the statutory and/or regulatory prerequisites necessary to bring a CERCLA action.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that any or all of the Defendants are found liable in this matter, joint and several liability is inappropriate because the harms are divisible and there are reasonable bases for apportionment of the harms suffered.

### THIRTEENTH AFFIRMATIVE DEFENSE

Waterside has no claim under the Spill Compensation and Control Act, N.J.S.A. § 58:10-23.11 *et seq.* ("Spill Act") against Alcoa because Alcoa Inc. and A.P. New Jersey, Inc. are not dischargers and/or responsible persons within the meaning of the Act, and/or Waterside's damages, if any, are the result of conduct occurring prior to the effective date of the Spill Act.

### FOURTEENTH AFFIRMATIVE DEFENSE

Waterside's Amended Crossclaims are barred to the extent that Waterside did not comply with the requirements and prerequisites of the Spill Act.

### FIFTEENTH AFFIRMATIVE DEFENSE

In the event that Waterside is entitled to contribution from Alcoa under the Spill Act, such relief is limited to "clean up and removal costs" as defined at N.J.S.A. § 58:10-23b.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

Waterside's Amended Crossclaims are barred by the statutory defenses to liability provided by the Spill Act.

Dated: December 16, 2014

                          Respectfully submitted,

                          **K&L GATES LLP**

                          By: /s/ Michael E. Waller
                              Michael E. Waller
                              William H. Hyatt, Jr.
                              Karyllan D. Mack
                              One Newark Center, Tenth Floor
                              Newark, New Jersey 07102
                              Tel:  (973) 848-4000
                              michael.waller@klgates.com
                              william.hyatt@klgates.com
                              karyllan.mack@klgates.com
                              *Attorneys for Defendant Alcoa Inc. and Alcoa Domestic, LLC, as successor in interest to Defendant A.P. New Jersey, Inc.*