CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, NJ 07068
(973) 535-0500
Fax: (973) 535-9217
Attorney Id No. 028061986
Attorneys for Plaintiff, Borough of Edgewater

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALUMINUM COMPANY OF AMERICA; A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC-CORPORATIONS 1-100.<br><br>　　　　Defendants.<br><br>and<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; AND FRED A. DAIBES,<br><br>　　　　Defendants/Third Party Plaintiffs,<br><br>v.<br><br>NEGLIA ENGINEERING ASSOCIATES,<br><br>　　　　Third Party Defendants. | Civil Action No.: 2:14-cv-05060-ES-MAH<br><br>BOROUGH OF EDGEWATER'S ANSWER TO CROSSCLAIMS AND COUNTERCLAIM OF WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; AND FRED A. DAIBES |

3291683-1

BOROUGH OF EDGEWATER ("plaintiff"), by way of answer to the counterclaim of defendants, Waterside Construction, LLC; 38 COAH, LLC; Daibes Brothers, Inc.; North River Mews Associates, LLC; and Fred A. Daibes (hereinafter "counterclaiming Waterside defendants") says as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

### FIRST COUNT

7. Admitted.

8. Admitted.

9. Plaintiff admits that Neglia Engineering ("Neglia") was the Borough Engineer and as an independent contractor, provided certain services to plaintiff. The remaining allegations in this paragraph are denied.

10. Plaintiff admits that TERMS Environmental Services, Inc. was an independent contractor providing services as an environmental consultant and Licensed Site Remediation Professional ("LSRP"). Plaintiff further admits that TERMS was the gatekeeper and responsible for undertaking testing of any fill material utilized at the site, but that independent of any testing by TERMS Waterside Construction, LLC was contractually required to utilize only certified

clean fill at the Site.  Further, Waterside Construction, LLC had an independent obligation to test and certify as clean, the fill it imported to and utilized at the Site.

    11.    Denied.

    12.    Plaintiff admits that TERMS was the gatekeeper and responsible for undertaking testing of any fill material utilized at the site, but that independent of any testing by TERMS Waterside Construction, LLC was contractually required to utilize only certified clean fill at the Site.  Further, Waterside had an independent obligation to test the fill it imported to and utilized at the Site.

    13.    Admitted.

    14.    Admitted.

    15.    The allegations contained in this paragraph are conclusions of law.  Therefore, no response is required.

    16.    Admitted.

    17.    Admitted.

    18.    Admitted.

    19.    Admitted.

    20.    Admitted.

    21.    Denied.

    22.    Denied.

## SECOND COUNT

    23.    Plaintiff repeats and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 22 of the counterclaim.

24. The allegations contained in this paragraph are conclusions of law. Therefore, no response is required.

25. Admitted.

26. Denied.

## THIRD COUNT

27. Plaintiff repeats and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 26 of the counterclaim.

28. The allegations contained in this paragraph are conclusions of law. Therefore, no response is required.

29. Admitted.

30. Admitted.

31. Admitted.

32. Denied.

33. Denied.

34. Denied.

## FOURTH COUNT

35. Plaintiff repeats and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 34 of the counterclaim.

36. Admitted.

37. Denied.

38. Denied.

39. Admitted that Waterside Construction, LLC has issued invoices. The remaining allegations are denied.

40. Plaintiff admits that it agreed to pay for certain services providing such services were performed legally and properly. Plaintiff denies the remaining allegation of this paragraph.

41. Denied.

42. Admitted that Waterside Construction, LLC has demanded payment. However, plaintiff denies that Waterside Construction, LLC is entitled to payment.

43. Denied.

44. Denied.

## FIFTH COUNT

45. Plaintiff repeats and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 44 of the counterclaim.

46. Denied.

47. Admitted that Waterside Construction, LLC has issued invoices. The remaining allegations are denied.

48. Plaintiff admits that it agreed to pay for certain services providing such services were performed legally and properly. Plaintiff denies the remaining allegation of this paragraph.

## SIXTH COUNT

49. Plaintiff repeats and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 48 of the counterclaim.

50. Plaintiff admits that it agreed to pay for certain services providing such services were performed legally and properly. Plaintiff denies the remaining allegation of this paragraph.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## SEVENTH COUNT

55. Plaintiff repeats and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 54 of the counterclaim.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## SEPARATE DEFENSES

Plaintiff, as and for its separate defenses to the counterclaim, alleges and states as follows:

1. The counterclaims fail to state a cause of action upon which relief may be granted.

2. The counterclaims are barred by the applicable statute of limitations.

3. The claims are barred insofar as counterclaimant seeks to recover costs that it has incurred or will incur to comply with its independent legal obligations under such state and federal environmental laws other than 42 U.S.C. 9601 et seq., regardless of any act or omission by plaintiff.

6

4. Counterclaimant's claims should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence and the Joint Tortfeasor Contribution Act.

5. Some or all of the claims are barred insofar as counterclaimant seeks to recover costs, expenses, and damages other than the response costs as defined in 42 U.S.C. 9601 (23)-(25).

6. Some or all of the counterclaimant's claims are barred by the equitable doctrines of waiver, estoppel, and/or lathes.

7. Some or all of the counterclaimant's claims are barred by the equitable doctrine of unclean hands.

8. Counterclaimant has failed to join necessary or indispensable parties needed for just adjudication of matters in controversy herein.

9. All of the counterclaimant's claims are barred by the counterclaimant's own malfeasance, and misfeasance, including negligence, contributory negligence, and recklessness.

10. Without admitting any liability herein, plaintiff asserts that any recovery by counterclaimant should be reduced in the proportion that counterclaimant's acts or omissions bear to the acts or omissions that caused counterclaimant's alleged injuries.

11. Upon information and belief, counterclaimant has made insufficient and dilatory efforts to minimize or mitigate the damages and obtain the most reasonable costs of correction of the alleged damages.

12. The damages sought by counterclaimant, if any, were the result of the intervening and superseding acts of others.

7

13. Counterclaimant has no claim under CERCLA because plaintiff is not a covered person.

14. The counterclaim does not describe the claims made against plaintiff with sufficient particularity to determine what defenses may apply and plaintiff reserves its right to assert additional affirmative defenses as discovery progresses.

15. Plaintiff adopts and incorporates herein all defenses raised by any other party or future party, except to the extent such defenses would shift liability to plaintiff.

16. Plaintiff has a complete defense to any liability under the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA") pursuant to CERCLA § 107(b)(3), 42 U.S.C. § 9607(b)(3), inasmuch as the alleged release or threatened release was caused solely by the acts or omissions of unrelated third parties who were not agents or employees of plaintiff and with whom plaintiff had no contractual relationship; Edgewater exercised due care as to any alleged hazardous substances; and plaintiff took precautions against foreseeable third party acts or omissions, and against the foreseeable consequences of such acts or omissions, within the meaning of CERCLA § 107(b), 42 U.S.C. § 9607(b).

>                               CONNELL FOLEY LLP
>                               Attorneys for Plaintiff,
>                               Borough of Edgewater
>                               By:
>                                     */s/Timothy E. Corriston*

DATED:   December 17, 2014