Daniel J. Cogan, Esq. (0611)
HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
40 Paterson Street, PO Box 480
New Brunswick, NJ 08903
(732) 545-4717
Attorneys for Third-Party Defendant, Neglia Engineering Associates

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK, NEW JERSEY

| | |
|---|---|
| Plaintiff, | Honorable Esther Salas, U.S.D.J. |
| BOROUGH OF EDGEWATER | CIVIL ACTION NO. 2:14-CV-05060 |
| -vs- | |
| Defendants, | **ANSWER TO THIRD-PARTY COMPLAINT, SEPARATE DEFENSES, COUNTERCLAIM, CROSSCLAIMS, ANSWER TO ALL CROSSCLAIMS, NOTICE OF ALLOCATION, REQUEST FOR DISCOVERY, DESIGNATION OF TRIAL COUNSEL, JURY DEMAND, REQUEST FOR STATEMENT OF DAMAGES** |
| WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALUMINUM COMPANY OF AMERICA; A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC CORPORATIONS 1-100 | |
| and | |
| Defendants/Third-Party Plaintiffs, | |
| WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES | **ELECTRONICALLY FILED** |
| -vs- | |
| Third-Party Defendant, | |
| NEGLIA ENGINEERING ASSOCIATES | |

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

The Third-Party Defendant, Neglia Engineering Associates, by way of Answer to the Third-Party Complaint, says:

1

## PARTIES

1. Admitted.

2. This Third-Party Defendant admits that, at all times relevant hereto, it was the duly-appointed municipal engineer for the Borough of Edgewater. The remaining allegation is a statement of law and not fact, thus, no response is required of this Third-Party Defendant.

3. This Third-Party Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and, therefore, leaves the Third-Party Plaintiffs to their proofs with regard to same.

4. This Third-Party Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and, therefore, leaves the Third-Party Plaintiffs to their proofs with regard to same.

## JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

## FIRST COUNT

9. This Third-Party Defendant incorporates by reference each and every response made previously in its Answer as if set forth more fully herein.

10. This Third-Party Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and, therefore, leaves the Third-Party Plaintiffs to their proofs with regard to same.

11. This Third-Party Defendant denies the allegations of this paragraph insofar as it is alleged that Neglia Engineering Associates directed the work of any entity with regard to the

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

Veteran's Field project. This Third-Party Defendant admits that it attended certain project meetings during the course of the project.

12. This Third-Party Defendant denies the allegations contained in this paragraph.

13. The negligence of the Third-Party Plaintiffs speaks for itself and, therefore, since no allegation is raised against the Third-Party Defendant in this paragraph, no further response is required.

14. This Third-Party Defendant denies the allegations contained in this paragraph.

15. This Third-Party Defendant denies the allegations contained in this paragraph.

WHEREFORE, the Third-Party Defendant, Neglia Engineering Associates, demands judgment dismissing the Third-Party Complaint, together with costs and counsel fees.

## SECOND COUNT

16. This Third-Party Defendant incorporates by reference each and every response made previously in its Answer as if set forth more fully herein.

17. The negligence of the Third-Party Plaintiffs speaks for itself and, therefore, since no allegation is raised against the Third-Party Defendant in this paragraph, no further response is required.

18. This Third-Party Defendant denies the allegations contained in this paragraph.

WHEREFORE, the Third-Party Defendant, Neglia Engineering Associates, demands judgment dismissing the Third-Party Complaint, together with costs and counsel fees.

## THIRD COUNT

19. This Third-Party Defendant incorporates by reference each and every response made previously in its Answer as if set forth more fully herein.

20. Since this allegation is a statement of law and not fact, no response is required of this Third-Party Defendant.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

21. This Third-Party Defendant denies the allegations contained in this paragraph as the licensed site remediation professional ("LSRP") was responsible for approving all "fill" material that entered the project site.

22. This Third-Party Defendant denies the allegations contained in this paragraph as the LSRP was responsible for approving all "fill" material that entered the project site.

23. This Third-Party Defendant admits that the Plaintiff made such an allegation in its Complaint, but denies the remaining allegations contained in this paragraph as the LSRP was responsible for approving all "fill" material that entered the project site.

24. This Third-Party Defendant denies the allegations contained in this paragraph as the LSRP was responsible for approving all "fill" material that entered the project site.

25. This Third-Party Defendant denies the allegations contained in this paragraph.

WHEREFORE, the Third-Party Defendant, Neglia Engineering Associates, demands judgment dismissing the Third-Party Complaint, together with costs and counsel fees.

## FOURTH COUNT

26. This Third-Party Defendant incorporates by reference each and every response made previously in its Answer as if set forth more fully herein.

27. This Third-Party Defendant denies the allegations contained in this paragraph.

28. This Third-Party Defendant denies the allegations contained in this paragraph.

29. This Third-Party Defendant denies the allegations contained in this paragraph.

WHEREFORE, the Third-Party Defendant, Neglia Engineering Associates, demands judgment dismissing the Third-Party Complaint, together with costs and counsel fees.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

4

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

If Plaintiff and/or Third-Party Plaintiffs suffered damages, the same were caused by Plaintiff's and/or Third-Party Plaintiffs' sole negligence.

### SECOND SEPARATE DEFENSE

If Plaintiff and/or Third-Party Plaintiffs suffered damages, the same were caused by Plaintiff's and/or Third-Party Plaintiffs' contributory negligence.

### THIRD SEPARATE DEFENSE

If Plaintiff and/or Third-Party Plaintiffs suffered damages, the same were caused by third persons over whom this Third-Party Defendant had no control.

### FOURTH SEPARATE DEFENSE

The responsibility of this Third-Party Defendant and the right of Plaintiff and/or Third-Party Plaintiffs to recover in this litigation can only be determined after the percentages of responsibility of all parties to this litigation have been determined. Accordingly, this Third-Party Defendant seeks an adjudication of the percentage of fault of Plaintiff, Third-Party Plaintiffs and each and every person whose fault contributed to this incident.

### FIFTH SEPARATE DEFENSE

The Third-Party Complaint fails to state a cause of action upon which relief can be granted.

### SIXTH SEPARATE DEFENSE

At all times relevant hereto, this Third-Party Defendant was protected by a qualified privilege and/or municipal immunity, and as such the Third-Party Plaintiffs are barred from any recovery herein.

### SEVENTH SEPARATE DEFENSE

This Third-Party Defendant did not violate any duty owed to the Third-Party Plaintiffs under common law, statute, regulations or standards.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

## EIGHTH SEPARATE DEFENSE

The conduct of this Third-Party Defendant was not negligent.

## NINTH SEPARATE DEFENSE

The conduct of this Third-Party Defendant was not the proximate cause of Plaintiff's and/or Third-Party Plaintiffs' alleged damages.

## TENTH SEPARATE DEFENSE

At the time and place aforesaid, Plaintiff, Third-Party Plaintiffs and/or Co-Defendant(s) were negligent, barring or limiting recovery in whole or in part, and this Third-Party Defendant pleads the Comparative Negligence Statute as to all parties.

## ELEVENTH SEPARATE DEFENSE

The alleged damages complained of were due to unavoidable circumstances and causes beyond the control or fault of this Third-Party Defendant.

## TWELFTH SEPARATE DEFENSE

If Plaintiff and/or Third-Party Plaintiffs suffered damages, the same were caused by the negligence of Co-Defendant(s), and any recovery to which the Third-Party Plaintiffs would otherwise be entitled as against this Third-Party Defendant must be reduced by the application of the standard of comparative negligence set forth in N.J.S.A. 2A:15-5.1, *et seq.*

## THIRTEENTH SEPARATE DEFENSE

If Plaintiff and/or Third-Party Plaintiffs suffered damages, the same were caused by the negligence, breach of contract or breach of express or implied warranty of Co-Defendant(s), jointly, severally or in the alternative.

## FOURTEENTH SEPARATE DEFENSE

The claims by the Third-Party Plaintiffs in this matter are barred by their own failure to mitigate any alleged loss or injury.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

6

## FIFTEENTH SEPARATE DEFENSE

The claims asserted in the Third-Party Complaint against this Third-Party Defendant on the basis of alleged joint and several liability are barred since the acts and omissions of Co-Defendant(s) and/or Third-Party Plaintiffs were separate and distinct from those of this Third-Party Defendant, and neither the common law, nor any federal or state statute, renders this Third-Party Defendant jointly and severally liable for the acts or omissions of Co-Defendant(s) and/or Third-Party Plaintiffs.

## SIXTEENTH SEPARATE DEFENSE

This Third-Party Defendant was entitled to utilize and rely upon systems and procedures authorized and regulated by federal and state laws, and has, in fact, complied with all relevant statutory and administrative regulations applicable thereto.

## SEVENTEENTH SEPARATE DEFENSE

Costs alleged to be incurred in the future may not be recovered as they are remote, speculative and contingent.

## EIGHTEENTH SEPARATE DEFENSE

The Third-Party Plaintiffs failed to conduct themselves in a reasonable manner by their deliberate failure to take actions designed to avoid injury to members of the general public.

## NINETEENTH SEPARATE DEFENSE

At all relevant times, this Third-Party Defendant conducted itself in full compliance with all applicable federal, state and local laws, statutes, ordinances and regulations, which compliance bars the Third-Party Plaintiffs from asserting the claims herein.

## TWENTIETH SEPARATE DEFENSE

Assuming contamination occurred in the manner charged, which contamination is hereby denied, such contamination was an unavoidable consequence of lawful activities or an Act of God.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

### TWENTY-FIRST SEPARATE DEFENSE

This Third-Party Defendant is not a "discharger" or a "responsible person" as defined by N.J.S.A. 58:10-23.11, et seq. (the "Spill Act") and, therefore, cannot be liable to the Third-Party Plaintiffs for any of the damages sought in the Third-Party Complaint.

### TWENTY-SECOND SEPARATE DEFENSE

The Third-Party Plaintiffs' claims are barred, either in whole or in part, based on Third-Party Plaintiffs' failure to comply with the express requirements of the Spill Act, as the Third-Party Plaintiffs have failed to establish a statutory basis for liability thereunder on the part of this Third-Party Defendant.

### TWENTY-THIRD SEPARATE DEFENSE

The costs allegedly incurred (or to be incurred) by the Third-Party Plaintiffs in connection with the cleanup of the Veteran's Field site are not recoverable as against this Third-Party Defendant under 42 U.S.C. § 9601, et seq. ("CERCLA").

### TWENTY-FOURTH SEPARATE DEFENSE

The Third-Party Plaintiffs are barred from recovery under CERCLA because their own actions caused the release of toxic substances and/or the conditions at the Veteran's Filed site, as alleged in the Plaintiff's First Amended Complaint.

### TWENTY-FIFTH SEPARATE DEFENSE

The Third-Party Plaintiffs' claims are barred by the doctrine of unclean hands.

### TWENTY-SIXTH SEPARATE DEFENSE

The Third-Party Plaintiffs are required to serve an Affidavit of Merit in this matter per N.J.S.A. 2A:53A-27.

### TWENTY-SEVENTH SEPARATE DEFENSE

The services performed by this Third-Party Defendant were done in accordance with the applicable standards of the engineering profession in existence at the time.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

### TWENTY-EIGHTH SEPARATE DEFENSE

This Third-Party Defendant reserves the right to move to dismiss the Third-Party Complaint on the grounds that it did not violate any of its professional obligations or duties as a licensed professional of the State of New Jersey.

### TWENTY-NINTH SEPARATE DEFENSE

At all times alleged, this Third-Party Defendant followed plans, specifications and contracts set by a governmental body and did not deviate from said plans, contracts and specifications and, therefore, is cloaked with immunity.

### THIRTIETH SEPARATE DEFENSE

Pursuant to N.J.S.A. 2A:15-59.1, this matter is a frivolous suit and this Third-Party Defendant is entitled to damages for defending same.

### THIRTY-FIRST SEPARATE DEFENSE

This Third-Party Defendant adopts by reference all Separate Defenses heretofore or hereafter pled by Co-Defendant(s) and/or Defendants/Third-Party Plaintiffs, except insofar as such Separate Defenses may make any allegations against this Third-Party Defendant.

### THIRTY-SECOND SEPARATE DEFENSE

To the extent any pre-trial discovery may reveal the basis for additional separate defenses, this Third-Party Defendant reserves the right to amend its pleadings to include same.

### COUNTERCLAIM

The Third-Party Defendant, Neglia Engineering Associates, by way of Counterclaim against the Defendants/Third-Party Plaintiffs, Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC and Fred A. Daibes, says:

### FIRST COUNT
(Negligence of Third-Party Plaintiffs)

1. Although the Third-Party Defendant, Neglia Engineering Associates, denies any liability whatsoever, it nonetheless asserts that any and all injuries and damages sustained by

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

Plaintiff were the proximate result of the negligence of the Defendants/Third-Party Plaintiffs, Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC and Fred A. Daibes, and demands dismissal of the Third-Party Complaint based on the sole negligence of the Third-Party Plaintiffs as aforesaid.

WHEREFORE, the Third-Party Defendant, Neglia Engineering Associates, demands dismissal of the Third-Party Complaint, together with interest, counsel fees, costs of suit, and such other relief as this Court deems appropriate and equitable.

## SECOND COUNT
(CERCLA Relief)

2. The Third-Party Defendant, Neglia Engineering Associates, repeats and realleges each and every allegation contained in the First Count as if the same were more fully set forth at length herein and made a part hereof.

3. The Defendants/Third-Party Plaintiffs, Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC and Fred A. Daibes, were the entities retained by the Borough of Edgewater to effect an environmental cleanup project at the Veteran's Field project site more particularly described in the Complaint and Third-Party Complaint (the "property").

4. The aforementioned property is a facility within the definition of "Facility" set forth in Section 9601(9) of Title 42 U.S.C.A., otherwise known at the Comprehensive Environmental Response Compensation and Liability Act of 1980, 42 U.S.C. § 9601, et seq. ("CERCLA").

5. The Third-Party Plaintiffs, Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC and Fred A. Daibes, were negligent in the maintenance, operation and security of said property, and caused the discharge of toxic materials as outlined by the Borough of Edgewater in its First Amended Complaint.

6. Third-Party Defendant/Counterclaimant, Neglia Engineering Associates, is entitled to a declaration that it is not responsible for any clean-up costs and/or related damages incurred by the Third-Party Plaintiffs, Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

River Mews Associates, LLC and Fred A. Daibes, which may be incurred following resolution of the instant lawsuit. This declaration includes but is not limited to any and all costs incurred as a result of enforcement by either the United States Environmental Protection Agency, the New Jersey Department of Environmental Protection, or any other governmental or quasi-governmental agency or department.

WHEREFORE, the Third-Party Defendant/Counterclaimant, Neglia Engineering Associates, requests that this Court enter a declaratory judgment against the Third-Party Plaintiffs, Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC and Fred A. Daibes, to reflect that the Third-Party Defendant/Counterclaimant is not liable to the Third-Party Plaintiffs for any clean-up costs that may be incurred following resolution of the instant lawsuit.

### THIRD COUNT
(Allocation Pursuant to New Jersey Spill Act)

7.  The Third-Party Defendant, Neglia Engineering Associates, repeats and realleges each and every allegation contained in the First and Second Counts as if the same were more fully set forth at length herein and made a part hereof.

8.  To the extent alleged by the Borough of Edgewater in its Complaint, the Third-Party Plaintiffs, Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC and Fred A. Daibes, are responsible for the discharge onto, around, and/or into the soil, subsoil and groundwater, at the subject property and/or in the vicinity thereof, of hazardous substances defined in the New Jersey Spill Act Compensation and Control Act, N.J.S.A. 58:10-23.11, *et seq.* ("the Spill Act").

9.  The Spill Act provides, in pertinent part, that:

> Any person who has discharged a hazardous substance or is in any way responsible for any hazardous substance, shall be strictly liable, jointly and severally, without regard to fault, for all clean-up and removal costs, no matter by whom incurred.

WHEREFORE, the Third-Party Defendant/Counterclaimant, Neglia Engineering Associates, demands a finding of liability against the Third-Party Plaintiffs, Waterside Construction, LLC, 38

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

11

COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC and Fred A. Daibes, pursuant to the Spill Act and that the relative fault of the parties be apportioned.

## CROSSCLAIMS

The Third-Party Defendant, Neglia Engineering Associates, by way of Crossclaims against Defendants, TERMS Environmental Services, Inc., Aluminum Company of America, A.P. New Jersey, Inc., John Does 1-100 and ABC Corporations 1-100, says:

## FIRST COUNT

1. Although the Third-Party Defendant, Neglia Engineering Associates, denies any liability whatsoever, it nonetheless asserts that any and all injuries and damages sustained by Plaintiff and/or Third-Party Plaintiffs were the proximate result of the negligence of Defendants, TERMS Environmental Services, Inc., Aluminum Company of America, A.P. New Jersey, Inc., John Does 1-100 and ABC Corporations 1-100, and demands contribution pursuant to the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, *et seq.*, and the Comparative Negligence Act of New Jersey from Co-Defendants, TERMS Environmental Services, Inc., Aluminum Company of America, A.P. New Jersey, Inc., John Does 1-100 and ABC Corporations 1-100, for the proportionate share of any and all sums that may be adjudged against this Third-Party Defendant in this action.

WHEREFORE, the Third-Party Defendant, Neglia Engineering Associates, demands a judgment of contribution from Defendants, TERMS Environmental Services, Inc., Aluminum Company of America, A.P. New Jersey, Inc., John Does 1-100 and ABC Corporations 1-100, together with interest, counsel fees, costs of suit, and such other relief as this Court deems appropriate and equitable.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

## SECOND COUNT

2. The Third-Party Defendant, Neglia Engineering Associates, repeats and realleges each and every allegation contained in the First Count as if the same were more fully set forth at length herein and made a part hereof.

3. Although the Third-Party Defendant, Neglia Engineering Associates, denies any liability whatsoever, it nonetheless asserts that any and all injuries and damages sustained by Plaintiff were the proximate result of the negligence of Defendants, TERMS Environmental Services, Inc., Aluminum Company of America, A.P. New Jersey, Inc., John Does 1-100 and ABC Corporations 1-100, which negligence was primary and active, and if this Third-Party Defendant is found liable to Plaintiff and/or Third-Party Plaintiffs with respect to said injuries and damages, such liability resulted solely from secondary, imputed, vicarious or passive negligence, and Defendants aforesaid are liable to this Third-Party Defendant, by way of common law indemnification, for any and all sums which this Third-Party Defendant may be required to pay in this action.

WHEREFORE, the Third-Party Defendant, Neglia Engineering Associates, demands judgment, by way of full indemnification, against Co-Defendants, TERMS Environmental Services, Inc., Aluminum Company of America, A.P. New Jersey, Inc., John Does 1-100 and ABC Corporations 1-100, for any and all sums which this Third-Party Defendant may be required to pay in this action, together with interest, counsel fees, costs of suit, and such other relief as this Court deems appropriate and equitable.

## THIRD COUNT

4. The Third-Party Defendant, Neglia Engineering Associates, repeats and realleges each and every allegation contained in the First and Second Counts as if the same were more fully set forth at length herein and made a part hereof.

5. To the extent alleged by the Borough of Edgewater in its First Amended Complaint, the Defendants, TERMS Environmental Services, Inc., Aluminum Company of America, A.P. New Jersey, Inc., John Does 1-100 and ABC Corporations 1-100, are responsible for the discharge onto,

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

around, and/or into the soil, subsoil and groundwater, at the subject property and/or in the vicinity thereof, of hazardous substances defined in the New Jersey Spill Act Compensation and Control Act, N.J.S.A. 58:10-23.11, *et. seq.* ("the Spill Act").

6. The Spill Act provides, in pertinent part, that:

> Any person who has discharged a hazardous substance or is in any way responsible for any hazardous substance, shall be strictly liable, jointly and severally, without regard to fault, for all clean-up and removal costs, no matter by whom incurred.

WHEREFORE, the Third-Party Defendant, Neglia Engineering Associates, demands a finding of liability against the Defendants, TERMS Environmental Services, Inc., Aluminum Company of America, A.P. New Jersey, Inc., John Does 1-100 and ABC Corporations 1-100, pursuant to the Spill Act, and that the relative fault of the parties be apportioned.

## ANSWER TO ALL CROSSCLAIMS

The Third-Party Defendant, Neglia Engineering Associates, by way of answer to any and all Crossclaims, says:

This Third-Party Defendant denies each and every allegation contained in any Defendants' Crossclaims and, therefore, leave Crossclaimants to their proofs.

WHEREFORE, the Third-Party Defendant, Neglia Engineering Associates, demands dismissal of any and all Crossclaims, together with interest, counsel fees, costs of suit, and such other relief as this Court deems appropriate and equitable.

## NOTICE OF ALLOCATION

This Third-Party Defendant hereby advises that, if any Defendant settles the within matter prior to conclusion of trial, the liability of any settling Defendant shall remain an issue and this Third-Party Defendant shall seek an allocation of percentage of negligence by the finder of fact against such settling Defendant and/or a credit in favor of this Third-Party Defendant consistent with such allocation.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

## REQUEST FOR DISCOVERY

**PLEASE TAKE NOTICE** that demand is hereby made of Defendants/Third-Party Plaintiffs for complete compliance with Rule 26, for all discovery items/documentation.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that **Daniel J. Cogan, Esq.,** has been designated as trial counsel on behalf of the Third-Party Defendant, Neglia Engineering Associates, in the above-captioned matter.

## JURY DEMAND

The Third-Party Defendant, Neglia Engineering Associates, hereby demands a trial by jury in accordance with Federal Rule of Civil Procedure 38.

## REQUEST FOR STATEMENT OF DAMAGES

**PLEASE TAKE NOTICE** that, in accordance with Local Civil Rule 8.1, the undersigned requests that within ten (10) days of service hereof upon you, you serve upon us a written statement of the amount of damages claimed in this action against this Third-Party Defendant, and against all defendants, if these amounts differ.

HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
Attorneys for Third-Party Defendant, Neglia Engineering Associates

By: _____/s/ Daniel J. Cogan_____
DANIEL J. COGAN

Dated: February 27, 2015

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

## PROOF OF MAILING

I, **Daniel J. Cogan, Esq.**, hereby certify that on this date that I served via electronic mail and ECF, a true and accurate copy of the within Answer to the Third-Party Complaint on behalf of Third-Party Defendant, Neglia Engineering Associates, to the following:

Mr. William T. Walsh
Clerk, United States District Court
Martin Luther King, Jr. Federal Building and US Courthouse
50 Walnut Street
Newark, NJ 07102

I hereby certify that on this date that I served via electronic mail, ECF and regular mail, a true and accurate copy of the within Answer to the Third-Party Complaint on behalf of the Third-Party Defendant, Neglia Engineering Associates, to the following:

Timothy E. Corriston, Esq.
Connell Foley LLP
85 Livingston Avenue
Roseland, NJ 07068
Attorney for Plaintiff/Counter-Defendant,
Borough of Edgewater

Patrick Papalia, Esq.
Archer & Greiner
21 Main Street, Suite 353
Court Plaza South, West Wing
Hackensack, NJ 07601
Attorney for Third-Party Plaintiffs/Counter-Claimants/Cross-Claimants/Cross-Defendants/Defendants,
38 Coach, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC, Waterside Construction, LLC and Fred A. Daibes

David R. Pierce, Esq.
Lindabury, McCormick, Estabrook
 & Cooper, P.C.
53 Cardinal Drive
P.O. Box 2369
Westfield, NJ 07091
Attorney for Counter-Claimant/Cross-Claimant/Cross-Defendant/Defendant,
Terms Environmental Services, Inc.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

Debra S. Rosen, Esq.
Archer & Greiner, P.C.
1 Centennial Square
33 East Euclid Avenue
PO Box 3000
Haddonfield, NJ 08033
Attorney for Defendants/Cross
Defendants/ Third-Party Plaintiffs,
38 Coach, LLC, Daibes Brothers Inc., North
River Mews Associates, LLC and Fred A.
Daibes

Michael E. Waller, Esq.
Kirkpatrick, Lockhart, Preston,
  Gates & Ellis, LLP
One Newark Center, 10th Floor
Newark, NJ 07102-5252
Attorney for Third-Party Plaintiffs/Counter-
Claimants/Cross-Claimants/Cross-
Defendants/Defendants,
A.P. New Jersey, Inc. and Aluminum
Company of America

I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
Attorneys for Third-Party Defendant, Neglia Engineering Associates

By: _____/s/ Daniel J. Cogan_____
DANIEL J. COGAN

Dated: February 27, 2015

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ