ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033-0968
(856)795-2121
Attorneys for Third-Party Defendant, River Road Improvement Phase II, Inc.

BY:  PATRICK PAPALIA, ESQUIRE
     DEBRA S. ROSEN, ESQUIRE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br><br>      Plaintiff,<br><br>vs.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALUMINUM COMPANY OF AMERICA; A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC CORPORATIONS 1-100,<br><br>      Defendants.<br>And<br><br>ALCOA DOMESTIC, LLC as successor in interest to A.P. NEW JERSEY, INC.,<br><br>   Defendant/Third-Party Plaintiff, | Civil Action No.: 2:14-CV-05060 (ES-MAH)<br><br>ELECTRONICALLY FILED<br><br>**ANSWER OF THIRD-PARTY DEFENDANT, RIVER ROAD IMPROVEMENT PHASE II, INC., TO THIRD-PARTY COMPLAINT OF ALCOA DOMESTIC LLC, AS SUCCESSOR-IN-INTEREST TO A.P. NEW JERSEY, INC.** |

vs.

COUNTY OF BERGEN and RIVER ROAD IMPROVEMENT PHASE II, INC.,

      Third-Party Defendants.

Defendant, River Road Improvement Phase II, Inc. ("RRIP"), by way of Answer to the Third-Party Complaint of Defendant/Third-Party Plaintiff, Alcoa Domestic LLC, as Successor-in-Interest to A.P. New Jersey, Inc., says:

## JURISDICTION AND VENUE

1.    The allegations of paragraph 1 of the Third-Party Complaint call for a legal conclusion and, therefore, no response thereto is required. To the extent that any factual allegations are made or intended to be made against RRIP, said allegations are denied.

2.    The allegations of paragraph 2 of the Third-Party Complaint call for a legal conclusion and, therefore, no response thereto is required. To the extent that any factual allegations are made or intended to be made against RRIP, said allegations are denied.

## THE PARTIES

3.    The allegations of paragraph 3 of the Third-Party Complaint are not directed to RRIP and, therefore, no response thereto is required. To the extent that

factual allegations are made or intended to be made, RRIP has insufficient knowledge with which to admit or deny said allegations.

  4. The allegations of paragraph 4 of the Third-Party Complaint are not directed to RRIP and, therefore, no response thereto is required. To the extent that factual allegations are made or intended to be made, RRIP has insufficient knowledge with which to admit or deny said allegations.

  5. The allegations of paragraph 5 of the Third-Party Complaint are not directed to RRIP and, therefore, no response thereto is required. To the extent that factual allegations are made or intended to be made, RRIP has insufficient knowledge with which to admit or deny said allegations.

  6. River Road admits the allegations of paragraph 6 of the Third-Party Complaint.

## **STATEMENT OF THIRD-PARTY CLAIMS**

  7. RRIP has insufficient knowledge with which to admit or deny the allegations of Paragraph 7 of the Third-Party Complaint and specifically denies any previously asserted defenses and allegations as to RRIP.

  8. Paragraph 8 of the Third-Party Complaint makes allegations as to the contents of a written document which document speaks for itself. To the extent that any factual allegations are made as to RRIP, said allegations are denied.

9. Paragraph 9 of the Third-Party Complaint makes allegations as to the contents of a written document which document speaks for itself. To the extent that any factual allegations are made as to RRIP, said allegations are denied.

10. Paragraph 10 of the Third-Party Complaint makes allegations as to the contents of a written document which document speaks for itself. To the extent that any factual allegations are made as to RRIP, said allegations are denied.

11. Paragraph 11 of the Third-Party Complaint makes allegations as to the contents of a written document which document speaks for itself. To the extent that any factual allegations are made as to RRIP, said allegations are denied.

12. Paragraph 12 of the Third-Party Complaint makes allegations as to the contents of a written document which document speaks for itself. To the extent that any factual allegations are made as to RRIP, said allegations are denied.

13. Paragraph 13 of the Third-Party Complaint makes allegations as to the contents of a written document which document speaks for itself. To the extent that any factual allegations are made as to RRIP, said allegations are denied.

14. Paragraph 14 of the Third-Party Complaint makes allegations as to the contents of a written document which document speaks for itself. To the extent that any factual allegations are made as to RRIP, said allegations are denied.

15. Paragraph 15 of the Third-Party Complaint makes allegations as to the contents of a written document which document speaks for itself. To the extent that any factual allegations are made as to RRIP, said allegations are denied.

16. Paragraph 16 of the Third-Party Complaint makes allegations as to the contents of a written document which document speaks for itself. To the extent that any factual allegations are made as to RRIP, said allegations are denied.

17. Paragraph 17 of the Third-Party Complaint makes allegations as to the contents of a written document which document speaks for itself. To the extent that any factual allegations are made as to RRIP, said allegations are denied.

18. The allegations of paragraph 18 of the Third-Party Complaint are not directed to this Defendant and therefore, no response thereto is required. To the extent that any factual allegations are made or intended to be made as to RRIP, said allegations are denied.

19. The allegations of paragraph 19 of the Third-Party Complaint are not directed to this Defendant and therefore, no response thereto is required. To the extent that any factual allegations are made or intended to be made as to RRIP, said allegations are denied.

20. The allegations of paragraph 20 of the Third-Party Complaint are not directed to this Defendant and therefore, no response thereto is required. To the

extent that any factual allegations are made or intended to be made as to RRIP, said allegations are denied.

21. The allegations of paragraph 21 of the Third-Party Complaint are not directed to this Defendant and therefore, no response thereto is required. To the extent that any factual allegations are made or intended to be made as to RRIP, said allegations are denied.

22. The allegations of paragraph 22 of the Third-Party Complaint are not directed to this Defendant and therefore, no response thereto is required. To the extent that any factual allegations are made or intended to be made as to RRIP, said allegations are denied.

23. The allegations of paragraph 23 of the Third-Party Complaint are not directed to this Defendant and therefore, no response thereto is required. To the extent that any factual allegations are made or intended to be made as to RRIP, said allegations are denied.

## COUNT I:  BREACH OF CONTRACT
### (as to RRIP)

24. RRIP repeats and incorporates by reference its responses to paragraphs 1 through 23 of the Third-Party Complaint as if fully set forth herein in lieu of repetition.

25. Paragraph 25 of the Third-Party Complaint makes allegations as to the contents of a written document which document speaks for itself. To the extent

that any factual allegations are made as to RRIP and/or RRIP's alleged breach of contract, said allegations are denied.

26. The allegations of paragraph 26 of the Third-Party Complaint are denied.

27. The allegations of paragraph 27 of the Third-Party Complaint are denied.

28. The allegations of paragraph 28 of the Third-Party Complaint are denied.

29. The allegations of paragraph 29 of the Third-Party Complaint are denied.

## COUNT II: INDEMNIFICATION
### (as to RRIP)

30. RRIP repeats and incorporates by reference its responses to paragraphs 1 through 29 of the Third-Party Complaint as if fully set forth herein in lieu of repetition.

31. Paragraph 31 of the Third-Party Complaint makes allegations as to the contents of a written document which document speaks for itself. To the extent that any factual allegations are made as to RRIP and/or RRIP's alleged breach of contract, said allegations are denied.

32. The allegations of paragraph 32 of the Third-Party Complaint are denied.

7

33. Paragraph 33 of the Third-Party Complaint makes allegations as to the contents of a written document which document speaks for itself. To the extent that any factual allegations are made as to RRIP and/or RRIP's alleged breach of contract, said allegations are denied.

34. The allegations of paragraph 34 of the Third-Party Complaint are denied.

35. Paragraph 35 of the Third-Party Complaint makes allegations as to the contents of a written document which document speaks for itself. To the extent that any factual allegations are made as to RRIP and/or RRIP's alleged breach of contract, said allegations are denied.

36. The allegations of paragraph 36 of the Third-Party Complaint are denied.

37. The allegations of paragraph 37 of the Third-Party Complaint are denied.

### COUNT III: BREACH OF CONTRACT
### (as to the County)

38. RRIP repeats and incorporates by reference its responses to paragraphs 1 through 37 of the Third-Party Complaint as if fully set forth herein in lieu of repetition.

39. The allegations of paragraph 39 of the Third-Party Complaint are not directed to RRIP and, therefore, no response thereto is required.

40. The allegations of paragraph 40 of the Third-Party Complaint are not directed to RRIP and, therefore, no response thereto is required.

41. The allegations of paragraph 41 of the Third-Party Complaint are not directed to RRIP and, therefore, no response thereto is required.

42. The allegations of paragraph 42 of the Third-Party Complaint are not directed to RRIP and, therefore, no response thereto is required.

43. The allegations of paragraph 43 of the Third-Party Complaint are not directed to RRIP and, therefore, no response thereto is required.

44. The allegations of paragraph 44 of the Third-Party Complaint are not directed to RRIP and, therefore, no response thereto is required.

45. The allegations of paragraph 45 of the Third-Party Complaint are not directed to RRIP and, therefore, no response thereto is required.

**WHEREFORE**, Third-Party Defendant, RRIP, respectfully requests that this Court enter judgment in its favor and dismiss the Third-Party Complaint of Alcoa Domestic LLC, as Successor-in-Interest to A.P. New Jersey, Inc in its entirety, with prejudice and awarding to RRIP costs of suit, attorneys' fees and such other and further reli

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a claim against RRIP upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred or subject to reduction by reason of Alcoah's own actions and/or the actions of Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred by Alcoa's own breach of contract

### FOURTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred by the doctrines of unclean hands, waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred or subject to reduction because the damages claimed include costs that are not reasonable or necessary.

### SIXTH AFFIRMATIVE DEFENSE

Alcoa's alleged damages have been caused solely by the acts of third parties over whom RRIP had no control or right of control or by superseding or intervening conduct of others outside of RRIP's control.

## SEVENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred by the actions of Plaintiff, Third-Party Defendant or others which prevented RRIP from completing performance.

## EIGHTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred or subject to reduction to the extent that the alleged costs incurred are not consistent with the National Contingency Plan or otherwise are not response costs recoverable under CERCLA or the Spill Act.

## NINTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred by the terms of the contract between the parties in this matter.

## TENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred or subject to reduction by Alcoa's misrepresentations and/or fraud in the inducement of contract.

## FIFTEENTH AFFIRMATIVE DEFENSE

RRIP hereby incorporates all affirmative and separate defenses which have been or will be pleaded by any party in this action to the extent that these defenses are applicable to RRIP as well as any additional applicable statutory or common law defenses and reserves the right to amend this Answer to assert additional defenses.

## SIXTEENTH AFFIRMATIVE DEFENSE

RRIP reserves the right to assert additional defenses that may be pertinent to Plaintiff's claims and to the Third-Party Complaint when the precise nature of said claims is further ascertained through discovery and based upon facts developed as this matter progresses.

ARCHER & GREINER,
A Professional Corporation
Attorneys for Third-Party Defendant,
River Road Improvements Phase II, Inc.


By: __/s/ Patrick Papalia__
Patrick Papalia, Esquire

Dated:  March 11, 2015

12282706v1