Michael D. Witt, Esq.
CHASAN LEYNER & LAMPARELLO, PC
300 Harmon Meadow Boulevard
Secaucus, New Jersey 07094
(201) 348-6000
Attorneys for Third Party Defendant County of Bergen
File No. 03150-0050

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br><br>                                    Plaintiff,<br><br>v.<br><br>WATERSIDE CONSTRUCTION LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALUMINUM COMPANY OF AMERICA; A.P. NEW JERSEY, INC.;  JOHN DOES 1-100; and ABC CORPORATIONS 1-100,<br><br>                                    Defendants,<br><br>And<br><br>ALCOA DOMESTIC, LLC, as successor in interest to A.P. NEW JERSEY, INC.,<br><br>                    Defendant/Third Party Plaintiff,<br><br>v.<br><br>COUNTY OF BERGEN and RIVER ROAD IMPROVEMENT PHASE II, INC.,<br><br>                    Third-Party Defendants,<br><br>And | Civil Action No.:  2:14-cv-05060 (ES)<br><br><br><br><br><br>**ANSWER OF THIRD-PARTY DEFENDANT COUNTY OF BERGEN TO THIRD-PARTY COMPLAINT OF ALCOA DOMESTIC, LLC, CROSS-CLAIM, AND FOURTH PARTY COMPLAINT** |

1

COUNTY OF BERGEN,

  Third-Party Defendant/Fourth Party Plaintiff,

v.

NORTH RIVER MEWS ASSOCIATES, LLC,

        Fourth Party Defendant.

Third-Party Defendant County of Bergen (the "County") with its principal place of business at One Bergen County Plaza, Hackensack, New Jersey, 07601, by way of Answer to the Third-Party Complaint of Alcoa Domestic, LLC, as successor in interest to A.P. New Jersey, Inc., hereby says:

## AS TO JURISDICTION AND VENUE

1. No response is required to the extent that Paragraph 1 consists of conclusions of law. To the extent a response is required, the County admits that the Court has original jurisdiction over claims arising under 28 U.S.C. § 1391(b) and supplemental jurisdiction over claims that form part of the same case or controversy under 28 U.S.C. §1367.

2. No response is required to the extent that Paragraph 2 consists of conclusions of law.

## AS TO THE PARTIES

3. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. The County admits the allegations of Paragraph 5.

6. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

## AS TO THE STATEMENT OF THIRD-PARTY CLAIMS

7. No response is required to the extent that Paragraph 7 consists of a general statement regarding the Third-Party Plaintiff's adoption of previously asserted allegations and claims from its Answer to the First Amended Complaint.

8. The County admits the allegations of Paragraph 8.

9. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. The County denies the allegations of Paragraph 11.

12. The County denies the allegations of Paragraph 12.

13. The County admits the allegations of Paragraph 13.

14. The County denies the allegations of Paragraph 14.

15. The County denies the allegations of Paragraph 15.

16. The County admits the allegations of Paragraph 16.

17. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. No response is required to the extent that Paragraph 18 consists of a general statement by the Third-Party Plaintiff characterizing the nature of the claims in the First Amended Complaint.

19. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

## **AS TO COUNT I: BREACH OF CONTRACT (as to RRIP)**

24. The County repeats its responses to the preceding allegations.

25. The County admits the allegations of Paragraph 25.

26. The County denies the allegations of Paragraph 26.

27. The County denies the allegations of Paragraph 27.

28. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions contained in Paragraph 28.

29. The County denies the allegations of Paragraph 29.

## **AS TO COUNT II: INDEMNIFICATION (as to RRIP)**

30. The County repeats its responses to the preceding allegations.

31. The County admits the allegations of Paragraph 31.

32. The County denies the allegations of Paragraph 32.

33. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions of Paragraph 36.

37. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions of Paragraph 37.

## AS TO COUNT III: BREACH OF CONTRACT (as to the County)

38. The County repeats its responses to the preceding allegations.

39. The County admits the allegations of Paragraph 39.

40. The County denies the allegations of Paragraph 40.

41. The County denies the allegations of Paragraph 41.

42. The County denies the allegations of Paragraph 42.

43. The County denies the allegations of Paragraph 43.

44. The County admits the allegations of Paragraph 44.

45. The County denies the allegations of Paragraph 45.

**WHEREFORE**, the County demands judgment dismissing the Third-Party Complaint with prejudice, together with costs of suit and such other relief as the Court deems equitable and just.

**AFFIRMATIVE DEFENSES**

1. The Third-Party Complaint fails to state a claim upon which relief can be granted as to the County.

2. The Third-Party Complaint is frivolous and without merit.

3. Plaintiff has not set forth sufficient facts to establish the liability of any of the Defendants.

4. The Third-Party Plaintiff's claims are barred by the applicable Statutes of Limitations.

5. Any damage, loss or injury suffered by the Third-Party Plaintiff is the result of the acts or omissions of the Third-Party Plaintiff or other parties.

6. Any and all injuries and damages that may have been sustained by the Third-Party Plaintiff were caused solely by the negligence of other persons.

7. The County denies any breach of duty to the Plaintiff.

8. Plaintiff's claims are barred by the doctrine of unclean hands.

**REQUEST FOR STATEMENT OF DAMAGES**

Pursuant to L. Civ. R. 8.1, the County requests that Third-Party Plaintiff, within 10 days of service of this pleading, provide a written statement in the amount of damages claimed in the within action.

**CROSSCLAIMS**

The County, by way of Crossclaim against Third Party Defendant River Road Improvement Phase II, states as follows:

**JURISDICTION AND VENUE**

1. This court has supplement jurisdiction over the County's state law

6

crossclaim pursuant to 28 U.S.C. § 1367(a).

## COUNT ONE

### (CROSS CLAIM FOR INDEMNIFICATION/BREACH OF CONTRACT)

2. The County repeats the preceding allegations as is set forth more fully herein.

3. On or about June 27, 1997, the County entered into a Multi-Party Property Acquisition Agreement (the "Agreement") with A.P. New Jersey, Inc., North River Mews Associates, L.L.C. ("North River"), and River Road Improvement Phase II, Inc. ("RRIP").

4. The Agreement was duly executed by RRIP's president, Fred A. Daibes.

5. The Agreement is a lawful, valid, and binding contract.

6. The County performed all of its obligations under the Agreement.

7. In Paragraph 16 of the Agreement, RRIP agreed to "defend and save the County . . . harmless from any and all claims that may be filed in any Court arising from the performance of this Agreement."

8. Paragraph 16 of the Agreement also provides in relevant part that "should the County…be named as a party in any court, administrative or other action or proceeding . . . RRIP agree[s] to reimburse the County . . .for the cost of any legal, expert or other fees expended by the County . . . in such action or proceeding."

9. On December 5, 2014, A.P. New Jersey, Inc., through its successor in interest, Alcoa Domestic, LLC, sued the County for alleged breach of the Agreement.

10. The County has demanded that RRIP fully indemnify and hold the County harmless to the fullest extent in accordance with the terms of the Agreement.

7

11. RRIP has failed to respond to the County's demand.

12. The County has incurred and will continue to incur legal expenses associated with this litigation.

13. The County has incurred and will continue to incur damages arising from this litigation as a result of RRIP's breach of the Agreement;

14. RRIP is obligated to indemnify the County to the fullest extent possible for any and all claims arising out of this matter, including any and all defense costs.

WHEREFORE, the County demands the following relief:

A. That judgment be entered in favor of the County and against RRIP finding that RRIP has breached its obligations to the County under the Agreement;

B. That judgment be entered in favor of the County and against RRIP for all damages allowable under law as a result of RRIP's breach of the Agreement;

C. That judgment be entered in favor of the County and against RRIP for all damages, costs, and/or penalties of any nature arising from any an all claims asserted against the County by any party to this litigation;

D. That judgment be entered declaring that RRIP shall indemnify and hold the County harmless to the fullest extent possible, as called for under the Agreement;

E. That judgment be entered in favor of the County and against RRIP for all costs and expenses incurred by the County as a result of defending this action.

## **FOURTH PARTY COMPLAINT**

The County, by way of Fourth Party Complaint against Defendant/Fourth Party Defendant North River Mews Associates, L.L.C. ("North River") states:

**JURISDICTION AND VENUE**

1. North River is a New Jersey limited liability company with offices at 1000 Portside Drive, Edgewater, Bergen County, New Jersey. North River is also a defendant in the above-captioned action.

2. This court has supplemental jurisdiction over the County's state law Fourth Party Complaint pursuant to 28 U.S.C. § 1367(a).

**COUNT ONE**

**(CROSS CLAIM FOR INDEMNIFICATION/BREACH OF CONTRACT)**

15. The County repeats the preceding allegations as is set forth more fully herein.

16. On or about June 27, 1997, the County entered into a Multi-Party Property Acquisition Agreement (the "Agreement") with A.P. New Jersey, Inc., North River and River Road Improvement Phase II, Inc. ("RRIP").

17. The Agreement was duly executed by North River's Managing Partner.

18. The Agreement is a lawful, valid, and binding contract.

19. The County performed all of its obligations under the Agreement.

20. In Paragraph 16 of the Agreement, North River agreed to "defend and save the County . . . harmless from any and all claims that may be filed in any Court arising from the performance of this Agreement."

21. Paragraph 16 of the Agreement also provides in relevant part that "should the County…be named as a party in any court, administrative or other action or proceeding . . . RRIP agree[s] to reimburse the County . . .for the cost of any legal, expert or other fees expended by the County . . .  in such action or proceeding."

9

22. On December 5, 2014, A.P. New Jersey, Inc., through its successor in interest, Alcoa Domestic, LLC, sued the County for alleged breach of the Agreement.

23. The County has demanded that North River fully indemnify and hold the County harmless to the fullest extent in accordance with the terms of the Agreement.

24. North River has failed to respond to the County's demand.

25. The County has incurred and will continue to incur legal expenses associated with this litigation.

26. The County has incurred and will continue to incur damages arising from this litigation as a result of North River's breach of the Agreement;

27. North River is obligated to indemnify the County to the fullest extent possible for any and all claims arising out of this matter, including any and all defense costs.

WHEREFORE, the County demands the following relief:

F. That judgment be entered in favor of the County and against North River finding that RRIP has breached its obligations to the County under the Agreement;

G. That judgment be entered in favor of the County and against North River for all damages allowable under law as a result of RRIP's breach of the Agreement;

H. That judgment be entered in favor of the County and against North River for all damages, costs, and/or penalties of any nature arising from any an all claims asserted against the County by any party to this litigation;

I. That judgment be entered declaring that North River shall indemnify and hold the County harmless to the fullest extent possible, as called for under the Agreement;

10

J. That judgment be entered in favor of the County and against North River for all costs and expenses incurred by the County as a result of defending this action.

## JURY TRIAL DEMANDED

The County requests a trial by jury on all issues in the above-entitled matter.

**CHASAN LEYNER & LAMPARELLO, PC**
**Attorneys for Third Party**
**Defendant/Fourth Party Plaintiff**
**County of Bergen**

**BY:** **/s/ Michael D. Witt**
        **MICHAEL D. WITT**

**Dated: April 30, 2015**