ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033-0968
(856)795-2121
Attorneys for Defendants, Waterside Construction, LLC,
38 COAH, LLC, Daibes Brothers, Inc., North River Mews
Associates, LLC, and Fred A. Daibes

BY:   PATRICK PAPALIA, ESQUIRE
      DEBRA S. ROSEN, ESQUIRE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BOROUGH OF EDGEWATER, | Civil Action No.: 2:14-CV-05060 (ES-MAH) |
| Plaintiff, | |
| vs. | |
| WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALCOA, INC. (formerly known as Aluminum Company of America); ALCOA DOMESTIC LLC as successor in interest to A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC CORPORATIONS 1-100, | ELECTRONICALLY FILED

**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |
| Defendants. | |
| and | |
| WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC, DAIBES BROTHERS, INC., NORTH RIVER MEWS ASSOCIATES, LLC AND FRED A. DAIBES, | |
| Defendants/Third-Party Plaintiffs, | |
| vs. | |
| NEGLIA ENGINEERING ASSOCIATES, | |
| Third-Party Defendants. | |

1

And

ALOCA DOMESTIC, LLC as successor in interest to
A.P. NEW JERSEY, INC.,

        Defendant/Third-Party Plaintiff,

v.

COUNTY OF BERGEN  and RIVER ROAD
IMPROVEMENT PHASE II, INC.,

        Third-Party Defendants.

Defendants, Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC and Fred A. Daibes (hereinafter collectively "Waterside" or "Defendants") by way of Answer to the Second Amended Complaint of Plaintiff, Borough of Edgewater ("Edgewater") hereby state as follows:

## **THE PARTIES**

1.      The allegations of Paragraph 1 of the First Amended Complaint are not directed to Waterside and therefore no response thereto is required.

2.      Defendants admit only that Waterside Construction, LLC ("Waterside") is a New Jersey limited liability company with offices at 22 Route 5, Edgewater, Bergen County, New Jersey.  The remaining allegations of Paragraph 2 are denied as stated.

3.      Defendants admit only that 38 COAH, LLC ("38 COAH") is a New Jersey limited liability company with offices at 1000 Portside Drive, Edgewater, Bergen County, New Jersey are admitted.  The remaining allegations of Paragraph 3 are denied as stated.

4.      The allegations of Paragraph 4 of the First Amended Complaint are denied.

5.      Defendants admit only that North River Mews Associates, LLC ("North River") is a New Jersey limited liability company with offices at 1000 Portside Drive, Edgewater, Bergen County, New Jersey.  The remaining allegations of Paragraph 5 call for a legal conclusion to which no response is required.  To the extent that factual allegations are made or intended to be made against these Defendants, said allegations are denied as stated.

6.      Defendants admit only that Fred Daibes is an individual.  The remaining allegations of Paragraph 6 are denied as stated.

7.      The allegations of Paragraph 7 of the First Amended Complaint are not directed to this Defendant and therefore no response thereto is required.

8.      The allegations of Paragraph 8 of the First Amended Complaint are not directed to this Defendant and therefore no response thereto is required.

9.      The allegations of Paragraph 9 of the First Amended Complaint are not directed to this Defendant and therefore no response thereto is required.

10.      The allegations of Paragraph 10 of the First Amended Complaint are not directed to this Defendant and therefore no response thereto is required.

11.      The allegations of Paragraph 11 of the First Amended Complaint are not directed to this Defendant and therefore no response thereto is required.

## JURISDICTION AND VENUE

12.      The allegations of Paragraph 12 of the First Amended Complaint call for a legal conclusion and therefore no response thereto is required.  To the extent that any factual allegations are made or intended to be made against these Defendants, said allegations are denied.

13.     The allegations of Paragraph 13 of the First Amended Complaint call for a legal conclusion and therefore no response thereto is required.  To the extent that any factual allegations are made or intended to be made against these Defendants, said allegations are denied.

14.     The allegations of Paragraph 14 of the First Amended Complaint call for a legal conclusion and therefore no response thereto is required.  To the extent that any factual allegations are made or intended to be made against these Defendants, said allegations are denied.

15.     The allegations of Paragraph 15 of the First Amended Complaint call for a legal conclusion and therefore no response thereto is required.  To the extent that any factual allegations are made or intended to be made against the Defendants, said allegations are denied.

## **BACKGROUND**

16.     Waterside admits that Veteran's Field is located at 1167 River Road, Edgewater, New Jersey, is known as Block 30, Lot 1 on the Tax Map of the Borough of Edgewater and is a public park consisting of approximately 27.58 acres.  Waterside has insufficient knowledge with which to admit or deny the remaining allegations.

17.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 17 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

18.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 18 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

19.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 19 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

20.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 20 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

21.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 21 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

22.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 22 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

23.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 23 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

24.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 24 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

25.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 25 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

26.     The allegations of Paragraph 26 of the First Amended Complaint are admitted.

27.     Defendants admit that the scope of work in the bid notice consisted of some remediation activities at Veteran's Field and installation of athletic fields along with the associated drainage and grading and the installation of a playground and parking lot.  Defendants have insufficient knowledge with which to admit or deny the remaining allegations of Paragraph 27 and therefore deny same and leave Plaintiff to its proofs.

28.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 28 and therefore deny same and leave Plaintiff to its proofs.

29.     With respect to those allegations which make conclusions of law, no response thereto is required.  To the extent that factual allegations are made or intended to be made as to these Defendants, said allegations are denied as stated.

30.     Defendants admit that in the summer of 2012, Waterside began work at Veteran's Field.  Defendants have insufficient knowledge with which to admit or deny the remaining allegations of Paragraph 30 and therefore deny same and leave Plaintiff to its proofs.

31.     Defendants specifically deny that TERMS required Waterside to submit for testing and approval all fill material that was not provided from an approved site.  With respect to the remaining allegations of Paragraph 31 of the First Amended Complaint, Defendants have insufficient knowledge with which to admit or deny said allegations and therefore deny same and leave Plaintiff to its proofs.

32.     Defendants admit that TERMS, as the entity with control over the process for importing fill to the site, approved fill materials for use at the site by Waterside.  Any remaining allegations set forth in Paragraph 32 of the First Amended Complaint are denied as stated.

33.     The allegations of Paragraph 33 of the First Amended Complaint are admitted.

34.     Defendants admit that the project resumed in late spring of 2013.  Defendants have insufficient knowledge with which to admit or deny the remaining allegations of Paragraph 34 and therefore deny same and leave Plaintiff to its proofs.

35.     Defendants admit only that fill material continued to be brought to the site for use as part of the cap for site soils and also for use under sidewalks, roadways and parking lots.

36.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 36 of the First Amended Complaint.  Defendants admit only that TERMS did on occasion reject the use of certain fill materials at the Veteran's Field site. Waterside denies that it made any attempt to have TERMS or its employees removed from the project.

37.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 37 and therefore deny same and leave Plaintiff to its proofs.

38.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 38 and therefore deny same and leave Plaintiff to its proofs.

39.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 39 and therefore deny same and leave Plaintiff to its proofs.

40.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 40 and therefore deny same and leave Plaintiff to its proofs.

41.     Defendants deny the allegations of Paragraph 41 of the First Amended Complaint that Waterside misrepresented any facts with respect to the fill material.  Defendants have insufficient knowledge with which to admit or deny the remaining allegations of Paragraph 41 and therefore deny same and leave Plaintiff to its proofs.

42.    Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 42 and therefore deny same and leave Plaintiff to its proofs.

43.    Defendants deny that they undertook any actions contrary to any representations they made and instead acted at all times in accord with the direction of TERMS, as gatekeeper for fill material at the site who had provided that certain fill materials could be used over the geotextile membrane and under hard surfaces such as roadways and sidewalks.  Defendants have insufficient knowledge with which to admit or deny any remaining allegations of Paragraph 43 and therefore deny same and leave Plaintiff to its proofs.

44.    Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 44 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

45.    Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 45 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

46.    Defendants admit only that they have received a copy of an October 3, 2013 letter from TERMS issued to Edgewater with respect to fill material at Veteran's Field and that TERMS was closing the site.  To the extent that Paragraph 46 of the First Amended Complaint makes allegations as to the contents of a document, said document speaks for itself.  Defendants have insufficient knowledge with which to admit or deny the remaining allegations of Paragraph 46 and therefore deny same and leave Plaintiff to its proofs.

47.    The allegations of Paragraph 47 of the First Amended Complaint are denied as stated.

48.     Defendants specifically deny that fill materials were improperly imported to the Veteran's Field site.  Defendants have insufficient knowledge with which to admit or deny the remaining allegations of Paragraph 48 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

49.     Defendants specifically deny that fill materials were improperly imported to the Veteran's Field site.  Defendants have insufficient knowledge with which to admit or deny the remaining allegations of Paragraph 49 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

50.     Defendants specifically deny that fill materials were improperly imported to the Veteran's Field site.  Defendants have insufficient knowledge with which to admit or deny the remaining allegations of Paragraph 50 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

51.     Defendants specifically deny that fill materials were improperly imported to the Veteran's Field site.  Defendants have insufficient knowledge with which to admit or deny the remaining allegations of Paragraph 51 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

52.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 52 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

53.     Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 53 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

54.     Defendants specifically deny that Waterside caused contamination at the Veteran's Field site.  Waterside admits only that the recycled concrete fill material utilized at the Veteran's Field site came from property formerly owned by 38 COAH located at 660 River Road, Edgewater, New Jersey.

55.     Defendants admit only that the property located at 660 River Road, Edgewater, New Jersey is presently owned by 38 COAH.  The remaining allegations of Paragraph 55 of the First Amended Complaint are denied.

56.     Defendants admit only that the property located 660 River Road, Edgewater, New Jersey was previously owned by A.P. New Jersey, Inc. and the Aluminum Company of America. The remaining allegations of Paragraph 56 of the First Amended Complaint are denied.

57.     The allegations of Paragraph 57 of the First Amended Complaint are admitted.

58.     The allegations of Paragraph 58 of the First Amended Complaint are denied as stated.

59.     Defendants admit that the February 12, 2003 No Further Action Letter for the Building 12 Area of Concern was signed by Fred Daibes as a managing member of the North River Mews Associates, LLC.

60.     The allegations of Paragraph 60 of the First Amended Complaint are denied as stated.  Defendants admit only that a Deed Notice was prepared for a portion of the property at 660 River Road, Edgewater, New Jersey and was recorded on or about January 14, 2003.

61.     Defendants deny the allegations of Paragraph 61 of the First Amended Complaint that Building 12 was "the former ALCOA manufacturing facility" which facility encompassed many buildings.

62.     Defendants admit that parts of Building 12 were constructed with concrete.

63.   Paragraph 63 of the First Amended Complaint makes allegations as to the contents of a written agreement which document speaks for itself.

64.   Paragraph 64 of the First Amended Complaint makes allegations as to the contents of a written agreement which document speaks for itself.

65.   Paragraph 65 of the First Amended Complaint makes allegations as to the contents of a written agreement which document speaks for itself.

66.   Defendants admit that on or about May 22, 2006, North River transferred ownership of the 660 River Road property to 38 COAH.

67.   The allegations of Paragraph 67 of the First Amended Complaint are denied.

68.   The allegations of Paragraph 68 of the First Amended Complaint are denied.

69.   Defendants admit only that on or about October 19, 2010, 38 COAH recorded a Termination of Deed Notice signed by Fred Daibes, as prepared by its environmental consultant and as directed and approved by the NJDEP.

70.   Paragraph 70 of the First Amended Complaint makes allegations as to the contents of a written document which document speaks for itself.

71.   The allegations of Paragraph 71 of the First Amended Complaint are denied.

72.   The allegations of Paragraph 72 of the First Amended Complaint are denied.

73.   The allegations of Paragraph 73 of the First Amended Complaint are denied.

74.   The allegations of Paragraph 74 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

75.   The allegations of Paragraph 75 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

76.     The allegations of Paragraph 76 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

77.     The allegations of Paragraph 77 of the First Amended Complaint are not directed these Defendants and therefore no response thereto is required.  To the extent that any allegations are made or intended to be made as to these Defendants, said allegations are denied.

78.     The allegations of Paragraph 78 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

79.     The allegations of Paragraph 79 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

80.     The allegations of Paragraph 80 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

81.     The allegations of Paragraph 81 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

## AS TO COUNT I

### CONTRIBUTION UNDER THE SPILL ACT

82.     Defendants repeat and incorporate by reference their responses to the previous paragraphs of this First Amended Complaint as if fully set forth herein in lieu of repetition.

83.     The allegations of Paragraph 83 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made with respect to these Defendants, said allegations are denied.

84.     The allegations of Paragraph 84 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made with respect to these Defendants, said allegations are denied.

85.     The allegations of Paragraph 85 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made with respect to these Defendants, said allegations are denied.

86.     The allegations of Paragraph 86 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made with respect to these Defendants, said allegations are denied.

87.     The allegations of Paragraph 87 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made with respect to these Defendants, said allegations are denied.

88.     The allegations of Paragraph 88 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made with respect to these Defendants, said allegations are denied.

89.     The allegations of Paragraph 89 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made with respect to these Defendants, said allegations are denied.

90.     The allegations of Paragraph 90 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

91.     The allegations of Paragraph 91 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

92.     The allegations of Paragraph 92 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

93.     The allegations of Paragraph 93 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

94.     The allegations of Paragraph 94 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

95.     The allegations of Paragraph 95 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

96.     The allegations of Paragraph 96 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

97.     The allegations of Paragraph 97 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

98.     The allegations of Paragraph 98 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

99.     The allegations of Paragraph 99 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

100.     The allegations of Paragraph 100 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

101.     The allegations of Paragraph 101 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

102.    The allegations of Paragraph 102 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

103.    The allegations of Paragraph 103 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

104.    The allegations of Paragraph 104 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

105.    The allegations of Paragraph 105 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

106.    The allegations of Paragraph 106 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

107.    Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 107 of the First Amended Complaint and therefore deny same and leave Plaintiff to its proofs.

108.    The allegations of Paragraph 108 of the First Amended Complaint call for a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

## AS TO COUNT II

### COST RECOVERY UNDER CERCLA

109.    Defendants repeat and incorporate by reference their responses to the previous paragraphs of this First Amended Complaint as if fully set forth herein in lieu of repetition.

110.    The allegations of Paragraph 110 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

111.     The allegations of Paragraph 111 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

112.     The allegations of Paragraph 112 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

113.     The allegations of Paragraph 113 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

114.     The allegations of Paragraph 114 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

115.     The allegations of Paragraph 115 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

116.     The allegations of Paragraph 116 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

117.     The allegations of Paragraph 117 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

118.    The allegations of Paragraph 118 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

119.    The allegations of Paragraph 119 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

120.    The allegations of Paragraph 120 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

121.    The allegations of Paragraph 121 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

122.    The allegations of Paragraph 122 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

123.    The allegations of Paragraph 123 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

124.    The allegations of Paragraph 124 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

# AS TO COUNT III

## BREACH OF CONTRACT

125.    Defendants repeat and incorporate by reference their responses to the allegations in the previous paragraphs of this First Amended Complaint as if fully set forth herein in lieu of repetition.

126.    The allegations of paragraph 126 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

127.    The allegations of paragraph 127 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

128.    Paragraph 128 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.

129.    The allegations of Paragraph 129 of the First Amended Complaint are denied.

130.    Paragraph 130 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 130 are denied.

131.    Paragraph 131 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 131 are denied.

132.    Paragraph 132 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 132 are denied.

133.     Paragraph 133 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 133 are denied.

134.     Paragraph 134 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 134 are denied.

135.     Paragraph 135 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 135 are denied.

136.     Paragraph 136 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 136 are denied.

137.     Paragraph 137 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 137 are denied.

138.     Paragraph 138 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 138 are denied.

139.     The allegations of Paragraph 139 of the First Amended Complaint are denied.

140.     Paragraph 140 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 140 are denied.

141.    Paragraph 141 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 141 are denied.

142.    Paragraph 142 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 142 are denied.

143.    Paragraph 143 of the First Amended Complaint makes allegations as to the contents of a writing which document speaks for itself.  Any remaining allegations of Paragraph 143 are denied.

144.    The allegations of Paragraph 144 of the First Amended Complaint are denied.

145.    The allegations of Paragraph 145 of the First Amended Complaint are denied.

146.    The allegations of Paragraph 146 of the First Amended Complaint are denied.

## AS TO COUNT IV

### FRAUD

147.    Defendants repeat and incorporate by reference their responses to the allegations in the previous paragraphs of this First Amended Complaint as if fully set forth herein in lieu of repetition.

148.    The allegations of Paragraph 148 of the First Amended Complaint are denied.

149.    The allegations of Paragraph 149 of the First Amended Complaint are denied.

150.    The allegations of Paragraph 150 of the First Amended Complaint are denied.

151.    The allegations of Paragraph 151 of the First Amended Complaint are denied.

152.    The allegations of Paragraph 152 of the First Amended Complaint are denied.

153.    The allegations of Paragraph 153 of the First Amended Complaint are denied.

154.    The allegations of Paragraph 154 of the First Amended Complaint are denied.

155.    The allegations of Paragraph 155 of the First Amended Complaint are denied.

## AS TO COUNT V

### NEGLIGENCE

156.    Defendants repeat and incorporate by reference the responses to the allegations in the previous paragraphs of this First Amended Complaint as if fully set forth herein in lieu of repetition.

157.    Defendants repeat and incorporate by reference their responses to the allegations in paragraphs 12-66 in lieu of repetition.  Defendants specifically deny that Waterside did not begin working on the project until the summer of 2013.

158.    Paragraph 158 of the First Amended Complaint makes allegations as to the contents of a written agreement which document speaks for itself.  To the extent that factual allegations are made or intended to be made as to Defendants, said allegations are denied.

159.    The allegations of Paragraph 159 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

160.    The allegations of Paragraph 160 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

161.    The allegations of Paragraph 161 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

162.    The allegations of Paragraph 162 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

## AS TO COUNT VI

### UNJUST ENRICHMENT

163.     Defendants repeat and incorporate by reference their responses to the previous paragraphs of this First Amended as if fully set forth herein in lieu of repetition.

164.     The allegations of Paragraph 164 of the First Amended Complaint are denied.

165.     The allegations of Paragraph 165 of the First Amended Complaint are denied.

166.     The allegations of Paragraph 166 of the First Amended Complaint are denied.

167.     The allegations of Paragraph 167 of the First Amended Complaint are denied.

168.     The allegations of Paragraph 168 of the First Amended Complaint are denied.

169.     The allegations of Paragraph 169 of the First Amended Complaint are denied.

## AS TO COUNT VII

### VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT

170.     Defendants repeat and incorporate by reference their responses to the previous paragraphs of this First Amended Complaint as if fully set forth herein in lieu of repetition.

171.     The allegations of Paragraph 171 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

172.     The allegations of Paragraph 172 of the First Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

173.     Defendants repeat and incorporate by reference their responses to the allegations in Paragraphs 12-66 in lieu of repetition.  Any remaining allegations in Paragraph 173 of the First Amended Complaint are denied.

174.    Defendants repeat and incorporate by reference their responses to the allegations in Paragraphs 12-66 and 101-121 in lieu of repetition.  Any remaining allegations in Paragraph 174 of the First Amended Complaint are denied.

175.    Paragraph 175 of the First Amended Complaint makes allegations as to the contents of a written agreement which document speaks for itself.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

176.    The allegations of Paragraph 176 of the First Amended Complaint are denied.

177.    Defendants deny any allegations of Paragraph 177 of the First Amended Complaint that Waterside or its employees were intentionally covering up fill materials.  With respect to any remaining allegations of Paragraph 177, Defendants have insufficient knowledge with which to admit or deny said allegations and therefore deny same and leave Plaintiff to its proofs.

178.    Defendants deny any allegations of Paragraph 178 of the First Amended Complaint that Waterside or its employees were intentionally covering up fill materials.  With respect to any remaining allegations of Paragraph 178, Defendants have insufficient knowledge with which to admit or deny said allegations and therefore deny same and leave Plaintiff to its proofs.

179.    Defendants deny any allegations of Paragraph 179 of the First Amended Complaint that Waterside or its employees were intentionally covering up fill materials.  With respect to any remaining allegations of Paragraph 179, Defendants have insufficient knowledge with which to admit or deny said allegations and therefore deny same and leave Plaintiff to its proofs.

180.    The allegations of Paragraph 180 of the First Amended Complaint are denied.

181.    The allegations of Paragraph 181 of the First Amended Complaint are denied.

182.    Defendants have insufficient knowledge with which to admit or deny the allegations of Paragraph 182 of the First Amended Complaint with respect to the investigation undertaken by TERMS.  With respect to the remaining allegations of Paragraph 182 of the First Amended Complaint, said allegations are denied.

183.    The allegations of Paragraph 183 of the First Amended Complaint are denied as stated.

184.    To the extent that the allegations of Paragraph 184 of the First Amended Complaint make allegations as to the contents of a written agreement, said document speaks for itself.  With respect to any remaining allegations in Paragraph 186 of the First Amended Complaint, said allegations are denied.

185.    The allegations of Paragraph 185 of the First Amended Complaint are denied.

186.    The allegations of Paragraph 186 of the First Amended Complaint are denied.

187.    The allegations of Paragraph 187 of the First Amended Complaint are denied.

188.    The allegations of Paragraph 188 of the First Amended Complaint are denied.

189.    The allegations of Paragraph 189 of the First Amended Complaint are denied.

190.    The allegations of Paragraph 190 of the First Amended Complaint are denied.

191.    The allegations of Paragraph 191 of the First Amended Complaint are denied.

192.    The allegations of Paragraph 192 of the First Amended Complaint are denied.

193.    The allegations of Paragraph 193 of the First Amended Complaint are denied.

194.    The allegations of Paragraph 194 of the First Amended Complaint call for a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to these Defendants, said allegations are denied.

## AS TO COUNT VIII

**BREACH OF CONTRACT**

195.    Defendants repeat and incorporate by reference their responses to the previous paragraphs of this First Amended Complaint as if fully set forth herein in lieu of repetition.

196.    The allegations of Paragraph 196 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

197.    The allegations of Paragraph 197 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

198.    The allegations of Paragraph 198 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

199.    The allegations of Paragraph 199 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

200.    The allegations of Paragraph 200 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

201.    The allegations of Paragraph 201 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

202.    The allegations of Paragraph 202 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

203.    The allegations of Paragraph 203 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

204.    The allegations of Paragraph 204 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

205.    The allegations of Paragraph 205 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

206.     The allegations of Paragraph 206 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

## AS TO COUNT IX

### NEGLIGENCE

207.     Defendants repeat and incorporate by reference their responses to the previous paragraphs of this First Amended Complaint as if fully set forth herein in lieu of repetition.

208.     The allegations of Paragraph 208 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

209.     The allegations of Paragraph 209 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

210.     The allegations of Paragraph 210 of the First Amended Complaint are not directed to these Defendants and therefore no response thereto is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction by reason of Plaintiff's own actions and/or the actions of its agent, TERMS.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Plaintiff's own breach of contract.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because these Defendants were acting under and in accordance with instructions received from Plaintiff or received from Plaintiff's agent, TERMS.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of unclean hands, waiver and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction by reason of Plaintiff's failure to mitigate its alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages have been caused solely by the acts of third parties over whom these Defendants had no control or right of control or by superseding or intervening conduct of others outside of Defendants' control.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction because the damages claimed include costs that are not reasonable or necessary.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's own actions prevented Defendants from completing performance.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the alleged costs incurred are not consistent with the National Contingency Plan or otherwise are not recoverable under CERCLA or the Spill Act.

## ELEVENTH AFFIRMATIVE DEFENSE

The costs allegedly incurred, or to be incurred as referenced in the Second Amended Complaint, are not response costs recoverable from Defendants pursuant to CERCLA.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from relief under CERCLA and the Spill Act because its own acts or omissions have proximally caused the conditions alleged in the Second Amended Complaint and in the alternative, are in pari delicto with others.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any alleged damages suffered by Plaintiff, which are denied, and any releases or threatened release of hazardous substances or other contaminants as alleged, and any costs or damages resulting therefrom, were caused solely by the acts and/or omissions of third parties or their agents, employees or any party with a contractual relationship existing directly or indirectly with Plaintiff within the meaning of Section 107(b)(3) of CERCLA.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with the requirements and prerequisites to liability under the Spill Compensation and Control Act, N.J.S.A. § 58:10-23.11 et seq. including without limitation Plaintiff's incurring costs not authorized by the Spill Act and Plaintiff's failure to clean up and remediate contamination according to the National Contingency Plan.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint must be dismissed for failure to join indispensible parties to this litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the terms of the contract between the parties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of set off.

## EIGHTEENTH AFFIRMATIVE DEFENSE.

Plaintiffs' claims are barred, in whole or in part, by the doctrine of recoupment.

## NINETEENTH AFFIRMATIVE DEFENSE

Without conceding any detrimental reliance on the part of Plaintiff, the Plaintiff acted unreasonably if any such reliance exists.

## TWENTIETH AFFIRMATIVE DEFENSE

Any loss suffered by the Plaintiffs was as a result of their own negligence, or the negligence or fault of their agents, which negligence or fault is greater than any alleged negligence of these Defendants, which negligence is specifically denied.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The damages which Plaintiff seeks, if awarded, would result in unjust enrichment to Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has no claim under the Spill Act as Defendants are not dischargers or responsible persons within the meaning of the act and there is no causal nexus.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred against individual shareholder Defendants as same cannot be held personally liable for the acts or omissions of its corporation.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim as they have no claim for cost recovery under Section 107 of CERCLA.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants hereby incorporate all affirmative and separate defenses which have been or will be pleaded by any party in this action to the extent that these defenses are applicable to

Defendants as well as any additional applicable statutory or common law defenses and reserves the right to amend this Answer to assert additional defenses.

## <u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

Defendants reserve the right to assert additional defenses that may be pertinent to Plaintiff's claims when the precise nature of said claims is further ascertained through discovery and based upon facts developed as this matter progresses.

**WHEREFORE,** Defendants demand judgment against Plaintiff dismissing Plaintiff's Second Amended Complaint in its entirety together with court costs and attorneys fees and awarding such other and further relief as this Court shall deem equitable and just.

ARCHER & GREINER,
A Professional Corporation
Attorneys for Defendants


BY:___/s/___Debra___S.___Rosen_____
DATED: May 20, 2015                                    DEBRA S. ROSEN


12603724v1

30