ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033-0968
(856)795-2121
Attorneys for Defendant/Third-Party Plaintiff/Fourth-Party Defendant,
 North River Mews Associates, LLC

BY:   PATRICK PAPALIA, ESQUIRE
      DEBRA S. ROSEN, ESQUIRE

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br><br>                              Plaintiff,<br><br>vs.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALUMINUM COMPANY OF AMERICA; A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC CORPORATIONS 1-100,<br><br>                              Defendants.<br>And<br><br>WATERSIDE CONSTRUCTION, LLC,<br><br>        Defendant/Third-Party Plaintiff,<br><br>vs.<br><br>NEGLIA ENGINEERING ASSOCIATES,<br><br>                 Third-Party Defendants.<br>And | Civil Action No.: 2:14-CV-05060 (ES-MAH)<br><br><br>ELECTRONICALLY FILED<br><br>**ANSWER OF NORTH RIVER MEWS ASSOCIATES, LLC TO COUNTY OF BERGEN'S FOURTH-PARTY COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM** |

ALOCA DOMESTIC, LLC as successor in
interest to A.P. NEW JERSEY, INC.,

           Defendant/Third-Party Plaintiff,

v.

COUNTY OF BERGEN  and RIVER ROAD
IMPROVEMENT PHASE II, INC.,

           Third-Party Defendants.

Defendant/Fourth-Party Defendant, North River Mews Associates, LLC ("North River") hereby responds to the County of Bergen's Fourth-Party Complaint as follows:

## JURISDICTION AND VENUE

1.      The allegations of Paragraph 1 of the Fourth-Party Complaint are admitted.

2      The allegations of Paragraph 2 of the Fourth-Party Complaint set forth a legal conclusion to which no response is required.  To the extent that factual allegations are made or intended to be made as to North River, said allegations are denied.

2

## COUNT I

### (Crossclaim for Indemnification/Breach of Contract)

15.(sic)   North River repeats and incorporates by reference the responses to the previous paragraphs of this Fourth-Party Complaint as if fully set forth herein in lieu of repetition.

16.   Paragraph 16 of the Fourth-Party Complaint makes allegations as to the contents of a written document which document speaks for itself.  To the extent that any factual allegations are made as to North River, said allegations are denied.

17.   Paragraph 17 of the Fourth-Party Complaint makes allegations as to the contents of a written document which document speaks for itself.  To the extent that any factual allegations are made as to North River, said allegations are denied.

18.   The allegations of Paragraph 18 of the Fourth Count call for a legal conclusion to which no response is required.  To the extent that any factual allegations are made or intended to be made as to North River, said allegations are denied.

19.   The allegations of Paragraph 19 of the Fourth-Party Complaint are denied.

20.   Paragraph 20 of the Fourth-Party Complaint makes allegations as to the contents of a written document which document speaks for itself.  To the extent that any factual allegations are made as to North River, said allegations are denied.

21.     Paragraph 21 of the Fourth-Party Complaint makes allegations as to the contents of a written document which document speaks for itself.  To the extent that any factual allegations are made as to North River, said allegations are denied.

22.     North River admits only that on or about December 5, 2014, A.P. New Jersey, Inc. filed a Third-Party Complaint against the County of Bergen for claims including breach of contract.

23.     North River denies that it owes indemnity to the County of Bergen.

24.     North River denies that it owes indemnity to the County of Bergen.

25.     North River has insufficient knowledge with which to admit or deny the allegations of Paragraph 25 of the Fourth-Party Complaint and therefore denies same and leaves Plaintiff to its proofs.

26.     The allegations of Paragraph 26 of the Fourth-Party Complaint are denied.

27.     The allegations of Paragraph 27 of the Fourth-Party Complaint are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Fourth-Party Complaint fails to state a claim against North River upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Fourth-Party Complaint is barred or subject to reduction by reason of the County of Bergen's own actions and/or the actions of Third-Party Plaintiff Alcoa.

## THIRD AFFIRMATIVE DEFENSE

The Fourth-Party Complaint is barred by the County of Bergen's own breach of contract  and/or the breach of contract of Third-Party Plaintiff Alcoa.

## FIFTH AFFIRMATIVE DEFENSE

The Fourth-Party Complaint is barred by the doctrines of unclean hands, waiver and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

The Fourth-Party Complaint is barred or subject to reduction because the damages claimed include costs that are not reasonable or necessary.

## SEVENTH AFFIRMATIVE DEFENSE

The County of Bergen's and Third-Party Plaintiff's alleged damages have been caused solely by the acts of third parties over whom North River had no control or right of control or by superseding or intervening conduct of others outside of North River's control.

## EIGHTH AFFIRMATIVE DEFENSE

The Fourth-Party Complaint is barred by the actions of Plaintiff, Third-Party Plaintiff, Fourth-Party Plaintiff  or others which prevented North River from completing performance.

## NINTH AFFIRMATIVE DEFENSE

The Fourth-Party Complaint is barred or subject to reduction to the extent that the alleged costs incurred and sought by County of Bergen are not consistent with the National Contingency Plan or otherwise are not response costs recoverable under CERCLA or the Spill Act.

## TENTH AFFIRMATIVE DEFENSE

The Fourth-Party Complaint is barred by the terms of the contract between the parties in this matter.

## ELEVENTH AFFIRMATIVE DEFENSE

The Fourth-Party Complaint is barred or subject to reduction by County of Bergen's and/or Third-Party Plaintiff Alcoa's misrepresentations and/or fraud in the inducement of contract.

## TWELTH AFFIRMATIVE DEFENSE

North River hereby incorporates all affirmative and separate defenses which it has pleaded or have been or will be pleaded by any party in this action to the extent that these defenses are applicable to North River and/or the claims set forth in this Fourth-Party Complaint as well as any additional applicable statutory or

common law defenses and reserves the right to amend this Answer to assert additional defenses.

### THIRTEENTH AFFIRMATIVE DEFENSE

North River reserves the right to assert additional defenses that may be pertinent to Plaintiff's claims and to the Fourth-Party Complaint when the precise nature of said claims is further ascertained through discovery and based upon facts developed as this matter progresses.

### COUNTERCLAIM FOR CONTRIBUTION AND INDEMNITY

1.      While continuing to deny the material allegations of the Second Amended Complaint and all Crossclaims and Third-Party Claims related thereto, North River hereby demands indemnity and contribution from the County of Bergen pursuant to the common law and any contract and all applicable laws including but not limited to N.J.S.A. §2A:15-5.1 et seq., N.J.S.A. §2A:53A-1 et seq., 42 U.S.C. §9613(f) and N.J.S.A. 58:10-23.11 et seq. from County of Bergen for a proportionate share of costs, damages or other loss or harm, if any, for which North River may be held liable, or which it may in the future incur, related to the Veteran's Field site as a result of acts, omissions or other legal responsibility of others including the County of Bergen.

## COUNTERCLAIM FOR BREACH OF CONTRACT

2.      North River repeats and incorporates herein by reference the

allegations set forth in the previous Paragraph of these Counterclaims as if set forth

fully herein in lieu of repetition.

3.      The County of Bergen has alleged that it is entitled to relief from

North River pursuant to the Multi-Party Property Acquisition Agreement.

4.      While North River continues to deny that the provisions of the Multi-

Party Property Acquisition Agreement are relevant to the claims herein, if it is

established that said Agreement is relevant to the within claims, the County of

Bergen has breached said Agreement and has failed to perform all of its obligations

and duties owed to North River under that Agreement.

5.      As a direct and proximate result of the County of Bergen's breach of

contract, North River has suffered damages in an amount to be determined at trial.

**WHEREFORE,** North River demands judgment dismissing the Fourth-Party Complaint with prejudice, and that judgment be entered in favor of North River for damages, attorney's fees, costs of suit and any other and further relief as this Court deems equitable and just.

Archer & Greiner
Attorneys for Defendant/Fourth-Party
Defendant North River Mews
Associates, LLC

BY: _/s/Debra S. Rosen_____
         DEBRA S. ROSEN, ESQ.

DATED:  May 21, 2015

12608031v1

9