David R. Pierce, Esq.   #1812
LINDABURY, McCORMICK, ESTABROOK & COOPER P.C.
53 Cardinal Drive
P. O. Box 2369
Westfield, New Jersey 07091
(908) 233-6800
Attorneys for Defendant, TERMS Environmental Services, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Plaintiff,**
BOROUGH OF EDGEWATER,                    Civil Action No.: 2:14-cv-05060-ES-MAH

**vs.**

**Defendants,**
WATERSIDE CONSTRUCTION, LLC; 38 COAH,
LLC; DAIBES BROTHERS, INC.; NORTH RIVER
MEWS ASSOCIATES, LLC; FRED A. DAIBES;
TERMS ENVIRONMENTAL SERVICES, INC.;
ALCOA, INC. (formerly known as "Aluminum
Company of America"); ALCOA DOMESTIC,
LLP, as successor in interest to A.P. NEW JERSEY,
INC.; JOHN DOES 1-100; and ABC CORPORATIONS
1-100,
                                                         *Electronically Filed*
**And**

                                                         **ANSWER TO PLAINTIFF'S**
**Defendants/Third-Party Plaintiffs,**                   **SECOND AMENDED**
WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC;               **COMPLAINT WITH**
DAIBES BROTHERS, INC.; NORTH RIVER MEWS                  **AFFIRMATIVE DEFENSES**
ASSOCIATES, LLC; FRED A. DAIBES

**vs.**

**Third-Party Defendant,**
NEGLIA ENGINEERING ASSOCIATES

**And**

2547255v2

**Defendant/Third Party Plaintiff,**
ALCOA DOMESTIC, LLC, as successor in
interest to A.P. NEW JERSEY, INC.

**v.**

**Third-Party Defendants,**
COUNTY OF BERGEN and RIVER ROAD
IMPROVEMENT PHASE II, INC.

**And**

**Third-Party Defendant/Fourth Party Plaintiff**
COUNTY OF BERGEN

**v.**

**Fourth Party Defendant,**
NORTH RIVER MEWS ASSOCIATES, LLC

---

      Defendant, TERMS Environmental Services, Inc., by way of Answer to the Second

Amended Complaint of Plaintiff, Borough of Edgewater, hereby says:

## THE PARTIES

1.      Admitted.

2.      Defendant admits that Waterside Construction, LLC is a New Jersey limited

liability company, but lacks information and knowledge sufficient to form a belief

as to the truth of the remainder of the allegations contained in paragraph 2 of the

Second Amended Complaint and therefore denies same.

3.      Defendant lacks information or knowledge sufficient to form a belief about the

truth of the allegations contained in Paragraph 3 of the Second Amended

2

2547255v2

Complaint and therefore denies same.

4.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of the Second Amended Complaint and therefore denies same.

5.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Second Amended Complaint and therefore denies same.

6.     Defendant admits that Fred Daibes is an individual and that he owned and/or controlled Waterside Construction, LLC, but lacks information and knowledge sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 6 of the Second Amended Complaint and therefore denies same.

7.     Defendant admits that TERMS Environmental Services, Inc. ("TERMS") is a New Jersey corporation with an office at 599 Springfield Avenue, Berkeley Heights, New Jersey and was engaged as an environmental consultant for certain work for Plaintiff relating to Veteran's Field and denies the remainder of the allegations contained in Paragraph 7 of the Second Amended Complaint.

8.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 8 of the Second Amended Complaint and therefore denies same.

9.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Second Amended

Complaint and therefore denies same.

10. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Second Amended Complaint and therefore denies same.

11. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Second Amended Complaint and therefore denies same.

## JURISDICTION AND VENUE

12. Paragraph 12 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

13. Paragraph 13 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

14. Paragraph 14 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

15. Paragraph 15 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

## BACKGROUND

16. Defendant admits that Veteran's Field is located at 1167 River Road, Edgewater,

New Jersey, is known as Block 30, Lot 1 on the Tax Map of the Borough of Edgewater and is a public park consisting of approximately 27.58 acres, and prior to the activities referenced in the Second Amended Complaint contained ball fields, athletic courts, playgrounds, a picnic area and a community center, but lacks information and knowledge sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 16 of the Second Amended Complaint and therefore denies same.

17.   Admitted.

18.   Admitted.

19.   Admitted.

20.   Admitted.

21.   Admitted.

22.   Admitted.

23.   Defendant admits that in or about 2011 Plaintiff and Defendant, TERMS entered into a contract for the provision of environmental consulting services by TERMS to Plaintiff and neither admits nor denies the content and terms of that contract but refers the court to the document which speaks for itself.  The remainder of the allegations contained in Paragraph 23 of the Second Amended Complaint contain conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

24.   Defendant admits that it was responsible for testing any proposed fill material for Veteran's Field identified to it by Waterside Construction, LLC and for which prior

certification as acceptable fill material was not presented by Waterside Construction, LLC and denies the remainder of the allegations contained in Paragraph 24 of the Second Amended Complaint.

25.     Defendant admits that it was responsible for developing the plan for sampling, analyzing and approving proposed fill material identified to it by Waterside Construction, LLC for use at Veteran's Field and denies the remainder of the allegations contained in Paragraph 25 of the Second Amended Complaint.

26.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Second Amended Complaint and therefore denies same.

27.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Second Amended Complaint and therefore denies same.

28.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of the Second Amended Complaint and therefore denies same.

29.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of the Second Amended Complaint and therefore denies same.

30.     Admitted.

31.     Defendant admits that after contaminated soils were removed from Veteran's Field by Waterside Construction, LLC work was initiated to cap the remaining Site soils

with a demarcation layer and clean fill.   Defendant further admits that it instructed Waterside Construction, LLC ("Waterside") that Waterside was to provide TERMS with documentation certifying that any fill material Waterside proposed to use at Veteran's Field satisfied the requirements for acceptable fill material and that if no such documentation was available, then Waterside was to identify the source of any fill material Waterside proposed to use at Veteran's Field so that TERMS could collect samples of the proposed fill material and have it analyzed. Defendant denies the remainder of the allegations contained in Paragraph 31 of the Second Amended Complaint.

32.    Defendant admits that it collected samples of various fill materials proposed for use at Veteran's Field by Waterside and had those samples analyzed.   Defendant further admits that the testing results demonstrated that some proposed fill materials satisfied the NJDEP requirements and were suitable for use at Veteran's Field and that some other proposed fill materials did not satisfy the NJDEP requirements and were not suitable for use at Veteran's Field and that defendant advised Waterside and Plaintiff's representatives of the results of all such testing. Defendant denies the remainder of the allegations contained in Paragraph 32 of the Second Amended Complaint.

33.    Admitted.

34.    Admitted.

35.    Defendant admits that after Super Storm Sandy, it continued to collect samples of various fill materials proposed for use at Veteran's Field by Waterside and had

those samples analyzed. Defendant further admits that the testing results demonstrated that some proposed fill materials satisfied the NJDEP requirements and were suitable for use at Veteran's Field and that some other proposed fill materials did not satisfy the NJDEP requirements and were not suitable for use at Veteran's Field and that defendant advised Waterside and Plaintiff's representatives of the results of all such testing. Defendant denies the remainder of the allegations contained in Paragraph 35 of the Second Amended Complaint.

36.   Defendant admits that it collected samples of various fill materials proposed for use at Veteran's Field by Waterside and had those samples analyzed. Defendant further admits that the testing results demonstrated that some proposed fill materials satisfied the NJDEP requirements and were suitable for use at Veteran's Field and that some other proposed fill materials did not satisfy the NJDEP requirements and were not suitable for use at Veteran's Field and that defendant advised Waterside and Plaintiff's representatives of the results of all such testing. Defendant admits that Waterside and Fred Daibes became frustrated by TERMS insistence that proper documentations and/or testing be provided for proposed fill material and that Waterside and Daibes sought to have TERMS and its employees removed from the Project. Defendant denies the remainder of the allegations contained in Paragraph 36 of the Second Amended Complaint.

37.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 37 of the Second Amended Complaint and therefore denies same.

2547255v2                                                                              8

38.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 38 of the Second Amended Complaint and therefore denies same.

39.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 39 of the Second Amended Complaint and therefore denies same.

40.    Defendant admits that on or about September 9, 2013, representatives of TERMS went to Veteran's Field and observed fill material containing crushed concrete that was placed at the site by Waterside over the prior weekend and that some of said fill material had been covered with different materials.   Defendant denies the remainder of the allegations contained in Paragraph 40 of the Second Amended Complaint.

41.    Defendant admits that representatives of TERMS advised Waterside that it was not to move any fill material containing crushed concrete to any other area at Veteran's Field and that Waterside was not to disturb the stockpiles of fill material containing crushed concrete that Waterside had placed at Veteran's Field.   Defendant denies the remainder of the allegations contained in Paragraph 41 of the Second Amended Complaint.

42.    Denied.

43.    Defendant admits that Waterside, by and at the direction of Daibes, placed fill material containing crushed concrete and contaminated with PCBs at various areas of Veteran's Field.   Defendant lacks information or knowledge sufficient to form a

2547255v2

9

belief about the truth of the remainder of the allegations contained in Paragraph 43 of the Second Amended Complaint and therefore denies same.

44.    Admitted.

45.    Admitted.

46.    Admitted.

47.    Admitted.

48.    Admitted.

49.    Admitted.

50.    Defendant admits that Waterside placed fill materials contaminated with PCBs and other contaminants at the Site and blended contaminated fill materials with other fill materials.  Defendant further admits that the investigation indicated that the improper manner in which contaminated fill materials were processed and spread cross-contaminated clean fill material previously used at the Site.  Defendant denies the remainder of the allegations contained in Paragraph 50 of the Second Amended Complaint.

51.    Admitted.

52.    Admitted.

53.    Defendant admits that sampling and analysis showed that fill material deposited onto Veteran's Field by Waterside was contaminated with PCBs at concentrations ranging from 10 mg/kg to 300 mg/kg and that the concentrations of PCBs in the soils at Veteran's Field after the prior removal of contaminated soil were below NJDEP's residential direct contact soil remediation standard of 0.2 mg/kg.

Defendant denies the remainder of the allegations contained on Paragraph 53 of the Second Amended Complaint.

54.    Admitted.

55.    Defendant admits that the Alcoa Site is a known contaminated site and denies the remainder of the allegations contained in Paragraph 55 of the Second Amended Complaint.

56.    Defendant admits that the Alcoa Site is a known contaminated site and denies the remainder of the allegations contained in Paragraph 56 of the Second Amended Complaint.

57.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 57 of the Second Amended Complaint and therefore denies same.

58.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 58 of the Second Amended Complaint and therefore denies same.

59.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 59 of the Second Amended Complaint and therefore denies same.

60.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 60 of the Second Amended Complaint and therefore denies same.

61.    Defendant lacks information or knowledge sufficient to form a belief about the

2547255v2

truth of the allegations contained in Paragraph 61 of the Second Amended Complaint and therefore denies same.

62.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 62 of the Second Amended Complaint and therefore denies same.

63.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 63 of the Second Amended Complaint and therefore denies same.

64.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 64 of the Second Amended Complaint and therefore denies same.

65.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 65 of the Second Amended Complaint and therefore denies same.

66.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 66 of the Second Amended Complaint and therefore denies same.

67.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 67 of the Second Amended Complaint and therefore denies same.

68.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 68 of the Second Amended

2547255v2

Complaint and therefore denies same.

69.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 69 of the Second Amended Complaint and therefore denies same.

70.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 70 of the Second Amended Complaint and therefore denies same.

71.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 71 of the Second Amended Complaint and therefore denies same.

72.    Defendant admits that Defendants Waterside and Daibes caused crushed concrete material from the former Alcoa property to be transported to and disposed of at Veteran's Field.  Defendant lacks information or knowledge sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 72 of the Second Amended Complaint and therefore denies same.

73.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 73 of the Second Amended Complaint and therefore denies same.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.     Denied.

79.     Defendant admits that it prepared and submitted to the United States Environmental Protection Agency a proposed self-implementing plan concerning the remediation of the contaminated material brought to Veteran's Field by Defendants Waterside and Daibes and denies the remainder of the allegations contained in Paragraph 79 of the Second Amended Complaint.

80.     Denied.

81.     Denied.

## COUNT I

82.     Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as of set forth at length herein.

83.     Paragraph 83 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

84.     Paragraph 84 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

85.     Paragraph 85 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

86.     Paragraph 86 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same

and leaves Plaintiff to its proofs.

87.   Paragraph 87 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

88.   Paragraph 88 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

89.   Paragraph 89 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

90.   Paragraph 90 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

91.   Paragraph 91 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

92.   Paragraph 92 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

93.   Paragraph 93 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

2547255v2

94.   Paragraph 94 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

95.   Paragraph 95 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

96.   Paragraph 96 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

97.   Paragraph 97 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

98.   Paragraph 98 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

99.   Paragraph 99 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

100.   Paragraph 100 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

101.   Paragraph 101 of the Second Amended Complaint contains conclusions of law and

not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

102. Paragraph 102 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

103. Denied.

104. Paragraph 104 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

105. Paragraph 105 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

106. Paragraph 106 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

107. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 107 of the Second Amended Complaint and therefore denies same.

108. Paragraph 108 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

2547255v2

## COUNT II

109.  Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as if set forth at length herein.

110.  Paragraph 110 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

111.  Paragraph 111 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

112.  Paragraph 112 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

113.  Paragraph 113 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

114.  Paragraph 114 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

115.  Paragraph 115 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

116.  Paragraph 116 of the Second Amended Complaint contains conclusions of law and

2547255v2

not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

117.   Denied as to Defendant, TERMS.  Defendant lacks information or knowledge sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 117 of the Second Amended Complaint and therefore denies same.

118.   Denied as to Defendant, TERMS.  Defendant lacks information or knowledge sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 118 of the Second Amended Complaint and therefore denies same.

119.   Paragraph 119 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

120.   Paragraph 120 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

121.   Paragraph 121 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

122.   Paragraph 122 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

2547255v2

123. Paragraph 123 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

124. Paragraph 124 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

## COUNT III

125. Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as if set forth at length herein.

126. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 126 of the Second Amended Complaint and therefore denies same.

127. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 127 of the Second Amended Complaint and therefore denies same.

128. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 128 of the Second Amended Complaint and therefore denies same.

129. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 129 of the Second Amended Complaint and therefore denies same.

130. Defendant lacks information or knowledge sufficient to form a belief about the

truth of the allegations contained in Paragraph 130 of the Second Amended Complaint and therefore denies same.

131.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 131 of the Second Amended Complaint and therefore denies same.

132.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 132 of the Second Amended Complaint and therefore denies same.

133.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 133 of the Second Amended Complaint and therefore denies same.

134.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 134 of the Second Amended Complaint and therefore denies same.

135.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 135 of the Second Amended Complaint and therefore denies same.

136.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 136 of the Second Amended Complaint and therefore denies same.

137.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 137 of the Second Amended

Complaint and therefore denies same.

138.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 138 of the Second Amended Complaint and therefore denies same.

139.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 139 of the Second Amended Complaint and therefore denies same.

140.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 140 of the Second Amended Complaint and therefore denies same.

141.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 141 of the Second Amended Complaint and therefore denies same.

142.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 142 of the Second Amended Complaint and therefore denies same.

143.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 143 of the Second Amended Complaint and therefore denies same.

144.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 144 of the Second Amended Complaint and therefore denies same.

2547255v2

145.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 145 of the Second Amended Complaint and therefore denies same.

146.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 146 of the Second Amended Complaint and therefore denies same.

## COUNT IV

147.   Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as if set forth at length herein.

148.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 148 of the Second Amended Complaint and therefore denies same.

149.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 149 of the Second Amended Complaint and therefore denies same.

150.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 150 of the Second Amended Complaint and therefore denies same.

151.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 151 of the Second Amended Complaint and therefore denies same.

152.   Defendant lacks information or knowledge sufficient to form a belief about the

truth of the allegations contained in Paragraph 152 of the Second Amended Complaint and therefore denies same.

153.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 153 of the Second Amended Complaint and therefore denies same.

154.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 154 of the Second Amended Complaint and therefore denies same.

155.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 155 of the Second Amended Complaint and therefore denies same.

## COUNT V

156.    Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as if set forth at length herein.

157.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 157 of the Second Amended Complaint and therefore denies same.

158.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 158 of the Second Amended Complaint and therefore denies same.

159.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 159 of the Second Amended

Complaint and therefore denies same.

160.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 160 of the Second Amended Complaint and therefore denies same.

161.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 161 of the Second Amended Complaint and therefore denies same.

162.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 162 of the Second Amended Complaint and therefore denies same.

## **COUNT VI**

163.    Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as if set forth at length herein.

164.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 164 of the Second Amended Complaint and therefore denies same.

165.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 165 of the Second Amended Complaint and therefore denies same.

166.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 166 of the Second Amended Complaint and therefore denies same.

167.  Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 167 of the Second Amended Complaint and therefore denies same.

168.  Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 168 of the Second Amended Complaint and therefore denies same.

169.  Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 169 of the Second Amended Complaint and therefore denies same.

**COUNT VII**

170.  Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as if set forth at length herein.

171.  Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 171 of the Second Amended Complaint and therefore denies same.

172.  Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 172 of the Second Amended Complaint and therefore denies same.

173.  Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 173 of the Second Amended Complaint and therefore denies same.

174.  Defendant lacks information or knowledge sufficient to form a belief about the

truth of the allegations contained in Paragraph 174 of the Second Amended Complaint and therefore denies same.

175.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 175 of the Second Amended Complaint and therefore denies same.

176.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 176 of the Second Amended Complaint and therefore denies same.

177.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 177 of the Second Amended Complaint and therefore denies same.

178.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 178 of the Second Amended Complaint and therefore denies same.

179.     Defendant admits that on September 9, 2013 Ronald Dooney of TERMS went to Veteran's Field and observed fill material containing crushed concrete that was placed at the site by Waterside over the prior weekend and that some of said fill material had been covered with different fill material.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 179 of the Second Amended Complaint and therefore denies same.

180.     Defendant admits that representatives of TERMS advised Waterside that it was not

to move any fill material containing crushed concrete to any other area at Veteran's Field and that Waterside was not to disturb the stockpiles of fill material containing crushed concrete that Waterside had placed at Veteran's Field.   Defendant denies the remainder of the allegations contained in Paragraph 180 of the Second Amended Complaint.

181.   Defendant admits that Waterside, by and at the direction of Daibes, placed fill containing crushed concrete and contaminated with PCBs at various areas of Veteran's Field.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 181 of the Second Amended Complaint and therefore denies same.

182.   Admitted.

183.   Admitted.

184.   Admitted that Waterside and Daibes delivered contaminated fill material to Veteran's Field.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 184 of the Second Amended Complaint and therefore denies same.

185.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 185 of the Second Amended Complaint and therefore denies same.

186.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 186 of the Second Amended Complaint and therefore denies same.

187.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 187 of the Second Amended Complaint and therefore denies same.

188.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 188 of the Second Amended Complaint and therefore denies same.

189.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 189 of the Second Amended Complaint and therefore denies same.

190.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 190 of the Second Amended Complaint and therefore denies same.

191.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 191 of the Second Amended Complaint and therefore denies same.

192.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 192 of the Second Amended Complaint and therefore denies same.

193.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 193 of the Second Amended Complaint and therefore denies same.

194.   Paragraph 194 of the Second Amended Complaint contains conclusions of law and

not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

## COUNT VIII

195.   Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as if set forth at length herein.

196.   Defendant admits that in or about 2011, it and Plaintiff entered into a contract for the provision of environmental consulting services by TERMS to Plaintiff and neither admits nor denies the content and terms of that contract but refers the court to the document which speaks for itself.   The remainder of the allegations contained in Paragraph 196 of the Second Amended Complaint contain conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

197.   Defendant admits that it was responsible for testing any proposed fill material for Veteran's Field identified to it by Waterside Construction, LLC and for which prior certification as acceptable fill material was not presented by Waterside Construction, LLC and denies the remainder of the allegations contained in Paragraph 197 of the Second Amended Complaint.

198.   Denied.

199.   Denied.

200.   Denied.

201.   Denied.

202.   Denied.

2547255v2

203.   Denied.

204.   Defendant admits that it prepared and submitted to the United States Environmental Protection Agency a proposed self-implementing plan concerning the remediation of the contaminated material brought to Veteran's Field by Defendants Waterside and Daibes and denies the remainder of the allegations contained in Paragraph 204 of the Second Amended Complaint.

205.   Denied.

206.   Denied.

## COUNT IX

207.   Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as of set forth at length herein.

208.   Denied.

209.   Denied.

210.   Denied.

## PRAYER FOR RELIEF

WHEREFORE, and by reason of the foregoing, Defendant, TERMS Environmental Services, Inc., demands judgment in its favor and against Plaintiff, Borough of Edgewater, dismissing Plaintiff's Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction by reason of Plaintiff's own contributory negligence.

2547255v2

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction by reason of Plaintiff's failure to mitigate its alleged damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages have been caused solely by the acts of third parties over whom this Defendant had no dominion or control.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of waiver and /or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because this Defendant was acting under and in accordance with instructions received from Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the conduct of this Defendant was in accordance with the course of dealing established between Plaintiff and this Defendant.

## NINTH AFFIRMATIVE DEFENSE

This Defendant owed no duty to Plaintiff to control the actions of the other Defendants.

2547255v2

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a claim upon which relief may be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Plaintiff's own breach of contract.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction because the damages claimed are not consistent with the National Contingency Plan.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction because the damages claimed include costs that are not reasonable or necessary.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction by reason of the Doctrine of Comparative Negligence and/or the Joint Tortfeasor Contribution Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction because Defendant is entitled to common law indemnification from Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction because Defendant is entitled to common law contribution from Plaintiff.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction because Defendant is entitled to contribution from Plaintiff pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11, et seq.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's own actions prevented Defendant from completing performance.

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction because Defendant is entitled to contribution from, and/or equitable apportionment with Plaintiff pursuant to the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9613(f)(1).

TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the alleged costs incurred are not recoverable under the Spill Act as "clean up and removal costs".

TWENTY-FIRST AFFIRMATIVE DEFENSE

The costs allegedly incurred, or to be incurred as referenced in the Second Amended Complaint, are not response costs recoverable from Defendant pursuant to CERCLA.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Any alleged damages suffered by Plaintiff, which are denied, and any releases or threatened release of hazardous substances or other contaminants as alleged, and any costs or damages resulting therefrom, were caused solely by the acts and/or omissions of third parties or

their agents, employees or any party with a contractual relationship existing directly or indirectly with Plaintiff within the meaning of Section 107(b)(3) of CERCLA.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with the requirements and prerequisites to liability under the Spill Compensation and Control Act, N.J.S.A. § 58:10-23.11 et. seq. including without limitation Plaintiff's incurring costs not authorized by the Spill Act.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint must be dismissed for failure to join indispensable parties to this litigation.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of set off.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of recoupment.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Without conceding any detrimental reliance on the part of Plaintiff, the Plaintiff acted unreasonably if any such reliance exists.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has no claim under the Spill Act as Defendant is not a discharger or responsible person within the meaning of the act and there is no causal nexus.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff has no claim under CERCLA because Defendant is not a covered person within the meaning of CERCLA.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff did not comply with the statutory and/or regulatory prerequisites necessary to bring a CERCLA action.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statutory defenses to liability provided by the Spill Act.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant hereby incorporates all affirmative and separate defenses which have been or will be pleased by any party in this action to the extent that these defenses are applicable to Defendant as well as any additional applicable statutory or common law defenses and reserves the right to amend this Answer to assert additional defenses.

2547255v2

36

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses that may be pertinent to Plaintiff's claims when the precise nature of said claims is further ascertained through discovery and based upon facts developed as this matter progresses.

LINDABURY, McCORMICK, ESTABROOK & COOPER, P.C.
Attorneys for Defendant, TERMS Environmental Services, Inc.

*David R. Pierce*
David R. Pierce, Esq.

Dated:   June 4, 2015

37

2547255v2