David R. Pierce, Esq.   #1812
LINDABURY, McCORMICK, ESTABROOK & COOPER P.C.
53 Cardinal Drive
P. O. Box 2369
Westfield, New Jersey 07091
(908) 233-6800
Attorneys for Defendant, TERMS Environmental Services, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Plaintiff,**
BOROUGH OF EDGEWATER,

Civil Action No.: 2:14-cv-05060-ES-MAH

**vs.**

**Defendants,**
WATERSIDE CONSTRUCTION, LLC; 38 COAH,
LLC; DAIBES BROTHERS, INC.; NORTH RIVER
MEWS ASSOCIATES, LLC; FRED A. DAIBES;
TERMS ENVIRONMENTAL SERVICES, INC.;
ALCOA, INC. (formerly known as "Aluminum
Company of America"); ALCOA DOMESTIC,
LLP, as successor in interest to A.P. NEW JERSEY,
INC.; JOHN DOES 1-100; and ABC CORPORATIONS
1-100,

**And**

**Defendants/Third-Party Plaintiffs,**
WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC;
DAIBES BROTHERS, INC.; NORTH RIVER MEWS
ASSOCIATES, LLC; FRED A. DAIBES

**vs.**

**Third-Party Defendant,**
NEGLIA ENGINEERING ASSOCIATES

**And**

*Electronically Filed*
**AMENDED ANSWER
TO PLAINTIFF'S
SECOND AMENDED
COMPLAINT WITH
AFFIRMATIVE DEFENSES
WITH COUNTERCLAIMS
AND CROSSCLAIMS**

**Defendant/Third Party Plaintiff,**
ALCOA DOMESTIC, LLC, as successor in
interest to A.P. NEW JERSEY, INC.

**v.**

**Third-Party Defendants,**
COUNTY OF BERGEN and RIVER ROAD
IMPROVEMENT PHASE II, INC.

**And**

**Third-Party Defendant/Fourth Party Plaintiff**
COUNTY OF BERGEN

**v.**

**Fourth Party Defendant,**
NORTH RIVER MEWS ASSOCIATES, LLC

Defendant, TERMS Environmental Services, Inc., by way of Amended Answer to the

Second Amended Complaint of Plaintiff, Borough of Edgewater, hereby says:

## THE PARTIES

1.    Admitted.

2.    Defendant admits that Waterside Construction, LLC is a New Jersey limited
      liability company, but lacks information and knowledge sufficient to form a belief
      as to the truth of the remainder of the allegations contained in paragraph 2 of the
      Second Amended Complaint and therefore denies same.

3.    Defendant lacks information or knowledge sufficient to form a belief about the
      truth of the allegations contained in Paragraph 3 of the Second Amended
      Complaint and therefore denies same.

2

2615015v1

4.      Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of the Second Amended Complaint and therefore denies same.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Second Amended Complaint and therefore denies same.

5.      Defendant admits that Fred Daibes is an individual and that he owned and/or controlled Waterside Construction, LLC, but lacks information and knowledge sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 6 of the Second Amended Complaint and therefore denies same.

6.      Defendant admits that TERMS Environmental Services, Inc. ("TERMS") is a New Jersey corporation with an office at 599 Springfield Avenue, Berkeley Heights, New Jersey and was engaged as an environmental consultant for certain work for Plaintiff relating to Veteran's Field and denies the remainder of the allegations contained in Paragraph 7 of the Second Amended Complaint.

7.      Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 8 of the Second Amended Complaint and therefore denies same.

8.      Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Second Amended Complaint and therefore denies same.

9.      Defendant lacks information or knowledge sufficient to form a belief about the
truth of the allegations contained in Paragraph 10 of the Second Amended
Complaint and therefore denies same.

10.     Defendant lacks information or knowledge sufficient to form a belief about the
truth of the allegations contained in Paragraph 11 of the Second Amended
Complaint and therefore denies same.

## JURISDICTION AND VENUE

11.     Paragraph 12 of the Second Amended Complaint contains conclusions of law and
not allegations of facts and Defendant therefore, neither admits nor denies same
and leaves Plaintiff to its proofs.

12.     Paragraph 13 of the Second Amended Complaint contains conclusions of law and
not allegations of facts and Defendant therefore, neither admits nor denies same
and leaves Plaintiff to its proofs.

13.     Paragraph 14 of the Second Amended Complaint contains conclusions of law and
not allegations of facts and Defendant therefore, neither admits nor denies same
and leaves Plaintiff to its proofs.

14.     Paragraph 15 of the Second Amended Complaint contains conclusions of law and
not allegations of facts and Defendant therefore, neither admits nor denies same
and leaves Plaintiff to its proofs.

## BACKGROUND

15.     Defendant admits that Veteran's Field is located at 1167 River Road, Edgewater,
New Jersey, is known as Block 30, Lot 1 on the Tax Map of the Borough of

2615015v1

Edgewater and is a public park consisting of approximately 27.58 acres, and prior to the activities referenced in the Second Amended Complaint contained ball fields, athletic courts, playgrounds, a picnic area and a community center, but lacks information and knowledge sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 16 of the Second Amended Complaint and therefore denies same.

16.    Admitted.

17.    Admitted.

18.    Admitted.

19.    Admitted.

20.    Admitted.

21.    Admitted.

22.    Defendant admits that in or about 2011 Plaintiff and Defendant, TERMS entered into a contract for the provision of environmental consulting services by TERMS to Plaintiff and neither admits nor denies the content and terms of that contract but refers the court to the document which speaks for itself.  The remainder of the allegations contained in Paragraph 23 of the Second Amended Complaint contain conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

23.    Defendant admits that it was responsible for testing any proposed fill material for Veteran's Field identified to it by Waterside Construction, LLC and for which prior certification as acceptable fill material was not presented by Waterside

5

Construction, LLC and denies the remainder of the allegations contained in Paragraph 24 of the Second Amended Complaint.

24. Defendant admits that it was responsible for developing the plan for sampling, analyzing and approving proposed fill material identified to it by Waterside Construction, LLC for use at Veteran's Field and denies the remainder of the allegations contained in Paragraph 25 of the Second Amended Complaint.

25. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Second Amended Complaint and therefore denies same.

26. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Second Amended Complaint and therefore denies same.

27. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of the Second Amended Complaint and therefore denies same.

28. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of the Second Amended Complaint and therefore denies same.

29. Admitted.

30. Defendant admits that after contaminated soils were removed from Veteran's Field by Waterside Construction, LLC work was initiated to cap the remaining Site soils with a demarcation layer and clean fill.  Defendant further admits that it instructed

6

Waterside Construction, LLC ("Waterside") that Waterside was to provide TERMS with documentation certifying that any fill material Waterside proposed to use at Veteran's Field satisfied the requirements for acceptable fill material and that if no such documentation was available, then Waterside was to identify the source of any fill material Waterside proposed to use at Veteran's Field so that TERMS could collect samples of the proposed fill material and have it analyzed. Defendant denies the remainder of the allegations contained in Paragraph 31 of the Second Amended Complaint.

31. Defendant admits that it collected samples of various fill materials proposed for use at Veteran's Field by Waterside and had those samples analyzed. Defendant further admits that the testing results demonstrated that some proposed fill materials satisfied the NJDEP requirements and were suitable for use at Veteran's Field and that some other proposed fill materials did not satisfy the NJDEP requirements and were not suitable for use at Veteran's Field and that defendant advised Waterside and Plaintiff's representatives of the results of all such testing. Defendant denies the remainder of the allegations contained in Paragraph 32 of the Second Amended Complaint.

32. Admitted.

33. Admitted.

34. Defendant admits that after Super Storm Sandy, it continued to collect samples of various fill materials proposed for use at Veteran's Field by Waterside and had those samples analyzed. Defendant further admits that the testing results

7

demonstrated that some proposed fill materials satisfied the NJDEP requirements and were suitable for use at Veteran's Field and that some other proposed fill materials did not satisfy the NJDEP requirements and were not suitable for use at Veteran's Field and that defendant advised Waterside and Plaintiff's representatives of the results of all such testing. Defendant denies the remainder of the allegations contained in Paragraph 35 of the Second Amended Complaint.

35.   Defendant admits that it collected samples of various fill materials proposed for use at Veteran's Field by Waterside and had those samples analyzed. Defendant further admits that the testing results demonstrated that some proposed fill materials satisfied the NJDEP requirements and were suitable for use at Veteran's Field and that some other proposed fill materials did not satisfy the NJDEP requirements and were not suitable for use at Veteran's Field and that defendant advised Waterside and Plaintiff's representatives of the results of all such testing. Defendant admits that Waterside and Fred Daibes became frustrated by TERMS insistence that proper documentations and/or testing be provided for proposed fill material and that Waterside and Daibes sought to have TERMS and its employees removed from the Project. Defendant denies the remainder of the allegations contained in Paragraph 36 of the Second Amended Complaint.

36.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 37 of the Second Amended Complaint and therefore denies same.

8

37.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 38 of the Second Amended Complaint and therefore denies same.

38.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 39 of the Second Amended Complaint and therefore denies same.

39.   Defendant admits that on or about September 9, 2013, representatives of TERMS went to Veteran's Field and observed fill material containing crushed concrete that was placed at the site by Waterside over the prior weekend and that some of said fill material had been covered with different materials.   Defendant denies the remainder of the allegations contained in Paragraph 40 of the Second Amended Complaint.

40.   Defendant admits that representatives of TERMS advised Waterside that it was not to move any fill material containing crushed concrete to any other area at Veteran's Field and that Waterside was not to disturb the stockpiles of fill material containing crushed concrete that Waterside had placed at Veteran's Field.   Defendant denies the remainder of the allegations contained in Paragraph 41 of the Second Amended Complaint.

41.   Denied.

42.   Defendant admits that Waterside, by and at the direction of Daibes, placed fill material containing crushed concrete and contaminated with PCBs at various areas of Veteran's Field.   Defendant lacks information or knowledge sufficient to form a

belief about the truth of the remainder of the allegations contained in Paragraph 43 of the Second Amended Complaint and therefore denies same.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Defendant admits that Waterside placed fill materials contaminated with PCBs and other contaminants at the Site and blended contaminated fill materials with other fill materials.   Defendant further admits that the investigation indicated that the improper manner in which contaminated fill materials were processed and spread cross-contaminated clean fill material previously used at the Site.   Defendant denies the remainder of the allegations contained in Paragraph 50 of the Second Amended Complaint.

50. Admitted.

51. Admitted.

52. Defendant admits that sampling and analysis showed that fill material deposited onto Veteran's Field by Waterside was contaminated with PCBs at concentrations ranging from 10 mg/kg to 300 mg/kg and that the concentrations of PCBs in the soils at Veteran's Field after the prior removal of contaminated soil were below NJDEP's residential direct contact soil remediation standard of 0.2 mg/kg.

10

Defendant denies the remainder of the allegations contained on Paragraph 53 of the Second Amended Complaint.

53. Admitted.

54. Defendant admits that the Alcoa Site is a known contaminated site and denies the remainder of the allegations contained in Paragraph 55 of the Second Amended Complaint.

55. Defendant admits that the Alcoa Site is a known contaminated site and denies the remainder of the allegations contained in Paragraph 56 of the Second Amended Complaint.

56. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 57 of the Second Amended Complaint and therefore denies same.

57. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 58 of the Second Amended Complaint and therefore denies same.

58. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 59 of the Second Amended Complaint and therefore denies same.

59. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 60 of the Second Amended Complaint and therefore denies same.

11

2615015v1

60.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 61 of the Second Amended Complaint and therefore denies same.

61.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 62 of the Second Amended Complaint and therefore denies same.

62.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 63 of the Second Amended Complaint and therefore denies same.

63.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 64 of the Second Amended Complaint and therefore denies same.

64.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 65 of the Second Amended Complaint and therefore denies same.

65.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 66 of the Second Amended Complaint and therefore denies same.

66.     Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 67 of the Second Amended Complaint and therefore denies same.

2615015v1

67. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 68 of the Second Amended Complaint and therefore denies same.

68. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 69 of the Second Amended Complaint and therefore denies same.

69. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 70 of the Second Amended Complaint and therefore denies same.

70. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 71 of the Second Amended Complaint and therefore denies same.

71. Defendant admits that Defendants Waterside and Daibes caused crushed concrete material from the former Alcoa property to be transported to and disposed of at Veteran's Field.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 72 of the Second Amended Complaint and therefore denies same.

72. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 73 of the Second Amended Complaint and therefore denies same.

73. Denied.

74. Denied.

13

75.  Denied.

76.  Denied.

77.  Denied.

78.  Defendant admits that it prepared and submitted to the United States Environmental Protection Agency a proposed self-implementing plan concerning the remediation of the contaminated material brought to Veteran's Field by Defendants Waterside and Daibes and denies the remainder of the allegations contained in Paragraph 79 of the Second Amended Complaint.

79.  Denied.

80.  Denied.

## COUNT I

81.  Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as of set forth at length herein.

82.  Paragraph 83 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

83.  Paragraph 84 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

84.  Paragraph 85 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

14

85.     Paragraph 86 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

86.     Paragraph 87 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

87.     Paragraph 88 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

88.     Paragraph 89 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

89.     Paragraph 90 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

90.     Paragraph 91 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

91.     Paragraph 92 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

2615015v1

92.     Paragraph 93 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

93.     Paragraph 94 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

94.     Paragraph 95 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

95.     Paragraph 96 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

96.     Paragraph 97 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

97.     Paragraph 98 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

98.     Paragraph 99 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

2615015v1

99.   Paragraph 100 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

100.   Paragraph 101 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

101.   Paragraph 102 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

102.   Denied.

103.   Paragraph 104 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

104.   Paragraph 105 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

105.   Paragraph 106 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

106.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 107 of the Second Amended Complaint and therefore denies same.

2615015v1

107.   Paragraph 108 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

## COUNT II

108.   Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as if set forth at length herein.

109.   Paragraph 110 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

110.   Paragraph 111 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

111.   Paragraph 112 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

112.   Paragraph 113 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

113.   Paragraph 114 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

2615015v1

114.    Paragraph 115 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

115.    Paragraph 116 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

116.    Denied as to Defendant, TERMS.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 117 of the Second Amended Complaint and therefore denies same.

117.    Denied as to Defendant, TERMS.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 118 of the Second Amended Complaint and therefore denies same.

118.    Paragraph 119 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

119.    Paragraph 120 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

120.    Paragraph 121 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same

19

and leaves Plaintiff to its proofs.

121. Paragraph 122 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

122. Paragraph 123 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

123. Paragraph 124 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

## COUNT III

124. Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as if set forth at length herein.

125. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 126 of the Second Amended Complaint and therefore denies same.

126. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 127 of the Second Amended Complaint and therefore denies same.

127. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 128 of the Second Amended Complaint and therefore denies same.

20

2615015v1

128.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 129 of the Second Amended Complaint and therefore denies same.

129.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 130 of the Second Amended Complaint and therefore denies same.

130.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 131 of the Second Amended Complaint and therefore denies same.

131.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 132 of the Second Amended Complaint and therefore denies same.

132.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 133 of the Second Amended Complaint and therefore denies same.

133.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 134 of the Second Amended Complaint and therefore denies same.

134.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 135 of the Second Amended Complaint and therefore denies same.

21

135. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 136 of the Second Amended Complaint and therefore denies same.

136. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 137 of the Second Amended Complaint and therefore denies same.

137. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 138 of the Second Amended Complaint and therefore denies same.

138. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 139 of the Second Amended Complaint and therefore denies same.

139. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 140 of the Second Amended Complaint and therefore denies same.

140. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 141 of the Second Amended Complaint and therefore denies same.

141. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 142 of the Second Amended Complaint and therefore denies same.

2615015v1

142.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 143 of the Second Amended Complaint and therefore denies same.

143.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 144 of the Second Amended Complaint and therefore denies same.

144.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 145 of the Second Amended Complaint and therefore denies same.

145.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 146 of the Second Amended Complaint and therefore denies same.

## COUNT IV

146.   Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as if set forth at length herein.

147.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 148 of the Second Amended Complaint and therefore denies same.

148.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 149 of the Second Amended Complaint and therefore denies same.

2615015v1

149.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 150 of the Second Amended Complaint and therefore denies same.

150.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 151 of the Second Amended Complaint and therefore denies same.

151.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 152 of the Second Amended Complaint and therefore denies same.

152.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 153 of the Second Amended Complaint and therefore denies same.

153.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 154 of the Second Amended Complaint and therefore denies same.

154.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 155 of the Second Amended Complaint and therefore denies same.

### COUNT V

155.   Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as if set forth at length herein.

24

156.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 157 of the Second Amended Complaint and therefore denies same. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 158 of the Second Amended Complaint and therefore denies same.

157.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 159 of the Second Amended Complaint and therefore denies same.

158.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 160 of the Second Amended Complaint and therefore denies same.

159.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 161 of the Second Amended Complaint and therefore denies same.

160.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 162 of the Second Amended Complaint and therefore denies same.

<u>**COUNT VI**</u>

161.   Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as if set forth at length herein.

2615015v1

162.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 164 of the Second Amended Complaint and therefore denies same.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 165 of the Second Amended Complaint and therefore denies same.

163.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 166 of the Second Amended Complaint and therefore denies same.

164.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 167 of the Second Amended Complaint and therefore denies same.

165.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 168 of the Second Amended Complaint and therefore denies same.

166.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 169 of the Second Amended Complaint and therefore denies same.

## COUNT VII

167.    Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as if set forth at length herein.

26

2615015v1

168.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 171 of the Second Amended Complaint and therefore denies same.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 172 of the Second Amended Complaint and therefore denies same.

169.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 173 of the Second Amended Complaint and therefore denies same.

170.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 174 of the Second Amended Complaint and therefore denies same.

171.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 175 of the Second Amended Complaint and therefore denies same.

172.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 176 of the Second Amended Complaint and therefore denies same.

173.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 177 of the Second Amended Complaint and therefore denies same.

2615015v1

174.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 178 of the Second Amended Complaint and therefore denies same. Defendant admits that on September 9, 2013 Ronald Dooney of TERMS went to Veteran's Field and observed fill material containing crushed concrete that was placed at the site by Waterside over the prior weekend and that some of said fill material had been covered with different fill material. Defendant lacks information or knowledge sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 179 of the Second Amended Complaint and therefore denies same.

175.   Defendant admits that representatives of TERMS advised Waterside that it was not to move any fill material containing crushed concrete to any other area at Veteran's Field and that Waterside was not to disturb the stockpiles of fill material containing crushed concrete that Waterside had placed at Veteran's Field. Defendant denies the remainder of the allegations contained in Paragraph 180 of the Second Amended Complaint.

176.   Defendant admits that Waterside, by and at the direction of Daibes, placed fill containing crushed concrete and contaminated with PCBs at various areas of Veteran's Field. Defendant lacks information or knowledge sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 181 of the Second Amended Complaint and therefore denies same.

177.   Admitted.

2615015v1

178.  Admitted.   Admitted that Waterside and Daibes delivered contaminated fill material to Veteran's Field.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 184 of the Second Amended Complaint and therefore denies same.

179.  Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 185 of the Second Amended Complaint and therefore denies same.

180.  Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 186 of the Second Amended Complaint and therefore denies same.

181.  Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 187 of the Second Amended Complaint and therefore denies same.

182.  Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 188 of the Second Amended Complaint and therefore denies same.

183.  Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 189 of the Second Amended Complaint and therefore denies same.

184.  Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 190 of the Second Amended

2615015v1

Complaint and therefore denies same.

185.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 191 of the Second Amended Complaint and therefore denies same.

186.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 192 of the Second Amended Complaint and therefore denies same.

187.   Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 193 of the Second Amended Complaint and therefore denies same.

188.   Paragraph 194 of the Second Amended Complaint contains conclusions of law and not allegations of facts and Defendant therefore, neither admits nor denies same and leaves Plaintiff to its proofs.

## COUNT VIII

189.   Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as if set forth at length herein.

190.   Defendant admits that in or about 2011, it and Plaintiff entered into a contract for the provision of environmental consulting services by TERMS to Plaintiff and neither admits nor denies the content and terms of that contract but refers the court to the document which speaks for itself.   The remainder of the allegations contained in Paragraph 196 of the Second Amended Complaint contain conclusions of law and not allegations of facts and Defendant therefore, neither admits nor

30

denies same and leaves Plaintiff to its proofs.

191.   Defendant admits that it was responsible for testing any proposed fill material for Veteran's Field identified to it by Waterside Construction, LLC and for which prior certification as acceptable fill material was not presented by Waterside Construction, LLC and denies the remainder of the allegations contained in Paragraph 197 of the Second Amended Complaint.

192.   Denied.

193.   Denied.

194.   Denied.

195.   Denied.

196.   Denied.

197.   Denied.

198.   Defendant admits that it prepared and submitted to the United States Environmental Protection Agency a proposed self-implementing plan concerning the remediation of the contaminated material brought to Veteran's Field by Defendants Waterside and Daibes and denies the remainder of the allegations contained in Paragraph 204 of the Second Amended Complaint.

199.   Denied.

200.   Denied.

## COUNT IX

201.   Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as of set forth at length herein.

31

2615015v1

202.   Denied.

203.   Denied.

204.   Denied.

## PRAYER FOR RELIEF

WHEREFORE, and by reason of the foregoing, Defendant, TERMS Environmental Services, Inc., demands judgment in its favor and against Plaintiff, Borough of Edgewater, dismissing Plaintiff's Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction by reason of Plaintiff's own contributory negligence.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction by reason of Plaintiff's failure to mitigate its alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages have been caused solely by the acts of third parties over whom this Defendant had no dominion or control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

2615015v1

Plaintiff's claims are barred by the equitable doctrines of waiver and /or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because this Defendant was acting under and in accordance with instructions received from Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the conduct of this Defendant was in accordance with the course of dealing established between Plaintiff and this Defendant.

### NINTH AFFIRMATIVE DEFENSE

This Defendant owed no duty to Plaintiff to control the actions of the other Defendants.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a claim upon which relief may be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Plaintiff's own breach of contract.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction because the damages claimed are not consistent with the National Contingency Plan.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction because the damages claimed include costs that are not reasonable or necessary.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction by reason of the Doctrine of Comparative Negligence and/or the Joint Tortfeasor Contribution Act.

2615015v1

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction because Defendant is entitled to common law indemnification from Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE'

Plaintiff's claims are barred or subject to reduction because Defendant is entitled to common law contribution from Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction because Defendant is entitled to contribution from Plaintiff pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11, et seq.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's own actions prevented Defendant from completing performance.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction because Defendant is entitled to contribution from, and/or equitable apportionment with Plaintiff pursuant to the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9613(f)(1).

2615015v1

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the alleged costs incurred are not recoverable under the Spill Act as "clean up and removal costs".

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The costs allegedly incurred, or to be incurred as referenced in the Second Amended Complaint, are not response costs recoverable from Defendant pursuant to CERCLA.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any alleged damages suffered by Plaintiff, which are denied, and any releases or threatened release of hazardous substances or other contaminants as alleged, and any costs or damages resulting therefrom, were caused solely by the acts and/or omissions of third parties or their agents, employees or any party with a contractual relationship existing directly or indirectly with Plaintiff within the meaning of Section 107(b)(3) of CERCLA.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with the requirements and prerequisites to liability under the Spill Compensation and Control Act, N.J.S.A. § 58:10-23.11 et. seq. including without limitation Plaintiff's incurring costs not authorized by the Spill Act.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint must be dismissed for failure to join indispensable parties to this litigation.

2615015v1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of set off.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of recoupment.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Without conceding any detrimental reliance on the part of Plaintiff, the Plaintiff acted unreasonably if any such reliance exists.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has no claim under the Spill Act as Defendant is not a discharger or responsible person within the meaning of the act and there is no causal nexus.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff has no claim under CERCLA because Defendant is not a covered person within the meaning of CERCLA.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff did not comply with the statutory and/or regulatory prerequisites necessary to bring a CERCLA action.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statutory defenses to liability provided by the Spill Act.

2615015v1

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant hereby incorporates all affirmative and separate defenses which have been or will be pleased by any party in this action to the extent that these defenses are applicable to Defendant as well as any additional applicable statutory or common law defenses and reserves the right to amend this Answer to assert additional defenses.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses that may be pertinent to Plaintiff's claims when the precise nature of said claims is further ascertained through discovery and based upon facts developed as this matter progresses.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Pursuant to N.J.S.A. 58:10-23.11g1, TERMS, as a person performing hazardous discharge mitigation or cleanup services, is not strictly liable under the Spill Compensation And Control Act and may only be found liable to the extent that it is demonstrated that TERMS' actions in connection with the provision of hazardous discharge mitigation or cleanup services were negligent.

## COUNTERCLAIMS

Defendant, TERMS Environmental Services, Inc. ("TERMS"), a corporation of the State of New Jersey, having its principal place of business at 599 Springfield Avenue, Berkeley Heights, New Jersey, 07922, by way of Counterclaim against the Plaintiff, Borough of Edgewater, ("Plaintiff"), says:

2615015v1

## THE PARTIES

1.    TERMS is a corporation of the State of New Jersey organized for the purpose of providing environmental consulting services.

2.    Upon information and belief, Plaintiff, Borough of Edgewater, is a municipal corporation organized under the laws of the State of New Jersey with an principal place of business located at 55 River Road, Edgewater, Bergen County, New Jersey.

3.    Waterside Construction, LLC ("Waterside") is a New Jersey limited liability company with offices at 22 Route 5, Edgewater, Bergen County, New Jersey.

4.    Fred Daibes ("Daibes") is an individual with offices at 22 Route 5, Edgewater, Bergen County, New Jersey.    Fred Daibes owns and/or controls Waterside.

## JURISDICTION AND VENUE

5.    This action arises under federal law, specifically Section 113(f)(1) of the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9613(f)(1) ("CERCLA").

6.    This is an action over which the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

7.    This court has supplemental jurisdiction over the state law Counterclaims of Defendant, TERMS Environmental Services, Inc., pursuant to 28 U.S.C. §§ 1388 and 1367(a) and because those claims are joined with and arise out of the same common nucleus of facts as Plaintiff's federal law claims and supplemental state

38

2615015v1

law claims asserted in the First Amended Complaint and Defendant's Federal law counterclaims.

8. Venue for these Counterclaims is proper in this court because all parties have a principal place of business or operations in New Jersey.

## FIRST COUNT

9. Plaintiff is, and at all times relevant hereto was, the owner of certain real property commonly known as Veteran's Field, located at 1167 River Road, Edgewater, New Jersey and designated as Block 30, Lot 1 on the Tax Map of the Borough of Edgewater ("Veteran's Field" or the "Site").

10. In or about June, 2012, Plaintiff initiated a project for the remediation and restoration of the Site (the "Project").

11. Waterside was awarded the bid and entered into a contract with Plaintiff as the contractor for the Project.

12. At all times relevant hereto Neglia Engineering was serving as the Borough Engineer for Plaintiff and was acting for, on behalf of, at the discretion of, and as the agent for Plaintiff.

13. During the Project Plaintiff maintained control of the Site, including access to the Site, and the Project work schedule.

14. As alleged by Plaintiff in the First Amended Complaint, Jason Menzella ("Menzella"), an employee of Neglia Associates, acted as Plaintiff's Site supervisor for the Project.

2615015v1

15. As alleged by Plaintiff in the First Amended Complaint, on or about September 6, 2013, Waterside advised Menzella that it would not be performing any work at the Site on Saturday, September 7, 2013.

16. As alleged by Plaintiff in the First Amended Complaint, on September 7, 2013 Menzella observed employees of Waterside working at the Site; specifically, Mr. Menzalla observed them covering up fill materials that had not previously been present on the Site (the "Suspect Fill").

17. As alleged by Plaintiff in the First Amended Complaint, Menzella did not believe that the Suspect Fill had been approved for use at the Site.

18. Plaintiff, upon becoming aware, or suspecting, that Waterside had brought fill that had not been approved for use to the Site did not take any action to cause Waterside to cease work activities at the Site.

19. Plaintiff did not contact Defendant, TERMS during the weekend of September 7-8, 2013 to advise TERMS that Waterside had brought the Suspect Fill to the site.

20. The Suspect Fill utilized at the Site by Waterside contained crushed concrete and was contaminated with, among other things, polychlorinated bi-phenyls ("PCBs").

21. PCBs are a hazardous substance as defined under CERCLA, 42 U.S.C. § 9601(14).

22. The deposition of the Suspect Fill at the Site constitutes the disposal of and a release or threatened release of a hazardous substance as defined under CERCLA, 42 U.S.C. § 9601(22).

23. The Site is a facility as defined under CERCLA, 42 U.S.C. § 9601(9).

40

24.    Pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607(a)(1-4), the following persons are liable for: a) all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan; and b) any other necessary costs of response incurred by any other person consistent with the national contingency plan:

> (1) the owner and operator of a vessel or a facility;
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and
>
> (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance.

25.    Plaintiff has asserted, in the First Amended Complaint, a claim against Defendant, TERMS Environmental Services, Inc. for cost recovery pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607.

26.    Plaintiff is a "person" within the meaning of Section 101(21) of CERCLA, 42. U.S.C. § 9601 (21).

27.    Plaintiff is an owner and/or operator of Veteran's Field within the meaning of Section 101(20) of CERCLA, 42 U.S.C. § 9601(20).

41

2615015v1

28.   Plaintiff was the owner and/or operator of Veteran's Field at the time that the Suspect Fill was disposed of at Veteran's Field.

29.   Plaintiff, Waterside and Fred Daibes arranged, by contract, agreement, or otherwise, for disposal of hazardous substances at Veteran's Field.

30.   Plaintiff is liable under Section 107 of CERCLA, 42 U.S.C. § 9607(a)(1)-(3), with respect to the Suspect Fill deposited at the Site.

31.   Pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), Defendant, TERMS Environmental Services, Inc. is entitled to maintain a contribution action against Plaintiff with respect to any response costs which Plaintiff seeks to recover from TERMS.

## SECOND COUNT

32.   Plaintiff repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 31 of this Counterclaim as if set forth more fully herein.

33.   The New Jersey Spill Compensation and Control Act ("Spill Act"), N.J.S.A. 58:10-23.11 et. seq., provides, in pertinent part that "[w]henever one or more dischargers or persons clean up and removes a discharge of a hazardous substance, those dischargers and persons shall have a right of contribution against all other dischargers and persons in any way responsible for a discharged hazardous substance who are liable for the cost of cleanup." N.J.S.A. 58.10-13 11f (a)(2).

34.   Under the Spill Act, responsible parties are jointly and severally liable to the State for cleanup and removal costs related to discharges of hazardous substances.

35.   PCBs are a hazardous substance as defined in the Spill Act, N.J.S.A. 58:10-23.11b.

36.   The deposition of the Suspect Fill, contaminated with PCBs, constitutes a discharge of a hazardous substance as defined in the Spill Act, N.J.S.A. 58:10-23.11b.

37.   Plaintiff is a "person" within the meaning of the Spill Act, N.J.S.A. 58:10-2b.11b.

38.   Plaintiff, as the owner and operator of Veteran's Field at the time of a discharge of a hazardous substance at Veteran's Field is a "discharger" or "person in any way responsible for a discharged hazardous substance" within the meaning of the Spill Act, N.J.S.A. 58:10-23.11f(a)(2).

39.   Plaintiff has asserted, in the First Amended Complaint, a claim against Defendant, TERMS Environmental Services, Inc., for contribution pursuant to the Spill Act, N.J.S.A. 58:10-23.11f(a)(2).

40.   Pursuant to the Spill Act, N.J.S.A. 58:10-23.11f(a)(2), Defendant, TERMS Environmental Services, Inc. is entitled to maintain a contribution action against Plaintiff with respect to any cleanup and removal costs which Plaintiff seeks to recover from TERMS.

**THIRD COUNT**

41.   Defendant repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 40 of this Counterclaim as if set forth more fully herein.

42.   On or about May 16, 2011, Plaintiff engaged Defendant to provide certain environmental consulting services, including, without limitation, soil sampling, sample analysis by a third party laboratory and the services of Ronald Dooney, a Licensed Site Remediation Professional ("LSRP") in connection with a project

43

2615015v1

relating to the site known as Veterans' Field.   A copy of the authorizing resolution passed by the governing body of Plaintiff is attached hereto as Exhibit A.

43.     On or about March 18, 2013, Plaintiff extended the engagement of Defendant's services and authorized additional environmental consulting services.   A copy of the authorizing resolution passed by the governing body of Plaintiff is attached hereto as Exhibit B.

44.     On or about February 18, 2014, Plaintiff extended the engagement of Defendant by adopting a resolution retaining Defendant to oversee the implementation of the Remedial Action Workplan for the removal of the Suspect Fill from Veteran's Field.   A copy of the authorizing resolution passed by the governing body of Plaintiff is attached hereto as Exhibit C.

45.     At all times relevant hereto, the scope of services contracted for by Plaintiff included all of the work necessary to support and lead to the issuance of a Remedial Action Outcome for Veteran's Field by Ronald Dooney, LSRP.

46.     From on or about May, 2011 through May 4, 2014, in furtherance of the contract between Plaintiff and Defendant, Defendant undertook and performed various environmental consulting services, including soil sampling, securing sample analysis from a third party laboratory, and securing data validation services from another third party contractor.

47.     Defendant provided the requested services and/or secured the requested services from third parties at the direction of, and for the benefit of, Plaintiff.

48.     Plaintiff accepted and retained the benefit of the services rendered by Defendant

and/or secured by Defendant from others.

49.    Defendant issued invoices to Plaintiff for services rendered or secured from others for the period from August 1, 2013 through May 4, 2014.

50.    At the time Plaintiff engaged Defendant, Plaintiff agreed to pay Defendant for all services provided and/or secured from others for the benefit of Plaintiff.

51.    Plaintiff has paid a portion of one invoice for services for the period from August 1, 2013 through May 4, 2014, but has failed and refused to pay the remaining balance of such invoices.

52.    There is currently due and owing to the Defendant the sum of Two Hundred Two Thousand One Hundred Forty-Five and 46/100 Dollars ($202,145.46) for the services provided to or for the benefit of Plaintiff, which were accepted, and the benefit of which were retained, by Plaintiff.

53.    Despite demand from Defendant, Plaintiff has failed and refused to pay the outstanding sum due in the amount of Two Hundred Two Thousand One Hundred Forty-Five and 46/100 Dollars ($202,145.46).

54.    In or about May, 2014, Plaintiff wrongfully terminated its contract with Defendant and has failed and refused to utilize the services of Defendant to complete the scope of work agreed to in the original proposal and as amended by subsequent resolutions adopted by Plaintiff.

55.    Plaintiff's termination of its contract with Defendant constituted a breach of that contract by Plaintiff.

56.    Plaintiff's refusal to tender payment for services rendered constitutes a breach of its

45

2615015v1

contract with Defendant.

57. As a result of the Plaintiff's breach of its contract with Defendant, Defendant has suffered damages.

## FOURTH COUNT

58. Defendant repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 57 of this Counterclaim as if set forth more fully herein.

59. There is currently due and owing to the Defendant the sum of Two Hundred Two Thousand One Hundred Forty-Five and 46/100 Dollars ($202,145.46) on a certain book account for services provided to and/or secured for the benefit of, Plaintiff.

60. Defendant has demanded payment from Plaintiff.

61. Despite written demand, Plaintiff has failed and refused to pay for said services.


## FIFTH COUNT

62. Defendant repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 61 of this Counterclaim as if set forth more fully herein.

63. At the time the Plaintiff engaged Defendant to provide and/or obtain certain services from third parties, Plaintiff promised to pay the reasonable value for such services rendered and/or secured for the benefit of Plaintiff.

64. Defendant has provided and/or secured services for the benefit of Plaintiff that have a reasonable value equal to or in excess of Two Hundred Two Thousand One Hundred Forty-Five and 46/100 Dollars ($202,145.46).   There is currently due and owing to Defendant the reasonable sum of Two Hundred Two Thousand One

Hundred Forty-Five and 46/100 Dollars ($202,145.46) for services rendered and/or secured for the benefit of Plaintiff.

65. Defendant has demanded payment from Plaintiff for the reasonable value for said services.

66. Plaintiff has failed and refused to pay the reasonable value for said services.

## SIXTH COUNT

67. Defendant repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 66 of this Counterclaim as if set forth more fully herein.

68. Plaintiff, having been indebted to Defendant in the sum of Two Hundred Two Thousand One Hundred Forty-Five and 46/100 Dollars ($202,145.46) upon an account stated between the Defendant and the Plaintiff did promise to pay the Defendant said amount upon demand.

69. Defendant has demanded payment for said monies due and owing to it from the Plaintiff.

70. Plaintiff has failed and refused to pay said monies due and owing to Defendant.

## SEVENTH COUNT

71. Defendant repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 70 of this Counterclaim as if set forth more fully herein

72. There is currently due and owing to Defendant for services provided and/or secured for the benefit of Plaintiff an agreed-upon amount of Two Hundred Two Thousand One Hundred Forty-Five and 46/100 Dollars ($202,145.46).

73. Plaintiff promised to pay the agreed-upon amount.

47

74.   Defendant has demanded payment for said services from the Plaintiff.

75.   Plaintiff has failed and refused to pay said sum.

### EIGHTH COUNT

76.   Defendant repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 75 of this Counterclaim as if set forth more fully herein.

77.   Plaintiff has received a benefit in the form of receiving certain services rendered by Defendant or secured from third parties by Defendant for the benefit of Plaintiff without paying the agreed-upon price for same.

78.   Such benefit is at the expense of Defendant, and Plaintiff has knowledge and/or appreciation of such benefit.

79.   Acceptance and retention of such benefit under these circumstances by the Plaintiff without payment of fair market value to Defendant would be unjust and inequitable.

80.   Plaintiff has been unjustly enriched, and Defendant is entitled to payment of the aforementioned monies plus interest and attorneys' fees and costs.

81.   Said sum of money has not been paid by Plaintiff, although demand to Plaintiff for payment has heretofore been duly made.

82.   By reason thereof, Defendant has been damaged in an amount not less than Two Hundred Two Thousand One Hundred Forty-Five and 46/100 Dollars ($202,145.46).

48

## CROSSCLAIMS

Defendant, TERMS Environmental Services, Inc. ("TERMS"), a corporation of the State of New Jersey, having its principal place of business at 599 Springfield Avenue, Berkeley Heights, New Jersey, 07922, by way of Crossclaim against the Defendants, Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC, Fred A. Daibes, Aluminum Company of America, A.P. New Jersey, Inc., John Does 1-100 and ABC Corporations 1-100, says:

## THE PARTIES

1.  Defendant, TERMS Environmental Services, Inc. is a corporation of the State of New Jersey organized for the purpose of providing environmental consulting services.

2.  Upon information and belief, Waterside Construction , LLC ("Waterside")  is a New Jersey limited liability company with offices at 22 Route 5, Edgewater, Bergen County, New Jersey.  Waterside is an affiliate, subsidiary or otherwise related to 38 COAH, Daibes Brothers, and Fred Daibes.

3.  38 COAH, LLC ("38 COAH") is a New Jersey limited liability company with offices at 1000 Portside Drive, Edgewater, Bergen County, New Jersey.  38 COAH is an affiliate, subsidiary or otherwise related to Waterside, Daibes Brothers, and Fred Daibes.   38 COAH is the present owner and/or person otherwise responsible for the Alcoa Site as defined herein.

4.  Daibes Brothers, Inc. ("Daibes Brothers") is a New Jersey corporation with offices at 1000 Portside Drive, Edgewater, Bergen County, New Jersey.   Daibes Brothers

49

is an affiliate, subsidiary or otherwise related to Waterside, 38 COAH, and Fred Daibes.

5.   North River Mews Associates, LLC ("North River") is a New Jersey limited liability company with offices at 1000 Portside Drive, Edgewater, Bergen County, New Jersey.   North River is an owner and/or person otherwise responsible for the Alcoa Site as defined herein.

6.   Fred A. Daibes ("Daibes") is an individual with offices at 22 Route 5, Edgewater, Bergen County, New Jersey.   Daibes owned and/or controlled Waterside, 38 COAH, North River and Daibes Brothers.

7.   ALCOA is a Pennsylvania Corporation with offices at 201 Isabella Street, Pittsburg, Pennsylvania 15212.   ALCOA is a prior owner, operator and/or generator is responsible for the contamination at the Alcoa site as defined herein.

8.   A.P. New Jersey, Inc. ("A.P.")   is a New Jersey Corporation.   A.P. is a prior owner, operator and/or generator is responsible for the contamination at the Alcoa site as defined herein.

9.   Defendants, John Does 1-100 are others currently unknown who have generated, transported, or are otherwise responsible for the lease of hazardous substances at Veteran's Field.

10.   Defendants, ABC Corporation 1-100 are others currently unknown who have generated, transported, or are otherwise responsible for the lease of hazardous substances at Veteran's Field.

## JURISDICTION AND VENUE

11.     This action arises under federal law, specifically Section 113(f)(1) of the

Comprehensive Environmental Response Compensation and Liability Act,

42 U.S.C. § 9613(f)(1) ("CERCLA").

12.     This is an action over which the United States District Court has original

jurisdiction pursuant to 28 U.S.C. § 1331.

13.     This court has supplemental jurisdiction over the state law Crossclaims of

Defendant, TERMS Environmental Services, Inc., pursuant to 28 U.S.C. §§ 1388

and 1367(a) and because those claims are joined with and arise out of the same

common nucleus of facts as Plaintiff's federal law claims and supplemental state

law claims asserted in the First Amended Complaint and TERMS' federal law

Crossclaims.

14.     Venue for these Crossclaims is proper in this court because all parties have a

principal place of business or operations in New Jersey.

## FIRST COUNT

15.     Plaintiff is, and all times relevant hereto was, the owner of certain real property

commonly known as Veteran's Field, located at 1167 River Road, Edgewater,

New Jersey and designated as Block 30, Lot 1 on the Tax Map of the Borough of

Edgewater ("Veteran's Field" or the "Site").

16.     In or about June, 2012, Plaintiff initiated a project for the removal of contaminated

fill material from the Site and restoration of the Site (the "Project").

2615015v1

17.     Waterside was awarded the bid and entered into a contract with Plaintiff as the contractor for the Project.

18.     As alleged by Plaintiff in its First Amended Complaint, Jason Menzella ("Menzella"), an employee of Borough Engineer, Neglia Associates, acted as Plaintiff's Site supervisor for the Project.

19.     As alleged by Plaintiff in its First Amended Complaint, on or about September 6, 2013, Waterside advised Menzella that it would not be performing any work at the Site on Saturday, September 7, 2013.

20.     As alleged by Plaintiff in its First Amended Complaint, on September 7, 2013, Menzella observed employees of Waterside working at the Site; specifically, Mr. Menzella observed them covering up fill materials that had not previously been present at the Site (the "Suspect Fill").

21.     The Suspect Fill brought to and deposited at the Site by Waterside contained crushed concrete and was contaminated with, among other things, polychlorinated bi-phenyls ("PCBs").

22.     Defendant, Daibes, subsequently admitted that the Suspect Fill originated from the former Alcoa plant located at 600 River Road, Edgewater, New Jersey (the "Alcoa Site").

23.     Upon information and belief, the Alcoa Site was, and/or is, owned, controlled and operated by Daibes, North River, A.P. and Alcoa.

24.     Upon information and belief, Daibes, Waterside, Daibes Brothers, 38 COAH, North River, A.P. and others caused the Suspect Fill to be crushed at the Alcoa

52

Site and transported to and placed at the Site.

25.    Daibes, Waterside, Daibes Brothers, 38 COAH, North River and A.P. failed to obtain a Class B Recycling Permit from the New Jersey Department of Environmental Protection before transporting the Suspect Fill to the Site and using it as the Site as fill material.

26.    PCBs are a hazardous substance as defined under CERCLA, 42 U.S.C. § 9601 (14).

27.    The deposition of the Suspect Fill at the site constitutes the disposal of and a release or threatened release of a hazardous substance as defined under CERCLA, 42 U.S.C. § 9601 (22).

28.    The Site is a facility as defined under CERCLA, 42 U.S.C. § 9601(9).

29.    Pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607(a)(1-4), the following persons are liable for: a) all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan; and b) any other necessary costs of response incurred by any other person consistent with the national contingency plan:

    (1)    the owner and operator of a vessel or a facility;

    (2)    any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of;

    (3)    any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances; and

53

(4)    any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance.

30.    Plaintiff has asserted, in the First Amended Complaint, a claim against Defendant, TERMS Environmental Services, Inc. for cost recovery pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607.

31.    A.P., ALCOA, Waterside, Daibes, Daibes Brothers, 38 COAH, John Does 1-100 and ABC Corporations 1-100 are each a "person" within the meaning of Section 101 (21) of CERCLA, 42 U.S.C. §9601(21).

32.    A.P., ALCOA, Waterside, Daibes, Daibes Brothers, 38 COAH, North River, and John Does 1-100 and ABC Corporations 1-100 are each an operator of Veteran's Field within the meaning of Section 101(20) of CERCLA, 42 U.S.C. § 9601(20).

33.    A.P., ALCOA, Waterside, Daibes, Daibes Brothers, 38 COAH, North River, John Does 1-100 and ABC Corporations 1-100 arranged, by contract, agreement, or otherwise, for disposal of hazardous substances at Veteran's Field.

34.    Waterside, Daibes, Daibes Brothers, 38 COAH, North River, John Does 1-100 and ABC Corporations 1-100 accepted hazardous substances for transport to Veteran's Field.

35.    Waterside, Daibes, Daibes Brothers, 38 COAH, North River, A.P., Alcoa, John Does 1-100 and ABC Corporations 1-100 were each an operator of Veteran's Field at the time that the Suspect Fill was disposed of at Veteran's Field.

54

36.     A.P., ALCOA, Waterside, Daibes, Daibes Brothers, 38 COAH, North River, John Does 1-100 and ABC Corporations 1-100 are liable under Section 107 of CERCLA, 42 U.S.C. § 9607(a)(1)-(4) with respect to the Suspect Fill deposited at the Site.

37.     Pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), Defendant, TERMS Environmental Services, Inc. is entitled to maintain a contribution action against Alcoa, A.P., Waterside, Daibes, Daibes Brothers, 38 COAH, North River, John Does 1-100 and ABC Corporations 1-100 with respect to any response costs which Plaintiff seeks to recover from TERMS.

**SECOND COUNT**

38.     Plaintiff repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 37 of these Crossclaims as if set forth more fully herein.

39.     The New Jersey Spill Compensation and Control Act, ("Spill Act") N.J.S.A. 58:10-23.11, et. seq., provides, in pertinent part that "[w]henever one or more dischargers or persons cleans up and removes a discharge of a hazardous substance, those dischargers and persons shall have a right of contribution against all other dischargers and persons in any way responsible for a discharged hazardous substance who are liable for the cost of cleanup." N.J.S.A. 58.10-23.11f (a)(2),

40.     Under the Spill Act, responsible parties are jointly and severally liable to the State for cleanup and removal costs related to discharges of hazardous substances.

41.     Waterside is a "person" within the meaning of the Spill Act, N.J.S.A. 58-10-23.11b.

55

42.   Fred Daibes is a "person" within the meaning of the Spill Act, <u>N.J.S.A.</u> 58:10-23.11b.

43.   Daibes Brothers is a "person" within the meaning of the Spill Act, <u>N.J.S.A.</u> 58:10-23.11b.

44.   38 COAH is a "person" within the meaning of the Spill Act, <u>N.J.S.A.</u> 58:10-23.11b.

45.   North River is a "person" within the meaning of the Spill Act, <u>N.J.S.A.</u> 58:10-13.11b(o).

46.   ALCOA is a "person" within the meaning of the Spill Act, <u>N.J.S.A.</u> 58:10-23.11b.

47.   A.P. is a "person" within the meaning of the Spill Act, <u>N.J.S.A.</u> 58:10-23.11b.

48.   John Does 1-100 is a "person" within the meaning of the Spill Act, <u>N.J.S.A.</u> 58:10-23.11b.

49.   ABC Corporations 1-100 is a "person" within the meaning of the Spill Act, <u>N.J.S.A.</u> 58:10-23.11b.

50.   PCBs are a hazardous substance as defined in the Spill Act, <u>N.J.S.A.</u> 58:10-23.11b.

51.   The deposition at Veteran's Field of the Suspect Fill, contaminated with PCBs, constitutes a discharge of a hazardous substance as defined in the Spill Act, <u>N.J.S.A.</u> 58:10-23.11b.

52.   Plaintiff has asserted, in the First Amended Complaint, a claim against Defendant, TERMS Environmental Services, Inc., for contribution pursuant to the Spill Act, <u>N.J.S.A.</u> 58:10-23.11f(a)(2).

53.     Waterside is a "discharger" or "person in any way responsible for a discharged hazardous substance" within the meaning of the Spill Act, N.J.S.A. 58:10-23.11f(a)(2), with respect to the Suspect Fill disposed of at Veteran's Field.

54.     Daibes is a "discharger" or "person in any way responsible for a discharged hazardous substance" within the meaning of the Spill Act, N.J.S.A. 58:10-23.11f(a)(2), with respect to the Suspect Fill disposed of at Veteran's Field.

55.     Daibes Brothers is a "discharger" or "person in any way responsible for a discharged hazardous substance" within the meaning of the Spill Act, N.J.S.A. 58:10-23.11f(a)(2), with respect to the Suspect Fill disposed of at Veteran's Field.

56.     38 COAH is a "discharger" or "person in any way responsible for a discharged hazardous substance" within the meaning of the Spill Act, N.J.S.A. 58:10-23.11f(a)(2), with respect to the Suspect Fill disposed of at Veteran's Field.

57.     North River is a "discharger" or "person in any way responsible for a discharged hazardous substance" within the meaning of the Spill Act, N.J.S.A. 58:10-23.11f(a)(2), with respect to the Suspect Fill disposed of at Veteran's Field.

58.     ALCOA is a "discharger" or "person in any way responsible for a discharged hazardous substance" within the meaning of the Spill Act, N.J.S.A. 58:10-23.11f(a)(2), with respect to the Suspect Fill disposed of at Veteran's Field.

59.     A.P. is a "discharger" or "person in any way responsible for a discharged hazardous substance" within the meaning of the Spill Act, N.J.S.A. 58:10-23.11f(a)(2), with respect to the Suspect Fill disposed of at Veteran's Field.

60.    John Does 1-100 is a "discharger" or "person in any way responsible for a discharged hazardous substance" within the meaning of the Spill Act, N.J.S.A. 58:10-23.11f(a)(2), with respect to the Suspect Fill disposed of at Veteran's Field.

61.    ABC Corporations 1-100 is a "discharger" or "person in any way responsible for a discharged hazardous substance" within the meaning of the Spill Act, N.J.S.A. 58:10-23.11f(a)(2), with respect to the Suspect Fill disposed of at Veteran's Field.

62.    Pursuant to the Spill Act, N.J.S.A. 58:10-23.11f(a)(2), Defendant, TERMS Environmental Services, Inc., is a entitled to maintain a contribution action against Defendants, Waterside, Daibes, Daibes Brothers, 38 COAH, North River, A.P. Alcoa, John Does 1-100 and ABC Corporation 1-100 with respect to any cleanup and removal costs which Plaintiff seeks to recover from Defendant, TERMS.


## THIRD COUNT

63.    Plaintiff repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 62 of these Crossclaims as if set forth more fully herein.

64.    While defendant, TERMS Environmental Consulting, Inc., denies any and all negligence or legal duty in this case, in the event that the defendant, TERMS Environmental Consulting, Inc., is adjudged liable for any loss, damage or injury the plaintiff may have sustained, such liability would be solely vicarious, imputed, secondary or technical, while the negligence of all other defendants would be the active and primary basis for plaintiff's injuries and damages.

65.    Defendant, TERMS Environmental Consulting, Inc., is entitled to common law

indemnification and/or contribution from all other defendants for all damages for which it may be held liable to plaintiff, plus interest, attorneys' fees and costs of suit.

### FOURTH COUNT

66.   Plaintiff repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 65 of these Crossclaims as if set forth more fully herein.

67.   While defendant, TERMS Environmental Consulting, Inc., denies any and all negligence on its part in this case, in the event that the defendant, TERMS Environmental Consulting, Inc., is adjudged liable for any loss, damage or injury the plaintiff may have sustained, TERMS Environmental Consulting, Inc., is entitled to, and hereby asserts, a crossclaim for contribution against all other defendants pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 et seq. and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

### FIFTH COUNT

68.   Plaintiff repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 67 of these Crossclaims as if set forth more fully herein.

69.   On or about May 16, 2011, the governing body of the Borough of Edgewater adopted a resolution retaining TERMS Environmental Services, Inc. to perform certain environmental work relating to Veteran's Field as set forth in a proposal dated April 21, 2011.

2615015v1

70.     On or about June 18, 2012, the governing body of the Borough of Edgewater adopted a resolution approving an extension of the existing Professional Services Contract with TERMS Environmental Services, Inc. to perform additional environmental work relating to Veteran's Field and the Project.

71.     On or about March 18, 2013, the governing body of the Borough of Edgewater adopted another resolution retaining TERMS Environmental Services, Inc. to perform additional services relating to Veteran's Field and the Project, including the provision of additional testing services for the verification of the use of clean fill material.

72.     During the course of the Veterans' Field Project, Waterside and Fred Daibes objected to, and attempted to circumvent, the directions of TERMS regarding the testing and verification of fill material to be used at Veteran's Field.

73.     Daibes has and exerts substantial political influence in the Borough of Edgewater and in Bergen County, New Jersey.

74.     During the course of the Project, Daibes stated to Ronald Dooney, President of TERMS, words that in substance conveyed an intent to have TERMS removed from the Project.

75.     During the course of the Project, it was intimated to Ronald Dooney by agents of Plaintiff that TERMS needed to change the site personnel assigned to the Project or

60

TERMS would lose the job and that TERMS needed to find a way to "work with" Daibes if it wanted to continue to work on the Project.

76.     The events set forth in paragraph 75 above could only have transpired as a result of active efforts by Daibes to have TERMS removed from the Project.

77.     As a result of the discussion referenced in paragraph 75 above, TERMS removed its employee Noah Skyte from the Project and replaced him with Matthew Follo.

78.     Subsequent to the deposition of the Suspect Fill at Veteran's Field by Waterside, Daibes continued to exert efforts to have TERMS removed as the environmental consulting firm for the Project.

79.     On or about February 18, 2014, the governing body of the Borough of Edgewater adopted a resolution retaining TERMS Environmental Services, Inc. to oversee the implementation of the Remedial Action Workplan for the removal of the Suspect Fill from Veteran's Field.

80.     Daibes' efforts to have TERMS removed as the environmental consulting firm for the Veterans' Field Project were intentional and malicious.

81.     Sometime after February 18, 2014, Defendant, Fred Daibes, made an assertion that the Suspect Fill was utilized at Veteran's Field by Waterside because TERMS had approved its use.

61

82.     The statement made by Fred Daibes that the Suspect Fill was utilized at Veteran's Field by Waterside because TERMS had approved its use was untrue.

83.     At the time that Fred Daibes made the statement that the Suspect Fill was utilized at Veteran's Field by Waterside because TERMS had approved its use, he knew, or through the exercise of due care, should have known, that it was untrue.

84.     Daibes untrue statement that the Suspect Fill was utilized at Veteran's Field by Waterside because TERMS had approved its use was made intentionally and with malice.

85.     On or about May 2, 2014, TERMS was advised, by way of a letter to its' attorney, that Plaintiff was no longer going to use TERMS' services in connection with the restoration of Veteran's Field or the implementation of the Remedial Action Workplan for the removal of the Suspect Fill from Veteran's Field.

86.     At all times prior to May 2, 2014, TERMS had an expectation that its existing relationship with Plaintiff and its retention as the environmental consultant on the Project would continue until the end of the Project.

87.     As a result of the false statement made by Daibes, Plaintiff ceased to use the services of TERMS and replaced TERMS on the Project with another environmental consulting firm.

88.     As a result of Daibes' efforts to have TERMS removed as the environmental consulting firm for the Project, Plaintiff ceased to utilize the services of TERMS.

89.     The false statement made by Daibes constitutes slander *per se*.

90.     As a result of the false statement made by Daibes, TERMS has suffered damages.

91.     TERMS is entitled to recover its damages from Daibes.

## SIXTH COUNT

92.     Plaintiff repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 91 of these Crossclaims as if set forth more fully herein.

93.     The actions of Daibes constitute tortious interference with the contract between Defendant, TERMS Environmental Services, Inc., and Plaintiff.

94.     As a result of the tortious interference with contract by Daibes, TERMS has suffered damages.

95.     TERMS is entitled to recover its damages from Daibes.

## SEVENTH COUNT

96.     Plaintiff repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 95 of these Crossclaims as if set forth more fully herein.

97.     The actions of Daibes constitute tortious interference the economic advantage enjoyed by Defendant, TERMS Environmental Services, Inc.

98.     As a result of the tortious interference with TERMS' economic advantage by Daibes, TERMS has suffered damages.

63

2615015v1

99.     TERMS is entitled to recover its damages from Daibes.

                        LINDABURY, McCORMICK, ESTABROOK & COOPER, P.C.
                        Attorneys for Defendant, TERMS Environmental Services, Inc.

                        *David R. Pierce*
                        David R. Pierce, Esq.

Dated:    April 14, 2016

64