David R. Pierce, Esq. #1812
LINDABURY, McCORMICK, ESTABROOK & COOPER P.C.
53 Cardinal Drive
P. O. Box 2369
Westfield, New Jersey 07091
(908) 233-6800
Attorneys for Defendant, TERMS Environmental Services, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Plaintiff,**<br>BOROUGH OF EDGEWATER,<br><br>vs.<br><br>**Defendants,**<br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALUMINUM COMPANY OF AMERICA; A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC CORPORATIONS 1-100,<br>**And**<br>ALCOA DOMESTIC, LLC, as successor in interest to A.P. NEW JERSEY, INC., **Third-Party Plaintiff,**<br><br>vs.<br><br>**Third-Party Defendants,**<br>COUNTY OF BERGEN and RIVER ROAD IMPROVEMENT PHASE II, INC.,<br>**And**<br>**Defendants/Third-Party Plaintiffs,**<br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES<br><br>vs.<br>**Third-Party Defendant,**<br>NEGLIA ENGINEERING ASSOCIATES | Civil Action No.: 2:14-cv-05060-ES-MAH<br><br>AMENDED ANSWER OF TERMS ENVIRONMENTAL SERVICES, INC. TO CROSSCLAIMS OF THIRD PARTY DEFENDANT, NEGLIA ENGINEERING ASSOCIATES AND CROSSCLAIM OF TERMS ENVIRONMENTAL SERVICES, INC. AGAINST NEGLIA ENGINEERING ASSOCIATES |

2615014v1

Defendant, TERMS Environmental Services, Inc., by way of Amended Answer to the Crossclaims of Third Party Defendant, NEGLIA ENGINEERING ASSOCIATES, says:

### FIRST COUNT

1. The allegations contained in Paragraph 1 of the Crossclaims consist of legal conclusions and therefore no response is required. To the extent that any factual allegations are made or intended to be made against this Defendant, all such allegations are denied.

### SECOND COUNT

2. In answer to Paragraph 2, Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as if set forth at length herein.

3. The allegations contained in Paragraph 3 of the Crossclaims consist of legal conclusions and therefore no response is required. To the extent that any factual allegations are made or intended to be made against this Defendant, all such allegations are denied.

### THIRD COUNT

4. In answer to Paragraph 4, Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as if set forth at length herein.

5. The allegations contained in Paragraph 5 of the Crossclaims consist of legal conclusions and therefore no response is required. To the extent that any factual allegations are made or intended to be made against this Defendant, all such allegations are denied.

6. The allegations contained in Paragraph 6 of the Crossclaims consist of legal conclusions and therefore no response is required. To the extent that any factual allegations are made or intended to be made against this Defendant, all such allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Neglia's claims are barred or subject to reduction by reason of its own contributory negligence.

### SECOND AFFIRMATIVE DEFENSE

Neglia's claims are barred or subject to reduction by reason of this counterclaiming its failure to mitigate its alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Neglia's claims are barred by the equitable doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Neglia's alleged damages have been caused solely by the acts of third parties over whom this Defendant had no dominion or control or by superseding or intervening conduct of others beyond this Defendant's control.

### FIFTH AFFIRMATIVE DEFENSE

Neglia's claims are barred by the equitable doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Neglia's claims are barred by the equitable doctrines of waiver and/or estoppel.

2615014v1

### SEVENTH AFFIRMATIVE DEFENSE

This Defendant owed no duty to Neglia to control the actions of Plaintiff or the other Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

Neglia's claims fail to state a claim upon which relief may be granted.

### NINTH AFFIRMATIVE DEFENSE

Neglia's claims are barred or subject to reduction because the damages claimed include costs that are not reasonable or necessary.

### TENTH AFFIRMATIVE DEFENSE

Neglia's claims are barred or subject to reduction by reason of the Doctrine of Comparative Negligence and/or the Joint Tortfeasor Contribution Act.

### ELEVENTH AFFIRMATIVE DEFENSE

Neglia's claims are barred or subject to reduction because this Defendant is entitled to common law indemnification from Neglia.

### TWELFTH AFFIRMATIVE DEFENSE

Neglia's claims are barred or subject to reduction because this Defendant is entitled to common law contribution from Neglia.

### THIRTEENTH AFFIRMATIVE DEFENSE

Neglia's claims are barred or subject to reduction because this Defendant is entitled to contribution and/or equitable allocation from Neglia pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11, et. seq.

### FOURTEENTH AFFIRMATIVE DEFENSE

Neglia's claims are barred in whole or in part to the extent that the alleged costs incurred are not recoverable under the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11, et. seq. as "clean up and removal costs" as defined therein.

### FIFTEENTH AFFIRMATIVE DEFENSE

Neglia's claims are barred, in whole or in part, by Neglia's failure to comply with the requirements and prerequisites to liability under the Spill Compensation and Control Act, N.J.S.A. § 58:10-23.11 et. seq. including without limitation the incurring of costs not authorized by the Spill Act.

### SIXTEENTH AFFIRMATIVE DEFENSE

Without conceding any detrimental reliance on the part of Neglia, Neglia acted unreasonably if any such reliance exists.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Neglia has no claim under the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11, et. seq. as this Defendant is not a discharger or responsible person within the meaning of the act and there is no causal nexus.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Neglia's claims are barred by the statutory defenses to liability provided by the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11, et. seq.

### NINETEENTH AFFIRMATIVE DEFENSE

This Defendant hereby incorporates all affirmative and separate defenses which have been or will be pleaded by any party in this action to the extent that these defenses are applicable

5

2615014v1

to this Defendant as well as any additional applicable statutory or common law defenses and reserves the right to amend this Answer to assert additional defenses.

### TWENTIETH AFFIRMATIVE DEFENSE

This Defendant reserves the right to assert additional defenses that may be pertinent to Neglia's claims when the precise nature of said claims is further ascertained through discovery and based upon facts developed as this matter progresses.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Pursuant to N.J.S.A. 58:10-23.11g1, TERMS, as a person performing hazardous discharge mitigation or cleanup services, is not strictly liable under the Spill Compensation And Control Act and may only be found liable to the extent that it is demonstrated that TERMS' actions in connection with the provision of hazardous discharge mitigation or cleanup services were negligent.

### CROSSCLAIMS

Defendant, TERMS Environmental Services, Inc. ("TERMS"), a corporation of the State of New Jersey, having its principal place of business at 599 Springfield Avenue, Berkeley Heights, New Jersey, 07922, by way of Crossclaim against the Third-Party Defendant, Neglia Engineering Associates, says:

### THE PARTIES

1. Upon information and belief, Third-Party Defendant Neglia Engineering Associates ("Neglia") is a corporation of the State of New Jersey with offices at 34 Park Avenue, Lyndhurst, New Jersey.

## JURISDICTION AND VENUE

2. This action arises under federal law, specifically Section 113(f)(1) of the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9613(f)(1) ("CERCLA").

3. This is an action over which the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

4. This court has supplemental jurisdiction over the state law Crossclaims of Defendant, TERMS Environmental Services, Inc., pursuant to 28 U.S.C. §§ 1388 and 1367(a) and because those claims are joined with and arise out of the same common nucleus of facts as Plaintiff's federal law claims and supplemental state law claims asserted in the First Amended Complaint and TERMS' federal law Crossclaims.

5. Venue for these Crossclaims is proper in this court because all parties have a principal place of business or operations in New Jersey.

## FIRST COUNT

6. At all times relevant hereto, Neglia was the duly-appointed municipal engineer for Plaintiff, the Borough of Edgewater.

7. Employees and/or representatives of Neglia attended and participated in project meetings pertaining to the Veteran's Field (the "Site") Project (the "Project") as described in Plaintiff's First Amended Complaint.

7

2615014v1

8. Neglia was responsible, pursuant to the contract between Plaintiff and Defendant, Waterside Construction ("Waterside"), for the approval of all work to be performed by Waterside.

9. Neglia was responsible for relaying to Defendant, TERMS Environmental Services, Inc., ("TERMS") instructions provided for TERMS from the governing body of Plaintiff the Borough of Edgewater.

10. As alleged by Plaintiff in its First Amended Complaint, Jason Menzella, ("Menzella"), an employee of Borough Engineer, Neglia Associates, acted as Plaintiff's Site supervisor for the Project.

11. As alleged by Plaintiff in its First Amended Complaint, on or about September 6, 2013, Waterside advised Menzella that it would not be performing any work at the Site on Saturday, September 7, 2013.

12. As alleged by Plaintiff in its First Amended Complaint, on September 7, 2013, Menzella observed employees of Waterside working at the Site; specifically, Mr. Menzella observed them covering up fill materials that had not previously been present at the Site (the "Suspect Fill").

13. The Suspect Fill brought to and deposited at the Site by Waterside contained crushed concrete and was contaminated with, among other things, polychlorinated bi-phenyls ("PCBs").

14. PCBs are a hazardous substance as defined under CERCLA, 42 U.S.C. § 9601 (14).

15. The deposition of the Suspect Fill at the site constitutes the disposal of and a release or threatened release of a hazardous substance as defined under CERCLA, 42 U.S.C. § 9601 (22).

16. The Site is a facility as defined under CERCLA, 42 U.S.C. § 9601(9).

17. Pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607(a)(1-4), the following persons are liable for: a) all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan; and b) any other necessary costs of response incurred by any other person consistent with the national contingency plan:

    (1) the owner and operator of a vessel or a facility;

    (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of;

    (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances; and

    (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance.

18. Plaintiff has asserted, in the First Amended Complaint, a claim against Defendant, TERMS Environmental Services, Inc. for cost recovery pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607.

2615014v1

19. Neglia is a "person" within the meaning of Section 101 (21) of CERCLA, 42 U.S.C. §9601(21).

20. Neglia is an operator of Veteran's Field within the meaning of Section 101(20) of CERCLA, 42 U.S.C. § 9601(20).

21. Neglia arranged, by contract, agreement, or otherwise, for disposal of hazardous substances at Veteran's Field.

22. Neglia was an operator of Veteran's Field at the time that the Suspect Fill was disposed of at Veteran's Field.

23. Neglia is liable under Section 107 of CERCLA, 42 U.S.C. § 9607(a)(1)-(4) with respect to the Suspect Fill deposited at the Site.

24. Pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), Defendant, TERMS Environmental Services, Inc. is entitled to maintain a contribution action against Neglia with respect to any response costs which Plaintiff seeks to recover from TERMS.

## SECOND COUNT

24. Defendant repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 23 of these Crossclaims as if set forth more fully herein.

25. The New Jersey Spill Compensation and Control Act, ("Spill Act") N.J.S.A. 58:10-23.11, et. seq., provides, in pertinent part that "[w]henever one or more dischargers or persons cleans up and removes a discharge of a hazardous substance, those dischargers and persons shall have a right of contribution against all other dischargers and persons in any way responsible for a discharged

10

2615014v1

hazardous substance who are liable for the cost of cleanup." N.J.S.A. 58.10-23.11f(a)(2),

26. Under the Spill Act, responsible parties are jointly and severally liable to the State for cleanup and removal costs related to discharges of hazardous substances.

27. Neglia is a "person" within the meaning of the Spill Act, N.J.S.A. 58-10-23.11b.

28. PCBs are a hazardous substance as defined in the Spill Act, N.J.S.A. 58:10-23.11b.

29. The deposition at Veteran's Field of the Suspect Fill, contaminated with PCBs, constitutes a discharge of a hazardous substance as defined in the Spill Act, N.J.S.A. 58:10-23.11b.

30. Plaintiff has asserted, in the First Amended Complaint, a claim against Defendant, TERMS Environmental Services, Inc., for contribution pursuant to the Spill Act, N.J.S.A. 58:10-23.11f(a)(2).

31. Neglia is a "discharger" or "person in any way responsible for a discharged hazardous substance" within the meaning of the Spill Act, N.J.S.A. 58:10-23.11f(a)(2), with respect to the Suspect Fill disposed of at Veteran's Field.

32. Pursuant to the Spill Act, N.J.S.A. 58:10-23.11f(a)(2), Defendant, TERMS Environmental Services, Inc., is a entitled to maintain a contribution action against Neglia with respect to any cleanup and removal costs which Plaintiff seeks to recover from Defendant, TERMS.

### THIRD COUNT

33. Defendant repeats and incorporates herein by reference the allegations set forth in

11

Paragraphs 1 through 32 of these Crossclaims as if set forth more fully herein.

34. While Defendant, TERMS Environmental Services, Inc. denies any and all negligence or legal duty in this case, in the event that the Defendant, TERMS Environmental Services, Inc., is adjudged liable for any loss, damage or injury the Plaintiff may have sustained, such liability would be solely vicarious, imputed, secondary or technical, while the negligence of Third Party Defendant, Neglia Engineering Associates would be the active and primary basis for Plaintiff's injuries and damages.

35. Defendant, TERMS Environmental Services, Inc. is entitled to common law indemnification and/or contribution for Third Party Defendant, Neglia Engineering Associates for all damages for which it may be held liable to Plaintiff, plus interest, attorney's fees and costs of suit.

## FOURTH COUNT

36. Defendant repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 35 of these Crossclaims as if set forth more fully herein.

37. While Defendant, TERMS Environmental Services, Inc. denies any and all negligence on its part in this case, in the event that the Defendant, TERMS Environmental Services, Inc. is adjudged liable for any loss, damage or injury the Plaintiff may have sustained, TERMS Environmental Services, Inc. is entitled to, and hereby asserts, a crossclaim for contribution against Third Party Defendant, Neglia Engineering Associates pursuant to the provisions of the New Jersey Joint

Tortfeasors Contribution Act, N.J.S.A. 2:53A-1 et. seq. and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et. seq.

WHEREFORE, and by reason of the foregoing, Defendant TERMS Environmental Services, Inc. requests the entry of judgment in its favor and against Third-Party Defendant Neglia Engineering Associates for following relief:

1. A declaration that Neglia is liable under Section 113(f) of the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA") for Neglia's equitably allocated share of any response costs that may be awarded to Plaintiff;

2. An award of damages against Neglia in an amount determined by the Court to satisfy Neglia's contribution obligations to TERMS pursuant to CERCLA;

3. A declaration that Neglia is liable under The New Jersey Spill Compensation and Control Act, ("Spill Act") N.J.S.A. 58:10-23.11, et. seq., for Neglia's equitably allocated share of any cleanup and removal costs that may be awarded to Plaintiff;

4. An award of damages against Neglia in an amount determined by the Court to satisfy Neglia's contribution obligations to TERMS pursuant to the Spill Act;

5. A judgment for recovery from Neglia of any and all damages for which TERMS may be deemed to be liable to any other party as a result of this action;

13

2615014v1

6. A judgment for recovery from Neglia of Neglia's proportionate share of any and all damages for which TERMS may be deemed to be liable to any other party as a result of this action;

7. Such other and further relief as the Court may deem just and equitable.

Lindabury, McCormick, Estabrook & Cooper, P.C.
Attorneys for Defendant, TERMS Environmental Services, Inc.

By *David R. Pierce*
David R. Pierce, Esq.

Dated: April 14, 2016

## CERTIFICATION PURSUANT TO RULE 11.2 OF THE LOCAL CIVIL RULES FOR THE DISTRICT OF NEW JERSEY

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

By *David R. Pierce*
David R. Pierce, Esq.

Dated: April 14, 2016

2615014v1