David R. Pierce, Esq. #1812
LINDABURY, McCORMICK, ESTABROOK & COOPER P.C.
53 Cardinal Drive
P. O. Box 2369
Westfield, New Jersey 07091
(908) 233-6800
Attorneys for Defendant,
TERMS Environmental Services, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOROUGH OF EDGEWATER, | Civil Action No.: 2:14-cv-05060-ES-MAH |
| Plaintiff | |
| vs. | AMENDED ANSWER TO CROSSCLAIMS OF DEFENDANT, ALCOA, INC. AND ALCOA DOMESTIC LLC, as successor in interest to DEFENDANT, A.P. New Jersey, Inc. |
| WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALUMINUM COMPANY OF AMERICA; A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC CORPORATIONS 1-100, | |
| Defendants | |

Defendant, TERMS Environmental Services, Inc., by way of Amended Answer to the

Crossclaims of Defendant, ALCOA, INC. and ALCOA DOMESTIC LLC, as successor in

interest to Defendant, A.P. New Jersey, Inc., says:

2614997v1

## JURISDICTION AND VENUE

1.      The allegations contained in Paragraph 1 of the Crossclaims consist of legal conclusions and therefore no response is required.  To the extent that any factual allegations are made or intended to be made against this Defendant, all such allegations are denied.

2.      The allegations contained in Paragraph 2 of the Crossclaims consist of legal conclusions and therefore no response is required.  To the extent that any factual allegations are made or intended to be made against this Defendant, all such allegations are denied.

3.      Defendant admits that it conducts business in the State of New Jersey.  The remainder of the allegations contained in Paragraph 3 of the Crossclaims are not directed to this Defendant or consist of legal conclusions and therefore no response thereto by this Defendant is required.

4.      The allegations contained in Paragraph 4 of the Crossclaims consist of legal conclusions and therefore no response is required.  To the extent that any factual allegations are made or intended to be made against this Defendant, all such allegations are denied.

2614997v1

## CROSSCLAIMS FOR STATUTORY AND COMMON-LAW CONTRIBUTION

5.     The allegations contained in Paragraph 5 of the Crossclaims consist of legal conclusions and therefore no response is required.  To the extent that any factual allegations are made or intended to be made against this Defendant, all such allegations are denied.

## CROSSCLAIMS FOR NEGLIGENCE

6.     In answer to Paragraph 6, Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as if set forth at length herein.

7.     In answer to Paragraph 7, denied as to this Defendant.  The remainder of the allegations contained in Paragraph 7 of the Crossclaims are not directed to this Defendant or consist of legal conclusions and therefore no response is required.

8.     In answer to Paragraph 8, denied as to this Defendant.  The remainder of the allegations contained in Paragraph 8 of the Crossclaims are not directed to this Defendant or consist of legal conclusions and therefore no response is required.

9.     In answer to Paragraph 9, denied as to this Defendant.  The remainder of the allegations contained in Paragraph 9 of the Crossclaims are not directed to this Defendant or consist of legal conclusions and therefore no response is required.

2614997v1

10.     The allegations contained in Paragraph 10 of the Crossclaims consist of legal

conclusions and therefore no response is required.  To the extent that any factual

allegations are made or intended to be made against this Defendant, all such

allegations are denied.

11.     In answer to Paragraph 11, denied as to this Defendant.  The remainder of the

allegations contained in Paragraph 11 of the Crossclaims are not directed to this

Defendant or consist of legal conclusions and therefore no response is required.


### CROSSCLAIM FOR BREACH OF CONTRACT

**(as Between Alcoa Domestic, LLC, as successor interest to Defendant,
A.P. New Jersey, Inc. and Defendant North River Mews Associates, LLC)**

12.     In answer to Paragraph 12, Defendant repeats and incorporates herein the answers

set forth in the previous Paragraphs of this Answer as if set forth at length herein.

13.     Defendant lacks information and knowledge sufficient to form a belief as to the

truth of the allegations contained in Paragraph 13 of the Crossclaims and therefore

denies same and leaves Defendants to their proofs.

14.     Defendant lacks information and knowledge sufficient to form a belief as to the

truth of the allegations contained in Paragraph 14 of the Crossclaims and therefore

denies same and leaves Defendants to their proofs.

2614997v1

15.   Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Crossclaims and therefore denies same and leaves Defendants to their proofs.

16.   Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Crossclaims and therefore denies same and leaves Defendants to their proofs.

17.   Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Crossclaims and therefore denies same and leaves Defendants to their proofs.

## CROSSCLAIM FOR INDEMNIFICATION

**(as Between Alcoa Domestic, LLC, as successor interest to Defendant,
A.P. New Jersey, Inc. and Defendant North River Mews Associates, LLC)**

18.   In answer to Paragraph 18, Defendant repeats and incorporates herein the answers set forth in the previous Paragraphs of this Answer as if set forth at length herein.

19.   Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Crossclaims and therefore denies same and leaves Defendants to their proofs.

20.   Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Crossclaims and therefore denies same and leaves Defendants to their proofs.

5

2614997v1

21.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Crossclaims and therefore denies same and leaves Defendants to their proofs.

22.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Crossclaims and therefore denies same and leaves Defendants to their proofs.

23.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Crossclaims and therefore denies same and leaves Defendants to their proofs.

24.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Crossclaims and therefore denies same and leaves Defendants to their proofs.

25.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Crossclaims and therefore denies same and leaves Defendants to their proofs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant's claims are barred or subject to reduction by reason of Defendant's own contributory negligence.

6

2614997v1

## SECOND AFFIRMATIVE DEFENSE

Defendant's claims are barred or subject to reduction by reason of Defendant's failure to mitigate its alleged damages.

## THIRD AFFIRMATIVE DEFENSE

Defendant's claims are barred by the equitable doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's alleged damages have been caused solely by the acts of third parties over whom this Defendant had no dominion or control or by superseding or intervening conduct of others beyond Defendant's control.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's claims are barred by the equitable doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's claims are barred by the equitable doctrines of waiver and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

This Defendant owed no duty to the crossclaiming Defendant to control the actions of Plaintiff or the other Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's claims fail to state a claim upon which relief may be granted.

## NINTH AFFIRMATIVE DEFENSE

Defendant's claims are barred or subject to reduction because the damages claimed are not consistent with the National Contingency Plan.

## TENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred or subject to reduction because the damages claimed include costs that are not reasonable or necessary.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred or subject to reduction by reason of the Doctrine of Comparative Negligence and/or the Joint Tortfeasor Contribution Act.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant's claims are barred or subject to reduction because this Defendant is entitled to common law indemnification from the crossclaiming Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred or subject to reduction because this Defendant is entitled to common law contribution from this crossclaiming Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred or subject to reduction because this Defendant is entitled to contribution from this crossclaiming Defendant pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11, et. seq.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred or subject to reduction because this Defendant is entitled to contribution from, and/or equitable apportionment with, the crossclaiming Defendant pursuant to the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. 9613(f)(1).

8

2614997v1

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole or in part to the extent that the alleged costs incurred are not recoverable under the Spill Act as "clean up and removal costs" as defined therein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The costs allegedly incurred, or to be incurred as referenced in the Crossclaims, are not response costs recoverable from this Defendant pursuant to CERCLA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any alleged damages suffered by the crossclaiming Defendant, which are denied, and any releases or threatened release of hazardous substances or other contaminants as alleged, and any costs or damages resulting therefrom, were caused solely by the act and/or omissions of third parties or their agents, employees or any party with a contractual relationship existing directly or indirectly with the crossclaiming Defendant within the meaning of Section 107(b)(3) of CERCLA.

## NINTEENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred, in whole or in part, by Defendant's failure to comply with the requirements and prerequisites to liability under the Spill Compensation and Control Act, N.J.S.A. § 58:10-23.11 et. seq. including without limitation Defendant's incurring costs not authorized by the Spill Act.

2614997v1

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant's Crossclaims must be dismissed for failure to join indispensable parties to this litigation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Without conceding any detrimental reliance on the part of the crossclaiming Defendant, the Defendant acted unreasonably if any such reliance exists.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant has no claim under the Spill Act as this Defendant is not a discharger or responsible person within the meaning of the act and there is no causal nexus.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant has no claim under CERCLA because this Defendant is not a covered person within the meaning of CERCLA.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant's claims are barred to the extent that the crossclaiming Defendant did not comply with the statutory and/or regulatory prerequisites necessary to bring a CERCLA action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant's claims are barred by the statutory defenses to liability provided by the Spill Act.

10

2614997v1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant hereby incorporates all affirmative and separate defenses which have been or will be pleaded by any party in this action to the extent that these defenses are applicable to Defendant as well as any additional applicable statutory or common law defenses and reserves the right to amend this Answer to assert additional defenses.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses that may be pertinent to the crossclaiming Defendant's claims when the precise nature of said claims is further ascertained through discovery and based upon facts developed as this matter progresses.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Pursuant to N.J.S.A. 58:10-23.11g1, TERMS, as a person performing hazardous discharge mitigation or cleanup services, is not strictly liable under the Spill Compensation And Control Act and may only be found liable to the extent that it is demonstrated that TERMS' actions in connection with the provision of hazardous discharge mitigation or cleanup services were negligent.

Lindabury, McCormick, Estabrook & Cooper, P.C.
Attorneys for Defendant, TERMS Environmental Services, Inc.

By *David R. Pierce*
David R. Pierce, Esq.

Dated:   April 14, 2016

11

2614997v1

## CERTIFICATION PURSUANT TO RULE 11.2
## OF THE LOCAL CIVIL RULES FOR THE DISTRICT OF NEW JERSEY

I hereby certify that the matter in controversy is not the subject of any other action

pending in any court, or of any pending arbitration or administrative proceeding.

By _David R. Pierce_____

David R. Pierce, Esq.

Dated:   April 14, 2016

12

2614997v1