NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOROUGH OF EDGEWATER, | Civil Action No. 14-5060 (CCC) |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| WATERSIDE CONSTRUCTION, LLC, et al., | |
| Defendants. | |

**CLARK, Magistrate Judge**

Currently pending before the Court is Plaintiff Borough of Edgewater's ("Plaintiff") Motion for Leave to File a Third Amended Complaint. [Docket Entry No. 140, 155]. Defendants Alcoa Domestic LLC, Waterside Construction, LLC, 38 COAH Associates, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC, and Fred A. Daibes (hereinafter collectively referred to as "Defendants") oppose Plaintiff's motion. [Docket Entry No. 143, 144]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to this motion. The Court considers this motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons set forth more fully below, Plaintiff's Motion for Leave to File a Third Amended Complaint is **GRANTED**.

**I.   BACKGROUND**

By way of background, this action arises out of the alleged unauthorized disposal of Polychlorinated Biphenyls ("PCB") on Veteran's Field (located at 1167 River Road, Edgewater, New Jersey) in or around 2013. [Docket Entry No. 61]. In short, Plaintiff contends that

Defendants illegally caused PCB-contaminated fill from the former ALCOA Site (located at 66 River Road, Edgewater, New Jersey) to be disposed on Veteran's Field.

Just ten days after commencing this action, Plaintiff filed its First Amended Complaint on August 22, 2014, alleging claims under the New Jersey Spill Act and the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA") for the alleged PCB contamination at Veterans Field. [Docket Entry No. 3]. On May 6, 2015, Plaintiff filed a Second Amended Complaint to reflect the proper names of certain defendants. [Docket Entry No. 60, 61]. On April 7, 2015, the Court entered a Pretrial Scheduling Order which did not itself set a deadline for the filing of an amended complaint. [Docket Entry No. 52]. Shortly thereafter, the parties agreed to mediation before the Hon. Dennis M. Cavanaugh, J.S.C. (Ret.) and the Court stayed this matter until January 6, 2016 pending mediation. [Docket Entry No. 89. 92].

After an unsuccessful mediation, the parties were directed to submit a proposed amended scheduling order to the Court. [Docket Entry No. 98]. The matter was thereafter transferred to the undersigned. [Docket Entry No. 101]. On June 2, 2016, the Court entered an Amended Pretrial Scheduling Order providing Plaintiff until May 20, 2016 to file a motion to amend the Complaint. [Docket Entry No. 142]. On May 20, 2016, Plaintiff timely filed its Motion for Leave to File a Third Amended Complaint seeking to add additional claims sounding in negligence, strict liability, and unjust enrichment. [*See* Docket Entry No. 140-4].

Defendants oppose Plaintiff's motion on several bases. First, Defendants argue that the proposed claims are futile because they are preempted by CERCLA. Second, Defendants contend that the proposed amendments come twenty-one months after the institution of the action, without any justification for this delay. Simply put, Defendants argue that Plaintiff could have sought to add these claims at a much earlier time but chose not to. Third and finally, Defendants argue that

the proposed amendments will cause undue prejudice because the parties would be required to file a new answer, file new discovery, and revise its litigation strategy.  This in turn would duplicate counsel fees and costs, presenting a substantial burden and hardship to Defendants.

## II.     LEGAL STANDARD

Pursuant to FED. R. CIV. P. 15(a)(2), leave to amend the pleadings is generally granted freely.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).  Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.*  However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Delay alone is insufficient to deny a request for leave to amend, *see Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d. Cir. 1984), but the moving party "must demonstrate that its delay in seeking to amend is satisfactorily explained."  *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotations omitted).  Courts will deny a request for leave to amend where delay becomes undue, such as when its accommodation creates an "unwarranted burden on the court…[and] unfair burden on the opposing party." *Adams v. Gould*, 739 F.2d 858 at 868.

Prejudice will be considered "undue" when it rises to such a level that the non-moving party would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence…" *Harrison*, 113 F.R.D. at 468 (internal quotations omitted).  In evaluating the extent of any alleged prejudice, the court looks to the hardship on the non-moving party if the

amendment were granted. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). "Specifically, [courts] have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or theories." *Cureton*, 252 F.3d at 273. The court of appeals has stated that "prejudice to the non-moving party is the touchstone for the denial of…amendment." *See Cornell & Co. v. Occupational Safety and Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978); *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).

### III.  DISCUSSION

At the outset, Defendants argue that Plaintiff's proposed claims are futile because they are preempted by CERCLA. Based on the nature of the futility analysis, Defendants' arguments in opposition to the motion to amend would overlap significantly with the arguments made in support of a motion to dismiss. The Court, in its discretion, will not consider these arguments in connection with its review of the motion for leave to amend. *See In re Aetna UCR Litig.*, No. 07-3541, 2015 U.S. Dist. LEXIS 84600, at *28 (D.N.J. June 30, 2015). In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss. *See id.* at *28-29; *Strategic Envtl. Partners, LLC v. Bucco*, No. 13-5032, 2014 U.S. Dist. LEXIS 106170, at *2 (D.N.J. Aug. 1, 2014) (preserving futility argument for anticipated motions to dismiss); *Diversified Indus., Inc. v. Vinyl Trends, Inc.*, No. 13-6194, 2014 U.S. Dist. LEXIS 61131, at *1 n.1 (D.N.J. May 1, 2014) (finding, "in the interest of judicial economy and in the absence of prejudice," that the amended counter-claim should be treated as the operative pleading for the purposes of a motion to dismiss despite the fact that the Court had not yet granted leave to amend).

Turning now to Defendants undue delay and prejudice arguments, the Court finds these points unavailing.  As a general matter, delay alone is insufficient to deny a motion for leave to amend.  Here, Plaintiff satisfactorily explains that it did not seek to add the proposed claims earlier in an effort to obtain necessary discovery and an early amicable resolution.  Then, during mediation—at a time when this action was stayed—Plaintiff considered the damages incurred by the alleged PCB contamination and determined that the proposed claims were necessary to cover damages unrelated to remediation.  Just two months after the stay was lifted, Plaintiff sought the consent of all parties to amend the Complaint.  Unable to obtain full consent of the parties, Plaintiff brought this issue to the Court attention in May 2016, filing the instant motion a few months later.  On these facts, the Court does not find Plaintiff's delay undue.

More importantly, Defendants would face minimal prejudice at this time.  Defendants contend that the proposed amendments are, for the most part, claims pled in the alternative to CERCLA.  If true, these claims would relate to the same facts and circumstance as Plaintiff's other claims.  As the facts and allegations are similar, if not identical, the Court is unpersuaded that Defendants would face "undue difficulty in prosecuting [this case]. . . as a result of a change of tactics or theories on the part of the other party." *See Chisler v. Johnston*, No. Civ. A. 09-1282, 2011 WL 3209092, at *3 (W.D. Pa. July 28, 2011) (quoting *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 299 (3d Cir.1969)).

Moreover, the parties are currently engaged in written discovery and depositions have not yet commenced.  While Defendants contend that they would need to conduct additional research and change their defense strategy, this is a time when litigation strategies are constantly being formed, changed and developed as a result of newly found discovery.  And Defendants still have the opportunity to address these amendments and conduct discovery as they see fit.  Furthermore,

5

this Court does not find that the proposed claims, based on similar facts to the existing claims, would drive up litigation costs to such an exorbitant degree to be deemed prejudicial. Accordingly, Plaintiff's motion for leave to amend the Complaint is **GRANTED**.

### IV.     CONCLUSION

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 16th day of December, 2016,

**ORDERED** that Plaintiffs' Motion for Leave to File a Third Amended Complaint is **GRANTED**; and it is further

**ORDERED** that Plaintiffs shall file the proposed Third Amended Complaint within **fourteen (14) days** of this Order; and it is further

**ORDERED** that all of the Defendants shall file a response to the Third Amended Complaint **within fourteen (14) days** of the filing of the new Complaint; and it is further

**ORDERED** that the Clerk of the Court terminate the aforementioned motion [Docket Entry No. 140].

                                        s/James B. Clark, III
                                        **HONORABLE JAMES B. CLARK, III**
                                        **UNITED STATES MAGISTRATE JUDGE**