Not For Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BOROUGH OF EDGEWATER,** *Plaintiff,* v. **WATERSIDE CONSTRUCTION, LLC, ET AL.,** *Defendants.* | Civ. Action No. 14-5060 (JMV) **OPINION** |

This matter comes before the Court on the application of Defendant Alcoa[1] for consolidation pursuant to Federal Rule of Civil Procedure 42(a). D.E. 191. Alcoa seeks consolidation of the above matter with *North River Mews Associates, LLC et al. v. Alcoa Corporation et al.*, No. 2:14-cv-08129 (D.N.J.) (the "*North River Matter*"), which is currently pending before Judge Arleo and Magistrate Judge Wettre. Plaintiff opposes this motion.[2] Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument on this issue. After reviewing all submissions of the parties in support of and in opposition to the motion, the Court grants in part and denies in part Alcoa's motion. Additionally, the Court *sua*

---

[1] Defendant Alcoa includes Alcoa Inc. and Alcoa Domestic LLC, as successor in interest to Defendant A.P. New Jersey, Inc. D.E. 191 at 1.

[2] Alcoa's brief in support of its motion to consolidate will be referred to hereinafter as "Alcoa's Br." (D.E. 191); Plaintiff's opposition to Alcoa's motion will be referred to "Pl. Opp'n" (D.E. 198); and Alcoa's reply brief in further support of its motion will be referred to hereinafter as "Alcoa R.Br." (D.E. 209).

*sponte* appoints a Special Master to oversee discovery and case management of the consolidated case.

## Background

*The North River Matter*

The Second Amended Complaint filed in the *North River Matter* alleges, in relevant part, that it is an action concerning environmental contamination on property (the "Alcoa Site"), which was sold to Plaintiffs in that matter. No. 14-8129, D.E. 28 ¶¶ 1-5. Plaintiffs purchased the property from Alcoa, and subsequently discovered a variety of contaminants on the site as well as two undisclosed underground storage tanks. *Id.* ¶¶ 3, 14-16. Plaintiffs allege that Alcoa fraudulently failed to disclose the existence of the tanks prior to the sale. *Id.* ¶ 17. Plaintiffs now seek money from Alcoa to remediate the Alcoa Site. *Id.* ¶ 25. In response, Alcoa filed a counter-claim alleging that the North River Plaintiff contractually agreed to indemnify and defend Alcoa from any and all environmental risk associated with the Alcoa Site upon its purchase. No. 14-08129, D.E. 6. Thus, "[t]he dispute centers around interpretation of various contracts and documents related to the Alcoa Defendants' sale of the [f]ormer Alcoa Site to the North River Plaintiffs." Pl. Opp'n at 2.

*The Edgewater Matter*

Similarly, the Complaint filed in the current matter, *Borough of Edgewater v. Waterside Construction, LLC et al.*, No. 2:14-cv-05060 (D.N.J.) (the "*Edgewater Matter*"), stems from contamination at the Alcoa Site. Specifically, Edgewater alleges that tainted material was taken from the Alcoa Site and unloaded on Veteran's Field, an Edgewater public park. No. 14-5060, D.E. 187 ¶¶ 49-54, 79-83. As a result, Edgewater filed this suit against a number of allegedly responsible parties, including North River and Alcoa, seeking to recover its costs to remediate

Veteran's Field. *Id.* Additionally, Alcoa brought a Third-Party Complaint against River Road Improvement Phase II, Inc. ("RRIP")[3] based on the contracts between Alcoa and the Defendants. No. 14-5060, D.E. 23 ¶¶ 12-17.

The *North River Matter* and the *Edgewater Matter* both plead counts pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") and the New Jersey Spill Act (the "Spill Act"), among other causes of action.

Alcoa seeks consolidation of these matters because both cases share common questions of law and fact. Alcoa Br. at 10-11. First, both cases require interpretation of the same contracts, argues Alcoa, and require the Court to determine whether the agreements "(1) permit North River and RRIP to maintain their claims against Alcoa, and (2) require North River and RRIP [] to indemnify Alcoa for [polychlorinated biphenyl,] PCB cleanup." *Id.* at 11. Alcoa continues that the parties in both cases seek discovery about the presence of contamination at the Alcoa Site. *Id.* Alcoa also argues that maintaining separate actions could lead to conflicting interpretations of the same contracts, and that consolidating the cases would streamline the pending discovery process in each case and conserve judicial resources. *Id.* at 12-17.

Plaintiff responds that there are not issues of law or fact common to these matters. Pl. Opp'n at 9. Instead, Plaintiff asserts that the *Edgewater Matter* relates to crushed concrete from the Alcoa Site that was brought to Veteran's Field, while the *North River Matter* relates to underground storage tanks. *Id.* Further, Plaintiff alleges that the interpretation of contractual obligations between Alcoa and North River is irrelevant to Edgewater's claim in the *Edgewater Matter*, since it only bears on Alcoa's indemnification rights from North River, "which represents one isolated derivative of the many claims in the Edgewater Matter." *Id.* at 11.

---

[3] RRIP is a special purpose entity related to North River.

## Legal Standard

The current motion is brought pursuant to Federal Rule of Civil Procedure 42(a), which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). Local Civil Rule 42.1, in turn, provides that "[a] motion to consolidate two or more civil cases pending upon the docket of the Court shall be filed in the case bearing the earliest assigned docket number. That motion shall be adjudicated by the Judge to whom that case is assigned." Because the *Edgewater Matter* bears the earlier docket number, the motion is being decided by this Court.

## Analysis

Rule 42(a) gives the district court "'broad powers to consolidate actions involving *common questions of law or fact* if, in its discretion, such consolidation would facilitate the administration of justice.'" *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 80 (D.N.J. 1993) (emphasis in original) (quoting *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991); *see also In re Mock*, 398 F. App'x 716, 718 (3d Cir. 2010). Rule 42(a) contemplates consolidation for pretrial purposes only. *See Smithkline Beecham Corp. v. Geneva Pharm., Inc.*, No. 00-1393, 2001 WL 1249694, at *5 (E.D. Pa. Sept. 26, 2001). The purpose of consolidation is "to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999). Accordingly, "[i]n

the absence of an articulated basis to assert confusion or prejudice, consolidation is generally appropriate." *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003).

First, common questions of fact support consolidation. For instance, both cases involve the same contracts executed in conjunction with the sale of the Alcoa Site. *See Nye v. Ingersoll-Rand Co.*, Nos. 08-3481, 08-4260, 08-5371, 2008 WL 5070692, at *7 (D.N.J. Nov. 24, 2008) (consolidating actions when each case made "identical claims" based on the interpretation of the same contract). Specifically, both matters require the Court to decide whether the 1997 contracts (1) permit North River and RRIP to maintain their claims against Alcoa; and (2) require North River and RRIP to indemnify Alcoa. Therefore, there are common issues of fact to both cases.

Plaintiff's argument largely hinges on the different types of alleged contamination in each case – *North River* focuses on the underground storage tanks, and *Edgewater* on the crushed concrete used at Veteran's Field. Pl. Opp'n at 9-10. Additionally, Plaintiff argues that the purchasing contracts are only relevant to the *Edgewater Matter* for indemnification purposes. *Id.* at 11. However, the contamination in each case is the same, including PCB pollution, and is from the same location, the Alcoa Site. Moreover, indemnification is also an important issue in the *Edgewater Matter* because it may impact Plaintiff's ability to recover if it is successful. The issue will also be relevant if the parties in the *Edgewater Matter* attempt to resolve the case short of trial.

There are also common issues of law. Both cases involve New Jersey contract law, CERCLA and the Spill Act. Thus, there are issues of law common to both matters.

Additionally, consolidation of the above matters will serve judicial efficiency and reduce unnecessary costs. Given the common questions of fact and law mentioned above, discovery in both cases will likely involve many of the same documents and witnesses. Such duplication of

effort and time by the parties would result in a waste of judicial resources (in addressing the same issues in two separate proceedings) and unnecessary costs to the parties. *See Smithkline Beecham Corp.*, 2001 WL 1249694, at *5 ("[C]onsolidation for pretrial purposes avoids duplication of effort and the delay and expense of separate depositions and motions schedules.").

Because the Court finds that common questions of fact and law exist between the *Edgewater* and *North River Matters*, and that consolidation of these matters would promote judicial efficiency, Alcoa's motion to consolidate is granted for purposes of case management and pretrial matters only.[4]

## Special Master

Additionally, Federal Rule of Civil Procedure 53 permits the court to appoint a special master to "perform [] time consuming or detailed tasks that the district court judge or a magistrate judge would be less efficient in accomplishing." *Indus. Tech. Research Inst. v. LG Corp.*, No. 12-949, 2014 WL 12621188, at *1 (D.N.J. Oct. 9, 2014). Courts in this Circuit have appointed special masters to oversee and facilitate complex discovery. *Id.*; *see also Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 126 (3d Cir. 2009) (noting that following the appointment of a special discovery master to help move discovery along, who conducted weekly meetings and intensive monitoring, discovery began to run more smoothly).

---

[4] Since the Court is consolidating the matters for pretrial purposes only at this time, this ruling does not address Plaintiff's arguments about the effects of consolidation on dispositive motions and trial. Prior to the filing of summary judgment motions, the Court will hear the parties as to whether continued consolidation is appropriate.

Due to the extensive and complicated nature of the discovery in the above-consolidated case, this Court finds that the appointment of a Special Master pursuant to Rule 53 is appropriate. This Court hereby appoints Judge Dennis M. Cavanaugh (Ret.) as Special Master in this case.[5]

## CONCLUSION

In sum, the Court grants in part and denies in part Alcoa's motion to consolidate. Alcoa's motion is granted for all case management and pretrial purposes and denied as to summary judgment motions and trial. Prior to the filing of summary judgment motions, the parties may address the issue of whether the *Edgewater* and *North River Matters* should be consolidated for the remainder of the litigation. This Court *sua sponte* appoints Judge Dennis M. Cavanaugh (Ret.) as special master.

**Date:** May 3, 2017

*/s/ John Michael Vazquez*
John Michael Vazquez, U.S.D.J.

cc:   Judge Madeline C. Arleo, U.S.D.J.
      Judge Leda D. Wettre, U.S.M.J.
      Judge James B. Clark, III, U.S.M.J.
      Judge Dennis M. Cavanaugh, Ret.

---

[5] The scope of the Special Master's authority is outlined in this Court's Order accompanying this Opinion.