K&L Gates LLP
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel: (973) 848-4000
*Attorneys for Arconic Inc. (f/k/a Alcoa Inc.)*
*and Arconic Domestic, LLC*
*(f/k/a Alcoa Domestic, LLC*
*as successor in interest to A.P. New Jersey, Inc.)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br><br>Plaintiff,<br><br>v.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALCOA INC. (formerly known as "Aluminum Company of America"); ALCOA DOMESTIC LLC, as successor in interest to A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC CORPORATIONS 1-100,<br><br>Defendants,<br><br>and<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; and FRED A. DAIBES,<br><br>Defendants/Third-Party Plaintiffs,<br><br>v.<br><br>NEGLIA ENGINEERING ASSOCIATES,<br><br>Third-Party Defendant,<br><br>and | Civil Action No.: 2:14-CV-05060 (JMV-JBC)<br><br>**ARCONIC INC. AND ARCONIC DOMESTIC, LLC'S THIRD-PARTY COMPLAINT AGAINST HUDSON SPA, LLC** |

1

ARCONIC INC. (F/K/A ALCOA, INC.) AND
ARCONIC DOMESTIC, LLC (F/K/A ALCOA
DOMESTIC, LLC as successor in interest to
A.P. NEW JERSEY, INC.)

    Defendant/Third-Party Plaintiff,

v.

COUNTY OF BERGEN and RIVER ROAD
IMPROVEMENT PHASE II, INC., and
HUDSON SPA, LLC,

    Third-Party Defendants.

    Defendants/Third-Party Plaintiffs Arconic Inc. (f/k/a Alcoa Inc.) and Arconic Domestic, LLC (f/k/a Alcoa Domestic, LLC as successor in interest to A.P. New Jersey, Inc.) (collectively "Alcoa") by their counsel K&L Gates LLP, file this Third-Party Complaint against Third-Party Defendant Hudson Spa, LLC ("Hudson Spa") and hereby allege as follows:

## THE PARTIES

1. Arconic Inc. (f/k/a Alcoa Inc.) is a Pennsylvania Corporation having its principal place of business at 390 Park Avenue, New York, NY 10022.

2. Arconic Domestic, LLC (f/k/a Alcoa Domestic, LLC) is a Delaware limited company having its principal place of business at 201 Isabella Street, Pittsburgh, Pennsylvania.

3. A.P. New Jersey, Inc. was a Delaware corporation that merged into Alcoa Domestic LLC, a wholly-owned subsidiary of Alcoa Inc., in 2010.

4. Alcoa Inc. (f/k/a as "Aluminum Company of America") was a Pennsylvania Corporation with offices at 201 Isabella Street, Pittsburg, Pennsylvania 15212.

5. Alcoa Domestic, LLC was the successor-in-interest to A.P. New Jersey, Inc. and was a Delaware limited liability company having its principal place of business at 201 Isabella Street, Pittsburgh, Pennsylvania 15212-5858.

2

6. Hudson Spa is a New Jersey limited liability company having its principal place of business at 115 River Road, Suite 1201, Edgewater, New Jersey 07020.

## JURISDICTION AND VENUE

7. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367, as Alcoa's third-party claims arise from the same case or controversy as the claims set forth in the Borough's First and Second Amended Complaints. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND STATEMENT OF THIRD-PARTY CLAIMS

9. Alcoa adopts and reasserts its previous defenses and allegations set out in its Answer to Plaintiff Borough of Edgewater's ("Borough") First Amended Complaint, Affirmative Defenses, Counterclaim and Crossclaims; Alcoa's Answer to the Borough's Second Amended Complaint; and Alcoa's Third-Party Complaint against Third-Party Defendants the County of Bergen and River Road Improvement Phase II, Inc., as appropriate, in this Third-Party Complaint against Hudson Spa as if set forth verbatim herein.

10. The Borough in their First and Second Amended Complaints alleges that Alcoa is liable under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, the New Jersey Spill Compensation and Control Act (the "Spill Act"), N.J.S.A. 58:10-23.11 *et seq.*, and New Jersey's common law of unjust enrichment for contamination of the Borough's property known as Veteran's Field.

11. The Borough in their Second Amended Complaint alleges Veteran's Field is located at 1167 River Road, Edgewater, New Jersey and is known as Block 30, Lot 1 on the Tax Map for the Borough of Edgewater.

3

12. The Borough in their Second Amended Complaint alleges Veteran's Field consists of approximately 27.58 acres consistent of a public park with fields, courts, playgrounds, picnic area, and community center.

13. The Borough in their Second Amended Complaint alleges that Defendant TERMS Environmental Services, Inc. ("TERMS") and various entities owned or controlled by Defendant Fred A. Daibes, including Defendants North River Mews Associates, LLC ("North River"), Waterside Construction, LLC ("Waterside"), 38 COAH, LLC ("38 COAH"), and Daibes Brothers, Inc. (collectively the "Daibes Defendants"), caused contaminated fill material to be disposed of at Veteran's Field.

14. The Borough in their Second Amended Complaint alleges that Waterside deposited contaminated fill material at Veteran's Field that originated from real property identified as the "Alcoa Site".

15. The Borough in their Second Amended Complaint alleges the Alcoa Site is a known contaminated site presently owned by 38 COAH, an entity which, upon information and belief, is owned or otherwise controlled by Fred A. Daibes.

16. The Borough in their Second Amended Complaint alleges the Alcoa Site is a known contaminated site that was previously owned, controlled, or operated by Fred A. Daibes individually, North River, and Alcoa.

17. On or about May 22, 2006 North River transferred ownership of the Alcoa Site to 38 COAH.

18. The Borough in their Second Amended Complaint alleges that the contaminated fill material disposed of at Veteran's Field contained crushed concrete from Building 12 at the Alcoa Site.

19. Alcoa Building 12 was constructed, in part, out of concrete.

4

20. Under an April 5, 2012 Lease Agreement, Hudson Spa was the long-term lessee of Building 12 at the time Waterside allegedly removed PCB contaminated crushed concrete and dumped that debris at Veteran's Field in September 2013. A true and correct copy of the Lease Agreement is attached hereto as Exhibit A.

21. Under a contract dated November 27, 2012, Hudson Spa contracted with Waterside for the demolition of Building 12 and arranged for the disposal of the contaminated fill material. A true and correct copy of the demolition contract is attached hereto as Exhibit B.

22. Daibes Defendants and Third-Party Defendant Hudson Spa at all times exercised a degree of control over the Alcoa Site during the arrangement for the disposal of the contaminated fill material.

23. Upon information and belief, the Daibes Defendants and Third-Party Defendant Hudson Spa purposely and improperly caused or arranged concrete from Alcoa Building 12 to be crushed at the Alcoa Site and then transported to and disposed of at Veteran's Field.

24. Upon information and belief, the Daibes Defendants and Third-Party Defendant Hudson Spa arranged, caused, or permitted fill material that they knew or should have known to be PCB-contaminated concrete to be transported to or disposed at the Veteran's Field site in violation of state and federal environmental laws.

25. Although Alcoa continues to deny the material allegations of the Borough's First and Second Amended Complaints, the Borough seeks to require Alcoa to clean up or pay for the cost of clean up contaminants at Veteran's Field.

## COUNT I

### (Statutory and Common-Law Contribution as to Hudson Spa)

26. Alcoa repeats, reasserts, and incorporates by reference the allegations in the previous paragraphs of this Third-Party Complaint as if fully set forth herein.

27. Alcoa hereby demands indemnity and contribution pursuant to all applicable laws, including but not limited to 42 U.S.C. § 9613(f), N.J.S.A. § 58:10-23.11 *et seq.*, N.J.S.A. § 2A:15-5.1 *et seq.* and/or N.J.S.A. § 2A:53A-1 *et seq.* from Third-Party Defendant Hudson Spa, LLC for a proportionate share of costs, damages, or other loss or harm, if any, for which Alcoa may be held liable, or which it may in the future incur, related to the Veteran's Field site because, upon information and belief, materials requiring cleanup and removal or response action under state and federal environmental laws were present at the Veteran's Field site as a result of acts, omissions or other legal responsibility of others, including Hudson Spa, their employees, agents, or affiliates.

## COUNT II

### (Negligence as to Hudson Spa)

28. Alcoa repeats, reasserts, and incorporates by reference the allegations in the previous paragraphs of this Third-Party Complaint as if fully set forth herein.

29. As alleged above, Defendants Waterside, 38 COAH, Daibes Brothers, North River, Fred A. Daibes, TERMS, and Third-Party Defendant Hudson Spa arranged, caused or permitted fill material that they knew or should have known to be contaminated to be transported to or disposed at the Veteran's Field site in violation of applicable laws.

30. Defendants Waterside, 38 COAH, Daibes Brothers, North River, Fred A. Daibes, TERMS, and Third-Party Defendant Hudson Spa had a duty of care to ensure that the fill material in their possession or control that was transported to or disposed at Veteran's Field was not contaminated.

31. Defendants Waterside, 38 COAH, Daibes Brothers, North River, Fred A. Daibes, TERMS, and Third-Party Defendant Hudson Spa breached that duty of care when they caused contaminated fill material to be transported to or disposed at Veteran's Field.

32. Although Alcoa continues to deny the allegations that contaminated fill material transported to or disposed at Veteran's Field originated at the Alcoa Site as defined in the Borough's First Amended Complaint, to the extent it is shown that Defendants Waterside, 38 COAH, Daibes Brothers, North River, Fred A. Daibes, TERMS, and Third-Party Defendant Hudson Spa caused contaminated fill material from the Alcoa Site to be transported to or disposed at Veteran's Field, Alcoa is part of an identifiable class that would suffer damage as the natural and probable consequence of that breach of duty.

33. As a direct and proximate result of the breach of duty by Defendants Waterside, 38 COAH, Daibes Brothers, North River, Fred A. Daibes, TERMS, and Third-Party Defendant Hudson Spa, Alcoa has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Third-Party Plaintiff Alcoa hereby respectfully requests the following relief from this Court:

a. Declare that Hudson Spa is obligated to indemnify, defend, and hold harmless Alcoa with respect to the Borough's claims in this action and any crossclaims, third-party claims, or other claims asserted against Alcoa in this action.

b. Declare that Hudson Spa is obligated to contribute for a proportionate share of costs, damages, or other loss or harm, if any, from which Alcoa may be held liable, or which it may in the future incur, related to the Veteran's Field site.

c. Enter judgment in favor of Alcoa and against Third-Party Defendant Hudson Spa finding that Hudson Spa was negligent when it caused contaminated fill material to be transported to or disposed at Veteran's field.

  d. Enter judgment for all damages, monetary, consequential, and otherwise, available under law to Alcoa arising from Hudson Spa's negligence.

  e. Award Alcoa compensatory, incidental, consequential and liquidated damages, as a result of the acts or omissions of Defendants Waterside, 38 COAH, Daibes Brothers, North River, Fred A. Daibes, TERMS, and Third-Party Defendant Hudson Spa as described herein;

  f. Award Alcoa interest and cost of suit, including reasonable attorneys' fees and experts' fees; and

  g. Grant Alcoa any other such relief as the Court deems just and proper.

Dated: December 13, 2017

               Respectfully submitted,

               K&L GATES LLP

             By: _____
               Michael E. Waller
               Dana B. Parker
               One Newark Center, Tenth Floor
               Newark, New Jersey 07102
               Tel: (973) 848-4000
               michael.waller@klgates.com
               dana.parker@klgates.com

               *Attorneys for Arconic Inc. (f/k/a Alcoa Inc.) and Arconic Domestic, LLC (f/k/a Alcoa Domestic, LLC as successor in interest to A.P. New Jersey, Inc.)*

## CERTIFICATION PURSUANT TO RULE 11.2 OF THE LOCAL CIVIL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: December 13, 2017

By: _____