Kevin C. Corriston, Esq.
(Attorney ID 041251988)
**BRESLIN AND BRESLIN, P.A.**
41 Main Street
Hackensack, New Jersey 07601
(201) 342-4014
Attorneys for Third-Party Defendant,
Hudson Spa, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br><br>      *Plaintiff,*<br><br>vs.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LCC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALCOA INC (formerly known as "Aluminum Company of America"); ALCOA DOMESTIC LLC, as successor in interest to A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC CORPORATIONS 1-100,<br><br>      *Defendants,*<br>and<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC and FRED A. DAIBES,<br><br>   *Defendants/Third Party Plaintiffs,*<br><br>vs.<br><br>NEGLIA ENGINEERING ASSOCIATES,<br><br>     *Third Party Defendant,*<br>and | Civil Action No. 2:14-cv-05060-ES-MAH<br><br>ANSWER<br>TO<br>THIRD PARTY COMPLAINT,<br>AFFIRMATIVE DEFENSES, and<br>CROSSCLAIM |

| |
|---|
| ARCONIC INC. (F.K.A. ALCOA, INC.) AND ARCONIC DOMESTIC, LLC (F/K/A ALCOA DOMESTIC, LLC as successor in interest to A.P. NEW JERSEY, INC.)<br><br>         *Defendant/Third Party Plaintiff,*<br>vs.<br><br>COUNTY OF BERGEN and RIVER ROAD IMPROVEMENT PHASE II, INC., and HUDSON SPA, LLC,<br><br>         *Third Party Defendants.* |

Third Party Defendant, Hudson Spa, LLC, by way of Answer to the Third Party Complaint of Arconic Inc. (F.K.A. Alcoa, Inc.) and Arconic Domestic, LLC (F/K/A Alcoa Domestic, LLC as successor in interest to A.P. New Jersey, Inc. (hereinafter referred to as Alcoa Defendant/Third Party Plaintiff) states as follows:

## THE PARTIES

1. Inasmuch as Paragraph 1 contains allegations related to a party other than Hudson Spa, LLC, Hudson Spa, LLC can neither admit nor deny the allegations set forth in that Paragraph.

2. Inasmuch as Paragraph 2 contains allegations related to a party other than Hudson Spa, LLC, Hudson Spa, LLC can neither admit nor deny the allegations set forth in that Paragraph.

3. Inasmuch as Paragraph 3 contains allegations related to a party other than Hudson Spa, LLC, Hudson Spa, LLC can neither admit nor deny the allegations set forth in that Paragraph.

4. Inasmuch as Paragraph 4 contains allegations related to a party other than Hudson Spa, LLC, Hudson Spa, LLC can neither admit nor deny the allegations set forth in that Paragraph.

5. Inasmuch as Paragraph 5 contains allegations related to a party other than Hudson Spa, LLC, Hudson Spa, LLC can neither admit nor deny the allegations set forth in that Paragraph.

6. Admitted.

## JURISDICTION AND VENUE

7. Inasmuch as Paragraph 7 contains allegations related to a party other than Hudson Spa, LLC, Hudson Spa, LLC can neither admit nor deny the allegations set forth in that Paragraph.

8. Inasmuch as Paragraph 8 contains allegations related to a party other than Hudson Spa, LLC, Hudson Spa, LLC can neither admit nor deny the allegations set forth in that Paragraph.

## BACKGROUND STATEMENT OF THIRD PARTY CLAIMS

9. Inasmuch as Paragraph 9 contains allegations related to a party other than Hudson Spa, LLC, Hudson Spa, LLC can neither admit nor deny the allegations set forth in that Paragraph.

10. Inasmuch as Paragraph 10 contains allegations related to a party other than Hudson Spa, LLC, Hudson Spa, LLC can neither admit nor deny the allegations set forth in that Paragraph.

11. Admitted as to the fact that the Second Amended Complaint contains such allegations.

12. Admitted as to the fact that the Second Amended Complaint contains such allegations.

13 Admitted as to the fact that the Second Amended Complaint contains such allegations.

14. Admitted as to the fact that the Second Amended Complaint contains such allegations.

15. Admitted as to the fact that the Second Amended Complaint contains such allegations.

16. Admitted as to the fact that the Second Amended Complaint contains such allegations.

17. Inasmuch as Paragraph 17 contains allegations related to a party other than Hudson Spa, LLC, Hudson Spa, LLC can neither admit nor deny the allegations set forth in that Paragraph.

18. Admitted as to the fact that the Second Amended Complaint contains such allegations.

19. Inasmuch as Paragraph 19 contains allegations related to a party other than Hudson Spa, LLC, Hudson Spa, LLC can neither admit nor deny the allegations set forth in that Paragraph.

20. Admitted as to Third Party Defendant, Hudson Spa, LLC's status as a leasee, however, Hudson Spa, LLC has insufficient knowledge to form a belief as to any other allegations contained in Paragraph 20.

21. Admitted as to the existence of a contract, denied as to the Third Party Defendant, Hudson Spa, LLC's disposal of contaminated fill.

22. Admitted as to Daibes Defendants, denied as to Third Party Defendant, Hudson Spa, LLC.

23. Denied as to Third Party Defendant, Hudson Spa, LLC. Hudson Spa, LLC has insufficient knowledge to form a belief as to any other allegations contained in Paragraph 23 at to Daibes Defendants.

24. Denied as to Third Party Defendant, Hudson Spa, LLC. Hudson Spa, LLC has insufficient knowledge to form a belief as to the allegations contained in Paragraph 24 as to Daibes Defendants.

25. Inasmuch as Paragraph 25 contains allegations related to a party other than Hudson Spa, LLC, Hudson Spa, LLC can neither admit nor deny the allegations set forth in that Paragraph.

## COUNT I

26. Third Party Defendant, Hudson Spa, LLC, repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 26.

27. Denied as to Third Party Defendant, Hudson Spa, LLC.

## COUNT II

28. Third Party Defendant, Hudson Spa, LLC, repeats and restates its answers to the allegations of the prior paragraphs which have been incorporated by reference in Paragraph 28.

29. Denied as to Third Party Defendant, Hudson Spa, LLC. As to the remaining allegations related to a party other than Hudson Spa, LLC, Hudson Spa, LLC can neither admit nor deny the allegations set forth in that Paragraph and leaves Third Party Plaintiff Alcoa to their proofs.

30. Denied as to Third Party Defendant, Hudson Spa, LLC. As to the remaining allegations related to a party other than Hudson Spa, LLC, Hudson Spa, LLC can neither admit nor deny the allegations set forth in that Paragraph and leaves Third Party Plaintiff Alcoa to their proofs.

31. Denied as to Third Party Defendant, Hudson Spa, LLC. As to the remaining allegations related to a party other than Hudson Spa, LLC, Hudson Spa, LLC can neither admit nor deny the allegations set forth in that Paragraph and leaves Third Party Plaintiff Alcoa to their proofs.

32. Denied as to Third Party Defendant, Hudson Spa, LLC. As to the remaining allegations related to a party other than Hudson Spa, LLC, Hudson Spa, LLC can neither admit nor deny the allegations set forth in that Paragraph and leaves Third Party Plaintiff Alcoa to their proofs.

33. Denied as to Third Party Defendant, Hudson Spa, LLC

## PRAYER FOR RELIEF

WHEREFORE, Defendant demands judgment dismissing Defendant/Third Party Plaintiff Alcoa's complaint, with prejudice, together with attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## FIRST AFFIRMATIVE DEFENSE

The claims of the Defendant/Third Party Plaintiff Alcoa are barred by the Doctrine of Estoppel.

## SECOND AFFIRMATIVE DEFENSE

The claims of the Defendant/Third Party Plaintiff Alcoa are barred by the Doctrine of Waiver.

## THIRD AFFIRMATIVE DEFENSE

The claims of the Defendant/Third Party Plaintiff Alcoa are barred by the Doctrine of Illegality.

## FOURTH AFFIRMATIVE DEFENSE

The claims of the Defendant/Third Party Plaintiff Alcoa are barred by the Doctrine of Unclean Hands.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the Defendant/Third Party Plaintiff Alcoa are barred by the Doctrine of Laches.

### SIXTH AFFIRMATIVE DEFENSE

Negligence, if any, on the part of this Defendant was not the proximate cause of any injuries or damages which may have been sustained by the Defendant/Third Party Plaintiff Alcoa.

### SEVENTH AFFIRMATIVE DEFENSE

This Defendant was guilty of no negligence which was the proximate cause of the injuries and/or damages alleged.

### EIGHTH AFFIRMATIVE DEFENSE

This Defendant breached no duty owned to the Defendant/Third Party Plaintiff Alcoa or other Defendants.

### NINTH AFFIRMATIVE DEFENSE

This Defendant fulfilled all of its duties and obligations whether arising from common law, statute, contract, tort or otherwise.

### TENTH AFFIRMATIVE DEFENSE

The damages of the Defendant/Third Party Plaintiff Alcoa , if any, are as limited by the applicable laws of the State of New Jersey as respects comparative negligence.

### ELEVENTH AFFIRMATIVE DEFENSE

Any injuries or damages suffered by Defendant/Third Party Plaintiff Alcoa or others were the result of and/or the unavoidable consequence of their own tortuous conduct and/or misconduct and actions.

### TWELFTH AFFIRMATIVE DEFENSE

The injuries or damages which are the subject matter of the Complaint are the result of acts omissions and/or conduct of other persons over whom this Defendant exercised no control and for whose conduct this Defendant was not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

The negligence of the Defendant/Third Party Plaintiff Alcoa and/or other Defendants, or negligence attributable to them, bars recovery against this Defendant under the Doctrine of Contributory Negligence. In the event such contributory negligence is adjudged to be not greater than the negligence of this Defendant, this Defendant demands the Defendant/Third Party Plaintiff Alcoa's damages be diminished by the percentage of Defendant/Third Party Plaintiff Alcoa's contributory negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

The applicable law, rule, statute or regulation, including but not limited to, the Statute of Limitations, controlling or requiring the instruction of suit within a certain period of time following its accrual, was not complied with by the Defendant/Third Party Plaintiff Alcoa, and accordingly, their claim is barred as a matter of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to amend its Answer to assert additional defenses and/or supplement or change this Answer, upon the revelation of more definite facts during and/or upon the completion of further discovery and investigation.

## SIXTEENTH AFFIRMATIVE DEFENSE

Third Party Defendant, Hudson Spa, LLC has a complete defense to any liability under the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA") pursuant to CERCLA § 107(b)(3), 42 U.S.C. § 9607(b)(3), inasmuch as the alleged release or threatened release was caused solely by the acts or omissions of unrelated third parties who were not agents or employees of Hudson Spa, LLC and with whom Hudson Spa, LLC had no control. Hudson Spa, LLC exercised due care as to any alleged hazardous substances; and Hudson Spa, LLC took precautions against foreseeable third-party acts or

omissions, and against the foreseeable consequences of such acts or omissions, within the meaning of CERCLA § 107(b), 42 U.S.C. § 9607(b).

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant/Third Party Plaintiff Alcoa has no claim under CERCLA because Defendant/Third Party Plaintiff Alcoa has failed to establish a prima facie case against Third Party Defendant, Hudson Spa, LLC

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant/Third Party Plaintiff Alcoa has no claim under CERCLA because Third Party Defendant, Hudson Spa, LLC are not covered persons within the meaning of CERCLA.

### NINETEENTH AFFIRMATIVE DEFENSE

"Hazardous substances", as defined in CERCLA § 101(14), 42 U.S.C. § 9601(14) were not released into the environment by Third Party Defendant, Hudson Spa, LLC within the meaning of the word "release" as defined in CERCLA § 101(22), 42 U.S.C. § 9601(22). Even if there were "hazardous substances", as defined in CERCLA § 101(14), 42 U.S.C. § 9601(14) released into the environment by Hudson Spa, LLC within the meaning of the word "release" as defined in CERCLA § 101(22), 42 U.S.C. § 9601(22), which Hudson Spa, LLC denies, the release did not affect the Veteran's Field site that is the subject of this action.

### TWENTIETH AFFIRMATIVE DEFENSE

The costs incurred or to be incurred by Defendant/Third Party Plaintiff and which Defendant/Third Party Plaintiff seeks to recover in this action are not recoverable to the extent that they are nor necessary costs of response consistent with the National Contingency Plan.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant/Third Party Plaintiff has failed to allege or establish the required nexus between Hudson Spa, LLC and the Veteran's Field site that is the subject of this Action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant/Third Party Plaintiff's claims are barred to the extent that Plaintiff and/or Defendant/Third Party Plaintiff Alcoa did not comply with the statutory and/or regulatory prerequisites necessary to bring a CERCLA action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff and/or Defendant/Third Party Plaintiff Alcoa has no claim under the Spill Compensation and Control Act, N.J.S.A. § 58:10-23.11 *et seq.* ("Spill Act" or "Act") against Third Party Defendant, Hudson Spa, LLC because Hudson Spa, LLC is not a discharger and/or responsible persons within the meaning of the Act, and/or damages, if any, are the result of conduct occurring prior to the effective date of the Spill Act.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant/Third Party Plaintiff Alcoa's claims are barred to the extent that Plaintiff and/or Defendant/Third Party Plaintiff Alcoa did not comply with the requirements and prerequisites of the Spill Act.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

In the event that Defendant/Third Party Plaintiff is entitled to contribution from Hudson Spa, LLC under the Spill Act, such relief is limited to "clean up and removal costs" as defined at N.J.S.A. § 58:10-23b.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant/Third Party Plaintiff Alcoa's claims are barred by the statutory defenses to liability provided by the Spill Act.

### CROSS CLAIM FOR CONTRIBUTION

Third Party Defendant, Hudson Spa, LLC hereby demands contribution from the Defendants, Waterside Construction, LLC, 38 Coah, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC and Fred A. Daibes pursuant to the terms and provisions of the New

Jersey Tortfeasors Contribution Act, N.J.S.A. 2A:53-A1, et seq, and under the terms and provisions of the Comparative Negligence Act, N.J.S.A. 2A:15.5.1 et seq.

## CROSS CLAIM FOR INDEMNIFICATION

Third Party Defendant, Hudson Spa, LLC by way of Crossclaim for Indemnification against the Defendants, Waterside Construction, LLC, 38 Coah, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC and Fred A. Daibes, says:

## FIRST COUNT

1. Under a contract dated November 27, 2012, Hudson Spa, LLC contracted with Waterside for demolition of Building 12 and arranged for the disposal of the contaminated fill material. A copy of said contact is attached as Exhibit B to Defendant/Third Party Plaintiff Alcoa's Third Party Complaint against Hudson Spa, LLC.

2. Defendants, Waterside Construction, LLC, 38 Coah, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC and Fred A. Daibes at all times exercised a degree of control over the Alcoa site during the arrangement for the disposal of the contaminated fill material.

3. Upon information and belief, Defendants, Waterside Construction, LLC, 38 Coah, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC and Fred A. Daibes purposely and improperly caused or arranged concrete from Alcoa Building 12 to be crushed at the Alcoa Site and then transported to and disposed of at Veteran's Field.

4. Upon information and belief, Defendants, Waterside Construction, LLC, 38 Coah, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC and Fred A. Daibes arranged, caused, or permitted fill material that they knew or should have known to be PCB-contaminated concrete to be transported to or disposed at the Veteran's Field site in violation of state and federal environmental laws.

**WHEREFORE**, this Third Party Defendant, Hudson Spa hereby demands judgment against the Defendants for any and all sums that may be adjudged against this Defendant in favor of the Third Party Plaintiff in this cause, together with interest, costs and counsel fees.

### CERTIFICATION

I hereby certify that the within Answer was filed within the time prescribed by the Rules of Court.

BRESLIN AND BRESLIN, P.A.
Attorney for Defendant, Hudson Spa, LLC

Kevin C. Corriston

Dated: January 22, 2018

### CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other pending civil action or arbitration proceeding and no such action or arbitration proceeding is presently contemplated.

BRESLIN AND BRESLIN, P.A.
Attorneys for Defendant, Hudson Spa, LLC

Kevin C. Corriston

Dated: January 22, 2018

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, KEVIN C. CORRISTON, is hereby designated as trial counsel.

BRESLIN AND BRESLIN, P.A.
Attorney for Defendant, Hudson Spa, LLC

Kevin C. Corriston

Dated: January 22, 2018

## JURY DEMAND

PLEASE TAKE NOTICE that Defendant, hereby demands a trial by jury on all issues so triable herein.

                                                  BRESLIN AND BRESLIN, P.A.
                                                  Attorneys for Defendant, Hudson Spa, LLC

                                                  Kevin C. Corriston

DATED: January 22, 2018