K&L Gates LLP
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel:  (973) 848-4000
*Attorneys for Arconic Inc. (f/k/a Alcoa Inc.)*
 *and Arconic Domestic, LLC*
 *(f/k/a Alcoa Domestic, LLC*
*as successor in interest to A.P. New Jersey, Inc.)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br><br>     Plaintiff,<br><br>     v.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALCOA INC. (formerly known as "Aluminum Company of America"); ALCOA DOMESTIC LLC, as successor in interest to A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC CORPORATIONS 1-100,<br><br>     Defendants,<br><br>and<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; and FRED A. DAIBES,<br><br>     Defendants/Third-Party Plaintiffs,<br><br>     v.<br><br>NEGLIA ENGINEERING ASSOCIATES,<br><br>     Third-Party Defendant,<br><br>and | Civil Action No.: 2:14-CV-05060<br><br><br><br>**ARCONIC INC. AND ARCONIC DOMESTIC, LLC'S AMENDED ANSWER TO THE FIFTH AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

1

ALCOA DOMESTIC, LLC, as successor in
interest to A.P. NEW JERSEY, INC.,

      Defendant/Third-Party Plaintiff,

      v.

COUNTY OF BERGEN and RIVER ROAD
IMPROVEMENT PHASE II, INC.,

      Third-Party Defendants.

Defendants/Third-Party Plaintiffs Arconic Inc. (f/k/a Alcoa Inc.) and Arconic Domestic, LLC (f/k/a Alcoa Domestic, LLC as successor in interest to A.P. New Jersey, Inc.) (collectively "Arconic") by their counsel K&L Gates, LLP, answer the Plaintiff's Fifth Amended Complaint as follows:

## THE PARTIES

1.    Inasmuch as Paragraph 1 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

2.    Inasmuch as Paragraph 2 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

3.    Inasmuch as Paragraph 3 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

4.    Inasmuch as Paragraph 4 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

5.    Inasmuch as Paragraph 5 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

6.    Inasmuch as Paragraph 6 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

7. Inasmuch as Paragraph 7 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

8. Arconic admits that Arconic Inc. (formerly known as Alcoa Inc.) is a Pennsylvania corporation with offices at 201 Isabella Street, Pittsburgh, Pennsylvania 15212. Arconic denies the remaining allegations set forth in Paragraph 8.

9. Arconic denies the allegations set forth in Paragraph 9, but Arconic admits that A.P. New Jersey, Inc. was a Delaware corporation that merged into Arconic Domestic LLC, (formerly known as Alcoa Domestic LLC), a wholly-owned subsidiary of Arconic Inc., in 2010.

10. Inasmuch as Paragraph 10 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

11. Inasmuch as Paragraph 11 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

12. Inasmuch as Paragraph 12 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

**JURISDICTION AND VENUE**

13. Arconic can neither admit nor deny the allegations set forth in Paragraph 13, inasmuch as it makes legal conclusions to which Arconic is not required to respond and which may vary from party to party.

14. Arconic can neither admit nor deny the allegations set forth in Paragraph 14, inasmuch as it makes legal conclusions to which Arconic is not required to respond and which may vary from party to party.

15.     Arconic can neither admit nor deny the allegations set forth in Paragraph 15, inasmuch as it makes legal conclusions to which Arconic is not required to respond and which may vary from party to party.

16.     Arconic objects to the allegations contained in Paragraph 16 to the extent that Paragraph states conclusions to which no responsive pleading is required.  Arconic denies the remaining factual allegations of Paragraph 16 except to admit that Arconic conducts business in the State of New Jersey.

## BACKGROUND

17.     Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17.

18.     Inasmuch as Paragraph 18 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

19.     Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19.

20.     Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20.

21.     Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21.

22.     Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22.

23.     Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23.

24.     Inasmuch as Paragraph 24 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

25.     Inasmuch as Paragraph 25 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

26.     Inasmuch as Paragraph 26 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

27.     Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27.

28.     Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28.

29.     Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29.

30.     Inasmuch as Paragraph 30 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

31.     Inasmuch as Paragraph 31 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

32.     Inasmuch as Paragraph 32 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

33.     Inasmuch as Paragraph 33 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

34.     Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34.

35.     Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35.

36.     Inasmuch as Paragraph 36 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

37.     Inasmuch as Paragraph 37 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

38.     Inasmuch as Paragraph 38 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

39.     Inasmuch as Paragraph 39 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

40.     Inasmuch as Paragraph 40 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

41.     Inasmuch as Paragraph 41 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

42.     Inasmuch as Paragraph 42 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

43.     Inasmuch as Paragraph 43 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

44.     Inasmuch as Paragraph 44 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

45.     Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45.

46.    Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46.

47.    Inasmuch as Paragraph 47 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

48.    Inasmuch as Paragraph 48 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

49.    Inasmuch as Paragraph 49 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

50.    Inasmuch as Paragraph 50 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

51.    Inasmuch as Paragraph 51 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

52.    Inasmuch as Paragraph 52 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

53.    Inasmuch as Paragraph 53 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

54.    Inasmuch as Paragraph 54 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

55.    Inasmuch as Paragraph 55 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph. Inasmuch as Paragraph 55 contains factual allegations related to Arconic, Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in that Paragraph.

56.     Inasmuch as Paragraph 56 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

57.     Arconic denies the allegations set forth in Paragraph 57, except Arconic admits that at one time the site identified by Plaintiff as the "Alcoa Site" was owned by Arconic Inc. and A.P. New Jersey, Inc. and was conveyed to North River Mews Associates, LLC in 1997. Inasmuch as Paragraph 57 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

58.     Arconic denies the allegations set forth in Paragraph 58, except Arconic admits that at one time the site identified by Plaintiff as the "Alcoa Site" was owned by Arconic Inc. and A.P. New Jersey, Inc. and was conveyed to North River Mews Associates, LLC in 1997. Inasmuch as Paragraph 58 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

59.     Arconic denies the allegations set forth in Paragraph 59, except Arconic admits that Arconic entered into a Memorandum of Agreement with NJDEP and North River in or about June 1997.  Inasmuch as Paragraph 59 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

60.     Arconic denies the allegations set forth in Paragraph 60.

61.     Arconic admits that NJDEP issued a Restricted Use No Further Action Letter on or about February 12, 2003.  Arconic refers to the Restricted Use No Further Action Letter for the language therein and its exact meaning and effect.  Inasmuch as Paragraph 61 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

62.     Arconic refers to the Restricted Use No Further Action Letter for the language therein and its exact meaning and effect.

63.     Inasmuch as Paragraph 63 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

64.     Inasmuch as Paragraph 64 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

65.     Arconic refers to the Deed Notice for the language therein and its exact meaning and effect.

66.     Arconic admits that there was a building known as "Building 12" on the site identified by Plaintiff as the "Alcoa Site."  Arconic admits that Building 12 was constructed, in part, out of concrete.

67.     Arconic refers to the Deed Notice for the language therein and its exact meaning and effect.

68.     Arconic refers to the Deed Notice for the language therein and its exact meaning and effect.  Arconic denies that the Deed Notice required Arconic to submit written certification to NJDEP of the maintenance of such institutional and engineering controls and that no changes have occurred.

69.     Arconic refers to the Deed Notice for the language therein and its exact meaning and effect.

70.     Arconic refers to the Deed Notice for the language therein and its exact meaning and effect.

71.     Inasmuch as Paragraph 71 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

72.     Inasmuch as Paragraph 72 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

73.     Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73.

74.     Inasmuch as Paragraph 74 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

75.     Inasmuch as Paragraph 75 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

76.     Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76.

77.     Inasmuch as Paragraph 77 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

78.      Inasmuch as Paragraph 78 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

79.     Arconic denies the allegations set forth in Paragraph 79, except Arconic admits it filed a Third-Party Complaint against Hudson Spa, LLC on or about December 13, 2017, and refers to the language contained therein for its exact meaning and effect.

80.     Inasmuch as Paragraph 80 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph. Inasmuch as Paragraph 80 contains allegations related to Arconic, Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in that Paragraph.

81.     Inasmuch as Paragraph 81 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

Inasmuch as Paragraph 81 contains allegations related to Arconic, Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in that Paragraph.

82.     Inasmuch as Paragraph 82 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph. Inasmuch as Paragraph 82 contains allegations related to Arconic, Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in that Paragraph.

83.     Inasmuch as Paragraph 83 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

84.     Inasmuch as Paragraph 84 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

85.     Inasmuch as Paragraph 85 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

86.     Inasmuch as Paragraph 86 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

87.     Inasmuch as Paragraph 87 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

88.     Inasmuch as Paragraph 88 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

89.     Inasmuch as Paragraph 89 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

90.     Inasmuch as Paragraph 90 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

**COUNT I**

**Contribution under the Spill Act (as to Waterside, Fred Daibes, Daibes Brothers, 38 COAH, North River, ALCOA, TERMS, ALCOA DOMESTIC, HUDSON SPA, John Does 1-100 and ABC Corporations 1-100)**

91.     Arconic repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 91 of the Fifth Amended Complaint.

92.     Arconic refers to N.J.S.A. § 58:10-23.11f(a)(2) for the language therein and its exact meaning and effect.

93.     Arconic can neither admit nor deny the allegations in Paragraph 93 inasmuch as it makes legal conclusions to which Arconic is not required to respond and which may vary from party to party.

94.     Inasmuch as Paragraph 94 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

95.     Inasmuch as Paragraph 95 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

96.     Inasmuch as Paragraph 96 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

97.     Inasmuch as Paragraph 97 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

98.     Inasmuch as Paragraph 98 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

99.     Arconic objects to the allegations contained in Paragraph 99 as that Paragraph states conclusions to which no responsive pleading is required.  Arconic Inc. admits that it is a corporation organized under the laws of the Commonwealth of Pennsylvania.

100.     Inasmuch as Paragraph 100 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

101.     Arconic objects to the allegations contained in Paragraph 101 as that Paragraph states conclusions to which no responsive pleading is required.   Arconic admits that Arconic Domestic LLC is the successor in interest to A.P. New Jersey, Inc., which was a Delaware corporation.

102.     Inasmuch as Paragraph 102 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

103.     Inasmuch as Paragraph 103 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

104.     Inasmuch as Paragraph 104 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

105.     Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 105 and refers to Spill Act Section 58:10-23.11b, N.J.S.A. § 58:10-23.11b for the language therein and its exact meaning and effect.

106.     Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 106 and refers to Spill Act Section 58:10-23.11b, N.J.S.A. § 58:10-23.11b for the language therein and its exact meaning and effect.

107.     Inasmuch as Paragraph 107 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

108.     Inasmuch as Paragraph 108 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

109.     Inasmuch as Paragraph 109 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

110.     Inasmuch as Paragraph 110 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

111.     Inasmuch as Paragraph 111 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

112.     Arconic denies the allegations set forth in Paragraph 112.

113.     Inasmuch as Paragraph 113 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

114.     Arconic denies the allegations set forth in Paragraph 114.

115.     Inasmuch as Paragraph 115 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

116.     Inasmuch as Paragraph 116 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

117.     Inasmuch as Paragraph 117 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

118.     Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 118.

119.     Arconic denies that Plaintiff is entitled to contribution from Arconic Inc., A.P. New Jersey, Inc., or Arconic Domestic LLC for investigation or remediation costs Plaintiff has incurred or will incur or for which Plaintiff is deemed liable.  Inasmuch as Paragraph 119 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the

allegations set forth in that Paragraph.  Nonetheless, Arconic denies that Plaintiff is entitled to the relief described in that Paragraph.

## COUNT II
### Cost Recovery Under CERCLA (as to Waterside, Fred Daibes, Daibes Brothers, 38 COAH, North River, ALCOA, ALCOA DOMESTIC, HUDSON SPA, TERMS, John Does 1-100 and ABC Corporations 1-100)

120.    Arconic repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 120 of the Fifth Amended Complaint.

121.    Arconic refers to Section 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(4)(B), for the language therein and its exact meaning and effect.

122.    Arconic refers to Sections 107(a)(1) and 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(1), (4)(B), for the language therein and its exact meaning and effect.

123.    Arconic refers to Sections 107(a)(2) and 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(2), (4)(B), for the language therein and its exact meaning and effect.

124.    Arconic refers to Sections 107(a)(3) and 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(3), (4)(B), for the language therein and its exact meaning and effect.

125.    Arconic refers to Sections 107(a)(4) and 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(4), (4)(B), for the language therein and its exact meaning and effect.

126.    Arconic can neither admit nor deny the allegations set forth in Paragraph 126, inasmuch as it makes legal conclusions to which Arconic is not required to respond and which may vary from party to party.  Arconic admits that Arconic Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania.  Arconic admits that Arconic Domestic LLC is a limited liability company organized under the laws of Delaware.  Inasmuch as Paragraph 126

contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

127.    Arconic denies that either Arconic Inc. or Arconic Domestic LLC are owners and/or "operators" of Veteran's Field within the meaning of Section 101(20) of CERCLA, 42 U.S.C. § 9601(20).  Inasmuch as Paragraph 127 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

128.    Arconic denies that either Arconic Inc. or Arconic Domestic LLC arranged, by contract, agreement, or otherwise, for disposal of hazardous substances at Veteran's Field. Inasmuch as Paragraph 128 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

129.    Inasmuch as Paragraph 129 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

130.    Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 130.

131.    Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 131.

132.    Arconic denies that either Arconic Inc. or Arconic Domestic LLC are liable under CERCLA as persons who at the time of disposal of any hazardous substance owned or operated any facility at which hazardous substances were disposed.  Inasmuch as Paragraph 132 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

133.    Arconic denies that either Arconic Inc. or Arconic Domestic LLC are liable under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), as persons who by contract, agreement,

or otherwise arranged for the disposal or treatment of hazardous substances.   Inasmuch as Paragraph 133 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

134.    Inasmuch as Paragraph 134 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

135.    Arconic denies that Plaintiff is entitled to recovery from Arconic Inc. or Arconic Domestic LLC for its costs of response incurred in connection with Veteran's Field.   Inasmuch as Paragraph 135 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.   Nonetheless, Arconic denies that Plaintiff is entitled to the relief described in that Paragraph.

## COUNT III
### Breach of Contract (as to Waterside)

136.    Arconic repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 136 of the Fifth Amended Complaint.

137.    Inasmuch as Paragraph 137 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

138.    Inasmuch as Paragraph 138 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

139.    Inasmuch as Paragraph 139 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

140.    Inasmuch as Paragraph 140 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

141.    Inasmuch as Paragraph 141 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

142.    Inasmuch as Paragraph 142 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

143.    Inasmuch as Paragraph 143 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

144.    Inasmuch as Paragraph 144 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

145.    Inasmuch as Paragraph 145 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

146.    Inasmuch as Paragraph 146 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

147.    Inasmuch as Paragraph 147 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

148.    Inasmuch as Paragraph 148 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

149.    Inasmuch as Paragraph 149 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

150.    Inasmuch as Paragraph 150 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

151.    Inasmuch as Paragraph 151 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

152.    Inasmuch as Paragraph 152 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

153.    Inasmuch as Paragraph 153 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

154.    Inasmuch as Paragraph 154 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

155.    Inasmuch as Paragraph 155 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

156.    Inasmuch as Paragraph 156 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

157.    Inasmuch as Paragraph 157 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

### COUNT IV
### Fraud (as to Waterside and Fred Daibes)

158.    Arconic repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 158 of the Fifth Amended Complaint.

159.    Inasmuch as Paragraph 159 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

160.    Inasmuch as Paragraph 160 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

161.    Inasmuch as Paragraph 161 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

162.     Inasmuch as Paragraph 162 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

163.     Inasmuch as Paragraph 163 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

164.     Inasmuch as Paragraph 164 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

165.     Inasmuch as Paragraph 165 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

166.     Inasmuch as Paragraph 166 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

## COUNT V
### Negligence (as to Waterside)

167.     Arconic repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 167 of the Fifth Amended Complaint.

168.     Inasmuch as Paragraph 168 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

169.     Inasmuch as Paragraph 169 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

170.     Inasmuch as Paragraph 170 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

171.     Inasmuch as Paragraph 171 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

172.    Inasmuch as Paragraph 172 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

173.    Inasmuch as Paragraph 173 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

## COUNT VI
## Negligence (as to Fred Daibes, Daibes Brothers, North River, and 38 COAH)

174.    Arconic repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 174 of the Fifth Amended Complaint.

175.    Inasmuch as Paragraph 175 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

176.    Inasmuch as Paragraph 176 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

177.    Inasmuch as Paragraph 177 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

178.    Inasmuch as Paragraph 178 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

179.    Inasmuch as Paragraph 179 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

180.    Inasmuch as Paragraph 180 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

181.    Inasmuch as Paragraph 181 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

182.     Inasmuch as Paragraph 182 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

183.     Inasmuch as Paragraph 183 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

184.     Inasmuch as Paragraph 184 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

**COUNT VII**
**Negligence (as to ALCOA, ALCOA DOMESTIC, and HUDSON SPA)**

185.     Arconic repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 185 of the Fifth Amended Complaint.

186.     Arconic admits that Arconic operated an industrial manufacturing plant at the site identified by Plaintiff as the "Alcoa Site" from 1914 through 1965.

187.     Arconic admits that Arconic transferred title of the site identified by Plaintiff as the "Alcoa Site" to Amland Properties Corporation in or about 1983.

188.     Arconic admits that Arconic transferred title of the site identified by Plaintiff as the "Alcoa Site" to Amland Properties Corporation in or about 1983.

189.     Arconic denies the allegations set forth in Paragraph 189.

190.     Arconic denies the allegations set forth in Paragraph 190.

191.     Arconic denies the allegations set forth in Paragraph 191.

192.      Arconic denies the allegations set forth in Paragraph 192.

193.     Arconic denies the allegations set forth in Paragraph 193, except Arconic admits that at one time A.P. New Jersey, Inc. held title of the site identified by Plaintiff as the "Alcoa Site."

22

194.    Arconic denies the allegations set forth in Paragraph 194.

195.    Arconic admits that A.P. New Jersey, Inc. was a Delaware corporation that merged into Arconic Domestic LLC, a wholly-owned subsidiary of Arconic Inc., in 2010.

196.    Arconic denies the allegations set forth in Paragraph 196.

197.    Arconic denies the allegations set forth in Paragraph 197.

198.    Arconic denies the allegations set forth in Paragraph 198.

199.    Arconic denies the allegations set forth in Paragraph 199.

200.    Arconic denies the allegations set forth in Paragraph 200, except Arconic admits that the 1997 Multiparty Agreement provided for the demolition and removal of structures and improvements then existing at the site identified by Plaintiff as the "Arconic Site."  Inasmuch as Paragraph 200 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

201.    Arconic denies the allegations set forth in Paragraph 201.

202.    Arconic denies the allegations set forth in Paragraph 202.

203.    Arconic denies the allegations set forth in Paragraph 203.

204.    Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 204.  Inasmuch as Paragraph 204 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

205.    Arconic denies the allegations set forth in Paragraph 205.

206.    Inasmuch as Paragraph 206 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

207.     Arconic denies the allegations set forth in Paragraph 207.  Inasmuch as Paragraph 207 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

208.     Arconic denies the allegations set forth in Paragraph 208.  Inasmuch as Paragraph 208 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

209.     Arconic denies the allegations set forth in Paragraph 209.  Inasmuch as Paragraph 209 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

210.     Arconic denies the allegations set forth in Paragraph 210.  Inasmuch as Paragraph 210 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

211.     Arconic denies the allegations set forth in Paragraph 211.  Inasmuch as Paragraph 211 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

212.     Arconic denies the allegations set forth in Paragraph 212.  Inasmuch as Paragraph 212 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

213.     Arconic denies the allegations set forth in Paragraph 213.  Inasmuch as Paragraph 213 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

214.    Arconic denies the allegations set forth in Paragraph 214.  Inasmuch as Paragraph 214 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

**COUNT VIII**
**Unjust Enrichment (as to Waterside, Fred Daibes, North River, Daibes Brothers, 38 COAH, ALCOA, ALCOA DOMESTIC, and HUDSON SPA)**

215.    Arconic repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 215 of the Fifth Amended Complaint.

216.    Inasmuch as Paragraph 216 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph. Inasmuch as Paragraph 216 contains allegations related to Arconic, Arconic denies the allegations contained in that Paragraph.

217.    Inasmuch as Paragraph 217 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph. Inasmuch as Paragraph 217 contains allegations related to Arconic, Arconic denies the allegations contained in that Paragraph.

218.    Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 218.

219.    Arconic denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 219.

220.    Arconic can neither admit nor deny the allegations set forth in Paragraph 220, inasmuch as it makes legal conclusions to which Arconic is not required to respond and which may vary from party to party.

221.    Arconic objects to the allegations contained in Paragraph 221 as that Paragraph states conclusions to which no responsive pleading is required.  Inasmuch as Paragraph 221 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.  Nonetheless, Arconic denies that Plaintiff is entitled to the relief described in that Paragraph.

**COUNT IX**
**Strict Liability (as to ALCOA, ALCOA DOMESTIC, and HUDSON SPA)**

222.    Arconic repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 222 of the Fifth Amended Complaint.

223.    Arconic denies the allegations set forth in Paragraph 223.

224.    Arconic denies the allegations set forth in Paragraph 224.

225.    Arconic denies the allegations set forth in Paragraph 225.

226.    Arconic denies the allegations set forth in Paragraph 226.

**COUNT X**
**Strict Liability (as to Waterside, Fred Daibes, Daibes Brothers, North River, and 38 COAH)**

227.    Arconic repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 227 of the Fifth Amended Complaint.

228.    Inasmuch as Paragraph 228 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

229.    Inasmuch as Paragraph 229 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

230.     Inasmuch as Paragraph 230 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

231.     Inasmuch as Paragraph 231 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

## COUNT XI
## Violations of the New Jersey Consumer Fraud Act (as to Waterside and Fred Daibes)

232.     Arconic repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 232 of the Fifth Amended Complaint.

233.     Inasmuch as Paragraph 233 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

234.     Inasmuch as Paragraph 234 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

235.     Inasmuch as Paragraph 235 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

236.     Inasmuch as Paragraph 236 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

237.     Inasmuch as Paragraph 237 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

238.     Inasmuch as Paragraph 238 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

239.     Inasmuch as Paragraph 239 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

240.     Inasmuch as Paragraph 240 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

241.     Inasmuch as Paragraph 241 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

242.     Inasmuch as Paragraph 242 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

243.     Inasmuch as Paragraph 243 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

244.     Inasmuch as Paragraph 244 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

245.     Inasmuch as Paragraph 245 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

246.     Inasmuch as Paragraph 246 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

247.     Inasmuch as Paragraph 247 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

248.     Inasmuch as Paragraph 248 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

249.     Inasmuch as Paragraph 249 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

250.     Inasmuch as Paragraph 250 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

251.    Inasmuch as Paragraph 251 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

252.    Inasmuch as Paragraph 252 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

253.    Inasmuch as Paragraph 253 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

254.    Inasmuch as Paragraph 254 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

255.    Inasmuch as Paragraph 255 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

256.    Inasmuch as Paragraph 256 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

## COUNT XII
### Breach of Contract (as to TERMS)

257.    Arconic repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 257 of the Fifth Amended Complaint.

258.    Inasmuch as Paragraph 258 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

259.    Inasmuch as Paragraph 259 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

260.    Inasmuch as Paragraph 260 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

261.     Inasmuch as Paragraph 261 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

262.     Inasmuch as Paragraph 262 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

263.     Inasmuch as Paragraph 263 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

264.     Inasmuch as Paragraph 264 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

265.     Inasmuch as Paragraph 265 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

266.     Inasmuch as Paragraph 266 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

267.     Inasmuch as Paragraph 267 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

268.     Inasmuch as Paragraph 268 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

## COUNT XIII
### Negligence (as to TERMS)

269.     Arconic repeats and re-alleges with the same force and effect as if set forth here in full its answers to each and every allegation contained in each paragraph incorporated by reference in Paragraph 269 of the Fifth Amended Complaint.

270.     Inasmuch as Paragraph 270 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

271.    Inasmuch as Paragraph 271 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

272.    Inasmuch as Paragraph 272 contains allegations related to a party other than Arconic, Arconic can neither admit nor deny the allegations set forth in that Paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Fifth Amended Complaint fails to state a claim upon which relief can be granted against Arconic.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of laches, estoppel, waiver, consent, unclean hands, res judicata, and/or other equitable defenses.

### THIRD AFFIRMATIVE DEFENSE

The applicable statute or statutes of limitations or other applicable law, rule, statute or regulation controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by Plaintiff, for some or all of Plaintiff's alleged costs; accordingly, Plaintiff's claims are barred as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE

The Fifth Amended Complaint does not describe the claims made against Arconic with sufficient particularity to determine what defenses may apply and Arconic reserves the right to assert additional affirmative defenses as discovery progresses.  Arconic adopts and incorporates herein all defenses raised by any other current Defendants and/or future Defendants or Third-Party Defendants, except to the extent that such defenses would shift liability to Arconic.

## FIFTH AFFIRMATIVE DEFENSE

Arconic has a complete defense to any liability under the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9601 et seq. ("CERCLA") pursuant to CERCLA § 107(b)(3), 42 U.S.C. § 9607(b)(3), inasmuch as the alleged release or threatened release was caused solely by the acts or omissions of unrelated third parties who were not agents or employees of Arconic and with whom Arconic had no contractual relationship; Arconic exercised due care as to any alleged hazardous substances; and Arconic took precautions against foreseeable third-party acts or omissions, and against the foreseeable consequences of such acts or omissions, within the meaning of CERCLA § 107(b), 42 U.S.C. § 9607(b).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has no claim under CERCLA because Plaintiff has failed to establish a prima facie case against Arconic.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has no claim under CERCLA because Arconic Inc. and Arconic Domestic LLC are not covered persons within the meaning of CERCLA.

## EIGHTH AFFIRMATIVE DEFENSE

"Hazardous substances," as defined in CERCLA § 101(14), 42 U.S.C. § 9601(14) were not released into the environment by Arconic within the meaning of the word "release" as defined in CERCLA § 101(22), 42 U.S.C. § 9601(22).   Even if there were "hazardous substances," as defined in CERCLA § 101(14), 42 U.S.C. § 9601(14) released into the environment by Arconic within the meaning of the word "release" as defined in CERCLA § 101(22), 42 U.S.C. §9601(22), which Arconic denies, the release did not affect the Veteran's Field site that is the subject of this Action.

32

## NINTH AFFIRMATIVE DEFENSE

The costs incurred or to be incurred by Plaintiff and which Plaintiff seeks to recover in this action are not recoverable to the extent that they are not necessary costs of response consistent with the National Contingency Plan.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege or establish the required nexus between Arconic and the Veteran's Field site that is the subject of this Action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff did not comply with the statutory and/or regulatory prerequisites necessary to bring a CERCLA action.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that any or all of the Defendants are found liable in this matter, joint and several liability is inappropriate because the harms are divisible and there are reasonable bases for apportionment of the harms suffered.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no claim under the Spill Compensation and Control Act, N.J.S.A. § 58:10-23.11 et seq. ("Spill Act" or "Act") against Arconic because neither Arconic Inc. nor Arconic Domestic LLC are dischargers and/or responsible persons within the meaning of the Act, and/or Plaintiff's damages, if any, are the result of conduct occurring prior to the effective date of the Spill Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff did not comply with the requirements and prerequisites of the Spill Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is entitled to contribution from Arconic under the Spill Act, such relief is limited to "clean up and removal costs" as defined at N.J.S.A. § 58:10-23b.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statutory defenses to liability provided by the Spill Act.


Dated:  Newark, New Jersey
        April 9, 2018

                                        Respectfully submitted,

                                        K&L GATES LLP


                                        By:   /s/ Michael E. Waller
                                                Michael E. Waller
                                                Dana B. Parker
                                                One Newark Center, Tenth Floor
                                                Newark, New Jersey 07102
                                                Tel:  (973) 848-4000
                                                michael.waller@klgates.com
                                                dana.parker@klgates.com

                                                *Attorneys for Arconic Inc. (f/k/a Alcoa
                                                Inc.) and Arconic Domestic, LLC (f/k/a
                                                Alcoa Domestic, LLC as successor in
                                                interest to A.P. New Jersey, Inc.)*