SHAFRON LAW GROUP, LLC
2 University Plaza, Suite 400
Hackensack, NJ 07601
Tel: (201) 343-7200
*Attorneys for Defendants Waterside Construction, LLC*
*38 Coah, LLC, Daibes Brothers, Inc., North River Mews*
*Associates, LLC, Fred A. Daibes, and Third Party Defendants*
*River Road Improvement Phase II, Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br> Plaintiff,<br><br>vs.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALCOA, INC. (f/k/a "Aluminum Company of America"); ALCOA DOMESTIC, LLC, as successor in interest to A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC CORPORATIONS 1-100,<br> Defendants,<br><br>and<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; and FRED A. DAIBES,<br> Defendants/Third Party Plaintiffs,<br><br>v.<br><br>NEGLIA ENGINEERING ASSOCIATES,<br> Third Party Defendants,<br><br>and<br><br>ALCOA DOMESTIC, LLC as successor in interest to A.P. NEW JERSEY, INC.,<br> Defendant/Third-Party Plaintiff,<br><br>v.<br><br>COUNTY OF BERGEN and RIVER ROAD IMPROVEMENT PHASE II, INC., and Hudson Spa, LLC,<br> Third-Party Defendants. | Civil Action No.:2:14-CV-05060 (JMV-JBC)<br><br><br>**ANSWER OF DEFENDANTS WATERSIDE CONSTRUCTION, LLC, 38 COAH, LLC, DAIBES BROTHERS, INC., NORTH RIVER MEWS ASSOCIATES, LLC AND FRED A. DAIBES TO THE CROSSCLAIMS OF HUDSON SPA, LLC** |

Defendants, Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC and Fred A. Daibes (hereinafter collectively "Waterside" or "Defendants") by way of Answer to the Crossclaim of Hudson Spa, LLC ("Hudson Spa") hereby state as follows:

## **FIRST COUNT**

1. Defendants admit that The Heaven, LLC contracted with Waterside for the demolition of Building 12. To the extent that the allegations of Paragraph 1 of the First Count of Hudson Spa's Crossclaim references a document, said document speaks for itself. To the extent that any remaining allegations are made or intended to be made against Defendants, said allegations are denied.

2. Defendants admit that Hudson Spa Club, LLC entered into a Ground Lease with North River Mews Associates, LLC. To the extent that the allegations of Paragraph 2 of the First Count of Hudson Spa's Crossclaim references a document, said document speaks for itself. To the extent that any remaining allegations are made or intended to be made against Defendants, said allegations are denied.

3. Defendants deny the allegations contained in Paragraph 3 of the First Count of Hudson Spa's Crossclaim.

4. Defendants admit that North River Mews is the owner of the former Alcoa site. To the extent that any remaining allegations contained in Paragraph 4 of the First Count of Hudson Spa's Crossclaim are made or intended to be made against Defendants, said allegations are denied.

5. Defendants deny the allegations contained in Paragraph 5 of the First Count of Hudson Spa's Crossclaim.

6. Defendants deny the allegations contained in Paragraph 6 of the First Count of Hudson Spa's Crossclaim.

# AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Hudson Spa's Crossclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Hudson Spa's claims are barred or subject to reduction by reason of its own actions/inactions.

### THIRD AFFIRMATIVE DEFENSE

Hudson Spa's claims are barred by the its own breach of contract.

### FOURTH AFFIRMATIVE DEFENSE

Hudson Spa's claims are barred because these Defendants were acting under and in accordance with instructions received from Hudson Spa.

### FIFTH AFFIRMATIVE DEFENSE

Hudson Spa's claims are barred by the doctrines of unclean hands, waiver and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Hudson Spa's claims are barred or subject to reduction by reason of its failure to mitigate its alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

Hudson Spa's alleged damages have been caused solely by the acts of Third-Parties over whom these Defendants had no control or right of control or by superseding or intervening conduct of others outside of Defendants' control.

## EIGHTH AFFIRMATIVE DEFENSE

Hudson Spa's claims are barred or subject to reduction because the damages claimed include costs that are not reasonable or necessary.

## NINTH AFFIRMATIVE DEFENSE

Any alleged damages suffered by Hudson Spa, which are denied, and any releases or threatened release of hazardous substances or other contaminants as alleged, and any costs or damages resulting therefrom, were caused solely by the acts and/or omissions of Third-Parties or their agents, employees or any party with a contractual relationship existing directly or indirectly with Hudson Spa within the meaning of Section 107(b)(3) of CERCLA.

## TENTH AFFIRMATIVE DEFENSE

Hudson Spa's claims are barred, in whole or in part, by its failure to comply with the requirements and prerequisites to liability under the Spill Compensation and Control Act, N.J.S.A. § 58:10-23.11 et seq.

## ELEVENTH AFFIRMATIVE DEFENSE

Hudson Spa's Crossclaim must be dismissed for failure to join indispensable parties to this litigation.

## TWELFTH AFFIRMATIVE DEFENSE

Hudson Spa's claims are barred by the terms of the contracts between the parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

Hudson Spa's claims are barred, in whole or in part, by the doctrine of set off.

## FOURTEENTH AFFIRMATIVE DEFENSE.

Hudson Spa's claims are barred, in whole or in part, by the doctrine of recoupment.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Without conceding any detrimental reliance on the part of Hudson Spa, Hudson Spa acted unreasonably if any such reliance exists.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Any loss suffered by the Hudson Spa was as a result of their own negligence, or the negligence or fault of their agents, which negligence or fault is greater than any alleged negligence of these Defendants, which negligence is specifically denied.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The damages which Hudson Spa seeks, if awarded, would result in unjust enrichment to Hudson Spa.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Hudson Spa's claims are barred against any individual shareholders of Defendants as same cannot be held personally liable for the acts or omissions of its corporation.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants hereby incorporate all affirmative and separate defenses which have been or will be pleaded by any party in this action to the extent that these defenses are applicable to Defendants as well as any additional applicable statutory or common law defenses and reserves the right to amend this Answer to assert additional defenses.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendants reserve the right to assert additional defenses that may be pertinent to Hudson Spa's claims when the precise nature of said claims is further ascertained through discovery and based upon facts developed as this matter progresses.

**WHEREFORE,** Defendants demand judgment against Hudson Spa dismissing Hudson Spa's Crossclaim in its entirety together with court costs and attorneys' fees and awarding such other and further relief as this Court shall deem equitable and just.

SHAFRON LAW GROUP, LLC
Attorneys for Defendants

DATED: July 31, 2018                    BY: /s/ *Jason T. Shafron*
                                             JASON T. SHAFRON