**K&L GATES**

Dana B. Parker
Dana.parker@klgates.com
T +1 973 848 4091
F +1 973 848 4001

March 2, 2020

**VIA ELECTRONIC FILING**

Hon. John Michael Vazquez, U.S.D.J.
U.S. District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

RE:   *Borough of Edgewater v. Waterside Construction, LLC et al.*;
      Case No.: 2:14-cv-05060 (JMV-JBC)

Dear Judge Vazquez:

On behalf of Defendants Arconic Inc. and Arconic Domestic, LLC (collectively "Arconic"), we submit this letter in opposition to the January 31, 2020, letter of Defendant TERMS Environmental Services, Inc. ("TERMS"), in support of its proposed motions for summary judgment. (ECF No. 312 (Jan. 31, 2020) (Case No. 2:14-cv-05060)).

**I.   Arconic's crossclaims for indemnification and contribution are not preempted by CERCLA.**

Arconic asserts claims for indemnity and contribution against TERMS pursuant to N.J.S.A. § 58:10-23.11, N.J.S.A. § 2A:15-5.1, and N.J.S.A. § 2A:53A-1. (Answer to Plaintiff's First Amended Complaint, Affirmative Defenses and Crossclaims, ECF No. 20, p. 32 ¶ 5 (Nov. 21, 2014) (Case No. 2:14-cv-05060)). Terms incorrectly argues that these claims are preempted by Arconic's claim for damages associated with removal costs pursuant to CERCLA Section 113. 42 U.S.C. § 9613(f).

Section 114(b) of CERCLA provides:

> Any person who receives compensation for removal costs or damages or claims pursuant to this chapter shall be precluded from recovering compensation for the same removal costs or damages or claims pursuant to any other State or Federal law. Any person who receives compensation for removal costs or damages or claims pursuant to any other Federal or State law shall be precluded from receiving compensation for the same removal costs or damages or claims as provided in this chapter.

42 U.S.C. § 9614(b). As Your Honor previously recognized in this case:

> CERCLA prevents double recovery for "removal costs or damages or claims[.]" However, Section 114(b) does not indicate that pleading in the alternative is prohibited. To the contrary, the section expressly indicates that "[a]ny person who receives compensation for removal costs or damages or claims pursuant to any other Federal or State law shall

K&L GATES LLP
ONE NEWARK CENTER   TENTH FLOOR   NEWARK   NJ 07102
T +1 973 848 4000   F +1 973 848 4001   klgates.com
Anthony P. La Rocco, Administrative Partner, New Jersey

klgates.com

> be precluded from receiving compensation for the same removal costs or damages or claims as provided in this chapter." This plain language contemplates that a party can recover pursuant to a common law cause of action in the first instance (but would thereafter be prohibited from recovery the same costs pursuant to CERCLA).

(Opinion, Hon. J. Vazquez, ECF No. 245, at n.7 (Nov. 9, 2017) (Case No. 2:14-cv-05060)).

There has been no ruling that Arconic is entitled to compensation for removal costs under any Federal or State law. Unless and until that occurs, Arconic is entitled to plead in the alternative. *Id.* It would be premature for this Court to find that all of Arconic's non-CERCLA crossclaims for indemnification and contribution are preempted without first establishing that Arconic is actually entitled to damages for removal costs pursuant to 42 U.S.C. § 9613(f). *Id.*

## II. Even if TERMS is successful on its summary judgment motion against Edgewater, it can still be liable pursuant to Arconic's common law negligence claim.

TERMS argues that, in the event it is successful on its summary judgment motion on Plaintiff's CERCLA and Spill Act claims, there will be no basis to find that TERMS is liable to Arconic under common law. TERMS does not explain the basis for this argument. If TERMS believes Arconic's common law claims only seek contribution or indemnity based upon CERCLA or the Spill Act, TERMS is wrong. Arconic also asserts a negligence crossclaim against TERMS alleging that Terms caused or permitted fill material that it knew, or should have known, was contaminated to be transported to or disposed at the Veteran's Field site. (Answer to Plaintiff's First Amended Complaint, Affirmative Defenses and Crossclaims, ECF No. 20, pp. 32-33, ¶¶ 6-11 (Nov. 21, 2014) (Case No. 2:14-cv-05060)). Arconic's negligence crossclaim has nothing to do with and is not dependent on a finding that TERMS is liable under CERCLA or the Spill Act.

If TERMS is arguing that Arconic's negligence claim is preempted by CERCLA, TERMS is also wrong. The Third Circuit has held that CERCLA does not explicitly preempt all state law causes of action, nor does it create a comprehensive scheme of regulation leaving no room for supplementation. *Manor Care, Inc. v. Yaskin*, 950 F.2d 122, 125-26 (3d Cir. 1991). As noted above, § 114(b) merely prohibits a party from *recovering* compensation for the same removal costs pursuant to any other State or Federal law." 42 U.S.C. § 9614(b). That does not bar Arconic from asserting a negligence claim against TERMS that seeks damages other than response costs including, but not limited to, fees and cost of defense, and any amount Arconic may become obligated to pay the Borough based on the Borough's claims. Judge Ackerman recognized that, where a party seeks damages "beyond cost recovery, and thus, outside CERCLA's scheme," the common law claims are not preempted. *Ford Motor Co. v. Edgewood Props.*, No. 06-1278, 2008 U.S. Dist. LEXIS 84776, at *40 (D.N.J. Oct. 16, 2008). Even if TERMS is successful on its summary judgment motion on Plaintiff's CERCLA and Spill Act claims, therefore, TERMS can still be held liable pursuant to Arconic's negligence claim.

Respectfully submitted,

Dana B. Parker

cc:   All Counsel of Record (via ECF)

2