# K&L GATES

Dana B. Parker
Dana.parker@klgates.com
T +1 973 848 4091
F +1 973 848 4001

March 2, 2020

**VIA ELECTRONIC FILING**

Hon. John Michael Vazquez, U.S.D.J.
U.S. District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

RE:   ***Borough of Edgewater v. Waterside Construction, LLC et al.,***
   **Case No.: 2:14-cv-05060 (JMV-JBC)**

Dear Judge Vazquez:

On behalf of Defendants Arconic Inc. and Arconic Domestic, LLC (collectively "Arconic"), we submit this letter in opposition to the January 31, 2020, letter of Defendant Hudson Spa Club, LLC ("Hudson Spa"), in support of its proposed motions for summary judgment (ECF No. 313).

Arconic asserts statutory and common law claims against Hudson Spa for indemnity and contribution pursuant to 42 U.S.C. § 9613(f), N.J.S.A. § 58:10-23.11 *et seq.,* N.J.S.A. § 2A:15-5.1 *et seq.,* N.J.S.A. § 2A:53A-1 *et seq.,* and negligence. (Arconic Inc. and Arconic Domestic, LLC's Third-Party Complaint Against Hudson Spa, LLC, ECF No. 249 (Dec. 13, 2017) (Case 2:14-cv-05060)). Hudson Spa does not directly address Arconic's claims in its letter. However, to the extent that it intends to argue that it cannot be liable to Arconic in this case because it is not liable to the Borough under Section 107 of CERCLA, it is wrong.

First, Hudson Spa is liable to the Borough under Section 107 of CERCLA. Hudson Spa ignores the fact that on November 27, 2012, it contracted with Waterside to demolish Building 12 at the former Alcoa Site. *See* Arconic's Statement of Material Facts in Response to Hudson's Statement of Material Facts not in Dispute ("RSUMF") at ¶ 10. Pursuant to this Contract, Hudson Spa incorporated several instructions as to the handling and removal of the contaminated materials including, among other things, to "clear [Building 12] of all hazardous materials," "dispose of material[s] according to DEP requirements," and "comply with all . . . NJ State regulations." *Id.* Waterside began the demolition of Building 12 pursuant to this contract in March 2013. *Id.* at ¶ 10.

Under CERCLA, owner operator liability may be extended to a lessee when the lessee participates in the disposal of hazardous wastes. *United States v. Union Corp.,* 259 F. Supp. 2d 356, 394 (E.D. Pa. 2003); *Lentz v. Mason,* 961 F. Supp. 709, 715 (D.N.J. 1997) (citing *United States v. South Carolina Recycling and Disposal, Inc.,* 653 F. Supp. 984, 1003 (D.S.C. 1984), *aff'd in part, rev'd in part sub nom., United States v. Monsanto,* 858 F.2d 160 (4th Cir. 1988)). Courts have held that a leaseholder of a CERCLA facility may be liable when the lessee exercised a degree of control over the property and made decisions concerning the disposal of hazardous substances. *Lentz,* 961 F. Supp. at 715; *Union Corp.,* 259 F. Supp. 2d at 394.

K&L GATES LLP
ONE NEWARK CENTER   TENTH FLOOR   NEWARK   NJ 07102
T +1 973 848 4000  F +1 973 848 4001  klgates.com
Anthony P. La Rocco, Administrative Partner, New Jersey

klgates.com

Here, Hudson participated in the disposal of the hazardous waste that was allegedly transported to and spread on Veterans Field.  Hudson Spa had control over Building 12 and contracted directly with Waterside for demolition of the structure.  It was this demolition that led to the alleged unlawful transfer and disposal of contaminated debris at Veterans Field.  RSUMF at ¶ 10.  Furthermore, Hudson Spa made decisions concerning the disposal of the contaminated materials by, among other things, including instructions in the contract as to handling and removal of hazardous materials.  RSUMF at ¶ 10.  None of these facts are disputed, and they establish Hudson Spa's liability under CERCLA.

Second, even if Hudson Spa were not liable under Section 107 of CERCLA, it can still be liable to Arconic for damages associated with Arconic's other claims against it in this case.  Specifically, Arconic asserts claims against Hudson Spa for contribution and indemnity pursuant to N.J.S.A. § 58:10-23.11 *et seq.,* N.J.S.A. § 2A:15-5.1 *et seq.*, N.J.S.A. § 2A:53A-1 *et seq.*, and asserts a claim for negligence.  (Arconic Inc. and Arconic Domestic, LLC's Third-Party Complaint Against Hudson Spa, LLC, ECF No. 249 (Dec. 13, 2017) (Case 2:14-cv-05060)).  These claims are not dependent upon a finding that Hudson Spa is liable under CERCLA.

Respectfully submitted,

Dana B. Parker

cc:     All Counsel of Record (via ECF)

2