**K&L GATES**

March 2, 2020

Charles F. Rysavy
Charles.rysavy@klgates.com
T +1 973 848 4053
F +1 973 848 4001

**VIA ELECTRONIC FILING**

Hon. John Michael Vazquez, U.S.D.J.
U.S. District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

RE: *Borough of Edgewater v. Waterside Construction, LLC et al.*;
Case No.: 2:14-cv-05060 (JMV-JBC)

Dear Judge Vazquez:

On behalf of Defendants Arconic Inc. and Arconic Domestic, LLC (collectively "Arconic"), we submit this letter in opposition to the January 31, 2020, letter of Plaintiff Borough of Edgewater in support of its proposed motions for summary judgment. *See* ECF 319.

**I.   The Borough is not entitled to summary judgment on its CERCLA claim.**

The Borough is not entitled to summary judgment *in its favor* on its CERCLA claim. Rather, *Arconic* is entitled to summary judgment *dismissing* the Borough's CERCLA claim, because the Borough's response action was not consistent with the National Contingency Plan ("NCP"). *See* Arconic's January 31, 2020, letter, Point I. In addition, Plaintiff is not entitled to summary judgment on its CERCLA claim because Arconic is not a "responsible party" for purposes of the Veterans Field remediation. *See Id.*, Point II. Even if the Court were to reject these arguments, Plaintiff's proposed motion would fail because it is based on substantial disputed material facts, which cannot be decided on summary judgment. *See* Arconic's Responsive Statement of Undisputed Material Facts ("RSUMF") ¶ 145; Arconic's Statement of Undisputed Material Facts SUMF ("SUMF") ¶¶ 8, 33-40, 49-54, 67, 95, 96.

Finally, Plaintiff relies upon the report of its expert, B. Tod Delaney, Ph.D., to support its argument that the response action was consistent with the NCP. Borough of Edgewater's Statement of Undisputed Material Facts ("Borough's SUMF") ¶ 145. Dr. Delaney's opinion on this point is not competent. Arconic requests permission to file a motion to exclude the opinion under F.R.E. 702, to be decided prior to briefing on Plaintiff's proposed summary judgment motion.

**II.   Arconic is not liable to the Borough under the Spill Act.**

The Borough is likewise not entitled to summary judgment on its Spill Act claim against Arconic because *Arconic* is entitled to summary judgment *dismissing* the Borough's Spill Act claims. *See* Arconic's January 31 letter, Point V. Even if the Court were to reject Arconic's position, the Borough's Spill Act claim rests upon numerous disputed material facts, which preclude summary judgment. *See* SUMF ¶¶ 8, 33-40, 48-54, 67, 81-82, 94-108.

### III. The Borough's unjust enrichment claim is ripe for summary judgment, but not in the Borough's favor.

The Borough had an independent legal duty as the owner of the site to remediate Veterans Field; therefore, it may not recover its cleanup costs from other parties under an unjust enrichment theory. *See* Arconic's January 31 letter, Point III. Arconic, therefore, is entitled to summary judgment on this claim, not the Borough.

### IV   Arconic's Affirmative Defenses

<u>Fifth Affirmative Defense</u>: Arconic's Fifth Affirmative Defense, which is based on the "third-party defense" in CERCLA § 107(b)(3), 42 U.S.C. § 9607(b)(3), cannot be dismissed on summary judgment. Consistent with the requirements of the defense, the undisputed evidence shows that Waterside Construction, TERMS Environmental Services, Inc., and Hudson Spa, LLC, are third parties whose actions solely caused the release of hazardous substances at Veterans Field, and Arconic did not have a direct or indirect contractual relationship with any of them.

First, it is undisputed that Arconic did not have a contractual relationship of any kind, either direct or indirect, with TERMS or Hudson Spa. Supplemental RSUMF ¶¶ 1, 2.

Second, Arconic did not have a direct contractual relationship with Waterside (*see* Arconic's Supplemental Statement of Material Facts ("Supplemental SUMF") ¶ 3; nor did it have an indirect contractual relationship with Waterside for purposes of the third party defense. At the time Arconic sold the Former Alcoa Site to North River Mews Associates, LLP, in 1997 (SUMF ¶ 8), the parties entered into a Multi-Party Acquisition Agreement ("MPAA") by which North River agreed to demolish and remove all existing structures at the Former Alcoa Site and remediate any hazardous materials. SUMF ¶¶ 24-31. North River later decided not to demolish Building 12, so the parties entered into supplemental agreements in 1999, 2000, and 2001 extinguishing any Building 12-related obligations in the MPAA. SUMF ¶¶ 32, 33-40; Supplemental SUMF ¶ 4. Five years later, North River transferred the Building 12 portion of the property to Defendant 38 COAH Associates (SUMF ¶ 49), which six years after that (2012) leased the property to Defendant Hudson Spa Club, LLC. SUMF ¶ 51. Building 12 remained standing throughout this time. SUMF ¶¶ 49-52. Hudson Spa then contracted with Waterside in 2012 to demolish Building 12. SUMF ¶ 52. Inasmuch as Arconic's contractual relationship with North River ended in 2001 at the latest, the contractual relationship running from North River to 38 COAH to Hudson Spa to Waterside does not constitute an "indirect contractual relationship" between Arconic and Waterside.

Finally, Arconic "exercised due care with respect to the hazardous substance . . . [and] took precautions against foreseeable acts or omissions of any such third party," as required by the third party defense. CERCLA § 107(b)(3). Pursuant to the MPAA, Arconic required North River to perform any demolition and disposal of buildings on the former Alcoa site in compliance with an NJDEP-approved Remedial Action Workplan, in compliance with federal and state environmental laws, and under the supervision of the County of Bergen. SUMF ¶¶ 24-31.

Although Arconic believes that the undisputed facts satisfy the requirements of the third party defense, at a minimum, they preclude summary judgment in the Borough's favor.

2

<u>Sixteenth Affirmative Defense</u>: Arconic hereby withdraws its Sixteenth Affirmative Defense.

### V. The Borough cannot use CERCLA's third-party defense to escape its legal obligation to remediate Veterans Field.

The Borough argues that CERCLA's third-party defense allows it to escape responsibility to remediate Veterans Field. But the third-party defense is unavailable to the Borough because the release of hazardous substances at Veterans Field was caused partially or wholly by acts or omissions of third parties "whose act(s) or omission(s) occur[red] *in connection with a contractual relationship*" with the Borough. CERCLA § 107(b)(3) (emphasis added). There is no question that the Borough had a direct contractual relationship with Waterside for its work at Veterans Field, and a direct contractual relationship with TERMS to assure Waterside's work complied with all federal and state environmental laws. Borough's SUMF ¶¶ 80, 81, 85, 87, 89-92.

There is also no question that TERMS's and Waterside's roles *in the release* were "in connection with [their] contractual relationship" with the Borough  *See Westwood Pharm., Inc. v. Nat'l Fuel Gas Dist. Corp.*, 964 F.2d 85, 91-92 (2d Cir. 1992). "In order for [a] landowner to be barred from raising the third-party defense . . . the contract between the landowner and the third party must either *relate to the hazardous substances* or *allow the landowner to exert some element of control over the third party's activities.*" *Id.* As the site LSRP at the time of the releases, TERMS's contractual relationship with the Borough was plainly "related to the hazardous substances." The contract between the Borough and Waterside also "related to the hazardous substances" because it obligated Waterside to place fill at Veterans Field, and the release occurred when Waterside used contaminated materials for that fill. Borough's SUMF ¶¶ 84, 85, 87, 89-91, 94-103, 105-108, 111, 112. Moreover, the Borough, directly or through its agent TERMS, undeniably had "some element of control" over Waterside's work at the site. Borough's SUMF ¶¶ 80, 82-85, 87, 89, 94, 99, 107.

The Borough's assertions that Waterside acted "without the knowledge or consent of the Borough" and "outside the scope of any contract," even if true, do not save the defense. First, they do not address TERMS's clear role "related to the hazardous substances." Second, a landowner need not have knowledge or consent of the third party's specific actions in causing the release, nor must the release be within the scope of the contract. Rather, the Borough cannot succeed on the third-party defense because the undisputed facts show its contract with Waterside was "somehow . . . connected with the handling of hazardous substances." *Westwood Pharm.*, 964 F.2d at 89. *See also City of Philadelphia v. Stepan Chemical Co.*, 1987 WL 15214 at *4 (E.D. Pa. June 30, 1987) at *4 (rejecting argument that third-party defense still available because employee's actions were outside the scope of his employment).

Respectfully submitted,

Charles F. Rysavy

cc:   All Counsel of Record (via ECF)