UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br><br>    Plaintiff,<br><br>    v.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALCOA INC. (formerly known as "Aluminum Company of America"); ALCOA DOMESTIC LLC, as successor in interest to A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC CORPORATIONS 1-100,<br><br>    Defendants,<br><br>and<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; and FRED A. DAIBES,<br><br>    Defendants/Third-Party Plaintiffs,<br><br>    v.<br><br>NEGLIA ENGINEERING ASSOCIATES,<br><br>    Third-Party Defendant,<br><br>and | Case Nos.: 2:14-CV-05060-JMV-JBC<br>Hon. John M. Vazquez, U.S.D.J.<br>Hon. James B. Clark, III, U.S.M.J.<br><br><br><br>**LOCAL CIVIL RULE 56.1 RESPONSE TO PLAINTIFF BOROUGH OF EDGEWATER'S COUNTERSTATEMENT OF UNDISPUTED MATERIAL FACTS** |

ALCOA DOMESTIC, LLC, as successor in interest to A.P. NEW JERSEY, INC.,

    Defendant/Third-Party Plaintiff,

    v.

COUNTY OF BERGEN and RIVER ROAD IMPROVEMENT PHASE II, INC., and HUDSON SPA, LLC,

    Third-Party Defendants.

Pursuant to Local Civil Rule 56.1, Defendants Arconic Inc, and Arconic Domestic LLC (collectively "Arconic") set forth this Response to Plaintiff Borough of Edgewater's Counterstatement of Material Facts.

1. Arconic objects to this Paragraph as providing insufficient evidence to support the statements therein. The Paragraph merely cites to Paragraph 3 of the Franz Affidavit, which provides no evidence as to when the referenced document was first posted to the Veterans Field website. Moreover, it appears that the referenced document may not have been posted on the Borough's website until March 17, 2015. (*See* Rysavy Cert. ¶ 17, Ex. 15).

2. Undisputed that the description provided by the Borough is reflected in the document upon which it relies, but the Borough's only evidence that the document was uploaded to its website is a citation to the affidavit of Gregory Franz, which itself cites to no evidence in support of the statement.

3. Disputed. This Paragraph merely recites verbatim a paragraph of the Franz Affidavit, which itself cites to no evidence to support the statements other than to say that "the minutes of the meetings are available on the website." According to the website, the Veterans Field project began in 2011 (*see generally Veteran's Field Archives*, THE BOROUGH OF EDGEWATER, http://nj-edgewater.civicplus.com/234/Veterans-Field-Archives), but the Borough's website includes no agendas or minutes for Mayor and Council meetings prior to 2014. (*See*

Rysavy Cert. at ¶ 20, Ex. 18). The agendas and minutes during the time period for which agendas and minutes are available show that the Veterans Field project was not on the agenda for many monthly meetings, and that the public did not comment on the project at most monthly meetings. (*See* Rysavy Cert. at ¶ 19, Ex. 17; Rysavy Cert. at ¶ 20, Ex. 18; Rysavy Cert. at ¶ 21, Ex. 19; Rysavy Cert. at ¶ 22, Ex. 20).

4. Arconic objects to this Paragraph as providing insufficient evidence to support the statements therein. The Paragraph merely cites to the Franz Affidavit, which itself cites to no evidence to support the statement that information pertaining to the Veterans Field project "continued to be placed on the Veterans Field Website." The Borough provides no evidence as to when any of the documents currently on the Veterans Field website were first posted there. Moreover, dates corresponding to the various documents posted on the website appear to indicate that many were not posted for months or even years after they were created. (*See e.g.,* Rysavy Cert. at ¶ 12, Ex. 10; Rysavy Cert. at ¶ 7, Ex. 5; Rysavy Cert. at ¶ 3, Ex. 1).

5. Arconic does not dispute that the event described in this Paragraph is reflected in the cited document, but inasmuch as Arconic was not a party to this event, Arconic can neither dispute nor affirm that this event actually occurred. Arconic refers to the document for the information and descriptions contained therein.

6. Arconic objects to this Paragraph as providing insufficient evidence to support the statements therein. Arconic does not dispute that Exhibit 21 to the Supplemental Corriston Certification is a letter dated February 9, 2012, but inasmuch as Arconic was not a party to this event, Arconic can neither dispute nor affirm that the letter was ever sent out or to whom. Arconic refers to the document for the information and descriptions contained therein. Moreover, it appears that the referenced document may not have been posted on the Borough's website until March 17, 2015. (*See* Rysavy Cert. at ¶ 23, Ex. 21).

7. Arconic does not dispute that the event described in this Paragraph is reflected in the cited documents, but inasmuch as Arconic was not a party to this event, Arconic can neither dispute nor affirm that this event actually occurred. Arconic refers to the document for the information and descriptions contained therein. (*See* Rysavy Cert. at ¶ 24, Ex. 22).

8. Arconic objects to this Paragraph as providing insufficient evidence to support the statements therein. The Borough provides no evidence as to when the referenced document was first posted to the Veterans Field Website. It appears that the referenced document may not have been posted on the Borough's website until March 17, 2015. (*See* Rysavy Cert. at ¶ 24, Ex. 22).

9. Arconic objects to this Paragraph as providing insufficient evidence to support the statements therein. The Paragraph merely cites to the Franz Affidavit,

3

which itself cites to no evidence to support the statement that, after Waterside Construction "imported contaminated fill at Veterans Field in September of 2013, up through the completion of the Veterans Field Project in June of 2017, the website continued to be updated." The Borough provides no evidence as to when any of the documents on the Veterans Field Website were first posted there. Moreover, dates corresponding to the various documents posted on the website appear to indicate that many were first posted months or even years after they were created. (*See e.g.,* Rysavy Cert. at ¶ 12, Ex. 10; Rysavy Cert. at ¶ 7, Ex. 5; Rysavy Cert. at ¶ 3, Ex. 1).

10. Arconic objects to this Paragraph and subparagraphs (a) - (e) as providing insufficient evidence to support the statements therein, as required by Local Rule 56.1. Each of the subparagraphs merely cites to Paragraphs 3 and 6 of the Franz Affidavit, which themselves cite to no evidence to indicate when the cited documents were first posted on the Borough's website, or to support the statement that information pertaining to the Veterans Field project "continued to be placed on the Veterans Field Website."

    a. In addition to the objections stated above, it appears that the referenced document may not have been posted on the Borough's website until March 17, 2015. (*See* Rysavy Cert. at ¶ 4, Ex. 2). Arconic further objects to the Borough's paraphrase of the cited document, which leaves out substantial portions of the NJDEP Notice of Release to Borough of

4

Edgewater. Arconic refers to the full document for the information and descriptions contained therein.

      b.    In addition to the objections stated above, it appears that the referenced document may not have been posted on the Borough's website until March 17, 2015. (*See* Rysavy Cert. at ¶ 12, Ex. 10). Arconic further objects to the Borough's paraphrase of the cited document, which leaves out substantial portions of the October 18, 2013, correspondence from TERMS. Arconic refers to the full document for the information and descriptions contained therein.

      c.    In addition to the objections stated above, Arconic was unable to locate the referenced document on the Borough's website. Moreover, dates corresponding to the various documents posted on the website appear to indicate that many were not posted for months or even years after they were created. (*See e.g.,* Rysavy Cert. at ¶ 12, Ex. 10; Rysavy Cert. at ¶ 7, Ex. 5; Rysavy Cert. at ¶ 3, Ex. 1). Arconic further objects to the Borough's paraphrase of the cited document, which leaves out substantial portions of the October 31, 2013, correspondence from TERMS. Arconic refers to the full document for the information and descriptions contained therein.

      d.    In addition to the objections stated above, it appears that the referenced document may not have been posted on the Borough's website

5

until March 17, 2015. (*See* Rysavy Cert. at ¶ 29, Ex. 27). Arconic refers to the full document for the information and descriptions contained therein.

    e.    In addition to the objections stated above, it appears that the referenced document may not have been posted on the Borough's website until March 17, 2015. (Rysavy Cert. at ¶ 5, Ex. 3). Arconic further objects to the Borough's paraphrase of the cited document, which leaves out substantial portions of the January 25, 2014, correspondence from TERMS. Arconic refers to the full document for the information and descriptions contained therein.

11.    Arconic does not dispute that the cited document reflects that a Mayor and Council meeting was held on January 27, 2014, but inasmuch as Arconic was not a party to this event, Arconic can neither dispute nor affirm that this event actually occurred. Arconic further objects to the Borough's paraphrase of the cited document, which leaves out substantial portions of the minutes of the January 27, 2014 meeting, and does not accurately paraphrase parts of the meeting. For example, the suggestion that Mr. Dooney of TERMS "made a presentation" at the meeting is misleading because the minutes show that Mr. Dooney made his presentation *after the public portion of the meeting was closed.* Arconic refers to the full document for the information and descriptions contained therein. (*See* Rysavy Cert. at ¶ 15, Ex. 13).

12. Arconic disputes that the events described in this Paragraph are reflected in the cited documents. The Borough provides no evidence to support its description of "public comment strongly objecting to any cleanup standard other than the Residential Cleanup Standard," and merely recites Paragraph 8 of the Franz Affidavit, which itself cites to no evidence in support of the statement. Moreover, the minutes of the January 27, 2014, and February 8, 2014, Mayor and Council meetings do not reflect that any member of the public "strongly object[ed] to any cleanup standard other than the Residential Cleanup Standard initially required for the Veterans Field Project dating back to 2011." Arconic refers to the referenced documents for the information and descriptions contained therein. (*See* Rysavy Cert. at ¶ 15, Ex. 13; Rysavy Cert. at ¶ 14, Ex. 12).

13. Arconic disputes the facts stated in this Paragraph as it cites to no supporting evidence as required by Local Rule 56.1. Each of the subparagraphs merely cites to Paragraphs 3 and 6 of the Franz Affidavit, which themselves cite to no evidence to indicate when the cited documents were first posted on the Borough's website. In addition, those paragraphs do not state or even suggest that certain documents were first posted on the Borough's website "[p]rior to proceeding with the remediation, in conjunction with the remediation of the PCB contaminated fill material improperly imported to Veterans Field." Nor do they cite to any evidence to support the statement in Paragraph 6 that, after Waterside "imported contaminated

7

fill at Veterans Field in September of 2013, up through the completion of the Veterans Field Project in June of 2017, the website continued to be updated."

   a. In addition to the objections stated above, it appears that the referenced document may not have been posted on the Borough's website until March 17, 2015. (*See* Rysavy Cert. at ¶ 26, Ex. 24). Arconic further objects to the Borough's paraphrase of the cited document, which leaves out substantial portions of the Borough's February 18, 2014, Resolution. Arconic refers to the full document for the information and descriptions contained therein.

   b. In addition to the objections stated above, it appears that the referenced document may not have been posted on the Borough's website until March 17, 2015. (*See* Rysavy Cert. at ¶ 3, Ex. 1). Arconic further objects to the Borough's paraphrase of the cited document, which leaves out substantial portions of the February 6, 2014, Remedial Action Workplan. Arconic refers to the full document for the information and descriptions contained therein.

   c. In addition to the objections stated above, it appears that the referenced document may not have been posted on the Borough's website until May 27, 2015. (*See* Rysavy Cert. at ¶ 27, Ex. 25). Arconic further objects to the Borough's paraphrase of the cited document, which leaves out

substantial portions of the April 28, 2014, Update by Mayor Delaney. Arconic refers to the full document for the information and descriptions contained therein.

14. Undisputed.

15. Arconic objects to this Paragraph as providing insufficient evidence for Arconic to dispute or affirm the statements herein, which merely recite verbatim a paragraph of the Affidavit of Thomas Bambrick, which itself cites to no evidence to support the statement.

16. Arconic objects to this Paragraph as providing insufficient evidence for Arconic to dispute or affirm the statements herein, which merely recite verbatim a paragraph of the Affidavit of Thomas Bambrick, which itself cites to no evidence to support the statements. In addition, the statements in the cited paragraph are not based upon the affiant's personal knowledge, constitute pure hearsay, and therefore are inadmissible evidence in opposition to a summary judgment motion.

17. Arconic objects to this Paragraph as providing insufficient evidence for Arconic to dispute or affirm the statements herein, which merely recite verbatim a paragraph of the affidavit of Thomas Bambrick, which itself cites to no evidence to support the statements. In addition, the statements in the cited paragraph are not based upon the affiant's personal knowledge, constitute pure hearsay, and therefore are inadmissible evidence in opposition to a summary judgment motion.

18. Arconic objects to this Paragraph as providing insufficient evidence for Arconic to dispute or affirm the statements herein, which merely recite verbatim a paragraph of the affidavit of Thomas Bambrick, which itself cites to no evidence to support the statements. In addition, the statements in the cited paragraph are not based upon the affiant's personal knowledge, constitute pure hearsay, and therefore are inadmissible evidence in opposition to a summary judgment motion.

19. Arconic objects to this Paragraph as providing insufficient evidence for Arconic to dispute or affirm the statements herein, which merely recite verbatim a paragraph of the affidavit of Thomas Bambrick, which itself cites to no evidence to support the statements. In addition, the statements in the cited paragraph are not based upon the affiant's personal knowledge, constitute pure hearsay, and therefore are inadmissible evidence in opposition to a summary judgment motion.

20. Arconic objects to this Paragraph as providing insufficient evidence to support the statements therein. The Paragraph merely cites to the Franz Affidavit, which does not include the statement that a Veterans Field Project update from Mayor Delaney was first posted on the Veterans Field Project website in July of 2014, nor does it cite to any evidence as to when the referenced document was first posted to the website. Moreover, it appears that the referenced document may not have been posted on the Borough's website until March 27, 2015. (*See* Rysavy Cert.

at ¶ 28, Ex. 26). Arconic refers to the full document for the information and descriptions contained therein.

21. Arconic disputes the facts stated in this Paragraph in that it cites to no evidence as to when any of the documents on the Veterans Field Website were first posted there.

    a. In addition to the objections stated above, it appears that the referenced documents were not posted on the Borough's website until May 27, 2015. (*See* Rysavy Cert. at ¶ 29, Ex. 27). Arconic refers to the full document for the information and descriptions contained therein.

    b. In addition to the objections stated above, it appears that the referenced document may not have been posted on the Borough's website until May 27, 2015. (*See* Rysavy Cert. at ¶ 30, Ex. 28). Arconic further objects to the Borough's paraphrase of the cited document, which leaves out substantial portions of the July 24, 2014, correspondence from First Environment. Arconic refers to the full document for the information and descriptions contained therein.

    c. In addition to the objections stated above, Arconic was unable to locate the referenced document on the Borough's website. Moreover, dates corresponding to the various documents posted on the website appear to indicate that many were not posted for months or even years after they were

created. (*See e.g.,* Rysavy Cert. at ¶ 3, Ex. 1; Rysavy Cert. at ¶ 12, Ex. 10; Rysavy Cert. at ¶ 14, Ex. 12). Arconic further objects to the Borough's paraphrase of the cited document, which leaves out substantial portions of the September 8, 2014, USEPA letter. (*See* Rysavy Cert. at ¶ 31, Ex. 29). Arconic refers to the full document for the information and descriptions contained therein.

22. Arconic does not dispute that the event described in this Paragraph is reflected in the cited document, but inasmuch as Arconic was not a party to this event, Arconic can neither dispute nor affirm that this event actually occurred. Arconic further objects to the Borough's paraphrase of the cited document, which is misleading and leaves out substantial portions of the minutes of the July 23, 2014, Borough and Council meeting. For example, the summaries of public comments in the minutes reveal no questions or comments about the substance of the SIP. (*See* Rysavy Cert. at ¶ 9, Ex. 7). Arconic refers to the full document for the information and descriptions contained therein.

23. Arconic does not dispute that the event described in this Paragraph is reflected in the cited document, but inasmuch as Arconic was not a party to this event, Arconic can neither dispute nor affirm that this event actually occurred.

24. Undisputed, except that Arconic refers to the full document for the information and descriptions contained therein.

25. Arconic disputes the Borough's paraphrase of the cited documents. Arconic refers to the full documents for the information and descriptions contained therein.

26. Arconic disputes that the event described in this Paragraph is reflected in the cited documents. For example, the minutes state that the meeting held with First Environment was held in a closed session, not in the presence of the public. (*See* Rysavy Cert. at ¶ 11, Ex. 9). Arconic refers to the full document for the information and descriptions contained therein.

27. Arconic disputes that the event described in this Paragraph is reflected in the cited documents. For example, a review of the document does not include the purported authorization referenced by the Borough. (*See* Rysavy Cert. at ¶ 11, Ex. 9). Arconic refers to the full document for the information and descriptions contained therein.

28. Undisputed, except that the Borough's paraphrase of the cited document leaves out substantial portions of USEPA's Amended Approval. Arconic refers to the full document for the information and descriptions contained therein. (*See* Rysavy Cert. at ¶ 32, Ex. 30).

29. Arconic objects to this Paragraph as providing insufficient evidence to support the statements therein. (*See* Rysavy Cert. at ¶ 32, Ex. 30). Arconic was unable to locate the referenced document on the Borough's website. Moreover, the

Borough provides no evidence as to when any of the documents on the Veterans Field website were first posted there. The Paragraph merely cites to the Franz Affidavit, which itself cites to no evidence regarding when the cited document was first posted on the Borough's website.

Dated: September 11, 2020

Respectfully submitted,

**K&L GATES LLP**

By: */s/ Michael E. Waller*
    Michael E. Waller
    Charles F. Rysavy
    Dana B. Parker
    One Newark Center, Tenth Floor
    Newark, New Jersey 07102
    Tel: (973) 848-4000
    michael.waller@klgates.com
    charles.rysavy@klgates.com
    dana.parker@klgates.com
    *Attorneys for Arconic Inc. (f/k/a Alcoa Inc.) and Arconic Domestic, LLC (f/k/a Alcoa Domestic LLC, as successor in interest to A.P. New Jersey, Inc.)*