UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br><br> Plaintiff,<br><br> v.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALCOA INC. (formerly known as "Aluminum Company of America"); ALCOA DOMESTIC LLC, as successor in interest to A.P. NEW JERSEY, INC.; et al.,<br><br> Defendants,<br><br>(caption continued on next page) | Case Nos.: 2:14-CV-05060-JMV-JBC<br>     2:14-cv-08129-MCA-LDW<br>Hon. John M. Vazquez, U.S.D.J.<br>Hon. James B. Clark, III, U.S.M.J. |

---

**BRIEF OF ARCONIC DEFENDANTS
IN OPPOSITION TO COUNTY OF BERGEN'S
MOTION FOR SUMMARY JUDGMENT**

---

*On the Brief:*
Michael E. Waller, Esq.
Charles F. Rysavy, Esq.
Dana B. Parker, Esq.

**K&L Gates LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel: (973) 848-4000
*Attorneys for Arconic Inc. (f/k/a/ Alcoa Inc.) and Arconic Domestic, LLC (f/k/a/ Alcoa Domestic, LLC, as successor in interest to A.P. New Jersey, Inc.)*

**K&L Gates LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel: (973) 848-4000
*Attorneys for Arconic Inc. (f/k/a/ Alcoa Inc.)*
*and Arconic Domestic, LLC (f/k/a/ Alcoa Domestic, LLC,*
*as successor in interest to A.P. New Jersey, Inc.)*

(continued from previous page)

WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; and FRED A. DAIBES,

    Defendants/Third-Party Plaintiffs,

    v.

NEGLIA ENGINEERING ASSOCIATES,

    Third-Party Defendant,

and

ALCOA DOMESTIC, LLC, as successor in interest to A.P. NEW JERSEY, INC.,

    Defendant/Third-Party Plaintiff,

    v.

COUNTY OF BERGEN and RIVER ROAD IMPROVEMENT PHASE II, INC., and HUDSON SPA, LLC,

    Third-Party Defendants.

## TABLE OF CONTENTS

                                                                                          **PAGE**

INTRODUCTION ...............................................................................................1

ARGUMENT .....................................................................................................2

    I.     The County is not entitled to summary judgment on Arconic's breach of contract claim ...............................................................................2

    II.    The Statute of Repose is inapplicable to Arconic's claims against the County.........................................................................................4

CONCLUSION...................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Horosz v. Alps Estates, Inc.*,
136 N.J. 124 (1994) ................................................................................................5

*Port Imperial Condominium Ass'n, Inc. v. K. Hovnanian Enterprises, Inc.*,
419 N.J. Super. 459 (App. Div. 2011) ...................................................................5

*Richards v. Union Bldg. & Constr. Corp.*,
130 N.J. Super. 127 (App. Div. 1974) ...................................................................5

**Statutes**

N.J.S.A. § 2A:14–1.1 (2002) ..................................................................................4

## INTRODUCTION

Defendants/Third-Party Plaintiffs Arconic Inc. (f/k/a Alcoa Inc.) and Arconic Domestic, LLC (f/k/a Alcoa Domestic, LLC as successor in interest to A.P. New Jersey, Inc.) (collectively "Arconic"), submit the following brief in opposition to County of Bergen's Motion for Summary Judgment filed on September 11, 2020.

Arconic does not dispute that the provisions of the Multi-Party Property Acquisition Agreement ("MPAA"), to the extent that they applied to the demolition, removal, and remediation of Building 12, were extinguished by the subsequent execution of the 1999 Environmental Indemnity Agreement ("EIA"). However, should the Court find that provisions of the MPAA survived through 2013, when Building 12 was demolished and Waterside Construction allegedly placed PCB-contaminated waste from the demolition of Building 12 on Veterans Field, the County is liable for breach of the MPAA.

Additionally, if the MPAA is found to apply to the 2013 demolition of Building 12 by the Daibes Defendants,[1] the County's liability would not be extinguished by New Jersey's Statute of Repose. The County's actions giving rise to liability under the MPAA would have occurred in 2013 when Building 12 was

---

[1] The "Daibes Defendants" include: Waterside Construction, LLC; North River Mews Associates, LLC; 38 COAH, LLC; Daibes Brothers Inc.; and Fred A. Daibes.

1

demolished. Arconic filed its claims against the County well within the 10-year limit of the Statute of Repose for bringing claims.

## ARGUMENT

### I. The County is not entitled to summary judgment on Arconic's breach of contract claim.

By entering into the MPAA, the County agreed to prevent the very circumstances that now give rise to the Borough of Edgewater's claims against Arconic. It is undisputed that the MPAA imposed upon the County the duty to supervise the demolition of the former Alcoa site. (Arconic's Statement of Material Facts Not in Dispute, ECF No. 331-1, dated March 3, 2020 ("RSUMF") ¶¶ 1-4). It is also undisputed that the County agreed to approve and supervise the work to be performed by Defendant River Road Improvement Phase II, Inc. ("RRIP"). (RSUMF ¶ 2). Furthermore, it is undisputed that the County guaranteed that "the demolition and removal of the [Arconic] structures and building will be completed as provided in the Remedial Action Workplan and the approved demolition plan." (RSUMF ¶ 31). The County failed to fulfill its obligations under the MPAA. Had the County performed its undisputed obligations under the MPAA, no debris from Building 12 would have been dumped at Veterans Field, and Arconic would not be defending itself against the Borough of Edgewater's claims.

The County, however, contends that its duties under the MPAA ended once RRIP, Defendant North River Mews Associates, LLC ("North River"), and Arconic

entered into the EIA in 1999, which was 14 years before the alleged placement of PCB contaminated waste at Veterans Field.  (*See* County of Bergen Mem. in Supp. of Summary Judgment, ECF No. 346-2, dated September 11, 2020, ("County Br.") at 14-18).  The County maintains that because it had "no involvement with the 2013 demolition of Building 12," it owed Arconic no duty.  (County Br. at 14).  This is true only if the Court concludes that the EIA extinguished the obligations of North River and the County under the MPAA, which Arconic argues was indeed the effect of the EIA.

The terms in the MPAA addressing responsibility for the demolition of the buildings, and for proper disposal of any hazardous materials at the site, were based on the express understanding between the parties that all of the buildings at the site would be demolished and all hazardous materials disposed of during the course of that demolition.  (SUMF ¶ 27; Certification of Dana B. Parker, dated September 11, 2020 (ECF No. 359), ("Parker Cert."), Exs. 4, 10).  However, after the MPAA was signed, a fundamental change in the circumstances occurred: Mr. Daibes, on behalf of North River, decided not to demolish Building 12 and instead to put it to beneficial use.  (SUMF ¶¶ 34-35; Parker Cert. ¶ 16, Ex. 15; Parker Cert. ¶ 17, Ex. 16).  Arconic, North River, and RRIP entered into the EIA because Mr. Daibes' decision to keep Building 12 was contrary to the terms of the MPAA.  The EIA extinguished the terms of the MPAA as they pertained to Building 12.  (SUMF ¶ 37; Parker Cert. ¶

3

18, Ex. 17). Building 12 became the sole responsibility of North River and RRIP (both entities owned and controlled by Fred Daibes) under the EIA. (SUMF ¶ 39; Parker Cert. ¶ 18, Ex. 17).

If, however, the Court concludes that the EIA did *not* extinguish the parties' obligations under the MPAA, the County must be held liable for breach of its obligations under the MPAA.

### II.   The Statute of Repose is inapplicable to Arconic's claims against the County.

The New Jersey Statute of Repose provides:

> No action, whether in contract, in tort, or otherwise, to recover damages for any deficiency in the design, planning, surveying, supervision or construction of an improvement to real property, or for any injury to property, real or personal, . . . nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction or construction of such improvement to real property, more than 10 years after the performance or furnishing of such services and construction.

N.J.S.A. § 2A:14–1.1 (2002).

The County argues that Arconic's claim for breach of contract is barred under the Statute of Repose because the County completed its work under the MPAA in 2001—more than 10 years before Alcoa filed its claim against the County. (*See* County Br. at 18 (citing N.J.S.A. § 2A:14-1.1(a)). But a claim is not barred under the Statute of Repose if "the plaintiff's complaint is filed within the statutory period, measured from when the performance or furnishing of construction-related services

4

has been 'completed.'" *Port Imperial Condominium Ass'n, Inc. v. K. Hovnanian Enterprises, Inc.*, 419 N.J. Super. 459, 470 (App. Div. 2011) (quoting *Richards v. Union Bldg. & Constr. Corp.*, 130 N.J. Super. 127, 130 (App. Div. 1974)); *Horosz v. Alps Estates, Inc.*, 136 N.J. 124, 131 (1994) (the statute begins to run "on the final date the person claiming repose and immunity from suit furnished any and all services or construction that it had undertaken at the job site.") (internal quotations omitted).

It is undisputed that the MPAA required the County to supervise the demolition of all the buildings on the former Alcoa site. (SUMF ¶ 27; Parker Cert. ¶ 11, Ex. 10). It is equally undisputed that Building 12 was not demolished until 2013. (SUMF ¶ 52; Parker Cert. ¶ 26, Ex. 25; Parker Cert. ¶ 27, Ex. 26). Thus, the County's "deficiency in . . . [its] supervision" of North River's and RRIP's demolition of the last building on the site, Building 12, did not occur until 2013. If the Court concludes that the EIA did not extinguish the parties' obligations under the MPAA, the Statute of Repose was not triggered until 2013 and does not bar Arconic's claims against the County.

## CONCLUSION

For the foregoing reasons, the County's Motion for Summary Judgment against Arconic should be denied.

Dated: November 6, 2020

Respectfully submitted,

**K&L GATES LLP**

By: */s/ Michael E. Waller*
    Michael E. Waller
    Charles F. Rysavy
    Dana B. Parker
    One Newark Center, Tenth Floor
    Newark, New Jersey 07102
    Tel: (973) 848-4000
    michael.waller@klgates.com
    charles.rysavy@klgates.com
    dana.parker@klgates.com
    *Attorneys for Arconic Inc. (f/k/a Alcoa Inc.) and Arconic Domestic, LLC (f/k/a Alcoa Domestic LLC, as successor in interest to A.P. New Jersey, Inc.)*