## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br><br>    Plaintiff,<br><br>    v.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALCOA INC. (formerly known as "Aluminum Company of America"); ALCOA DOMESTIC LLC, as successor in interest to A.P. NEW JERSEY, INC.; et al.,<br><br>    Defendants,<br><br>(caption continued on next page) | Case Nos.: 2:14-CV-05060-JMV-JBC<br>         2:14-cv-08129-MCA-LDW<br>Hon. John M. Vazquez, U.S.D.J.<br>Hon. James B. Clark, III, U.S.M.J. |

_____

## BRIEF OF ARCONIC DEFENDANTS
## IN OPPOSITION TO HUDSON SPA, LLC'S
## MOTION FOR SUMMARY JUDGMENT

_____

*On the Brief:*
Michael E. Waller, Esq.
Charles F. Rysavy, Esq.
Dana B. Parker, Esq.

**K&L Gates LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel:  (973) 848-4000
*Attorneys for Arconic Inc. (f/k/a/ Alcoa
    Inc.) and Arconic Domestic, LLC
    (f/k/a/ Alcoa Domestic, LLC, as
    successor in interest to A.P. New
    Jersey, Inc.)*

**K&L Gates LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel:  (973) 848-4000
*Attorneys for Arconic Inc. (f/k/a/ Alcoa Inc.)*
*and Arconic Domestic, LLC (f/k/a/ Alcoa Domestic, LLC,*
*as successor in interest to A.P. New Jersey, Inc.)*

(continued from previous page)

WATERSIDE CONSTRUCTION,
LLC; 38 COAH, LLC; DAIBES
BROTHERS, INC.; NORTH RIVER
MEWS ASSOCIATES, LLC; and
FRED A. DAIBES,

   Defendants/Third-Party Plaintiffs,

   v.

NEGLIA ENGINEERING
ASSOCIATES,

   Third-Party Defendant,

and

ALCOA DOMESTIC, LLC, as
successor in interest to A.P. NEW
JERSEY, INC.,

   Defendant/Third-Party Plaintiff,

   v.

COUNTY OF BERGEN and RIVER
ROAD IMPROVEMENT PHASE II,
INC., and HUDSON SPA, LLC,

   Third-Party Defendants.

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................1

STATEMENT OF FACTS .....................................................................2

ARGUMENT .........................................................................................3

I.    Hudson Spa is "in any way responsible" for the hazardous substances
at Veteran's Field pursuant to the Spill Act. ...................................3

II.   Hudson Spa remains potentially liable to Arconic under CERCLA. .............6

CONCLUSION ......................................................................................8

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burlington N. & Santa Fe Ry. Co. v. United States*,
556 U.S. 599 (2009)........................................................................6

*Cadillac Fairview/Cal., Inc. v. United States*,
41 F.3d 562 (9th Cir. 1994) ..........................................................6

*Lentz v. Mason*,
961 F. Supp. 709 (D.N.J. 1997) .....................................................7

*New Jersey Dept. of Environmental Protection v. Dimant*,
212 N.J. 153 (2012) ....................................................................3, 4

*New Jersey Tpk. Auth. V. PPG Indus., Inc.*,
197 F.3d 96 (3d Cir. 1999) ............................................................5

*United States v. Dico, Inc.*,
808 F.3d 342 (8th Cir. 2015) .........................................................6

*United States v. Shell Oil Co.*,
294 F.3d 1045 (9th Cir. 2002) .......................................................6

*United States v. Union Corp.*,
259 F. Supp. 2d 356 (E.D. Pa. 2003)..............................................7

**Statutes**

42 U.S.C. § 9607 ............................................................................6

42 U.S.C. § 9613........................................................................1, 2, 8

N.J.S.A. § 58:10-23.11................................................................1, 3, 5

## INTRODUCTION

Arconic[1] asserts statutory claims against Hudson Spa, LLC, for indemnity and contribution pursuant to 42 U.S.C. § 9613(f) (CERCLA) and N.J.S.A. § 58:10-23.11 *et seq.* (the New Jersey Spill Compensation and Control Act ("Spill Act"), among other bases. Hudson Spa does not directly address Arconic's claims in its Motion for Summary Judgment, although it appears[2] to be seeking dismissal of *all* claims against it. Hudson Spa, however, is not entitled to summary judgment as to Arconic's claims because Hudson Spa is liable to the Borough under both the Spill Act and CERCLA.

A party is liable under the Spill Act if it is "in any way responsible" for discharged hazardous substances that caused another damages. Hudson Spa raises several arguments against Spill Act liability, none of which provides it with a defense to the Act's strict liability, no fault regime. In doing so, it wholly ignores the elephant in the room: *Hudson Spa contracted with Waterside Construction, LLC, to demolish Building 12, and to remove and dispose of any contaminated materials*

---

[1] Defendants/Third-Party Plaintiffs Arconic Inc. (f/k/a Alcoa Inc.) and Arconic Domestic, LLC (f/k/a Alcoa Domestic, LLC, as successor in interest to A.P. New Jersey, Inc.), are herein referred to collectively as "Arconic."

[2] Hudson Spa did not submit a form of order with its Motion, but it appears from the Conclusion of its Brief that it is seeking dismissal of all claims against it—apparently including those Hudson Spa does not even address in its Motion. (Br. p. 14) (seeking dismissal of "any and all claims asserted against [it].").

1

*in Building 12.* That contract directly linked Hudson Spa to any contaminated materials from Building 12 that Waterside brought and deposited at Veterans Field, making Hudson Spa "in any way responsible" for the discharge of hazardous substances at Veteran's Field.

Hudson Spa is also not entitled to dismissal of Arconic's claims for contribution under CERCLA 42 U.S.C. § 9613(f). Hudson Spa has not moved to dismiss either the Borough's direct CERCLA claims against it or Arconic's CERCLA claim for contribution.

Hudson Spa's Motion, therefore, must be denied.

## STATEMENT OF FACTS

Hudson Spa entered into a ground lease on or about April 5, 2012, for the Building 12 site. Hudson Spa leased the Property from 2012 to the present. (Arconic's Local Rule 56.1 Statement of Material Facts as to Which There is No Genuine Dispute, ECF 318, dated January 31, 2020 ("SUMF") ¶ 51).

E. Rae Jo, the managing member of Hudson Spa, contracted with Waterside Construction on November 27, 2012, to conduct the demolition of Building 12. (*See* Arconic's Statement of Material Facts in Response to Hudson Spa's Statement of Material Facts Not in Dispute, ECF 326, dated March 2, 2020 ("RSUMF") ¶ 10; Certification of Dana B. Parker, dated November 6, 2020 ("Parker Cert.") ¶ 3, Ex. 1). The demolition contract included several requirements of Waterside regarding

the handling and removal of contaminated materials, including to "clear [Building 12] of all hazardous materials," "dispose of material[s] according to DEP requirements," and "comply with all . . . NJ State regulations." (RSUMF ¶ 10). Waterside started demolition of Building 12 in March 2013 under the supervision and control of Hudson Spa. (TERMS Statement of Material Facts (ECF No. 312-1), dated January 31, 2020, ¶ 140). Waterside allegedly deposited contaminated rubble from Building 12 at Veterans Field.  (SUMF ¶¶ 67-87).

## ARGUMENT

### I.    Hudson Spa is "in any way responsible" for the hazardous substances at Veteran's Field pursuant to the Spill Act.

Two classes of parties are strictly liable under the Spill Act, N.J.S.A. 58:10-23.11 *et seq.*: those who "discharged a hazardous substance" and those who are "in any way responsible for any hazardous substance."  *See* N.J.S.A. 58:10-23.11g(c)(1).  The Act further states that any such party "shall be strictly liable, jointly and severally, **without regard to fault,** for all cleanup and removal costs no matter by whom incurred."  *Id.* (emphasis added).

When the language "in any way responsible" was added to the Spill Act in 1979, the amendment established that "[n]o longer was liability limited to those who were active participants in the hazardous substance." *New Jersey Dept. of Environmental Protection v. Dimant,* 212 N.J. 153, 175 (2012) (*citing* Assemb. 3542 (Sponsor's Statement), 198th Leg. (N.J. 1979)).  For the imposition of liability on

3

parties "in any way responsible," the Supreme Court adopted a liberally construed "reasonable nexus or connection" standard. *Dimant*, 212 N.J. at 182. The phrase "in anyway responsible requires some connection between the discharge complained of and the alleged discharger." *Id.* at 177. It is irrelevant under the Spill Act whether the party "in any way responsible" had knowledge of the hazardous substances or was being indemnified by another. *Id.*

Hudson Spa is "in any way responsible" for any hazardous substances that Waterside Construction discharged at Veterans Field—but only to the extent that such hazardous substances came from Building 12—because Hudson Spa contracted with Waterside to demolish Building 12. (SUMF ¶ 52). That contract incorporated several instructions regarding the handling and removal of contaminated materials, including requirements to "clear [Building 12] of all hazardous materials," "dispose of material[s] according to DEP requirements," and "comply with all . . . NJ State regulations." (RSUMF ¶ 10). While demolishing Building 12 pursuant to the contract, Waterside allegedly used contaminated materials from Building 12 for fill at Veterans Field. (*See* SUMF ¶ 78). These facts establish a direct connection between Hudson Spa and both the discharger and the discharge, satisfying the Spill Act's requirement for a "reasonable nexus or connection" to the contamination at issue. At a bare minimum, that there were provisions in the contract between Hudson Spa and Waterside addressing the removal and disposal of "hazardous materials"

within the structure to be demolished, raises an issue of material fact as to whether Hudson Spa is liable under the Spill Act.  That issue cannot be decided on a motion for summary judgment.

Hudson Spa argues that it is not liable under the Spill Act because it did not actually discharge any hazardous substance (a point not in dispute), and it was not "in any way responsible" for a discharge.  The latter argument rests primarily on the grounds that Hudson Spa had no knowledge that contaminated materials were located at the leased property; indeed, lessor North River Mews ("North River") guaranteed that there was no toxic waste on the premises in its lease with Hudson Spa.  (Hudson Spa's Statement of Material Facts Not in Dispute (ECF No. 313), dated January 31, 2020, ¶ 2).  But there is nothing in the statute suggesting that finding a party "in any way responsible" requires proof that the party knew of the hazardous substances.  On the contrary, the Act states that such a party "shall be strictly liable, jointly and severally, without regard to fault."  *See* N.J.S.A. 58:10-23.11g(c)(1).  Hudson Spa cites to no case law supporting its "knowledge" argument, and Arconic is aware of none.

Because Hudson Spa is liable to the Borough under the Spill Act, Hudson Spa would be liable to Arconic for contribution should Arconic also be found liable under the Act.  *New Jersey Tpk. Auth. V. PPG Indus., Inc.*, 197 F.3d 96, 106 n.13 (3d Cir. 1999) ("In an action for contribution, the contribution plaintiffs need prove only that

a discharge occurred for which the contribution defendant or defendants are liable pursuant to § 58:10-23.11g(c)(1).") (quoting N.J.S.A. § 58:10-23.11f(a)(2)).

## II. Hudson Spa remains potentially liable to Arconic under CERCLA.

CERCLA imposes liability on "any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for disposal or treatment, of hazardous substances owned or possessed by such person[.]" 42 U.S.C. § 9607(a)(3).  The purpose of arranger liability is to "'ensure[] that owners of hazardous substances may not free themselves from liability by selling or otherwise transferring a hazardous substance to another party for the purpose of disposal.'" *See also United States v. Dico, Inc.*, 808 F.3d 342, 346 (8th Cir. 2015) (quoting *Team Enters., LLC v. W. Inv. Real Estate Trust*, 647 F.3d 901, 907 (9th Cir. 2011)).

Under the plain language of § 9607(a)(3), a party is liable as a "direct arranger" when it enters "into a transaction for the sole purpose of discarding a used and no longer useful hazardous substance." *Burlington N. & Santa Fe Ry. Co. v. United States,* 556 U.S. 599, 611 (2009).  "A direct arranger [has] direct involvement in arrangements for the disposal [or treatment] of waste." *United States v. Shell Oil Co.*, 294 F.3d 1045, 1055 (9th Cir. 2002).  *See also Cadillac Fairview/Cal., Inc. v. United States*, 41 F.3d 562 (9th Cir. 1994) (rubber companies transferring

contaminated styrene to Dow Chemical for reprocessing were CERCLA "arrangers").

By hiring Waterside to demolish Building 12, to "clear [Building 12] of all hazardous materials," to "dispose of material[s] according to DEP requirements," and to "comply with all . . . NJ State regulations," Hudson Spa is a "direct arranger" under CERCLA.  (*See* RSUMF ¶ 10; Parker Cert., ¶ 4, Ex. 2)

Furthermore, Hudson Spa cannot escape CERCLA liability simply because it was the lessee of Building 12.  Owner and/or operator liability may be extended under CERCLA to a lessee when the lessee participates in the disposal of hazardous wastes. *United States v. Union Corp.*, 259 F. Supp. 2d 356, 394 (E.D. Pa. 2003); *Lentz v. Mason*, 961 F. Supp. 709, 715 (D.N.J. 1997) (citing *United States v. South Carolina Recycling and Disposal, Inc.*, 653 F. Supp. 984, 1003 (D.S.C. 1984), *aff'd in part, rev'd in part sub nom.*, *United States v. Monsanto*, 858 F.2d 160 (4th Cir. 1988)).

Hudson Spa has not argued in its Motion that it is not liable to the Borough under CERCLA—perhaps because, as demonstrated above, it *is* liable.  Hudson Spa would be liable to Arconic for CERCLA contribution should Arconic be held directly liable under CERCLA.  42 U.S.C. § 9613(f) (any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title).

Hudson Spa, therefore, cannot be dismissed from this action on summary judgment.

## CONCLUSION

For the foregoing reasons, Hudson Spa's Motion for Summary Judgment should be denied in its entirety.

Dated:  November 6, 2020

Respectfully submitted,

**K&L GATES LLP**

By: */s/ Michael E. Waller*
    Michael E. Waller
    Charles F. Rysavy
    Dana B. Parker
    One Newark Center, Tenth Floor
    Newark, New Jersey 07102
    Tel:  (973) 848-4000
    michael.waller@klgates.com
    charles.rysavy@klgates.com
    dana.parker@klgates.com
    *Attorneys for Arconic Inc. (f/k/a Alcoa Inc.) and Arconic Domestic, LLC (f/k/a Alcoa Domestic LLC, as successor in interest to A.P. New Jersey, Inc.)*