UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br><br>Plaintiff,<br><br>v.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALCOA INC. (formerly known as "Aluminum Company of America"); ALCOA DOMESTIC LLC, as successor in interest to A.P. NEW JERSEY, INC.; et al.,<br><br>Defendants,<br><br>(caption continued on next page) | Case Nos.: 2:14-CV-05060-JMV-JBC<br>              2:14-cv-08129-MCA-LDW<br>Hon. John M. Vazquez, U.S.D.J.<br>Hon. James B. Clark, III, U.S.M.J. |

---

**ARCONIC DEFENDANTS' REPLY BRIEF
IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT
AGAINST PLAINTIFFS NORTH RIVER MEWS ASSOCIATES, LLC AND
38 COAH, LLC, IN THE NORTH RIVER MEWS MATTER**

---

*On the Brief:*
Michael E. Waller, Esq.
Charles F. Rysavy, Esq.
Dana B. Parker, Esq.

**K&L Gates LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel:  (973) 848-4000
*Attorneys for Arconic Inc. (f/k/a/ Alcoa Inc.) and Arconic Domestic, LLC (f/k/a/ Alcoa Domestic, LLC, as successor in interest to A.P. New Jersey, Inc.)*

**K&L Gates LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel: (973) 848-4000
*Attorneys for Arconic Inc. (f/k/a/ Alcoa Inc.)*
*and Arconic Domestic, LLC (f/k/a/ Alcoa Domestic, LLC,*
*as successor in interest to A.P. New Jersey, Inc.)*

(continued from previous page)

WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; and FRED A. DAIBES,

 Defendants/Third-Party Plaintiffs,

 v.

NEGLIA ENGINEERING ASSOCIATES,

 Third-Party Defendant,

and

ALCOA DOMESTIC, LLC, as successor in interest to A.P. NEW JERSEY, INC.,

 Defendant/Third-Party Plaintiff,

 v.

COUNTY OF BERGEN and RIVER ROAD IMPROVEMENT PHASE II, INC., and HUDSON SPA, LLC,

 Third-Party Defendants.

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT .................................................................................................................2

    I.    All evidence cited in Arconic's moving papers is undisputed and should be deemed admitted for purpose of this Motion. ................................2

    II.    Arconic does not seek indemnification in its Motion for Summary Judgment against the North River Plaintiffs. ..................................................2

    III.    The North River Plaintiffs have presented no genuine evidence of fraudulent concealment of material information by Arconic. .........................3

    IV.    The "AS IS" language in the PSA requires dismissal of North River's Breach of Contract (Count Eight) and Breach of Implied Covenant of Good Faith and Fair Dealing Claims. (Count Ten) .........................................4

    V.    The North River Plaintiffs' do not dispute that their claims for Strict Liability (Count Four), Negligence (Count Five), and Negligent or Fraudulent Concealment (Count Seven) are barred by the Economic Loss Doctrine. ....................................................................................................5

    VI.    The North River Plaintiffs do not dispute that North River's CERCLA § 107 and CERCLA § 113(f) claims fail as a matter of law. .........................5

    VII.    Arconic did not breach the Multi-Party Agreement or the Purchase and Sale Agreement ................................................................................................6

CONCLUSION ..............................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Easterling v. U.S. Dep't of Educ.*,
   No. CV 15-1367 (KM), 2016 WL 8674610 (D.N.J. Dec. 23, 2016) ...............5, 6

**Statutes**

CERCLA § 106 ..................................................................................................6

CERCLA § 107 ...............................................................................................5, 6

CERCLA § 113 ...............................................................................................5, 6

**Other Authorities**

Fed. R. Civ. P. 56(e) ..........................................................................................5

Local Rule 56.1 .................................................................................................2

## PRELIMINARY STATEMENT

With one exception, each of the arguments in the opposition Brief filed by North River and 38 COAH ("North River Plaintiffs") fall into one of three categories: (1) irrelevant because they do not address issues that are actually in this case; (2) repeats of arguments made in the Daibes Defendants' opposition to Arconic's Motion for Summary Judgment as to their claims; and (3) silence. The first category should obviously be ignored. Rather than repeat arguments made in other briefs currently before this Court, Arconic responds to the second category by referring the Court to its Reply Brief in support of its Motion for Summary Judgment as to the Daibes Defendants' claims ("Arconic Reply Brief"). As for the third category, the North River Plaintiffs have effectively conceded those arguments they did not even bother addressing in their Opposition.

The only argument that does not technically fall into one of those three categories is the assertion that Arconic cannot rely on the "AS IS" provision in the 1997 Purchase and Sale Agreement ("PSA") because it fraudulently concealed the existence of the two underground storage tanks beneath Building 12. The *substance* of that argument, however, is largely refuted in the Arconic Reply Brief, which shows that there is no evidence of fraudulent concealment and undisputed affirmative evidence exists directly to the contrary. In addition, this argument completely ignores that North River knowingly and intentionally released Arconic

from liability for "any response costs or claims that may arise as a result of the actions or inactions of [Arconic] and any previous owner, operator, or third party on or with respect to the Property relating to hazardous substances."

The North River Plaintiffs' opposition provides no basis to deny Arconic's Motion for Summary Judgment.

## ARGUMENT

**I.   All evidence cited in Arconic's moving papers is undisputed and should be deemed admitted for purpose of this Motion.**

The North River Plaintiffs' opposition to Arconic's Motion for Summary Judgment (ECF No. 380 ("Op. Br.")) relies on their Response to Arconic's Statement of Undisputed Material Facts (ECF No. 328-1) ("Responsive SUMF"). Arconic adopts for purposes of this Reply its Motion to Strike Daibes Defendants' Responsive SUMF, filed simultaneously herewith.  For the reasons stated therein, the Court should accept as undisputed all facts in Arconic's Statement of Undisputed Material Facts ("SUMF") because the Daibes Defendants' Responsive SUMF wholly fails to comply with Local Rule 56.1 and Your Honor's directives to the parties regarding their Rule 56.1 Statements.

**II.   Arconic does not seek indemnification in its Motion for Summary Judgment against the North River Plaintiffs.**

The North River Plaintiffs argue that Arconic may not seek indemnity from North River and Third-Party Defendant River Road Improvement Phase II, Inc. ("RRIP"), because the applicable contract provisions are unenforceable.  (Op. Br.

2

pp. 13-16). Arconic, however, did not seek indemnification in connection with this Motion. (*See* ECF 351 ("Arconic Moving Br.")). Arconic's claim for indemnification is made in the Edgewater matter. (*See* ECF 345-1, Section V). The North River Plaintiffs' arguments on this point, therefore, should be ignored.

### III. The North River Plaintiffs have presented no genuine evidence of fraudulent concealment of material information by Arconic.

The North River Plaintiffs make literally the identical argument in their opposition to this Motion as the Daibes Defendants do in their opposition to Arconic's Motion for Summary Judgment in the Edgewater matter: that Arconic cannot pursue its claims against the North River Plaintiffs because it deliberately failed to produce information regarding, and concealed the existence of, the two underground storage tanks under Building 12. (*Compare* Op. Br. pp. 13-16 *with* Memorandum of Law of the Wat[e]rside Parties in Opposition to Alcoa's Motion for Summary Judgment, ECF 382 ("Daibes Op."), pp. 13-15). As explained fully at pages 4-8 in the Arconic Reply Brief, filed simultaneously herewith, the North River Plaintiffs point to no evidence of any deliberate actions by Arconic. Their argument also ignores undisputed evidence, as well as the clear language of the contracts and their right and obligation to conduct their own due diligence of the site—all while asking the Court to believe a fairy tale version of the events unsupported by any evidence. (*Id.*). The North River Plaintiffs' "fraud" argument should be rejected.

3

**IV. The "AS IS" language in the PSA requires dismissal of North River's Breach of Contract (Count Eight) and Breach of Implied Covenant of Good Faith and Fair Dealing Claims. (Count Ten)**

It is undisputed that North River agreed in the PSA that Arconic made no representations or warranties regarding the Building 12 site, including the presence of hazardous substances. (Arconic Moving Br. at 29). North River further agreed to take the site "AS IS, WITH ALL FAULTS." (*Id.*) (all caps in original). Finally, North River agreed that the known environmental conditions of the site would be composed of (1) information obtained from the environmental reports appended to the PSA, and (2) North River's own due diligence. (*Id.*).

North River argues that Arconic may not rely on the "AS IS" language in the PSA because of Arconic's alleged fraudulent concealment. As shown in Arconic's Moving Brief on this Motion and in the Arconic Reply Brief, there is no evidence of fraudulent concealment, and the undisputed evidence shows otherwise.

Moreover, North River released Arconic from liability for "any response costs or claims that may arise as a result of the actions or inactions of [Arconic] and any previous owner, operator, or third party on or with respect to the Property relating to hazardous substances." (SUMF ¶ 20; Certification of Dana B. Parker, dated Sept. 11, 2020 (ECF No. 359) ("Parker Cert.") ¶ 5, Ex. 4). There is no carve-out in this release for previously unknown or undisclosed environmental liabilities. On the contrary, the plain meaning of the "no representations or warranties" provision, the

4

"AS-IS" provision (in all capitals), and the "known environmental condition" provision together is that the parties recognized that there may be unknown environmental contamination at the site—and that North River knowingly accepted that risk and absolved Arconic of any potential liability for it. (Arconic Moving Br. at 31).

**V.     The North River Plaintiffs' do not dispute that their claims for Strict Liability (Count Four), Negligence (Count Five), and Negligent or Fraudulent Concealment (Count Seven) are barred by the Economic Loss Doctrine.**

The North River Plaintiffs do not address Arconic's argument that Counts Four, Five, and Seven are barred by the economic loss doctrine. Accordingly, those claims should be dismissed. *See Easterling v. U.S. Dep't of Educ.*, No. CV 15-1367 (KM), 2016 WL 8674610, at *4 (D.N.J. Dec. 23, 2016) ("If the opposing party fails to properly address a party's properly supported motion, the court may consider 'granting summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it[.]'") (citing Fed. R. Civ. P. 56(e)).

**VI.    The North River Plaintiffs do not dispute that North River's CERCLA § 107 and CERCLA § 113(f) claims fail as a matter of law.**

The North River Plaintiffs cannot recover response costs under CERCLA § 107 related to remediation of the USTs at the Building 12 site because their response

action was not consistent with the National Contingency Plan.  (Arconic Moving Br. at 25-27).  The North River Plaintiffs do not argue otherwise in their opposition.

Finally, North River has not itself been sued under CERCLA § 106 or § 107(a), so it may not obtain contribution from other potentially responsible parties under CERCLA § 113(f). (Arconic Moving Br., Section III).  And, as stated in Arconic's opposition to the Borough's Motion for Summary Judgment, Arconic is not liable under CERCLA § 107.  Here also, the North River Plaintiffs do not argue otherwise.

Because they fail to address these points, North River's CERCLA §§ 107 and 113 claims should be dismissed.  *See Easterling*, 2016 WL 8674610, at *4.

## VII. Arconic did not breach the Multi-Party Agreement or the Purchase and Sale Agreement

As in other parts of their opposition Brief, the North River Plaintiffs make literally the identical argument in their opposition to this Motion as the Daibes Defendants do in their opposition to Arconic's Motion for Summary Judgment in the Edgewater matter: that Arconic breached the MPAA by not paying for the removal of hazardous substances found at the site in 2013, and by "failing to disclose of [sic] a known and material defect present" at the Alcoa site.  (Op. Br. p. 17).  As explained fully in Arconic's Moving Brief on this Motion and in the Arconic Reply Brief: by 2013 the MPAA was long extinguished by operation of the 1999 Environmental Indemnity Agreement; North River agreed in the PSA that Arconic

6

was making no representations or warranties regarding the environmental condition of the Site; and the North River Plaintiffs failed to comply with the written notice of breach provisions of the PSA before suing Arconic. (Arconic Reply Brief 7-9).

## CONCLUSION

For the foregoing reasons and for the reasons set forth in Arconic's moving papers, Arconic respectfully requests this Court grant summary judgment to Arconic and dismiss all claims by North River Mews Associates, LLC, and 38 COAH, LLC, against Arconic with prejudice.

Dated: December 7, 2020

Respectfully submitted,

**K&L GATES LLP**

By: */s/ Michael E. Waller*
    Michael E. Waller
    Charles F. Rysavy
    Dana B. Parker
    One Newark Center, Tenth Floor
    Newark, New Jersey 07102
    Tel: (973) 848-4000
    michael.waller@klgates.com
    charles.rysavy@klgates.com
    dana.parker@klgates.com
    *Attorneys for Arconic Inc. (f/k/a Alcoa Inc.) and Arconic Domestic, LLC (f/k/a Alcoa Domestic LLC, as successor in interest to A.P. New Jersey, Inc.)*