UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br>    Plaintiff,<br><br>v.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALCOA, INC. (f/k/a "Aluminum Company of America"); ALCOA DOMESTIC, LLC, as successor in interest to A.P. NEW JERSEY, INC.; JOHN DOES 1-100; and ABC CORPORATIONS 1-100,<br>    Defendants,<br><br>and<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH, LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; and FRED A. DAIBES,<br>    Defendants/Third-Party Plaintiffs,<br><br>v.<br><br>NEGLIA ENGINEERING ASSOCIATES,<br>    Third-Party Defendants,<br><br>and<br><br>ALCOA DOMESTIC, LLC, as successor in interest to A.P. NEW JERSEY, INC.,<br>    Defendant/Third-Party Plaintiff,<br><br>v.<br><br>COUNTY OF BERGEN and RIVER ROAD IMPROVEMENT PHASE II, INC., and HUDSON SPA, LLC,<br>    Third-Party Defendants. | Civil Action No.: 2:14-cv-05060 (JMV-JBC) |

| | |
|---|---|
| NORTH RIVER MEWS ASSOCIATES, LLC and 38 COAH ASSOCIATES,<br><br>    Plaintiffs,<br><br>v.<br><br>ALCOA, INC., ALCOA DOMESTIC, LLC, as successor in interest to A.P. NEW JERSEY, INC.,<br><br>    Defendants,<br><br>v.<br><br>RIVER ROAD IMPROVEMENT PHASE II, INC., *et al*. | Civil Action No.: 2:14-cv-8129 (MCA) (LDW) |

## MEMORANDUM OF LAW IN OPPOSITION TO ARCONIC'S MOTION FOR RECONSIDERATION

Of Counsel:
    Jason T. Shafron, Esq.

On the Brief:
    Jonathan R. Vender, Esq.

**SHAFRON LAW GROUP, LLC**
Two University Plaza, Suite 400
Hackensack, New Jersey 07601
Tel: (201) 343-7200

*Attorneys for Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC, River Road Improvement Phase II, Inc., and Fred A. Daibes*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................................... ii
PRELIMINARY STATEMENT .................................................................................................. 1
LEGAL STANDARD.................................................................................................................... 2
LEGAL ARGUMENT ................................................................................................................... 2
   A.   The Court did not err in Finding that There is a Genuine Issue of Material Fact Precluding Summary Judgment. ....................................................................................... 3
   B.   The Court did not err in Stating that Rescission may be a Remedy. ................................ 6
CONCLUSION............................................................................................................................... 8

**TABLE OF AUTHORITIES**

**CASES** **PAGE(S)**

*83 Willow Ave. Apts., LLC v. 83 Willow, LLC*, 2020 N.J. Super. Unpub. LEXIS 113 (N.J. Super. Ct. App. Div. Jan. 16, 2020) ................................................................................. 7

*ABS Brokerage Servs., LLC v. Penson Fin. Servs.*, 2010 U.S. Dist. LEXIS 83601 (D.N.J. Aug. 16, 2010) ............................................................................................................ 2

*ACE Secs. Corp. Home Equity Loan Trust v. DB Structured Prods.*, 5 F.Supp.3d 543 (S.D.N.Y. 2014) ...................................................................................................................... 8

*Allstate Ins. Co. v. Northfield Med. Ctr., P.C.*, 228 N.J. 596 (2017) ............................................. 3

*Baker v. Lukens Steel Co.*, 793 F.2d 509 (3d Cir. 1986) ............................................................... 3

*Bonnco Petrol, Inc. v. Epstein*, 115 N.J. 599 (1989) ..................................................................... 7

*Dugan Constr. Co., Inc. v. New Jersey Turnpike Authority*, 398 N.J. Super. 229 (App. Div. 2008) .................................................................................................................... 7

*Eisai Co. v. Teva Pharms. USA, Inc.*, 629 F. Supp. 2d 416 (D.N.J. 2009) .................................... 3

*Eli Lilly & Co. v. Actavis Elizabeth LLC*, 2009 U.S. Dist. LEXIS 130248 (D.N.J. Dec. 31, 2009) ......................................................................................................... 4

*First Am. Title Ins. Co. v. Lawson*, 177 N.J. 125 (2003) ............................................................... 6

*Hilton Hotels Corp. v. Piper Co.*, 214 N.J. Super. 328 (Ch. Div. 1986) ....................................... 7

*Katz v. Aetna Casualty & Surety Co.*, 972 F.2d 53 (3d Cir. 1992) ................................................ 5

*Matter of Lowbet Realty Corp.*, 981 N.Y.S.2d 285 (Sup. Ct. 2014) .............................................. 8

*Mercedes-Benz U.S.A. LLC v. Coast Auto. Group, Ltd.*, 2006 U.S. Dist. LEXIS 71953 (D.N.J. Sept. 29, 2006) ......................................................................................................... 7

*Metex Mfg. Corp. v. Manson*, 2008 U.S. Dist. LEXIS 25107 (D.N.J. Mar. 28, 2008) .................. 5

*Nat'l Sec. Sys. v. Iola*, 700 F.3d 65 (3d Cir. 2012) ....................................................................... 8

*Prudential Ins. Co. of Am. v. Goldman, Sachs & Co.*, 2013 U.S. Dist. LEXIS 50788 (D.N.J. Apr. 9, 2013) .............................................................................................................. 6

*Razak v. Uber Techs., Inc.*, 951 F.3d 137 (3d Cir. 2020) .............................................................. 5

*Shogen v. Global Aggressive Growth Fund, Ltd.*, 2007 U.S. Dist. LEXIS 31093
(D.N.J. Apr. 26, 2007) ........................................................................................... 5

*Stochastic Decisions, Inc. v. DiDomenico*, 236 N.J. Super. 388 (App. Div. 1989)........................ 5

*Swift v. Padney*, 2020 U.S. Dist. LEXIS 61389 (D.N.J. Apr. 7, 2020) .......................................... 2

*Tekdoc Servs. v. 3i-Infotech Inc.*, 2013 U.S. Dist. LEXIS 70938 (D.N.J. May 20, 2013) ............. 4

*Walter v. Holiday Inns, Inc.*, 784 F. Supp. 1159 (D.N.J. 1992)...................................................... 7

Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC ("North River"), River Road Improvement Phase II, Inc., and Fred A. Daibes (hereinafter collectively the "Waterside Parties") submit this Memorandum of Law in Opposition to Arconic's Motion for Reconsideration. For the reasons set forth herein, the Waterside Parties respectfully request that the Motion for Reconsideration be denied in its entirety.

## PRELIMINARY STATEMENT

The Motion for Reconsideration must be denied because the Court did not err in its denials of Arconic's motions for summary judgment. The Court cited clear and convincing evidence from which a factfinder could infer that Arconic intended to deceive the Waterside Parties. Specifically, the Court cited clear and convincing evidence that the underground storage tanks ("USTs") beneath Building 12 were concealed from view and that blueprints depicting the USTs beneath Building 12 were in Arconic's possession before Arconic sold the Alcoa Property to North River. From this evidence, a factfinder could infer that, when Arconic failed to disclose the existence of the USTs beneath Building 12, it did so with the intent to deceive. The Waterside Parties note that, in the Motion for Reconsideration, the element of intent is the only element at issue. Therefore, for the purpose of the Motion for Reconsideration, it should be assumed that Arconic made a material misrepresentation regarding the USTs, with knowledge of its falsity, and that the Waterside Parties detrimentally relied on the misrepresentation.

Additionally, the Court did not err in stating that rescission may be a remedy. Rescission depends on the totality of circumstances in a case and resides within the Court's discretion. Under the circumstances here, rescission may be a remedy. Because the Court did not err in its denials of Arconic's motions for summary judgment, the Motion for Reconsideration must be denied.

## LEGAL STANDARD

"[R]econsideration is an extraordinary remedy that is granted very sparingly." *Swift v. Padney*, 2020 U.S. Dist. LEXIS 61389, *2 (D.N.J. Apr. 7, 2020). "[I]t is well-established in this district that a motion for reconsideration is an extremely limited procedural vehicle." *ABS Brokerage Servs., LLC v. Penson Fin. Servs.*, 2010 U.S. Dist. LEXIS 83601, *13-14 (D.N.J. Aug. 16, 2010). "A decision suffers from 'clear error' only if the record cannot support the findings that led to that ruling. Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in manifest injustice if not addressed." *Id.* at *15.

## LEGAL ARGUMENT

The Motion for Reconsideration must be denied because the Court did not err in finding a genuine issue of material fact precluding summary judgment. Inferring mental state from circumstantial evidence is among the chief tasks of a factfinder. Therefore, it would have been incorrect for the Court to find, as a matter of law, that Arconic did not intend to deceive. In any event, the Court cited clear and convincing evidence from which a factfinder could infer that Arconic intended to deceive the Waterside Parties. Furthermore, even if the Waterside Parties had not presented sufficient evidence of Arconic's intent to deceive, the Waterside Parties could still assert equitable fraud, which does not require proof of intent. Therefore, even if the Waterside Parties had not presented sufficient evidence of Arconic's intent to deceive, it still would have been incorrect to grant summary judgment on that ground. Additionally, the Court did not err in stating that rescission may be a remedy. Furthermore, even if rescission is not an appropriate

2

remedy here, there are other available remedies. Therefore, even if rescission is not an appropriate remedy here, it still would have been incorrect to grant summary judgment on that ground.

**A.     The Court did not err in Finding that There is a Genuine Issue of Material Fact Precluding Summary Judgment.**

"Many courts have held that it is inappropriate for a court to grant summary judgment where a question of intent or motive is involved." *Baker v. Lukens Steel Co.*, 793 F.2d 509, 512 (3d Cir. 1986). "Inferring mental state from circumstantial evidence is among the chief tasks of factfinders." *Allstate Ins. Co. v. Northfield Med. Ctr., P.C.*, 228 N.J. 596, 620 (2017). Because inferring mental state is one of the chief tasks of factfinders, it would have been incorrect for the Court to find, as a matter of law, that Arconic did not intend to deceive.

In any event, the Court cited clear and convincing evidence from which a factfinder could infer that Arconic intended to deceive the Waterside Parties. "[D]irect evidence of intent is unavailable in most cases and unnecessary in any event. [I]ntent may be inferred from the surrounding circumstances." *Eisai Co. v. Teva Pharms. USA, Inc.*, 629 F. Supp. 2d 416, 426 (D.N.J. 2009). "[I]ntent may be inferred from the circumstances surrounding the occurrence, the [party's] demeanor, his intellect, etc." *Allstate Ins. Co.*, *supra*, 228 N.J. at 620.

Here, the Court cited clear and convincing evidence that the USTs beneath Building 12 were "constructed in a manner concealing them from view . . . ." *See* Opinion (ECF No. 418), p. 16. Additionally, the Court cited clear and convincing evidence that blueprints depicting the additional USTs beneath Building 12 were in Arconic's possession before Arconic sold the Alcoa Property to North River. *See id*. Arconic was a sophisticated company capable of disclosing the existence of the concealed USTs to the Waterside Parties. The existence of USTs on a property is certainly material to a buyer's decision to purchase that property; in its Motion for Reconsideration, Arconic does not argue otherwise. From the clear and convincing evidence cited

3

by the Court, a factfinder could infer that, when Arconic failed to disclose the existence of the USTs beneath Building 12, it did so with the intent that the Waterside Parities be kept in the dark with respect to the USTs, *i.e.*, it did so with the intent to deceive.

The opinion of *Eli Lilly & Co. v. Actavis Elizabeth LLC*, 2009 U.S. Dist. LEXIS 130248 (D.N.J. Dec. 31, 2009), demonstrates that the Court did not err in finding a genuine issue of material fact precluding summary judgment. In *Eli Lilly & Co.*, the defendants asserted that the plaintiff knew of information yet failed to disclose that information. *See Eli Lilly & Co.*, *supra*, 2009 U.S. Dist. LEXIS 130248, *11-13. The court noted that intent to mislead or deceive was an element of the defendants' claim. *See id*. at *7-8. The court, however, did not resolve the issue of intent on summary judgment. *See id*. at *16. The court held that "[a] material question of fact . . . remain[ed] regarding [the] [p]laintiff's intent to deceive . . . ." *Id*. The court found that "[v]iewing the facts in the light most favorable to the [d]efendants, a finder of fact could infer an intent to deceive . . . by failing to disclose the [information]." *Id*. Like in *Eli Lilly & Co.*, where a finder of fact could infer an intent to deceive from the failure to disclose information, a factfinder here could infer an intent to deceive from Arconic's failure to disclose the USTs beneath Building 12. Therefore, the Court did not err in finding a genuine issue of material fact precluding summary judgment.

In its Brief, Arconic cites *Tekdoc Servs. v. 3i-Infotech Inc.*, 2013 U.S. Dist. LEXIS 70938 (D.N.J. May 20, 2013), but the facts of that opinion are different than the facts here. In *Tekdoc Servs.*, the statements at issue merely concerned the possibility that future action would be taken. *See Tekdoc Servs.*, *supra*, 2013 U.S. Dist. LEXIS 70938, *70. The court found that such statements were not actionable. *See id*. Unlike the statements in *Tekdoc Servs.*, which concerned the possibility of a future occurrence, Arconic's concealment here concerned a material fact existing

4

at the time of the concealment.  Therefore, the facts of *Tekdoc Servs.* are different than the facts here.

Other opinions cited by Arconic actually support that the Court did not err in finding a genuine issue of material fact precluding summary judgment.  In *Metex Mfg. Corp. v. Manson*, 2008 U.S. Dist. LEXIS 25107 (D.N.J. Mar. 28, 2008), the court found that "[t]here [were] genuine disputes of fact regarding [the] fraudulent inducement claim, thus precluding summary judgment on [that] count."  *See Metex Mfg. Corp.*, *supra*, 2008 U.S. Dist. LEXIS 25107, *16.  In *Stochastic Decisions, Inc. v. DiDomenico*, 236 N.J. Super. 388 (App. Div. 1989), the court found that "given the defendants' conduct . . . a finding of fraud was certainly permissible."  *See Stochastic Decisions, Inc.*, *supra*, 236 N.J. Super. at 396.  In *Katz v. Aetna Casualty & Surety Co.*, 972 F.2d 53 (3d Cir. 1992), the court reversed the trial court's decision to grant the defendant's summary judgment motion concerning a fraud claim asserted by the plaintiffs.  *See Katz*, *supra*, 972 F.2d at 59.  In *Razak v. Uber Techs., Inc.*, 951 F.3d 137 (3d Cir. 2020), the court determined "summary judgment was inappropriate because genuine disputes of material facts remained."  *See Razak*, *supra*, 951 F.3d at 148.

Additionally, even if the Waterside Parties had not presented sufficient evidence of Arconic's intent to deceive, it would have been incorrect to grant summary judgment on that ground.  This is because the Waterside Parties could still assert equitable fraud, which does not require proof of intent.  "Unlike common law fraud, equitable fraud does not require that a misrepresentation be knowingly false or intended to deceive."  *Shogen v. Global Aggressive Growth Fund, Ltd.*, 2007 U.S. Dist. LEXIS 31093, *4 (D.N.J. Apr. 26, 2007).  "[T]he key distinction between legal and equitable fraud is that legal fraud requires proof of intent while equitable fraud does not."  *Prudential Ins. Co. of Am. v. Goldman, Sachs & Co.*, 2013 U.S. Dist.

5

LEXIS 50788, *26 (D.N.J. Apr. 9, 2013). Therefore, it would have been incorrect to grant summary judgment even if the Waterside Parties had not presented sufficient evidence of Arconic's intent to deceive.

**B.     The Court did not err in Stating that Rescission may be a Remedy.**

The Court noted that fraud in the inducement may serve as the basis for rescission of a contract. *See* Opinion (ECF No. 418), p. 17. Rescission is "an equitable remedy, which properly depends on the totality of circumstances in a given case and resides within a court's discretion." *First Am. Title Ins. Co. v. Lawson*, 177 N.J. 125, 143 (2003). Therefore, the Court did not make an error in stating that rescission may be a remedy.

Under the circumstances here, rescission may be appropriate. The Purchase and Sale Agreement ("PSA") and the Multi-Party Acquisition Agreement ("MPAA") contemplate that any payment of money made pursuant to the indemnification agreement in the PSA or the agreement to defend and hold harmless in the MPAA would be a transaction separate from the purchase and sale transaction. The purchase and sale transaction was completed at closing in 1997, whereas any obligation to pay money pursuant to the indemnification agreement in the PSA or the agreement to defend and hold harmless in the MPAA does not arise until a claim, demand, cause of action, suit, or damages, all of which could have occurred after the closing in 1997. *See* Opinion (ECF No. 418), p. 4 (noting that the Alcoa Property was sold to North River in 1997); pp. 10-11 (quoting sections of the PSA and MPAA). Additionally, the PSA contemplates that the release would be separate from the purchase and sale transaction. As previously discussed, the purchase and sale transaction was completed at closing in 1997, but the release survived the closing. *See* Opinion (ECF No. 418), p. 10 (quoting the release in the PSA). Because any payment of money made pursuant to the indemnification agreement in the PSA or the agreement to defend and hold

harmless in the MPAA is a transaction separate from the purchase and sale transaction, and because the release in the PSA is separate from the purchase and sale transaction, it may be appropriate to rescind the indemnification agreement, the agreement to defend and hold harmless, and the release, without rescission of the purchase and sale transaction. In its Brief, Arconic references the opinions of *Hilton Hotels Corp. v. Piper Co.*, 214 N.J. Super. 328 (Ch. Div. 1986), *Walter v. Holiday Inns, Inc.*, 784 F. Supp. 1159 (D.N.J. 1992), and *Mercedes-Benz U.S.A. LLC v. Coast Auto. Group, Ltd.*, 2006 U.S. Dist. LEXIS 71953 (D.N.J. Sept. 29, 2006), but those opinions do not specifically discuss an indemnification agreement or release.

Even if rescission is not an appropriate remedy here, it would have been incorrect to grant summary judgment on that ground. This is because there are other remedies available to the Waterside Parties. If the Waterside Parties prove legal fraud, they will be entitled to money damages. Additionally, there is the remedy of reformation, which is available in an action for equitable fraud. *Bonnco Petrol, Inc. v. Epstein*, 115 N.J. 599, 611 (1989). "The traditional grounds justifying reformation of an instrument are either mutual mistake or unilateral mistake by one party and fraud or unconscionable conduct by the other." *Dugan Constr. Co., Inc. v. New Jersey Turnpike Authority*, 398 N.J. Super. 229, 242-43 (App. Div. 2008). "When a contract cannot be rescinded because it was already performed, reformation may still be available as an equitable remedy." *83 Willow Ave. Apts., LLC v. 83 Willow, LLC*, 2020 N.J. Super. Unpub. LEXIS 113, *19-20 (N.J. Super. Ct. App. Div. Jan. 16, 2020). Because reformation may be an appropriate remedy here, it would have been incorrect to grant summary judgment.

Additionally, the Court has the discretion to fashion relief tailored to the unique circumstances here. "Equitable discretion enables a court to shape relief to fit its view of the balance of the equities and hardships, and to fashion relief tailored to the unique circumstances of

7

a case. Once invoked, the scope of a district court's equitable powers . . . is broad, for breadth and flexibility are inherent in equitable remedies. [W]e have . . . made clear that often the exercise of a court's equity powers . . . must be made on a case-by-case basis." *Nat'l Sec. Sys. v. Iola*, 700 F.3d 65, 102 (3d Cir. 2012). Because the Court has discretion to fashion relief tailored to the unique circumstances here, it would have been incorrect to grant summary judgment.

Furthermore, if the granting of equitable relief is impossible or impracticable here, the Court may award damages in lieu of an equitable remedy. *See ACE Secs. Corp. Home Equity Loan Trust v. DB Structured Prods.*, 5 F.Supp.3d 543, 554 (S.D.N.Y. 2014) (providing that "where the granting of equitable relief appears to be impossible or impracticable, equity may award damages in lieu of the desired equitable remedy"); *Matter of Lowbet Realty Corp.*, 981 N.Y.S.2d 285 (Sup. Ct. 2014) (providing that "when a court finds that the remedy of rescission is impossible or impracticable, money damages may be awarded instead of the equitable remedy of rescission"). Because there are available remedies other than rescission, it would have been incorrect to grant summary judgment.

## CONCLUSION

For the foregoing reasons, the Waterside Parties respectfully request that the Motion for Reconsideration be denied in its entirety.

Respectfully submitted,
**SHAFRON LAW GROUP, LLC**

*Attorneys for Waterside Construction, LLC, 38 COAH, LLC, Daibes Brothers, Inc., North River Mews Associates, LLC, River Road Improvement Phase II, Inc., and Fred A. Daibes*

By: ___/s/ Jonathan R. Vender, Esq.___

Dated: September 17, 2021

8