Not for Publication

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BOROUGH OF EDGEWATER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH , LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES; TERMS ENVIRONMENTAL SERVICES, INC.; ALCOA INC.; ALCOA DOMESTIC, LLC, as successor in interest to A.P. NEW JERSEY, INC.; HUDSON SPA, LLC; JOHN DOES 1-100; ABC CORPORATIONS 1-100,<br><br>　　　　Defendants<br><br>and<br><br>WATERSIDE CONSTRUCTION, LLC; 38 COAH LLC; DAIBES BROTHERS, INC.; NORTH RIVER MEWS ASSOCIATES, LLC; FRED A. DAIBES,<br><br>　　　　Defendants/ Third-Party Plaintiffs<br><br>　　v.<br><br>NEGLIA ENGINEERING ASSOCIATES,<br><br>　　　　Third-Party Defendants,<br><br>and<br><br>ALCOA DOMESTIC, LLC as successor in interest to A.P. NEW JERSEY, INC.,<br><br>　　　　Defendant/Third-Party Plaintiff, | Civil Action No. 14-5060<br><br>**OPINION** |

> v.
>
> COUNTY OF BERGEN; RIVER ROAD IMPROVEMENT PHASE II, INC.; HUDSON SPA, LLC,
>
>         Third-Party Defendants.

**John Michael Vazquez, U.S.D.J.**

      Presently before the Court is a motion for reconsideration (D.E. 424) of the Court's August 17, 2021 Opinion and Order (D.E. 418, 419) filed by Arconic Inc. (f/k/a/ Alcoa Inc.) and Arconic Domestic, LLC (f/k/a/ Alcoa Domestic, LLC, as successor in interest to A.P. New Jersey, Inc.) (collectively, "Arconic"). Also before the Court is Arconic's motion (D.E. 423) to correct a clerical error in the Court's August 17, 2021 Order. The Court has reviewed all submissions[1] made in support and in opposition to the motions and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Arconic's motion for reconsideration (D.E. 424) is **DENIED**, and Arconic's motion to amend (D.E. 423) is **GRANTED**.

    **I.**    **BACKGROUND**

      For the purposes of the pending motions, the Court does not retrace this case's full factual and procedural history. This matter stems from an allegation that certain defendants, not involved in the instant motion, used polychlorinated biphenyl ("PCB")[2] contaminated material as fill in a

---

[1] Arconic's brief in support of its motion for reconsideration, D.E. 424-1 ("Br."); the brief in opposition to Arconic's motion for reconsideration, D.E. 427 ("Opp."); Arconic's letter in support of its motion to amend, D.E. 423-1; and the letter in opposition to Arconic's motion to amend, D.E. 428.

[2] According to the Environmental Protection Agency, PCBs are a group of man-made organic chemicals consisting of carbon, hydrogen and chlorine atoms. *United States Environmental*

public park project. The park is owned by Plaintiff Borough of Edgewater, but the contaminated materials (or at least some of them) came from a property previously owned by Alcoa Corporation ("Alcoa"), now known as Arconic.

On August 17, 2021, the Court ruled on Arconic's motion for summary judgment (D.E. 345) against Waterside Construction, LLC, 38 COAH, LLC ("38 COAH"), North River Mews Associates, LLC ("North River"), Daibes Brothers, Inc., and Fred A. Daibes (collectively, the "Waterside Defendants") and River Road Improvement Phase II, Inc. ("RRIP"); and Arconic's motion for summary judgment (D.E. 351) against North River, 38 COAH, and RRIP. In the Opinion (the "August 17 Opinion," or "Op."), the Court first addressed the Waterside Defendants' claim of fraudulent inducement and concluded that the claim could not be resolved on summary judgment. Op. at 16. Because resolution of many of the other claims is dependent on the outcome of the fraudulent inducement claim, the Court also denied summary judgment on any claim which implicated the relevant contracts. *Id.* at 17. Arconic now moves for reconsideration of that decision.

## II.    LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. Edgewater has complied with this requirement. Substantively, a motion for reconsideration is viable in three situations: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.

---

*Protection Agency, Learn about Polychlorinated Biphenyls* (PCBs), https://www.epa.gov/pcbs/learn-about-polychlorinated-biphenyls-pcbs. PCBs have been demonstrated to cause a variety of adverse health effects. *Id.*

*Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted).

A motion for reconsideration does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2–3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

### III. DISCUSSION

Arconic argues that the Court's August 17 Opinion did not address Arconic's argument that North River lacked evidence that Arconic intended to fraudulently induce North River. Br. at 4-10. Arconic also argues that the Court erred in holding that North River would be entitled to recission of the PSA if successful on its fraudulent inducement claim. *Id.* at 10-15. Finally, Arconic contends that the holdings in the August 17 Opinion should apply only to North River and RRIP rather than the Waterside Defendants. *Id.* at 2.

#### A. Intent

Arconic argues that the fraudulent inducement claim should have failed because of lack of evidence as to fraudulent intent. Arconic points out that intention that the other party rely on a material representation, *i.e.* fraudulent intent, is an essential element of a fraudulent inducement claim. *CDK Glob., LLC v. Tulley Auto. Grp., Inc.*, 489 F. Supp. 3d 282, 303–04 (D.N.J. 2020).

4

As discussed in the August 17 Opinion, there was some evidence that Arconic knew about the underground storage tanks and did not inform North River. Op. 13-17. Arconic argues that this is insufficient to establish fraudulent intent. As evidence negating fraudulent intent, Arconic argues that its alleged fraudulent concealment would have been revealed when Building 12 was demolished, as was the plan at the time of contracting. While a jury may find that argument (albeit based on facts) convincing, it falls well short of demonstrating that Arconic is entitled to summary judgment. Given the evidence suggesting that the USTs were concealed and were not disclosed prior to contracting, a finder of fact could reasonably infer an intent to deceive. *See, e.g.*, *Eli Lilly & Co. v. Actavis Elizabeth LLC*, 2009 U.S. Dist. LEXIS 130248, at *16 (D.N.J. Dec. 31, 2009) (declining to resolve the issue of intent on summary judgment) (citing *KangaROOS U.S.A., Inc. v. Caldor, Inc.*, 778 F.2d 1571, 1577 (Fed. Cir. 1985) for the proposition that state of mind inquiries are rarely appropriate at the summary judgment stage). Where there is circumstantial evidence of intent, such as in this case, it is proper for this question of fact to go to a jury. *See Baker v. Lukens Steel Co.*, 793 F.2d 509, 512 (3d Cir. 1986) ("Many courts have held that it is inappropriate for a court to grant summary judgment where a question of intent or motive is involved."); *Allstate Ins. Co. v. Northfield Med. Ctr., P.C.*, 228 N.J. 596, 620 (2017) ("Inferring mental state from circumstantial evidence is among the chief tasks of factfinders."). The Court will therefore deny Arconic's motion for reconsideration on this basis.

### B. Recission

Arconic next argues that unwinding all the transactions would be impossible, making recission inappropriate. Br. at 14. If the fraudulent inducement claim is successful, the appropriate remedy will be decided at a later point. At that juncture, the Court may, in its discretion, order rescission based upon the relevant circumstances. *See First Am. Title Ins. Co. v. Lawson*, 177 N.J.

125, 143 (2003) (holding that rescission is "an equitable remedy, which properly depends on the totality of circumstances in a given case and resides within a court's discretion"). Further, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers*, 130 F. Supp. 2d at 613. Arconic could have made these arguments in its summary judgment briefing. It did not, and the Court will not now reconsider its decision on that basis.

### C. Waterside Defendants

Arconic also briefly argues that the August 17 Opinion identified the wrong parties to which its holdings apply. Specifically, Arconic states the following: "[T]he Opinion identifies the 'Waterside Defendants' as the parties to which its holdings apply, although the holdings should apply only to North River and RRIP." Br. at 2. This contention is based upon the fact that the parties to the Purchase and Sale Agreement ("PSA") were Arconic and North River, and the parties to the Multi-Party Property Acquisition Agreement ("MPAA") were Arconic, North River, and RRIP. *See* Br. at 2 n.1. The Court acknowledges that, of the Waterside Defendants, only North River and RRIP were bound by the contracts with Arconic at issue here. *See* D.E. 359, Exs. 4, 10. However, the August 17 Opinion references the Waterside Defendants as a single group in its discussion of Arconic's motion for summary judgment against the Waterside Defendants and RRIP (D.E. 345), as those parties collectively submitted an opposition brief to Arconic's motion (D.E. 382). To the extent certain holdings in the August 17 Opinion applied only as to the Waterside Defendants as opposed to North River and 38 COAH, against whom Arconic filed a separate summary judgment motion (D.E. 351), the Court made such distinction explicit. *See* Op. at 32. Moreover, Arconic does not specify which portion or portions of the August 17 Opinion

wrongly identify the Waterside Defendants. Without such specific information, the Court cannot grant the requested relief.[3]

## IV. MOTION TO AMEND ORDER

Arconic called to the Court's attention a mistake in the Court's August 17, 2021 Order (D.E. 419). Arconic pointed out that the Court's Opinion granted Arconic's Motion for Summary Judgment as to North River's breach of contract claim (Count Eight). D.E. 423-1. The Court's accompanying order, however, did not dismiss that claim. *Id.* The Court will issue an amended Order explicitly dismissing the breach of contract claim pursuant to Federal Rule of Civil Procedure 60(a). The Court will do so by referring to count eight, as proposed by North River in its response to Arconic's letter (D.E. 428) and as consistent with the remainder of the Order.

## V. CONCLUSION

Edgewater's motion to correct (D.E. 423) is **GRANTED**. Edgewater's motion for reconsideration (D.E. 424) is **DENIED**. An appropriate Order accompanies this Opinion.

---

[3] However, the August 17 Opinion does contain some clerical errors whereby the Waterside Defendants, rather than North River or RRIP, are named as the entity whose knowledge of the USTs is at issue. By this Opinion, the Court amends those clerical errors in the August 17 Opinion. The specific amendments to the August 17 Opinion are as follows:

- "The Waterside Defendants, however, assert that *North River* did not receive any blueprint drawings from Arconic depicting the Alcoa Property." Op. at 15.
- "The Waterside Defendants continue that *North River's* due diligence did not uncover the USTs under Building 12 because those USTs were 'constructed in a manner concealing them from view as they were in a subterranean vault buried underneath two floor slabs with the newer floor slab constructed in such a way that it covered the access man-ways for the tanks.'" Op. at 16
- "The record presents a genuine dispute of material fact as to whether Arconic was aware of the two undisclosed USTs at the time it entered into the contracts for the sale of the Alcoa Property and as to whether *North River and RRIP* were informed of the USTs." *Id*.
- "While Arconic has evidence in the form of a letter that the blueprints were provided to Amir Daibes, the Waterside Defendants assert that *North River* did not receive them." *Id*.

Dated: April 29, 2022

                                                          _____
                                                         John Michael Vazquez, U.S.D.J.