### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

BOROUGH OF EDGEWATER,

              Plaintiff,

     v.

WATERSIDE CONSTRUCTION, LLC; 38
COAH , LLC; DAIBES BROTHERS, INC.;
NORTH RIVER MEWS ASSOCIATES, LLC;
FRED A. DAIBES; TERMS
ENVIRONMENTAL SERVICES, INC.;
ALCOA INC.; ALCOA DOMESTIC, LLC, as
successor in interest to A.P. NEW JERSEY,
INC.; HUDSON SPA, LLC; JOHN DOES 1-
100; ABC CORPORATIONS 1-100,

              Defendants

and

WATERSIDE CONSTRUCTION, LLC; 38
COAH LLC; DAIBES BROTHERS, INC.;
NORTH RIVER MEWS ASSOCIATES, LLC;
FRED A. DAIBES,

              Defendants/ Third-Party Plaintiffs

v.

NEGLIA ENGINEERING ASSOCIATES,

              Third-Party Defendants,

and

ALCOA DOMESTIC, LLC as successor in
interest to A.P. NEW JERSEY, INC.,

              Defendant/Third-Party Plaintiff,

v.

COUNTY OF BERGEN; RIVER ROAD
IMPROVEMENT PHASE II, INC.; HUDSON
SPA, LLC,

              Third-Party Defendants.

Civil Action No. 14-5060

**AMENDED ORDER**

**John Michael Vazquez, U.S.D.J.**

On August 17, 2021, the Court granted in part and denied in part the motion for summary judgment against North River Mews Associates, LLC ("North River") and 38 COAH, LLC (D.E. 351) filed by Defendants Arconic Inc. (f/k/a Alcoa Inc.) and Arconic Domestic, LLC (f/k/a Alcoa Domestic LLC, as successor in interest to A.P. New Jersey, Inc.) (collectively, "Arconic").  D.E. 418, 419.  The Court's Opinion found as to count eight of the Complaint submitted by North River and 38 COAH, LLC that "North River's breach claims are really misrepresentation claims recast in terms of breach of contract.  The Court will therefore dismiss those claims."  D.E. 418 at 31. However, the Court's accompanying Order granted Arconic's motion for summary judgment (D.E. 351) only as to counts one and two of North River's Complaint.  D.E. 419 at 2.  The Court's omission in the August 17, 2021 Order of count eight was a clerical error.  For these reasons and the reasons set forth in the prior Opinion, D.E. 418, and for good cause shown,

IT IS on this 29th day of April 2022,

**ORDERED** that this Amended Order supersedes and replaces the Court's August 17, 2021 Order (D.E. 419) to correct the clerical error identified above; and it is further

**ORDERED** that Arconic's motion for summary judgment (D.E. 345) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Arconic's motion (D.E. 345) is **GRANTED** as to counts three and four of the Crossclaims by Fred Daibes; North River; Waterside Construction, LLC; 38 COAH, LLC; and Daibes Brothers, Inc. (D.E. 24); and it is further

**ORDERED** that Arconic's motion (D.E. 345) is otherwise **DENIED**; and it is further

**ORDERED** that Arconic's motion for summary judgment (D.E. 351) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Arconic's motion (D.E. 351) is **GRANTED** as to counts one, two, and eight of the Complaint by North River and 38 COAH, LLC (14-8129, D.E. 28); and it is further

**ORDERED** that Arconic's motion (D.E. 351) is otherwise **DENIED**; and it is further

**ORDERED** that Arconic's motion to strike (D.E. 403) is **DENIED**.

.   _____
John Michael Vazquez, U.S.D.J.