

Connell Foley LLP
56 Livingston Avenue
Roseland, NJ 07068
P 973.535.0500   F 973.535.9217

**Timothy E. Corriston**
Managing Partner
TCorriston@connellfoley.com

October 28, 2022

**VIA ECF**
The Honorable André M. Espinosa, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

    Re:    **Borough of Edgewater v. Waterside Construction, LLC et al.**
            **Case No.: 2:14-cv-05060;**
            **North River Mews v. Alcoa et al.**
            **Case No. 2:14-cv-08129**

            **Joint Letter From Parties Regarding November 3, 2022 Conference**

Dear Judge Espinosa:

    We represent Plaintiff Borough of Edgewater ("Edgewater") in the above referenced matters. We hereby submit a joint letter on behalf of all the parties ahead of the November 3, 2022 conference scheduled before Your Honor.

    **I.**    **Relevant Facts and Procedural History**

        **a.**    **Factual Background**[1]

    Edgewater alleges that it has incurred significant damages from Polychlorinated Biphenyls ("PCB") contaminated concrete and fill material improperly transported to and disposed on Veterans Field, a public park, from Building 12 of the former Alcoa Site located at 660 River Road, Edgewater, New Jersey ("Alcoa Site"). Edgewater alleges that defendants Alcoa, Inc. (now known as Arconic, Inc.), Alcoa Domestic, LLC (formerly A.P. New Jersey, Inc. and now known as Arconic Domestic, LLC) (collectively "Alcoa Defendants"), Waterside Construction, LLC, North River Mews Associates, LLC, 38 COAH Associates, LLC, Daibes Brothers and Fred Daibes (collectively the Waterside Defendants) and TERMS, Inc. are liable for the damages related to this PCB contamination. Edgewater's Fifth Amended Complaint alleges violations of the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), the New Jersey Spill Compensation and Control Act ("Spill Act"), and common law claims for negligence,

---

[1] This section includes allegations that should not be deemed admissions by any party.

strict liability, breach of contract, unjust enrichment, fraud and violation of the New Jersey Consumer Fraud Act ("CFA"). D.E., 256.

### i. Alcoa Site

Alcoa owned and operated an industrial plant on the Alcoa Site from 1914-1965 in Edgewater, New Jersey, which included a structure referred to as "Building 12". The Site was subsequently acquired by Amland Properties Corporation ("Amland"), who then discovered PCB contamination on the property. Amland sued Alcoa, which resulted in a settlement and the site was conveyed to an Alcoa entity, AP New Jersey, Inc. (now Alcoa Domestic). The Amland settlement agreement required that the deed of conveyance contain a legend notice stating that "[t]his property may be contaminated with hazardous substances including Polychlorinated Biphenyls."

In 1997, AP New Jersey Inc. and North River entered into an Agreement to Purchase and Sell Real Estate ("PSA"), and AP New Jersey Inc. sold the Alcoa Site to North River, an entity affiliated with Fred Daibes. Pursuant to the terms of a related Multi-Party Property Acquisition Agreement ("MPA"), AP New Jersey Inc. agreed to pay River Road Improvement Phase II, Inc. ("RRIP") (1) the sum of $9,500,000 for the demolition and removal of all structures and improvements and (2) costs of disposal of PCB-contaminated material (PCB concentrations greater than 50 ppm) up to a maximum of $2,500,000. Under the MPA, the demolition and removal of the structures and improvements was to be completed in accordance with a Remedial Action Work Plan. Later that year, North River requested permission to postpone the demolition of Building 12. North River has asserted that it and Alcoa jointly decided not to demolish Building 12 in 1997, although Alcoa contends that decision was made by North River alone.

In 2006, the portion of the Alcoa Site containing Building 12 was transferred from North River to 38 COAH, another entity affiliated with Fred Daibes. Edgewater has asserted that Building 12 was demolished in 2013 and that crushed concrete fill and other materials from Building 12 were imported to the Veterans Field site (see below). Waterside Defendants have asserted that Building 12's foundation walls were not demolished and that the foundation walls were the only portions of Building 12 known by any of the Waterside Defendants to contain PCBs when the rest of Building 12 was demolished. Additionally, Waterside Defendants have asserted that Alcoa concealed two storage tanks underneath Building 12 and that those storage tanks were not discovered by any of the Waterside Defendants until September of 2013. Waterside Defendants have also asserted that alleged fraudulent inducement invalidates certain agreements with AP New Jersey Inc., including an indemnification agreement in the PSA, a release of AP New Jersey Inc. in the PSA, and an agreement to defend and save AP New Jersey Inc. harmless in the MPA.

### ii. Veteran's Field

In 2011, Plaintiff Edgewater sought to improve Veterans Field, a 27-acre public park owned by the borough. TERMS, an environmental consulting firm, was retained as a consultant and Licensed Site Remediation Professional for the project. After a bidding process, Waterside, a construction company of which Fred Daibes is managing member, was awarded the contract

Honorable John Michael Vazquez, U.S.D.J.
October 28, 2022
Page 3

for the improvement project.  Edgewater alleges that, in or around 2013, Waterside improperly imported and used the PCB-contaminated material from Building 12 as fill on Veterans Field.

Waterside has asserted that TERMS informed Waterside that crushed concrete fill could be placed at the locations of the parking lots and other hard, impervious surfaces at Veteran's Field and that TERMS did not require testing of the crushed concrete if it was placed at the locations of the parking lot or other hard, impervious surfaces.  Additionally, Waterside has asserted that, under the supervision of TERMS, Waterside placed recycled crushed concrete at the location of the southern parking lot at Veteran's Field. TERMS disputes Waterside's position and maintains that it made it clear to Waterside that material from its construction yard could not be used on Veteran's Field.

Edgewater discovered PCB-contaminated fill material on Veteran's Field, and as a result, Edgewater hired professionals to investigate and remediate the PCB contamination and filed this lawsuit to recoup its costs and other damages related to the alleged Building 12 PCB contamination on Veteran's Field.

   b.  **Procedural History**

Edgewater first filed suit on August 12, 2014, against 38 COAH, LLC, the Alcoa Defendants, Fred Daibes, Daibes Brothers, Inc., North River, TERMS, and Waterside Construction, LLC. The Alcoa Defendants filed a Third-Party Complaint against the County of Bergen and RRIP on December 5, 2014. The Waterside Defendants (Waterside, North River, 38 COAH, and Fred Daibes) filed a Third-Party Complaint against Edgewater's engineer, Neglia Engineering Associates, on December 5, 2014. On December 31, 2014, North River and 38 COAH filed suit against the Alcoa Defendants in a separate matter, docketed as 14-08129. On February 27, 2018, the separate matters docketed as 14-08129 and 14-05060 were consolidated. On March 19, 2018, Edgewater filed the operative Fifth Amended Complaint. D.E. 256

In Case No. 14-08129, North River and 38 COAH have asserted the following claims against the Alcoa Defendants: contribution, indemnification, strict liability, negligence, negligent or fraudulent concealment, unjust enrichment, and breach of the implied covenant of good faith and fair dealing.  Additionally, Waterside Defendants have asserted claims against TERMS.  The parties completed fact and expert discovery over several years. After discovery concluded, the parties filed various summary judgment motions, and the Court has since ruled on and issued Orders and/or Opinions on those motions.

The claims contained in Edgewater's Complaint in Case No. 14-05060, as well as the result of any summary judgment motions, are included in the chart below:

| Defendant | Spill Act | CERCLA | Unjust Enrich. | Negligence | Strict Liability | Breach of Contract | Fraud | CFA |
|---|---|---|---|---|---|---|---|---|
| Waterside | EW SJ granted | EW SJ granted | x | x | x | x | X | EW SJ denied |

Honorable John Michael Vazquez, U.S.D.J.
October 28, 2022
Page 4

|  |  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|
| Fred Daibes | EW SJ denied | EW SJ denied | x | x | x |  | X | EW SJ denied |
| North River Mews | EW SJ denied | EW SJ denied | x | x | x |  |  |  |
| 38 COAH | EW SJ granted | EW SJ denied | x | x | x |  |  |  |
| Daibes Bros | x | x | x | x | x | x |  |  |
| Alcoa Defendants | Alcoa SJ granted | Alcoa SJ granted | Alcoa SJ denied | Alcoa SJ denied | Alcoa SJ denied |  |  |  |
| TERMS | x | TERMS SJ granted |  | x |  | x |  |  |
| Hudson Spa | Hudson Spa SJ granted | Hudson Spa SJ granted | Hudson Spa SJ granted | Hudson Spa SJ granted | Hudson Spa SJ granted |  |  |  |

The claims alleged by the Waterside Defendants against the Alcoa Defendants in Case No. 14-05060, as well as the result of any summary judgment motions, are included below:

| Spill Act | CERCLA | Contribution | Indemnification |
|---|---|---|---|
| Alcoa SJ denied | Alcoa SJ granted | Alcoa SJ denied | Alcoa SJ denied |

The claims alleged by the Alcoa Defendants in Case No. 14-05060, and the results of any summary judgment motions, are as follows:

| Defendant | CERCLA | Spill Act | Comparative Negligence Act | Statutory and Common-Law Contribution | Negligence | Breach of Contract | Indemnification |
|---|---|---|---|---|---|---|---|
| Edgewater | x | x | x | x |  |  |  |
| Waterside | x | x | x | x | x |  |  |
| 38 COAH | x | x | x | x | x |  |  |
| Daibes Bros | x | x | x | x | x |  |  |

6713386-1

Honorable John Michael Vazquez, U.S.D.J.
October 28, 2022
Page 5

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Fred Daibes | x | x | x | x | x | | |
| North River | x | x | x | x | x | x | x |
| TERMS | x | x | x | x | x | | |
| Bergen County | | | | | | SJ granted | |
| RRIP | | | | | | x | x |

The claims alleged by the Alcoa Defendants in Case No. 14-08129, as well as the results of any summary judgment motions, are as follows:

| Defendant | Breach of Contract | Indemnification | NJ Joint Tortfeasors Contribution Act | Comparative Negligence Act | CERCLA | Spill Act | Pierce the Veil |
|---|---|---|---|---|---|---|---|
| North River | Alcoa SJ denied | x | x | x | x | x | |
| 38 COAH | Alcoa SJ denied | x | x | x | x | x | |
| Fred Daibes | | | | | | | x |

The claims alleged by North River and 38 COAH against the Alcoa Defendants in Case No. 14-08129, as well as the results of any summary judgment motions, are as follows:

| Spill Act | CERCLA | Declaratory Judgment | Breach of Contract | Unjust Enrichment | Strict Liability | Breach of Implied Covenant of Good Faith and Fair Dealing | Negligent or Fraudulent Concealment | Negligence |
|---|---|---|---|---|---|---|---|---|
| Alcoa SJ denied | Alcoa SJ granted | Alcoa SJ denied | Alcoa SJ granted | Alcoa SJ denied | Alcoa SJ denied | Alcoa SJ denied | Alcoa SJ denied | Alcoa SJ denied |

Honorable John Michael Vazquez, U.S.D.J.
October 28, 2022
Page 6

## II. Current Status and Next Steps

As a result of summary judgment rulings by Judge Vazquez, there remain claims pending by Edgewater against the Alcoa Defendants, Waterside, North River, 38 COAH, Fred Daibes, Daibes Brothers and TERMS. Additionally, there remain claims by Waterside Defendants against the Alcoa Defendants and TERMS, and claims by the Alcoa Defendants against Waterside, 38 COAH, Daibes Bros, Fred Daibes, North River, TERMS, and RRIP. Fact and expert discovery is complete. Edgewater and the Alcoa Defendants submit that these matters are ready for trial, and request a Pre-Trial Order be submitted sixty (60) days after being ordered to do so. The Waterside Defendants' position is that it is not yet appropriate to enter a Pre-Trial Order.

Third Party Defendant/Fourth Party Plaintiff County of Bergen, while out of the case on summary judgment and not participating further in discovery or trial, may need to apply for a proof hearing at the appropriate time if unsuccessful with amicable efforts to collect against the responsible Daibes' entities for its indemnification of all costs incurred, as granted by Judge Vasquez.

The parties have previously engaged in mediation or settlement discussions on at least two occasions, both of which were unsuccessful. Counsel for the Alcoa Defendants has indicated they are amenable to discussing a resolution of this matter. Edgewater is always open to discussing a resolution of this matter if the necessary and relevant parties are at the negotiating table. Additionally, Waterside Defendants are open to discussing a resolution of this matter.

We look forward to meeting with Your Honor to discuss these matters on November 3rd. Should Your Honor require any further information, please do not hesitate to contact us.

Respectfully submitted,

*/s/ Timothy E. Corriston*

Timothy E. Corriston

cc: All counsel of record (via ECF)