

Connell Foley LLP
56 Livingston Avenue
Roseland, NJ 07068
P 973.535.0500   F 973.535.9217

**Timothy E. Corriston**
Managing Partner
TCorriston@connellfoley.com

December 29, 2022

**VIA ECF**
The Honorable André M. Espinosa, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    **Borough of Edgewater v. Waterside Construction, LLC et al.
Case No.: 2:14-cv-05060;
North River Mews v. Alcoa et al.
Case No. 2:14-cv-08129**

           **Joint Letter From Parties Pursuant to November 9, 2022 Order**

Dear Judge Espinosa:

    We represent Plaintiff Borough of Edgewater ("Edgewater") in the above referenced matters. Pursuant to Your Honor's November 9, 2022 Order in this matter, we hereby submit a joint letter on behalf of all the parties regarding the status of (i) the parties' direct settlement discussions, (ii) whether they intend to pursue formal mediation and a schedule for that effort, and (iii) other relevant matters.

    **I.**    **The Borough of Edgewater**

    As Your Honor may recall, during the November 3, 2022 conference before Your Honor, Edgewater requested this case be immediately assigned a trial date and deadline for a Pre-Trial Order in this eight-year old case where all fact and expert discovery is completed, and dispositive motions have been decided. Counsel for the Waterside Defendants requested the parties engage in settlement discussions, indicating that such discussions would be "fruitful" given the different posture of the case, that the parties were likely much closer than Edgewater believed, and that the mediation had a real chance of success. In the status letter to Your Honor prior to the conference, the Alcoa Defendants and the Waterside Defendants both expressed an interest in mediating this matter.

    Edgewater had serious concerns given the outcomes of the two prior mediations before Judge Cavanaugh in this matter. Despite its reservations, Edgewater agreed to return to mediation in good faith based upon the request of the defendants. At all times, Edgewater was clear that this matter would only resolve if the defendants were prepared to offer significantly more than offered or discussed at prior mediations.

Edgewater moved to expeditiously schedule a mediation, and the parties mediated this matter before Judge Cavanaugh on December 21, 2022. As can be confirmed by Judge Cavanaugh, the mediation was wholly unsuccessful. Frustratingly, it became clear to Edgewater that the mediation was futile and a clear waste of Edgewater's time and money.

Certain defendants have objected to Edgewater's foregoing statements as a "position statement." However, given the posture of this case, the circumstances leading to this mediation and the course of the mediation itself, Edgewater feels it is important to convey that this mediation was not simply "unsuccessful." Instead, Edgewater's position is that the mediation was unsuccessful due to the very concerns expressed by Edgewater during the recent November 3, 2022 conference before Your Honor. We believe this is important context for Your Honor in determining the date of the Pre-Trial Order and the speed at which this matter will now move to trial.

As such, Edgewater respectfully requests that there be no further delay in this matter proceeding to trial, and that the Pre-Trial Order should be submitted in sixty (60) days, or by February 28, 2023.

## II.     The Alcoa Defendants

The Alcoa Defendants were also discouraged by the mediation but for different reasons than stated by Edgewater. The Alcoa Defendants believe that Edgewater's current settlement demand is unrealistic and includes certain monetary amounts to which Edgewater is not entitled. The Alcoa Defendants agreed to mediation because Edgewater and the Waterside Defendants expressed an interest in mediating this matter and assured the Alcoa Defendants that their current settlement positions would be fruitful given the different posture of the case. This did not happen because Edgewater's demand was unrealistic and the Waterside Defendants refused to make an offer proportionate to their liability. The Alcoa Defendants have always made it clear that they would not pay a disproportionate share of any global settlement simply because the parties believe that they have the "deepest pockets."  The mediation was equally futile for the Alcoa Defendants and a waste of time and money.

The Alcoa Defendants believe that it is more realistic to submit a Pre-Trial Order in ninety (90) days, or by March 30, 2023.

## III.     The Waterside Defendants

On December 21, 2022, Waterside Parties participated in mediation in good faith. Waterside Parties believe that Edgewater's current settlement demand includes certain monetary amounts to which Edgewater is not entitled.  Additionally, Waterside Parties believe that this matter has a chance to be settled through negotiation that includes discussion of the reasons why Edgewater believes it is entitled to certain monetary amounts that are included in Edgewater's settlement demand.  During the mediation on December 21, 2022, Edgewater was not open to such discussion.  Waterside Parties were open to such discussion during the mediation on December 21, 2022 and remain open to such discussion as Waterside Parties believe that such discussion may move this matter closer to a settlement.  Before the setting of a date for submission of a Pre-Trial Order, Waterside Parties would like the chance to participate in

settlement negotiation in which there is discussion of the reasons why Edgewater believes it is entitled to certain monetary amounts that are included in Edgewater's settlement demand.

### IV.     TERMS

Insofar as the Court directed on November 9, 2022 that the parties report on the progress of the mediation, TERMS confirms that the mediation was unsuccessful and that this matter should be scheduled for a follow-up status conference to discuss preparation of a pre-trial order and establishing a trial date. TERMS would prefer a pre-trial order be submitted within ninety (90) days as opposed to sixty (60) days.

To the extent that it is necessary to respond to Edgewater's characterization in section 1 of what transpired during the mediation, please note that TERMS does not believe that anything more should have been said through this joint letter about the mediation other than it was unsuccessful. As the mediation process is a confidential one, none of the parties should be addressing whether offers were made in good faith or making allegations about the intentions of adversaries. As Edgewater has characterized how it believes the collective "defendants" acted during the mediation, that characterization goes beyond what Your Honor requested, as it insinuates actions and motives of defendants while essentially advocating Plaintiff's position.

It is not inaccurate for Plaintiff to accuse TERMS of having no intention of making a "reasonable settlement offer" as TERMS was never put in a position to even offer a settlement proposal.  TERMS participated in the mediation in good faith and waited several hours before speaking with Judge Cavanaugh who advised that the mediation session was being concluded before TERMS was even asked for its settlement proposal. That means that Plaintiff's counsel has no personal knowledge whether TERMS' settlement position was unchanged from prior mediation sessions.  While TERMS is hesitant to expand upon what happened in a confidential process, TERMS cannot allow Plaintiff's characterization to be presented to Your Honor without a response thereto.

TERMS remains willing to participate in further settlement efforts but based on the outcome of the latest mediation, TERMS is not confident that such negotiations will be fruitful. To the extent that the Court believes further mediation is worthwhile, TERMS respectfully requests that it be allowed to participate in same on an "as needed" basis as determined by the mediator, meaning that if/when the other parties have made progress, the mediator can contact counsel for TERMS for input.  All that is accomplished by having TERMS sit idly by while a mediator focuses on the other parties is that TERMS defense costs unnecessarily increase.

### V.     Conclusion

Given the foregoing, Edgewater respectfully requests that a trial date be assigned, and that the Pre-Trial Order be submitted in sixty (60) days, or by February 28, 2023.  Before the setting of a date for submission of a Pre-Trial Order, Waterside Parties would like the chance to participate in settlement negotiation in which there is discussion of the reasons why Edgewater believes it is entitled to certain monetary amounts that are included in Edgewater's settlement demand.  Should Your Honor require any further information, please do not hesitate to contact us.

6820444-23518349v1

The Honorable André M. Espinosa, U.S.M.J.
December 29, 2022
Page 4

                                                          Respectfully submitted,

                                                          *s/Timothy E. Corriston*

                                                          Timothy E. Corriston

cc:      All counsel of record (via ECF)

6820444-23518349v1