LAW OFFICES
# BRESLIN AND BRESLIN, P.A.

DONALD A. CAMINITI ■ ◊ ▽ *
TERRENCE J. CORRISTON *
KEVIN C. CORRISTON *
E. CARTER CORRISTON, JR. *

E. CARTER CORRISTON, SR. (1961-2019)
ANGELO A. BELLO (1985-2007)
JAMES A. BRESLIN (1969-1980)
JOHN J. BRESLIN, JR. (1935-1987)

41 MAIN STREET
HACKENSACK, N.J. 07601-7087
(201) 342-4014
FAX (201) 342-0068

www.BreslinandBreslin.com

■ Certified by the Supreme Court of New Jersey as a Civil Trial Attorney
◊ Certified by the National Board of Trial Advocacy as a Civil Trial Advocate
▽ Fellow American College of Trial Lawyers
* N.J. & N.Y. Bars

Writer's Extension: **219**
Email:
**KCorriston@breslinandbreslin.com**

April 11, 2023

<u>VIA ECF</u>
Honorable John Michael Vazquez, U.S.D.J
U.S. District Court for the District of New Jersey
Frank R. Lautenburg U.S. Post Office & Courthouse
2 Federal Square, Room 417
Newark, New Jersey 07101

    *Re:*    ***Borough of Edgewater vs. Waterside Construction, et al***
            ***Civil Action No. 2:14-cv-05060 (JMV-JBC)***

Dear Judge Vasquez:

We represent Third-Party Defendant/Defendant/Cross Claimant Hudson Spa Club, LLC ("Hudson Spa") in the above captioned matter.

Please be advised we previously filed a Notice of Motion for Summary Judgment as it respects the Spill Act and claims of negligence and same was granted on September 29, 2021.

Please accept this letter requesting permission to file a Motion for Summary Judgment as it respects CERCLA and any cross claims for contribution and/or unjust enrichment. At a Final Pre-Trial Conference before the Honorable André M. Espinosa, U.S.M.J. held on March 28, 2023, all parties consented to the filing of this second Motion for Summary Judgment.

The granting of Hudson Spa's instant motion pursuant to F.R.P. 56 would serve the interest of judicial economy insofar as same would permit the dismissal of claims against Hudson Spa which can be anticipated to occur at the end of the Plaintiff's case. There exists no genuine issue of material facts as it respects any acts or omissions on the part of Hudson Spa.

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1. Hudson Spa entered into a ground lease with landlord North River View Associates, LLC, on April 5, 2012, for the premises of 660 River Road, Edgewater, New Jersey. See Ground Lease attached hereto as Exhibit A.
2. Article 16, section 15 of the ground lease pertains to the potential presence of toxic waste on the leased premises. In this section, North River View Associates, LLC guaranteed Hudson Spa that no toxic waste existed on the premises, and that

April 11, 2023
Page 2

       they would not be responsible for disposal of any hazardous waste that they did not introduce to the property.

3. Subsection 1 of article 16, section 15 of the ground lease states: Landlord warrants and represents that to the best of its knowledge the Premises does not now contain any hazardous, toxic materials, fuel storage tanks or polychlorinated biphenyls or any other substances defined by the appropriate governmental authority as a hazardous waste.

4. Subsection 3 of article 16, section 15 of the ground lease provides that "Landlord further warrants, represents and covenants that no Hazardous Substance will be present in or on the Premises from and after the Effective Date or otherwise used or permitted to be used in, on, or about the Premises by Landlord in accordance with the prior use and as set forth in the environmental reports forwarded by Landlord to Tenant.

5. Subsection 5 of article 16, section 15 of the ground lease states that "Landlord shall comply with the requirements of Environmental Laws relating to the Premises, except to the extent they arise from the Tenant's operations thereon.

6. Subsection 9 of article 16, section 15 of the ground lease provides: "Notwithstanding other provisions of this Lease, Tenant shall be responsible for only compliance with Environmental Laws associated with spills or discharges of Hazardous Substances by Tenant, its employees, contractors or agents. Landlord shall be responsible for compliance with Environmental Laws associated with the presence of any Hazardous Substances at the Premises unless they are attributable to Tenant's Discharges."

7. As per point 12 of the developer's agreement, the developer was not permitted to remove soil and rock from the construction site without obtaining a permit. Point 27 states that "all refuse and recycling materials for the development site will be collected and disposed of in accordance with the law."

8. Fred Daibes, Daibes Brothers, 38 COAH or North River purposely and/or improperly caused concrete from Alcoa Building 12 to be crushed at the Alcoa Site and then transported to and disposed of at Veteran's Field.

9. As per the 1997 Multiparty Agreement, North River and others had an obligation to demolish and remove all structures and improvements then existing at the Alcoa Site, including the subject structure, building 12.

10. In spite of exhaustive discovery conducted in this matter no evidence has been adduced which demonstrates any acts or omissions by Hudson Spa as it respects the "disposal or treatment of hazardous substance" nor has any expert or any lay witness opined any liability for same on the party of Hudson Spa.

## SUMMARY OF SUBSTANTIVE ARGUMENTS

1. Hudson Spa had no knowledge that hazardous waste existed on the premises of 660 River Road in Edgewater, New Jersey. The ground lease between the landlord, North River View Associates, LLC and Hudson Spa indicated that the landlord had no knowledge of the presence of any hazardous, toxic materials, or any other substances defined by the appropriate governmental authority as a

April 11, 2023
Page 3

<ol start="1">
<li>hazardous waste. The landlord should have known about the presence of substances defined as toxic waste as per the 1997 Multiparty Agreement that imposed a responsibility on the landlord to demolish and remove all structures on the prior Alcoa Site, including the subject structure of building 12.</li>
<li>Hudson Spa did not violate § 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), because Hudson Spa did not own or operate the premises of 660 River Road at the time the hazardous substances were disposed of. The property which Hudson Spa would operate upon completion of construction had not yet been built, and at the time of disposal the lot was a construction site.</li>
<li>Hudson Spa did not violate § 107(a)(3) of CERCLA, 42 U.S.C. 9607(a)(3), because Hudson Spa did not contract, agree or arrange "for disposal or treatment of hazardous substances owned or possessed by such person." Hudson Spa had no knowledge that hazardous waste was present on the property and were informed to the contrary by the landlord in the ground lease. Hudson Spa contracted for construction of a building to conduct their business and had no way of knowing that the premises contained hazardous substances.</li>
<li>Fred Daibes, Daibes Brothers, 38 COAH or North River purposely and/or improperly caused concrete from Alcoa Building 12 to be crushed at the Alcoa Site and then transported to and disposed of at Veteran's Field. Hudson Spa had no control over the methods by which its construction contractors transported, laid, or disposed of the materials removed from the premises of 660 River Road.</li>
<li>The developer's agreement to improve the premises of 660 River Road required the developer to obtain a permit to remove any soil and rock from the construction site; it did not require Hudson Spa to obtain a permit on the developer's behalf to remove soil or rock from the site.</li>
<li>To state a claim for unjust enrichment, Alcoa must allege (1) at plaintiff's expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it. Restitution for unjust enrichment is an equitable remedy, available only when there is no adequate remedy at law. <u>National Amusements, Inc. v. N.J. Tpk. Auth.</u>, 261 N.J. Super. 468, 478 (Law Div.1992), *aff'd*, 275 N.J. Super. 134 (App. Div.1994). In addition, the unjust enrichment doctrine requires that a plaintiff show that it "expected remuneration from defendant at the time it performed or conferred a benefit on defendant" and that the "failure of remuneration enriched defendant beyond its contractual rights."</li>
<li>Recovery under unjust enrichment may not be had when a valid, unrescinded contract governs the rights of the parties.</li>
<li>The existence of the Lease between Hudson Spa and North River View Associates, LLC forecloses Alcoa's attempt to impose quasi-contractual liability upon the defendants, in order for Alcoa to succeed on an unjust enrichment claim against Hudson Spa in the absence of a contract, Alcoa needs to establish the existence of a quasi-contractual relationship with the defendants that were not parties to the Lease. Alcoa cannot show that such a quasi-contractual relationship exists and therefore, its claim cannot be sustained.</li>
</ol>

BRESLIN AND BRESLIN

April 11, 2023
Page 4

9. To prove a claim for unjust enrichment, Alcoa must establish (1) at Alcoa's expense (2) Hudson Spa received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it. Restitution for unjust enrichment is an equitable remedy, available only when there is no adequate remedy at law

10. Alcoa has not demonstrated how the defendant Hudson Spa has benefitted from the alleged placement of fill imported from its former Property, other than to generally allege they all somehow received the benefit of disposing of fill to the detriment of Alcoa. Alcoa has no evidence to demonstrate that Hudson Spa had any independent connection to the fill in question. Alcoa has adequate remedy at law - it may pursue its damages pursuant to its breach of contract claim against the contracting party, the North River View Associates, LLC defendants, as well as defendants Fred Daibes, Daibes Brothers, 38 COAH or Waterside. Alcoa cannot establish an unjust enrichment against Hudson Spa.

Respectfully submitted,

BRESLIN AND BRESLIN, P.A.

Kevin C. Corriston

KCC:mlc
cc:   All Counsel of Record (via ECF)